# PHILIP ORNER, C.P.A. J.D.
### CERTIFIED PUBLIC ACCOUNTANT
### AND
### ATTORNEY AT LAW

72 - 29 137TH STREET
FLUSHING, NEW YORK 11367
(718) 575-9600

514 MAIN STREET
NEW ROCHELLE, NEW YORK 10801
(914) 636-6439

Flushing office
May 14,2008

Hon. Steven Gold
United States Magistrate Judge
United States District Court
Eastern District of New York
25 Cadman Plaza
Brooklyn, New York 11201

<div align="center">

**Re. : Gortat et al v. Capala Brothers,Inc. et al**
**07 CV 3629**
***Via Federal Express & ECF***

</div>

Dear Judge Gold :

This motion filed through letter form , as per status conference order of April 27,2008 of Your Honor,  addresses relief requested by the Defendants as to motions to compel, protective orders and sanctions against the Plaintiffs and their legal counsel, as follows:

## I-    MOTION TO COMPEL- CONDITIONAL FOR STRIKING PLAINTIFFS' PLEADINGS AND/OR PRECLUDE  IN ADDITION TO SANCTIONS

Following the Court directions of April 17,2008, I suggested to ,and legal counsel for plaintiffs agreed, that prior to our meeting to confer in an effort to resolve all outstanding issues regarding  interrogatories and documents demands, we exchange letters as to such open issues. While I submitted such letter on April 22,2008, as per Exhibit A, plaintiffs submitted theirs on April 28,2008, as per Exhibit B. Plaintiffs also submitted their reply to defendant's open list on May 1,2008, as per Exhibit C, while defendants submitted their reply to plaintiff's open list on May 12,2008, Exhibit D. With this knowledge of open discovery issues, I agreed to meet with plaintiff's legal counsel on May 7,2008 at his office. Though the physical  conditions of  such meeting were not conducive to such meeting at his reception area with no desk to rest my files at, and in the presence of secretaries and clients of his while he was dressed informally with a mock black tee shirt with short sleeves while I was dressed appropriately with a suit and tie, I sought to conclude our business of meeting in good faith to resolve the open discovery issues pursuant to Local Rule 37.3. Yet, Mr. Wisniewski continued his abuse of this legal counsel by stating that I had no experience, that he asked around the judges he knows and that no one replied with any knowledge as to my existence, that while he has been published in court decisions he could not find one with my name on it and then he asked me how many ethical complaints had been filed against me. My written complaint as to such improper conduct of Mr. Wisnieswki was documented by my subsequent letter of May 9,2008, see Exhibit E. In view of the abuses

inflicted by Mr. Wisniewski on such meeting, after having discussed his refusal to provide any of the additional discovery items, except for the improperly previously withheld few paper slips he had in his possession as to three of his clients' wages, and even discussing some of his open items and providing positive resolution, I concluded the meeting and informed him that I will follow-up in the near future through other means, which I did through my phone call of May 9,2008 and my letter to him of May 12,2008.

My early morning phone call to Mr.Wisniewski of May 9,2008 was not received by him , though his secretary stated that he was in his office, and was not returned to this date. He did sent a letter on May 9, 2008 misstating the facts of the meeting and instead writing that "... *you refused to engage in a discussion in good faith, claiming instead that my discovery demands violated Rule 11, as well* [as] *my ethical obligations."* Mr. Wisniewski falsely makes these statements, for which he must be sanctioned as well as for the entire meeting which he frustrated. For I never made such allegations as to his discovery demands, and neither did I use the word ethical or unethical to describe his discovery demands. Instead, I did state that his positions on replies to Defendants' discovery demands and open issues as contained on Exhibits A and C were frivolous as well as serving this legal counsel with a personal subpoena a few days ago as to payroll records and payroll tax returns this legal counsel never prepared for this client, and which fact was discussed with Your Honor at our initial conference at Court; in this subpoena, he also seeks discovery of my legal bills to my clients, which as an attorney is subject to attorney-client privilege . That is the frivolous conduct Mr.Wisniewski has displayed from the inception of this proceeding continuously and he will continue to do so until the Court imposes the appropriate sanctions against him and his clients, and Mr. Wisniewski is in clear violation of Local Rule 26.5 as to his lack of courteous conduct towards this attorney.

## 1- SIX INDIVIDUAL PLAINTIFFS' ANSWERS TO  DEFENDANTS' INTERROGATORIES

As part of the instructions to the defendants' set  of interrogatories, defendants properly requested that each defendant submitted one individual set of answers to such set of interrogatories. Defendants failed to abide by such instructions , which instructions are not denied to be validly stated therein, but instead have submitted one set of answers with six affidavits as to the entire set of interrogatories, though some of the answers differ from plaintiff to plaintiff , and have some answers have subsequently sought to be modified improperly by legal counsel letter and instead of submitting amended individual answers to such set of interrogatories. One of the six plaintiffs was a laborer, while five were foremen. Two of these plaintiffs claim to have paid additional hourly wages in fixed amounts of $50 weekly while the other four plaintiffs have claimed to have received additional hourly wages in cash. Some of these plaintiffs have other legal actions relevant to these proceedings, while others do not. These are some of the examples of the differences.

Plaintiffs' legal counsel denies such lack of compliance of the discovery request, and states on his letter of May 1,2008 that "*plaintiffs can answer jointly, see LaBounty v. Coombe, 1996 WL 30291 (S.D.N.Y.,January 24,1996)".*  Such criminal case is totally inapposite to this case for there were 22 State defendants at the Fishkill Correctional Facility and the "...*same*

inflicted by Mr. Wisniewski on such meeting, after having discussed his refusal to provide any of the additional discovery items, except for the improperly previously withheld few paper slips he had in his possession as to three of his clients' wages, and even discussing some of his open items and providing positive resolution, I concluded the meeting and informed him that I will follow-up in the near future through other means, which I did through my phone call of May 9,2008 and my letter to him of May 12,2008.

My early morning phone call to Mr.Wisniewski of May 9,2008 was not received by him , though his secretary stated that he was in his office, and was not returned to this date. He did sent a letter on May 9, 2008 misstating the facts of the meeting and instead writing that "... *you refused to engage in a discussion in good faith, claiming instead that my discovery demands violated Rule 11, as well* [as] *my ethical obligations."* Mr. Wisniewski falsely makes these statements, for which he must be sanctioned as well as for the entire meeting which he frustrated. For I never made such allegations as to his discovery demands, and neither did I use the word ethical or unethical to describe his discovery demands. Instead, I did state that his positions on replies to Defendants' discovery demands and open issues as contained on Exhibits A and C were frivolous as well as serving this legal counsel with a personal subpoena a few days ago as to payroll records and payroll tax returns this legal counsel never prepared for this client, and which fact was discussed with Your Honor at our initial conference at Court; in this subpoena, he also seeks discovery of my legal bills to my clients, which as an attorney is subject to attorney-client privilege . That is the frivolous conduct Mr.Wisniewski has displayed from the inception of this proceeding continuously and he will continue to do so until the Court imposes the appropriate sanctions against him and his clients, and Mr. Wisniewski is in clear violation of Local Rule 26.5 as to his lack of courteous conduct towards this attorney.

## 1- SIX INDIVIDUAL PLAINTIFFS' ANSWERS TO DEFENDANTS' INTERROGATORIES

As part of the instructions to the defendants' set of interrogatories, defendants properly requested that each defendant submitted one individual set of answers to such set of interrogatories. Defendants failed to abide by such instructions , which instructions are not denied to be validly stated therein, but instead have submitted one set of answers with six affidavits as to the entire set of interrogatories, though some of the answers differ from plaintiff to plaintiff , and have some answers have subsequently sought to be modified improperly by legal counsel letter and instead of submitting amended individual answers to such set of interrogatories. One of the six plaintiffs was a laborer, while five were foremen. Two of these plaintiffs claim to have paid additional hourly wages in fixed amounts of $50 weekly while the other four plaintiffs have claimed to have received additional hourly wages in cash. Some of these plaintiffs have other legal actions relevant to these proceedings, while others do not. These are some of the examples of the differences.

Plaintiffs' legal counsel denies such lack of compliance of the discovery request, and states on his letter of May 1,2008 that "*plaintiffs can answer jointly, see LaBounty v. Coombe, 1996 WL 30291 (S.D.N.Y.,January 24,1996)".* Such criminal case is totally inapposite to this case for there were 22 State defendants at the Fishkill Correctional Facility and the "...*same*

*information provided by the individual Fishkill defendants"* would apply to all 22 defendants. Therefore *"separate responses by the individual Fishkill defendants would be duplicative and unnecessary".* Yet, that court decision further stated that *"The court is concerned , however, as to whether the Superintendent and defendants' counsel made an adequate investigation in support of the statement that upon information and belief the answers provided would be the same information provided by each of the individual Fishkill defendants. Defendants cannot (and will not) be allowed to use this technique to 'sand bag" a plaintiff by providing contrary or additional information at a later date in the proceeding".* Hence, since the cash payments information and details were not provided adequately as claimed by the single answer to the interrogatory served on each of the six plaintiffs, such additional information supplied by them at a later date in this proceeding should be precluded. Hence, in addition to requesting a conditional order for the production of six sets of interrogatories by each of the plaintiffs under Rule 37 in addition to sanctions under Rules 37 and 11 , the defendants also seek an order of preclusion as to all discovery subsequently  produced by plaintiffs as to the cash payments not initially properly replied on the interrogatory.

For Interrogatory #21,Exhibit F, reads as follows: *State your effective hourly rates collected at the employment with the employer by pay period. Please specify if such effective hourly rates is based strictly on compensation by check of the employer defendant or if it includes compensation received also in cash payments. In such later case, state whether you included such additional compensation on your personal income tax returns for each of the applicable years or reporting periods.*

The incomplete and inadequate response stated as follows: *Plaintiffs object to this interrogatory as unduly burdensome and duplicative since the Defendants are in possession of requested information. Over the objections and without waiving the same , calculations of plaintiff's damages indicating Plaintiff's rates per hour will be provided under a separate cover".* These responses did not reply to the interrogatory as to cash payments and to the inclusion of such compensation on plaintiffs' personal income tax returns.  The subsequent submission of calculation of damages submitted on February 19,2008 without affidavits attached to it, to the extent it includes any allegation of cash payments must  therefore be precluded. In any event, by submitting damages computations with different assumptions, and different methodology for the six plaintiffs, as per Exhibit G, plaintiffs admit that the same information is not applicable to all six plaintiffs as to the interrogatories submitted. Furthermore, responses to interrogatories 2, 5,8,12,14,16,19 also show different responses to several of the six plaintiffs, as per Exhibit F.

## 2- REQUEST OF PRODUCTION AT CONFERENCE OF PLAINTIFFS' BANK STATEMENTS

For Plaintiffs Bienkowski, Gortat, Drelich & Filipkowski (4), plaintiffs claim to have received for each cash payments in the tens of thousands for the six year period in question in this action, and such cash payments are in question here because plaintiffs claim that such cash

payments raise their hourly rates for the calculation of any overtime or additional hours due by defendants. If not, such cash payments become relevant also for their FLSA claims as to minimum wages not having been paid to them, and as such defendants are entitled to have such discovery of their bank statements regardless of what their legal counsel states on his plain letter of May 1,2008 that "*the cash would be used for expenses and would not be deposited into Plaintiffs bank accounts.* Hence, contrary to what was discussed at the April 17,2008 conference on this issue, Plaintiffs improperly deny defendants their rightful discovery of such bank statements of plaintiffs , though four of these plaintiffs have precise detail 312 entries for each as to what cash payments the plaintiffs claim to have received and it is perfectly clear , after inspection of the paper slips on May 7,2008 , that the computation of damages by plaintiffs is not based on these paper slips produced, which total 23 ,24 and 14 for three of each of these four plaintiffs instead of 312 pay periods, and there is no production at all for the four of these six plaintiffs as to such cash payments claimed to have been received by plaintiffs from the defendants . And Plaintiffs assert through their legal counsel that they now have made available all the documents in their possession and control for discovery. This conclusion by Plaintiffs is offensive in itself in that it insults the intelligence of the recipient of such conclusion that these construction workers have such magnificent memory that they have been able to recollect all 312 cash payments received to the penny, no less. Hence, discovery of their bank statements is a primary and basic right of defendants in this case, and plaintiffs once again have taken a frivolous approach in denying such discovery. Fort this frivolous conclusion, plaintiffs' legal counsel cites no authority whatsoever and contradicts the discussion with Your Honor at the conference held on April 17,2008; hence, defendants seek the appropriate order to compel plus sanctions under Rules 37 and 11.

### 3- REQUEST OF PRODUCTION AT CONFERENCE OF PLAINTIFFS' INCOME TAX RETURNS

When this discussion of cash payments by plaintiffs was acknowledged by plaintiffs at the April 17,2008 conference, the conclusion of its relevance was clearly stated by Your Honor, and yet plaintiffs deny such request by defendants stated at the conference as to the request of plaintiffs' income tax returns for the six years in question here. On defendants' written request of April 22,2008, defendants also included the alternative suggested by Your Honor at the April 17,2008 conference, namely that " *Alternatively, a sworn affidavit by each of the six plaintiffs stating the cash income received for each of the six years in question with an admission that such cash income received was not reported and included in the filed income tax return*". Plaintiffs in their denial of such discovery request do not even address such alternative, as previously discussed in court on April 17,2008. They just totally ignore it.

Plaintiffs cite <u>Brassco v. Klipo,</u> 2004 WL 1385816 (S.D.N.Y.,June 21,2004) in support of their denial of such discovery and frivolously state that "*Defendants present no argument why the income tax returns are relevant to any of their claims or defenses*". Yet, plaintiffs produce no records whatsoever as to their claim of cash wages paid by the defendants, no logs, no written documents, no bank statements and nothing whatsoever, and yet plaintiffs seek to bolster their claims as to unpaid hours by higher effective rates. Defendants here offer

-4-

and produce no substitute record whatsoever. The only verification of such income would be their income tax returns or lack thereof. The probative value of the income tax returns outweighs any claim as to qualified privilege (semi-privilege). And it is not that "*defendants could acquire any such information through less invasive means,*" as plaintiffs' legal counsel states on May 1,2008. There is no other means for such cash payments claimed by plaintiffs provided here by the plaintiffs. This information as to cash payments claimed by the plaintiffs is not otherwise obtainable from the plaintiffs. In    Brassco v. Klipo, 2004 WL 1385816 (S.D.N.Y.,June 21,2004), the court denied the production of income tax returns because the requested produced bank statements would show the extent of funds transferred between the parties, and therefore there was no need for the income tax returns. Here, however, even the plaintiffs now admit that their bank statements would not show any of their cash wages claimed to have been paid by the defendants and therefore, it is a frivolous claim by the defendants to deny the production of their income tax returns.

### 4-  IMPROPER OBJECTIONS AND INCOMPLETE OR INADEQUATE RESPONSES TO DEFENDANTS' INTERROGATORIES  BY PLAINTIFFS

Though the improper objections, incomplete answers to the following interrogatories were pointed out to legal counsel to plaintiffs via my letter to him of April 22,2008 and during our meeting of May 7,2008, he has refused to amend the improper objections and incomplete responses to the following interrogatories, as per Exhibit F, defendants seek an order compelling discovery with a conditional striking of the plaintiffs pleadings under Rule 37 in addition to legal costs and sanctions under Rule 37(a)(4), stating the grounds for movant to prevail under Local Rule 37.1 :

Interrogatory 1:

"*Since  the date of termination of employment to the present date, state the name and address of each employer you have been hired, title and duties of your employment, hourly rate or other form of fixed compensation for your services, if applicable, incentive compensation ,if any, such as bonus and commissions, percentage of ownership of such employer, if any, reason, for termination of such subsequent employment, if applicable*"

Response :   "*Plaintiffs object to the interrogatory on the ground that it is palpably improper and is interposed without a good faith and not relevant to the claims made or defenses asserted, nor is it likely that this Interrogatory will lead to the discovery of any relevant evidence*".

Movant's grounds to prevail: There are counterclaims for interference against these plaintiffs as to contracts with third parties for the interference these plaintiffs have created with the remaining employees of defendant. Their employment since leaving the employment is relevant as to their occupation because they have sought that these remaining employees quit as well . Their present occupation and remuneration is also relevant as to their claimed effective hourly wages taking into

consideration their claims of higher pay through cash additional payments. If their subsequent termination of employment is in existence, the defendants are also entitled to such relevant information. All of this discoverable and the objection is frivolous.

Interrogatory 2:

" *State whether you have a driver's license, number of such driver's license , the State such driver's license was issued, the original date it was issued , and its expiration date".*

>      Response: *"Plaintiffs object to this interrogatory as not relevant to the claims made or defenses asserted nor it is likely that this Interrogatory will lead to the discovery of any relevant evidence. Over the objections and without waiving the same, Plaintiffs state : all plaintiffs have valid drivers' licenses. .   Plaintiff Bienkowskis's driver license was issued in or about 1994.   Plaintiff Gortat's driver license was issued in or about 1998.  Plaintiff Lapinski's driver license was issued in or about 1993.   Plaintiff Filipkowski's driver license was issued in or about 1994.   Plaintiff Drelich's driver license was issued in or about 1994. Plaintiff Swaltek 's driver license was issued in or about 1994.*

   Movant's grounds to prevail: Since plaintiffs have made travel to from work an issue, how to get around to work is a probative relevant material issue on this litigation, and all facts related to their driving are also similarly relevant and material and will more than likely produce discoverable and material evidence for this litigation. Plaintiffs have failed to produce their driver license number, states of issuance of such licenses, the initial date and the expiration date of their current licenses. This is even more admitted to be relevant on Plaintiffs' own supplemental second (or third?, they have lost count themselves!)  request of production as to gasoline bills allegedly paid by defendants in behalf of defendants (another perk benefit these claimed to be underpaid workers enjoyed with defendants).  All of this is discoverable and the incomplete response and objection to it is frivolous. Order to compel with conditional striking of the pleadings is requested plus sanctions.

Interrogatory 3:

   ' *State the make and year of every vehicle you either owned, rented or had access to operate, other than those of the employer defendant, during the course and entire term of employment with the employer defendant, beginning with any such vehicle you own or operate at the present date;  also state the respective VIN registration number of such vehicles*

>      Response: "*Plaintiffs object to this Interrogatory on the ground that it is palpably improper , against public policy and is interposed without a good faith basis and not relevant to the claims made or defenses asserted, nor is likely that this Interrogatory will lead to the discovery of any relevant evidence.*

Movant's grounds to prevail : There is ample good faith in this request as to the issue of travel time between jobs and whether the gasoline bills the plaintiffs claim that plaintiffs paid for them was for their own vehicles or the defendants' vehicles and how these plaintiffs traveled to and from work , whether they came to the corporate defense headquarters with their own cars or not, whether such cars were available to them. These issues are discoverable and  likely to lead to discovery of relevant evidence as to the main issue of this litigation: how these plaintiffs traveled from point A to point B and what alternatives they had available to them. Order to compel with conditional striking of the pleadings is requested plus sanctions.

<u>Interrogatory 6:</u>

   *"State with specifity by date for each week or pay period you were employed by the employer defendant, the hourly rate you claimed to have been paid below the applicable minimum wage set by FLSA, as claimed on the complaint"*

   Response:*" plaintiffs refer Defendants to calculations of damages served separately."*

Movant's grounds to prevail: Plaintiffs have failed to answer this interrogatory to this date, as such was reminded to plaintiffs by letter of April 22,2008 and letter of May 1,2008 by Mr. Wisniewski ignores this fact as well as he ignored it at our meeting of May 7,2008. Order to compel with conditional striking of the pleadings is requested plus sanctions.

<u>Interrogatory 7:</u>

*"State with specifity by date for each week or pay period you were employed by the employer defendant, the number of hours you claim to be owing to you for travel time under the Portal-to-Portal Act as claimed on the complaint showing the beginning and ending hour for each of such travels and the locations for each of such travel you state were required by the employer defendant as well as the reason for each of  such travels".*

   Response: *"See response to interrogatories No.5 and 6 above".*

Movant's grounds to prevail: there is no response provide on either of those interrogatories by date and by each week for the number of alleged travel time under the Portal-to-Portal act as claimed on the complaint and as further requested  by the interrogatory. Though defendants reminded plaintiffs on the letter of April 22,2008 as to their lack of response to this interrogatory, plaintiff stated on May 1,2008 that *"plaintiffs repeat their responses to Interrogatory 7"*. At the meeting of May 7,2008 plaintiffs again repeated their position on this issue.  Defendants request an order to compel conditional striking of the pleadings in addition to sanctions against them

-7-

Interrogatory 8:

*"State whether you have involved in any civil, criminal or administrative proceeding individually, the date of such occurrence, the name and location of such court or administrative proceeding, the outcome of such proceeding, the docket number/file number/index number, as appropriate, and if any such proceedings are ongoing at the present date"*

> Response:  *Plaintiffs Lapinski,Gortat, Bienkowski,Swaltek were not involved in any civil , criminal , or administrative proceeding. Plaintiff Filipkowski was involved in a divorce case in or about 1998 and in a landlord dispute in or about 2001. Plaintiff Drelich was involved in a case for alimony in or about 2007 and in a personal injury case in or about 2000.*
>
> Movant's grounds to prevail : The response, as further improperly  supplemented by Mr. Wisniewski on his letter of May 1,2008 that "*plaintiff Drelich was involved in a personal injury case in  Supreme Court, New York County in 1998.The index Number is 1215941998"*  is incomplete as pointed on letter of April 22,2008 and at the meeting of May 7,2008 because there are no sworn responses to locations of such courts or administrative proceedings, the outcome of such proceedings, the docket number/file number/index number, as appropriate, and if any such proceedings are ongoing at the present date. Defendants request an order to compel conditional on the striking of the plaintiffs' pleadings for such incomplete responses in addition to sanctions under the appropriate rules.

Interrogatory 11:

*"Identify all locations you carried out your employment duties for the employer defendant by street address, city and state for each location by date, week , month and year from the commencement of your employment through the termination date of said employment."*

> Response: "*Plaintiffs object to this interrogatory as duplicative since the Defendants are in possession of this information"*

Movants' grounds to prevail : This objection is palpably improper and invalid. There is no such valid objection if such information is available from one party, the other does not need to provide the information that such party has. There are different versions according to the parties and defendants are entitled to discover what plaintiffs claim and information have in their possession, since their memory is allegedly so great that they can remember 312 payments in cash for six years . Defendants request an order to compel conditional striking of the pleadings in addition to sanctions under Rules 11 and 37.

Interrogatory 13:

*"State whether you claim that the employer defendant did not pay you for travel time between any two job sites you might worked on any date, and then list such dates with hours for such travel time allegedly deducted by the employer defendant and the addresses for each of such trips on the same date of employment "*

Response: *"See Response to Interrogatory No.5, above. In addition, Plaintiffs respond as follows: Plaintiffs were paid for 8 hours per day, only for the work they performed at the job site. None of the Plaintiffs was paid for the work performed at the shop in the morning, that is the hour from 7:00 A.M.-8:00 A.M. and for the travel time from the job site to the company's shop and for the time spent at the shop on unloading the trucks and reporting to Defendants, that is from 4:00 p.m. until approximately 5:30 P.M.".*

Movant's grounds to prevail : this interrogatory has not been answered at al. It asks as to travel time , if any , between two job sites the plaintiffs might have worked on any date at all during the six years and no response has been provided. Defendants request an order to compel with a conditional striking of the pleadings .Such lack of response was reminded to plaintiffs by letter on April 22, 2008 and at the meeting on May 7,2008, Rule 11 & 37 costs and sanctions are also requested for this motion.

Interrogatory 18:

*"State with specifity all policies, practices and procedures of your employment with the employer defendant including the time and place you began your primary duties on such employment and the time of the day your work day was finished , the overtime policy of the employer defendant, the payment of hourly wages above those set by FLSA, the policy as to preliminary and postliminary activities regarding the employment, lunch time, the changing of street clothes into working clothes, construction safety, the policy as to tools, whether you received any such tools under the employment and whether you returned all such tools belonging to the employer defendant at the termination date of your employment with the employer defendant. If not so returned, please state the present location of the property belonging to the employer defendant with a specific corresponding description of said property.*

Response: *"Plaintiffs object to this interrogatory as compound, incomprehensible, improper and duplicative since the Defendants are in possession of this information and a response to such interrogatory would be narrative  and is thus more appropriate for a deposition. Over the objections and without waiving same Plaintiffs direct Defendants to see response to Interrogatory No.5, 12 and 13 above".*

Movant's grounds to prevail : the objection are palpably improper in that the interrogatory is not incomprehensible , it asks for policies and procedures as plaintiffs knew them to be. This interrogatory is not duplicative from No.5,12, and 13 since the specific policies and procedures asked in No. 18 are not part of any of those previous interrogatories. There is no proper objection to an interrogatory as being more appropriate for a deposition . Responses to interrogatories provided on No. 5,12 and 13 do not respond to the specific policies and procedures as to lunch time, tools , time provided for work clothes, construction safety, the overtime policy of defendants, if any and the policy as to preliminary and postliminary activates regarding the employment. Defendants request an order to compel conditional on striking of the pleadings plus sanctions .

Interrogatory 21:

*" State your effective hourly rates collected at the employment with the employer defendant by pay period. Please specify if such effective hourly rates is based strictly on compensation by check of the employer defendant or if it includes compensation received also in cash payments  . In such latter case, state and list all other such compensation  received in cash by pay period, and state whether you included such additional compensation on your personal income tax returns for each of the applicable years or reporting periods".*

Response: "*Plaintiffs object to this interrogatory as unduly burdensome and duplicative since the Defendants are in possession of requested information. Over the objections and without waiving the same , calculations of Plaintiffs' damages indicating Plaintiffs' rates per hour will be provided under a separate cover*".

Movants' grounds to prevail : The objections stated are palpably improper . It is not duplicative of another interrogatory and plaintiffs fail to assert if so which one. It is not burdensome , for these plaintiffs claim to have photographic memory to remember 312 cash payments to the penny. Yet, they failed to state the effective hourly rates collected by pay period. And plaintiffs failed to respond whether such compensations portion received in cash they claim was included as income on their personal income tax returns for each of the applicable years .  These failings were brought up on the letter of April 22,2008  and again on the meeting of May 7,2008 to plaintiff's legal counsel. In addition to Rule 11 & 37 costs and sanctions, defendants request an order to compel disclosure conditional on striking of the plaintiffs' pleadings.

Interrogatory 22:

"    *Identify and list all claimed and stated violations by the employer defendant of regulations promulgated  by NYMWA and the Department of Labor's Wage and Hour Division"*

     Response: " *Plaintiffs object to this interrogatory on the ground that it calls for a legal conclusion and it is duplicative because the defendants are in possession of the requested information".*

     Movant's grounds to prevail: The complaint itself alleges violations by the defendants of regulations promulgated by NYMWA and the Department of Labor's Wage and Hour Division. Hence, the plaintiffs allegations must be supplemented by a proper response to this interrogatory. The objections stated are palpably improper in that it does not request more than what is alleged in the complaint in detail. And again the objection as being duplicative is facially improper regardless whether the defendants possess such information or not; this is the plaintiff's complaint and it is their burden to prove.  These deficiencies by plaintiffs were noted to legal counsel by letter of April 22,2008 and again at the meeting of May 7,2008. Consequently, in addition to Rule 11 costs and sanctions against the plaintiffs and their legal counsel, defendants request an order to compel with a conditional order to strike the plaintiffs' pleadings in addition to sanctions against plaintiffs.

Interrogatory 23:

"*Identify by pay period, the number of hours, and total wages claimed to be unpaid by the employer defendant under the respective employment agreement and state whether the employer defendant extended any tender and offer of any such amounts claimed to be  unpaid, and if extended, state with specifity , under the terms of the employment contracts, the reasons for rejecting such tender and offer and how such rejection was communicated to the employer defendant, identifying the document of such rejection as well as its issuance date. "*

     Response: "*Plaintiffs object to this interrogatory as unduly burdensome and duplicative since the Defendants are in possession of this information".*

     Movants' grounds to prevail: This palpably improper objection once again must be sanctioned against the plaintiffs and their legal counsel by imposing sanctions and costs against them under Rule 11, as such improper objection was again noted to them on the letter of April 22,2008 and at the meeting of May 7,2008. Furthermore, a court order to compel such discovery with a conditional order to strike the plaintiffs' pleadings is requested plus sanctions against the plaintiffs.

II-    **MOTION TO STRIKE PLAINTIFFS' PLEADINGS FULLY OR PARTIALLY AS TO MINIMUM WAGE FLSA CLAIM ON NOTICE TO ADMIT IN ADDITION TO COSTS AND SANCTIONS UNDER RULE 11**

On March 31,2008, defendants served a Request to Admit, see Exhibits H & G, on plaintiffs pursuant to Rule 36  to admit that :

"*That according to Calculations of Damages of each of these six plaintiffs, as submitted initially on February 15,2008 by plaintiffs, there is not a single day of employment by the defendants of each of these six plaintiffs which evinces any payment of any hourly wage below the Minimum Wage as mandated by New York State (NYMWA) as claimed falsely on the Second Cause of Action on the Complaint and as mandated by FLSA as claimed falsely on the Fourth Cause of Action on the Complaint*".

On April 15,2008, plaintiffs' legal counsel submitted a reply, see Exhibit I, stating that plaintiffs "*object to Request to Admit to the extent that it calls for speculation, is vague and ambiguous, is subject to several different interpretations, and is therefore incapable of a meaningful response as stated. Over and above the objection, and without waiving the same , Plaintiffs deny Defendants' claim.*"

This frivolous response and denial by Plaintiffs was also discussed on the April 17,2008 and legal counsel was then advised by myself that a motion for dismissal of the complaint would be filed unless he amended the response to Request to Admit. He has ignored that opportunity as well as the opportunity provided through letter of April 22,2008 when it requested:

"*identification of any entry on the served calculations of plaintiffs' damages of February 20,2008 for each of the six plaintiffs where there is any claimed payment shown on such calculations of any wage paid below the Minimum Wage as mandated by NYMWA as claimed on the Second Cause of Action on the Complaint and as mandated by FLSA on the Fourth Cause of Action on the complaint*".

On his letter of May 1,2008 Mr. Wisniewski writes that "*plaintiffs repeat their response to Defendants' Request to Admit*".

Even excluding the cash payments which would yield effective hourly wages, just on the payment of wage under check only, there is not one entry on any pay period for any of the plaintiffs that is below the applicable minimum wage hourly rate as per FLSA, see  Exhibit G  and plaintiffs' refusal to admit constitutes  a frivolous deprivation of defendants' rights under Rule 36 , and instead have caused the present motion for which costs and sanctions under Rules 37 (c ) and  11are warranted as well as the applicable remedy of striking plaintiffs' pleadings in their totality or at least in part as to the applicable frivolous portions on the applicable causes of action of the complaint.

-12-

### III-     MOTION TO SQUASH PLAINTIFFS' SUBPOENA SERVED ON DEFENDANTS' LEGAL COUNSEL PERSONALLY AS ATTORNEY FOR DEFENDANTS AND/OR FOR PROTECTIVE ORDER UNDER RULE 26(C)

On May 6,2008, plaintiffs served a subpoena personally on myself, as per Exhibit J, though it is dated on April 29,2008 requesting 7 items of documentation, all of which except item # 6, relate to preparation of payroll records, payroll tax returns and related payroll work for the defendants, as per Exhibit J. Item # 6 requests all documents as well as invoices as to any work performed by this attorney for the defendants for preparation of corporate income tax returns , reports and payroll calculations. Such subpoena was not even discussed at the last court conference on April 17,2008 and it is totally frivolous taking into consideration that on the initial court conference the issue of my possible disqualification was then brought by Mr. Wisniewski, and Your Honor asked me if I prepared any accounting records for the defendants or any payroll tax returns, and I stated on the record that I do not either prepare any accounting records for the defendants or prepare any payroll tax returns.  This subpoena is even more frivolous when it also is noted that by the date of the issuance of this frivolous subpoena by Mr. Wisniewski he had already examined payroll records and payroll tax returns by the defendants and my name was nowhere to be found or associated with any such records produced during discovery. As to item #6 , my letterhead and my practice do not separate my work or billings as a C.P.A. vis-à-vis my professional work as an attorney, and such billings and retainer agreement are neither relevant nor conducive to produce any probative evidence on the issues of this litigation. Furthermore, they are attorney-work privilege protected under New York State law (CPRL 4503) and such an order of protection would be requested in case they are somehow considered relevant to the issues at hand in this litigation. Such issues and facts were discussed with Mr. Wisniewski on our meeting of May 7,2008 , but even after such information was advanced to him once again to remind him in case he forgot, he refused to cancel the subpoena . Hence, the instant motion to squash the subpoena is also needed due to the frivolousness of his positions on these issues in addition to sanctions against the plaintiffs pursuant Rules 11 and 37.

### IV-     STRIKING OF ADDITIONAL SECOND AND THIRD IMPROPERLY DENOMINATED SUBSEQNET ADDITIONAL  INTERROGATORIES AND REQUESTS OF PRODUCTION BY DEFENDANT.

Plaintiffs in violation of Rule 33, without modification under local rules or court order as per Rule 26(b)(2) , have served supplementary and second sets of interrogatories to the corporate defendant and the individual defendants, and as such these additional interrogatories served without leave of court will not be responded , especially since they were not even addressed at the last status conference of April 17,2008. This harassing legal strategy by plaintiffs; legal counsel is also deserving of costs and sanctions under Rule 11.

Plaintiffs served a fist set of interrogatories on both defendants Pawel Capala and Robert Capala on January 14,2008 and have served a supplementary set of interrogatories on him on April 28,2008, without leave of court. As to the corporate defendant , plaintiffs have served a first set of interrogatories on January 11,2008 and a supplemental set of interrogatories, without

-13-

leave of court, on January 14,2008, and all such interrogatories have been responded to by the corporate defendants. A second supplemental set of interrogatories (which is really a third set and just labeled improperly supplemental interrogatories by plaintiffs) served on April 28,2008 , again improperly served without leave of court will not be responded until plaintiffs obtain the proper court's approval.

    Furthermore, plaintiffs served a request of production on January 11,2008. Then served a supplementary request of production on January 14,2008. Both such requests were fully complied by defendants. A second request (really third) of production was also issued by plaintiffs on March 5,2008 which was fully replied by defendants. However, a second supplemental request of production (fourth request) was served on May 1,2008 as to gasoline credit cards payments by defendants for plaintiffs without leave of court and without discussion of such request on the last status court conference on April 17,2008. And an improperly labeled supplemental request of production(fifth request) was also served on April 28,2008  . Such requests of production , though burdensome and without leave of court will be complied with by May 31,2008, but defendants seek an order of protection against such cumulative improperly labeled additional future possible requests of production, unless leave of court is properly obtained before such request is issued by the plaintiffs. Consequently, against such harassing legal techniques used by plaintiffs here, the defendants seek an order of protection under  Rule 26 (c ).


    **Wherefore,**  defendants request the relief requested on this motion together with such additional relief as the Court may deem just and necessary under the circumstances.


Sincerely,

_____
   Felipe ("Philip") Orner – 3986
    Attorney for Defendants



Cc; Robert Wisniewski,Esq.(via ECF only)



-14-

**Exhibit A**

# ⲢHILIP ORNER, C.P.A. J.D.
## CERTIFIED PUBLIC ACCOUNTANT
### AND
### ATTORNEY AT LAW

**72 - 29 137TH STREET**
**FLUSHING, NEW YORK 11367**
**(718) 575-9600**

**514 MAIN STREET**
**NEW ROCHELLE, NEW YORK 10801**
**(914) 636-6439**
Flushing office
April 22,2008

Mr. Robert Wisniewski, Esq.
225 Broadway – Suite 612
New York, New York 10007

<p align="center"><b>Re.: Gortat et al v. Capala Brothers, Inc. et al<br>EDNY Docket No. 07CV3629<br><i><u>Via Facsimile and First Class Mail</u></i></b></p>

Dear Mr. Wisniewski:

     Following-up on our last conference with Magistrate Hon. Steven Gold of April 17,2008, in order to reconcile our differences on discovery and to avoid the consequential motions under Rule 11 for sanctions and preclusion against the plaintiffs , I describe below what is needed as previously requested, and not complied with as of this date , by plaintiffs:

1) Six sets of answers to interrogatories previously served by defendants on plaintiffs. One answer as presently served for all of the six plaintiffs is totally inappropriate and inadequate, with the proper affidavit by each of these six plaintiffs being required.
2) Production for inspection of all *"paper slips"* you alluded to at our last court conference as to either hours worked, hours paid, cash payments for wages by any of the defendants to any of the six plaintiffs, which have not been produced as of this date by you in behalf of your clients.
3) Production for inspection of all bank statements for each of the six plaintiffs for the six years in question by the pleadings, as defined on the interrogatories. Should such bank statements not be produced, then authorizations signed by each of them for all bank accounts kept by each of them for the period in question and identification by bank account, branch address and bank account number.
4) Production for inspection of all copies of income tax returns filed for each of the six plaintiffs for the six years in question by the pleadings. Alternatively, a sworn affidavit by each of the six plaintiffs stating the cash income received for each of the six years in question with an admission that such cash income received was not reported and included in the filed income tax return.
5) Identification of any entry on the served calculations of plaintiff's damages of February 20,2008 for each of the six plaintiffs where there is any claimed payment shown on such calculations of any wage paid below the Minimum wage as mandated by NYMWA as claimed on the Second Cause of Action on the Complaint and as mandated by FLSA on the Fourth Cause of Action on the complaint ( Request to Admit of March 31,2008 and denied by the plaintiffs in its

entirety). Also failed to answer Interrogatory 6 on the submitted calculation of damages.

6) Proper answers without objections to Interrogatories 1,2,3,4, 10,11,18,22,23 .

7) Interrogatory 7 has not been answered. Interrogatory 8 has not been fully answered, as no details asked on the interrogatories have been answered on the proceedings that each of the 6 plaintiffs has been involved with.

8) Interrogatory 13 has not been answered as to claim for travel time between two job sites worked on the same date, and the detail asked on that interrogatory.

9) Interrogatory 21 has not been answered as to effective hours wages collected by each of the plaintiffs by pay period to be provided " *under a separate cover* ".

Should I not receive full satisfactory compliance to all of the above by May 2,2008, I will file the appropriate application with Magistrate Hon. Steven Gold as discussed and determined by the last discovery order in this action of April 17, 2008.

Sincerely,

Philip Orner

Cc;/c

**Exhibit B**

# ROBERT WISNIEWSKI P.C.

### ATTORNEYS-AT-LAW
225 BROADWAY, SUITE 612
NEW YORK, NY 10007

TEL: (212) 267-2101
FAX: (212) 587-8115

April 28, 2008

Felipe Orner, Esq.
72-29 137th Street
Flushing, NY 11367
    VIA FEDEX

**Re.: Gortat et al. v. Capala Brothers Inc. et al.**
**Docket No.: 07 cv 3629 (ILG)(SMG)**

Dear Mr. Orner,

I am writing this letter to discuss a number of issues we spoke about recently, and to convey additional discovery demands on your clients.

First, your responses to Plaintiffs' interrogatories as well as the documents you produced as per Plaintiffs' request are incomplete and unresponsive. Second, Plaintiffs request that the paycheck stubs and time sheets that were made available in hardcopy be provided in electronic form. Third, I seek permission to contact your clients regarding my arrangement with your clients to ship copies of the discovery documents to my office. Finally, I am attaching Plaintiffs' supplemental interrogatories and requests for document production for both the corporate and individual Defendants.

### (i)   *Incomplete and Unresponsive Responses to Plaintiffs' Document Requests and Interrogatories*

I wish to inform you that much of your document production and responses to interrogatories are nonresponsive and incomplete. Below is a list of interrogatories and document requests that were not completely responsive:

### (a)   **Incomplete or Unresponsive Document Production**

**Request For Document Production No .5:.**

All documents concerning the hours worked by Capala Brothers employees, including Plaintiffs, including, but not limited to, time cards, punch cards, time sheets, attendance sheets, daily time logs, sign-in sheets, weekly time sheets, weekly attendance sheets, weekly time logs, payroll ledgers or other similar documents.

Page 1 of 5

<u>Response Incomplete as follows:</u>
Did not produce time cards, punch cards, attendance sheets, daily time logs, sign in sheets or weekly attendance sheets for all employees, nor did you state that they do not exist.

**Request For Document Production No .6:**
All documents concerning the payment of wages by Capala Brothers to its employees, including Plaintiffs, during the Applicable Period, including, without limitation, pay checks, pay stubs, cancelled checks, payroll ledgers, payroll summaries and the like.

<u>Response Incomplete as follows:</u>
You did not provide payroll ledgers for all employees. Payroll summaries are incomplete as follows:

Year 2000 is missing at least pages 2, 3, 6, 8.
Year 2001 is missing at least pages 2, 3, 7, 9, 10, 11, 12, 13.
Year 2002 is missing at least pages 2, 3, 8, 9, 11.
Year 2003 is missing at least pages 2, 3, 8, 9, 10, 12, 15.
Year 2004 is missing at least pages 2, 3, 8, 9, 10, 11, 12.
Year 2005 is missing at least pages 2, 3, 8, 9, 10, 11, 12, 13, 16.
Year 2006 is missing at least pages 3, 4, 9, 10, 11, 12, 14, 15, 17.
Year 2007 is missing at least pages 1, 5, 10, 11, 13, 14, 15, 16.

**Request For Document Production No .7:**
All documents concerning Capala Brothers's payroll during the Applicable Period, including without limitation, payroll journals and ledgers, any and all certified payroll records, payroll registers, payroll reports for all workers employed, engaged or retained, forms NYS 45CC, periodic federal and state payroll tax returns and reports, W-2, W-4 and 1099 forms, and other forms required to be filed with any governmental or quasi-governmental bodies or agencies.

<u>Response Incomplete as follows:</u>
You did not produce payroll journals and ledgers, payroll registers, payroll reports for all workers employed, engaged or retained, or W-4 forms. Only Plaintiffs' W-2 forms were provided. NYS45CC was not provided for the first quarter of the Year 2007.

**Request For Document Production No .8:**
All employment and payroll records of Capala Brothers concerning its employees, including Plaintiffs, required to be kept for six (6) years under the New York Labor Law, and for three (3) years under the federal labor laws, including without limitation documents containing the following information: the names and addresses of employees; the social security numbers of employees; the wage rate(s) for each employee; the number of hours worked daily and weekly, including the time of arrival and departure of each employee working a split shift or spread of hours exceeding ten (10); the amount of gross wages; deductions from gross wages; and net

wages paid.

Response Incomplete as follows:
You did not provide payroll records that would evidence the number of hours worked daily and weekly, including the time of arrival and departure of each employee working a split shift or spread of hours exceeding ten (10) and the amount of gross wages; deductions from gross wages; and net wages paid, nor did you state affirmatively that they do not exist.

**Request For Document Production No .12:**
A list of jobs or projects or any other documents, which would evidence each job or project carried out by Capala Brothers, or for which the Capala Brothers has provided or supplied labor or materials, during the Applicable Period, and containing the full name and address of each job or project, the owner, the general contractor, the architect, and the construction and project manager.

Response Incomplete as follows:
Did not include full name and address of each job or project. Defendants' lists of architects, managers, and owners is unresponsive, as it does not detail which owner, general contractor, architect, and construction and project manager was assigned to which individual project.

## (b)    **Incomplete or Unresponsive Interrogatories**

**Interrogatory No.:7.**
Identify all construction sites, job sites and project sites by street address, city and state of each location, at which the Corporate Defendant's employees, including, without limitation, Plaintiffs, worked, provide the dates of commencement and completion, and also identify the owner, the general contractor, the architect, and the construction and project manager.

Response incomplete as follows:
Defendants failed to attach a list of all construction sites, job sites and project sites within the past six years.

**Interrogatory No.:9.**
Identify all persons with knowledge of the hours worked by the Corporate Defendant's employees, including, without limitation, Plaintiffs, and the method by which the employees' hours of work were kept track of, and provide each such person's full name, last known address, the positions held, the dates of employment and, where available, the last known employer.

Response incomplete as follows:
Defendants responded that the "information of hours worked by each employee was

Page 3 of 5

communicated to Defendant Robert Capala by the foreman for each crew." However, the response fails to specify these foremen and whether a foreman for each crew reported verbally or in writing as to how many hours each person in their crew worked on a particular day.

**Interrogatory No.:12.**
State with specificity the policies, practices and procedures of the Corporate
Defendant regarding the payment of wages and overtime wages to its employees, including, without limitation:

      (a)    the frequency and location of wage payments;
      (b)    the manner of wage payments i.e. by check, cash or a combination of check and cash;
      (c)    the source or sources of funds used to pay wages;
      (d)    the account or accounts, including without limitation: (i) the identity of the account holder; (ii) the account number, (iii) the name of the financial institution, and (iv) the location of the branch, on which any checks used to pay wages were drawn,

and whether and how such policy ever changed; and identify all documents and business records substantiating or evidencing your response to this Interrogatory. Please attach all such documents and business records to your response.

Response incomplete as follows:
Defendants failed to provide the exact address of the JP Morgan Chase branch, and whether the bank account provided was the only account from which payroll was made.

**Interrogatory No.: 21**
Please state whether the Corporate Defendant has been a party to any federal or
state litigation, arbitration or an administrative proceeding, concerning the payment of wages to employees, and if so, state with specificity: (a) the nature of the lawsuit or proceeding, (b) the parties involved, (c) the name and address of the court or other body exercising jurisdiction, (d) the docket or case number, and (e) any disposition, including but not limited to, any stipulation of settlement.

Response Incomplete as follows:
Defendants failed to respond to subquestions: (b), (c) and (d).

      *(2)    Electronic Version of Timesheets and Pay Check Stubs*

Further, Plaintiffs request that the electronic version of the so-called time sheets and pay check stubs be provided to us in order that we could properly calculate damages. Providing these electronic records would greatly facilitate the proper calculation of Plaintiffs' damages. If there is a cost associated with copying the data, we will cover the reasonable cost of same.

### (3)     Permission to Contact Client

Finally, on April 2, I personally reviewed the documents your clients produced in their presence. As part of an arrangement, they volunteered to provide copies of some of the documents for a copying cost, which you later advised me to be $94.00. In exchange for that amount, I should like to have them ship the documents to my office via FedEx. My office will arrange to have the boxes picked up and shipped by FedEx and will concurrently send a packing slip and a check for $94 to your clients. I am seeking permission to contact your clients to arrange this exchange. Contact with your clients will be limited solely to the matter of shipping and paying for the copied documents.

### (4)     Attached Interrogatories and Requests for Document Production

Finally, included with this letter are:

1) Plaintiffs' Supplemental Interrogatories to Defendant Capala Brothers, Inc.

2) Plaintiffs' Supplemental Request for Production of Documents to the Defendant Capala Brothers, Inc.

3) Plaintiffs' First Request for Production of Documents to the Defendant Robert Capala

4) Plaintiffs' Supplemental Interrogatories to Defendant Robert Capala

5) Plaintiffs' Supplemental Interrogatories to Defendant Pawel Capala

6) Plaintiffs' First Request for Production of Documents to the Defendant Pawel Capala

Please contact me after you have had the opportunity to review the above.

Sincerely,

Robert Wisniewski

**Exhibit C**

# ROBERT WISNIEWSKI P.C.

ATTORNEYS-AT-LAW
225 BROADWAY, SUITE 612
NEW YORK, NY 10007
_____
TEL: (212) 267-2101
FAX: (212) 587-8115

May 1, 2008

Felipe Orner, Esq.
72-29 137th Street
Flushing, NY 11367
          VIA FIRST CLASS MAIL AND FAX

<div align="center">

**Re.: Gortat et al. v. Capala Brothers Inc. et al.**
**Docket No.: 07 cv 3629 (ILG)(SMG)**

</div>

Dear Mr. Orner,

        I am writing in response to your April 22, 2008 letter concerning several issues. Below are my answers to your requests:

1)      Courts have held that when a single identical interrogatory is served on multiple Plaintiffs, Plaintiffs can answer jointly. ***See***, ***LaBounty v. Coombe*** 1996 WL 30291 (S.D.N.Y., January 24, 1996) *3, n.1, *citing* 8A C. Wright, A. Miller & R. Marcus, Federal Practice & Procedure § 2172 *at* 283 (1994). Plaintiffs' responses are therefore acceptable under the Federal Rules.

2)      Said "paper slips" will be made available for inspection in due time.

3)      Plaintiffs object to Defendants' request for Plaintiffs' bank  records, as the request calls for information that is irrelevant. When Defendants would pay the Plaintiffs in cash, the cash would be used for expenses and would not be deposited into Plaintiffs' bank accounts. The bank accounts records would therefore be inapposite to any of Defendants' claims.

4)      Plaintiffs object as this request calls for information that is privileged. As you are aware, tax returns enjoy a "qualified privilege." Before courts will compel their submission, they will follow a two-step process: they will determine (1) if the information contained in the tax returns is relevant, and (2) that the information cannot be acquired through any other means. ***See***, ***Brassco v. Klipo***, 2004 WL 1385816 at *3-*4 (S.D.N.Y. June 21, 2004) (**Freeman, J.**) Defendants present no argument why the income tax returns are relevant to any of their claims or defenses. Further, Defendants could acquire any such information through less invasive means.

5)      Plaintiffs repeat their response to Defendants' Request to Admit.

6)      Plaintiffs' repeat their objections and responses to Interrogatories 1, 2, 3, 4, 10, 11, 18, 22, and 23.

7)      Plaintiffs repeat their responses to Interrogatory 7. Plaintiff Drelich was involved in a personal injury case in Supreme Court, New York County in 1998. The Index Number is 121594/1998.

8)      Plaintiffs repeat their answer to Interrogatory 13.

9)      Plaintiffs responded to Interrogatory 21 in the calculations attached to Plaintiffs' Demand Letter, which was provided to Mr. Orner on February 19, 2008.

Please contact me if you have any questions regarding the above.

Sincerely,

Robert Wisniewski

**Exhibit D**

# PHILIP ORNER, C.P.A. J.D.

## CERTIFIED PUBLIC ACCOUNTANT
### AND
### ATTORNEY AT LAW

72 - 29 137TH STREET
FLUSHING, NEW YORK 11367
(718) 575-9600

514 MAIN STREET
NEW ROCHELLE, NEW YORK 10801
(914) 636-6439
Flushing office
May 12, 2008

Mr. Robert Wisniewski, Esq.
225 Broadway – Suite 612
New York, New York 10007

**Re.: Gortat et al v. Capala Brothers, Inc. et al**
**EDNY Docket No. 07CV3629**
*__Via Facsimile and First Class Mail__*

Dear Mr. Wisniewski:

In reply to your letter of April 28,2008, and to our meeting of May 7,2008, which I attempted to supplement by phone call to you on May 9,2008, but you have failed to return, there are no open past due items of compliance with plaintiffs three sets of interrogatories, requests of production and various supplemental requests by plaintiff from defendants. The following addresses your list of April 28,2008:

I- First request of production by Plaintiffs

    a) #5 : last sentence of defendants' reply to production request states : *"corporate defendant does not maintain the following: time cards, punch cards, time sheets, attendance sheets, daily time logs, sign-in sheet, weekly attendance sheets,* while the fist sentence states " *The QuickBooks payroll time register by day for each of the six plaintiffs showing hours worked by day for each of the six plaintiffs is available for inspection and copying".* Hence, the defendants fully complied with this item for if they do not maintain such records, they do not exist and never did. You were provided with the hard copy of the payroll time register for the six plaintiffs on the inspection of your records of the defendants, as you admit later on your letter.

    b) # 6 : you were provided the payroll register on all pages for the six plaintiffs; the missing pages are for all other employees. Though there is no collective action notice as of this date and no class certification, we will make available for inspection, and subsequent copy, all other pages of the payroll register for the six years in question from 2001- through 2007 at my office, with prior advance notice of appointment.

    c) #7: you contradict yourself as to what was provided. All NYS-45-CC quarterly payroll tax returns were provided to you per the pleadings; the first quarter for 2007 is available at my office for inspection and copying as well .1 All Form 941s ,W-4s for plaintiffs, and thousands of pay stubs for all six years were provided to you for your inspection at my client's office. I personally reviewed the stack of such payroll tax returns. Plaintiffs' files containing W-4 forms, and thousands of pay stubs for six years provided to you, which I also reviewed. Until there is a court disposition of the class action issue, our objection as stated on the production of all employees other than plaintiffs as being overburdening, voluminous and not relevant to the present litigation with these six plaintiffs still

stands as a valid objection as to thousands of pay stubs, thousands of papers on other files regarding other employees.

d)  #8 : you keep on contradicting yourself. You state incorrectly : "*you did not provide payroll records that would evidence the number of hours worked daily and weekly*". For weekly time sheets were provided for the six plaintiffs showing their hours worked by each for each of the six years in question daily , and though you acknowledge later in your letter to have them received in paper form, you want such production also in electronic form.  This item is a duplication of # 5, #6, and # 7.  A separate list of all employees names, last known addresses, social security numbers was provided to you and it was available for inspection. The reply already stated that "*there are no split shifts or spread of hours exceeding 10 worked at the corporate defendant* ". All other information requested is stated on payroll registers provided showing gross wages, net wages paid.

e)  # 12: a list of jobs and projects is included on the list provided as to contacts of owners, general contractors, if any, construction and project manager on category for each such listing as shown to be "work address". Such list was provided for inspection and copying.

11-  First set of Plaintiffs' interrogatories

a)  #7: additional self-contradiction by you, for you acknowledge to having received the list referred to above # 12 request of production but falsely claim that "*defendants failed to attach a list of all construction sites, job sites and project sites* ",  as per my answer to your item above.

b)  #9: The list of all employees provided with last known addresses indicates which of these employees were foremen. The answer to interrogatory clearly states that such hours were communicated to Robert Capala; it does not state that there were any writings on such communications. Defendants stipulate that such communications were in verbal form only.

c)  #12: the bank account for JP Morgan Chase under the corporate defendant is the only one provided on the answer to the interrogatory. There is no need to state that there are no other bank accounts; it is implicit from the answer provided. The address of the branch the corporate defendant was provided to plaintiffs during inspection  (the address is 798 Manhattan Avenue, Greenpoint, N.Y. 11222, while the account had been opened at the branch at  31-05 30th Avenue, Astoria N.Y 11102.

d)  # 21: the answer to this interrogatory starts with : "*none to any of the categories listed on this interrogatory other than a N.Y.S. Human Rights Complaint filed several years ago against the corporate defendant and his former supervisor , also a plaintiff herein, Bienkowski, for derogatory remarks made by Mr. Bienkowski during his employment with the corporate defendant against a co-employee. Such complaint was eventually dismissed with no negative action taken against the corporate defendant*". Hence, (b) the parties involved has been answered to the best of information available now on this incident to the corporate defendant. A to (d) Defendants do not have currently available the docket or case number of this

NYS Human Right Complaint, while (c) plaintiffs can take judicial notice of the address of such governmental agency as One Fordham Plaza, Bronx, N.Y. 10458.

III- Electronic version of Weekly Time Sheets by Day and Pay Stubs

  Since such files have been already produced for inspection by plaintiffs, as plaintiffs acknowledge they have by defendants, the defendants will retain the services of a computer expert to extract and copy these data files, and will inform plaintiffs by May 31,2008 of such cost of procuring the electronic copying of the requested files already provided in paper form. Once such fee is agreed to be paid by plaintiffs and paid in advance, defendants will provide such files in electronic computer data form.

  Having reviewed all specific detailed items for consideration on open discovery from plaintiffs, Defendants have fully satisfied all discovery demands not past due and will continue to address the currently served supplemental discovery demands and interrogatories served a few days ago dated April 28,2008. All prior supplemental discovery requests due as of this date have been fully and appropriately answered by defendants as of this date.

Sincerely,

Philip Orner

Cc;c/w

**Exhibit E**

# PHILIP ORNER, C.P.A. J.D.
## CERTIFIED PUBLIC ACCOUNTANT
## AND
## ATTORNEY AT LAW

72 - 29 137TH STREET
FLUSHING, NEW YORK 11367
(718) 575-9600

514 MAIN STREET
NEW ROCHELLE, NEW YORK 10801
~~Flushing address~~

May 9,2008

Mr. Robert Wisniewski, Esq.
225 Broadway – Suite 612
New York, New York 10007

### Re.: Gortat et al v. Capala Brothers, Inc. et al
### EDNY Docket No. 07CV3629
### *Via Facsimile and First Class Mail*

Dear Mr. Wisniewski:

Your letter of today is another indication how you have distorted the procedural history of these proceedings, distorted and stated false facts and have ignored civility and proper conduct between attorneys.

We did hold a meeting on discovery issues yesterday, which you imposed it at your reception area without even the aid of a proper table or desk to rest my papers on, and instead I needed to conduct it using your reception floor in front of open clients coming in and out, as well as in front of your receptionist and secretaries. All along while I was properly dressed in suit and tie, and you were wearing slacks and a mock black tee shirt with short sleeves. Your disrespect for me did not end there. After we finished reviewing my April 22,2008 letter as to open discovery issues requested by the defendants and the now frivolous subpoena you served on me personally where you stated that you believed that no additional discovery from the plaintiffs will be produced, we reviewed your letter of May 2,2008 as to your claimed open items on discovery. After reviewing some of these items, as I have already informed you twice before that you have my permission to call my clients to obtain your selected copies of documents produced in exchagnge for a check of $ 94 covering its cost, you ridiculed my conclusions as to your frivolous positions on various discovery issues, proceeded to tell me that I am a nobody, who no judge you asked knows me, that you have published opinions while I have none according to your incorrect research, and asked me how many ethical complaints have been filed against me (the answer is none). At that point, no attorney can expect to continue such meeting with such level of high disrespect, abuse and lack of civility and proceeded to complete the much belated production of your client's previously improperly withheld "paper slips" of some of their wages earned . Your letter of today, as indicative of your improper conduct, also fails to state that I placed a telephone call to your office at about 10:00 A.M., that your secretary stated that you were in the office, refused to take my phone call and then proceeded to write your letter without even calling me back.   Your clients' discovery obligations have not been satisfied, you have proceeded against Rule 11 on several issues and I will file the appropriate motion next week. And lest not forget, you have repeatedly cited holdings of cases in your letters which are incorrect, and today's letter citations need to be researched because of your past unreliable and false legal conclusions stated on your letters, which you make a practice of.

Sincerely,

Philip Orner

**Exhibit F**

ROBERT WISNIEWSKI (RW-5308)
ROBERT WISNIEWSKI P.C.
Attorneys for Plaintiffs
225 Broadway, Suite 612
New York, NY 10007
(212) 267-2101

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------------X

MIROSLAW GORTAT, HENRYK BIENKOWSKI, GRZEGORZ
DRELICH, MIROSLAW FILIPKOWSKI, ARTUR LAPINSKI
and JAN SWALTEK, on behalf of themselves and on behalf
of all others similarly situated,

**Docket No.:07-3629
(ILG) (SMG)**

Plaintiffs,

-against-

CAPALA BOTHERS, INC., PAWEL CAPALA
and ROBERT CAPALA

Defendants.

-----------------------------------------------------------------------------X

## PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES

Plaintiffs by their attorneys, Robert Wisniewski P.C., as and for their Responses to

Defendants' First Set of Interrogatories to Plaintiffs, dated January 15, 2008, respond as follows:

1.      These responses are made solely in relation to the above-captioned action,

and are proffered only for the purpose of responding to the Defendants' Interrogatories to Plaintiffs.

All responses are subject to the objections noted below. Additionally, objections (including, without

limitation, objections as to admissibility, relevance, propriety, confidentiality, hearsay, and

materiality) which, if sustained at trial, would require the exclusion of any response contained herein

or any document referred to herein, are reserved. Additionally, these responses are given without

prejudice to Plaintiffs' right to produce, at a later date, subsequently discovered information.

## GENERAL OBJECTIONS TO ALL INTERROGATORIES AND LIMITATIONS

Plaintiffs hereby incorporate by reference each of the following General Objections and Limitations ("General Objections") in their responses to each specific Interrogatory.

1.      Plaintiffs object to each Interrogatory to the extent that it is overly broad, irrelevant and not reasonably calculated to lead to the discovery of relevant or admissible evidence.

2.      Plaintiffs object to each Interrogatory to the extent that it is duplicative, unreasonably cumulative, unduly burdensome, oppressive, or unduly expensive to answer.

3.      Plaintiffs further object to each Interrogatory to the extent that it seeks to impose upon Plaintiffs an obligation to review documents that are in the possession of others.

4.      Plaintiffs reserve the right to challenge the competency, relevancy, materiality and applicability of the information set forth in their Responses in any subsequent proceeding or trial of this or any other action and objects to the use of these documents in any subsequent proceeding or trial of this or any other action.

5.      Plaintiffs object to the Interrogatories to the extent that they call for Plaintiffs to  reach legal conclusions.

6.      Plaintiffs object to the Interrogatories to the extent that the information requested is a  matter of public record and/or is already in the possession of Defendants, and the burden of obtaining the information would be substantially the same for Defendants as for Plaintiffs.

7.      Plaintiffs object to the Interrogatories to the extent that they seek documents generated subsequent to the commencement of this litigation, on the grounds that such Interrogatories seek information either not relevant to the subject matter of the litigation, and/or not reasonably calculated to lead to the discovery of admissible evidence.

8.     Plaintiffs object to the Interrogatories to the extent that they would require the production of information or documents protected from discovery by any privilege, including the attorney-client privilege (including, but not limited to, documents prepared in anticipation of litigation or for trial, by or for Plaintiffs, their attorneys or other representatives, and documents or information which would disclose the mental impressions, conclusions, opinions or legal theories of attorneys or other representatives of Plaintiffs concerning any matters at issue in this litigation) or any other applicable privilege, immunity or limitation on discovery. To the extent any protected information is produced, such production is inadvertent and Plaintiffs shall not be deemed to have waived any of its privileges with respect to that or any other information.

9.     Plaintiffs object to the Interrogatories to the extent that they are overly broad, unduly burdensome, are not limited to a specific time period, or exceed the applicable statute of limitations.

10.     Plaintiffs object to the Interrogatories to the extent that they seek irrelevant information and documents that are not material and necessary or are in any way beyond the scope of disclosure required by the Federal Rules or are not reasonably calculated to lead to the discovery of admissible evidence.

11.     Plaintiffs object to the Interrogatories to the extent they purport to seek documents that reflect personal, confidential, employment and/or financial information concerning individuals, entities, or others not involved in this action.

12.     Plaintiffs object to the Interrogatories to the extent that they call for speculation, are vague and ambiguous, are subject to several different interpretations, and are therefore, incapable of a meaningful response as stated.

13.     Plaintiffs object to these Interrogatories without prejudice to their right to rely

at trial upon subsequently discovered information or information omitted inadvertently as a result of mistake, error or oversight.

14.     Plaintiffs object to these Interrogatories to the extent that they seek, or purport to seek, responses, information or documents from former officers, employees, agents, representatives, consultants, offices, departments, committees, divisions or groups on the ground that these individuals or entities are not subject to the control of Plaintiffs and to the extent that such information would violate any constitutional, statutory or common- or civil law privacy interest of any current or former employee or representative of Plaintiffs.

15.     Plaintiffs object to these Interrogatories to the extent that they seek discovery of information that  was not created by Plaintiffs, is not Plaintiffs' business record, is not in Plaintiffs' possession, control or custody and/or seeks the same from entities other than  Plaintiffs.

16.     Plaintiffs' responses are made without in any way  waiving: (1) the right to object, on the grounds of competency, relevancy, materiality, hearsay or any other ground, to the admissibility or use of any such information for any purpose, in whole or in part, in any subsequent stage or proceeding in this action or any other action; or (2) the right to object on any and all grounds, at any time, to any other discovery procedure relating to the subject matter of these Requests.

17.     These General Objections are applicable and incorporated in each of Plaintiffs' responses, *infra*, as if specifically set forth at length therein. The stating of specific objections to a particular Interrogatory shall not be construed as a waiver of Plaintiffs' General Objections nor does the restatement of a specific reference to a General Objection in the response to a particular Interrogatory waive other General Objection. Unless otherwise specifically stated, Plaintiffs' objections to each Interrogatory apply to the entire Interrogatory, including each and every

subparagraph of each Interrogatory. Plaintiffs reserve the right to make specific and further objections to each Interrogatory.

## OBJECTIONS TO DEFINITIONS

Plaintiffs object to Defendants' Definitions as follows:

1.      Plaintiffs object generally to the Definitions accompanying the Requests to the extent that they purport to impose obligations upon Plaintiffs beyond those imposed by the Federal Rules, the Local Rules.

2.      Plaintiffs object to all definitions, instructions and requests insofar as they purport to require production of information and/or documents outside the possession, custody or control of Plaintiffs, on the ground that such discovery is overly broad and unduly burdensome.

3.      Plaintiffs object to all definitions, instructions and requests insofar as they purport to require Plaintiffs to account for documents that are no longer in their possession, custody or control or in existence, on the grounds that such a requirement is palpably improper, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

4.      Plaintiffs object to all definitions, instructions and requests insofar as they are palpably improper, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

5.      Plaintiffs object to all definitions, instructions and requests insofar as they are irrelevant and require the production of information and/or documents that have already been produced or obtained by the Defendants and would, therefore, be duplicative.

6.      Plaintiffs object to the definition of "CONCERNING" on the grounds and to the extent that it is overly broad, vague and ambiguous, and is otherwise inappropriate under the Federal Rules, the Local Rules, or orders of this Court.

7.     Plaintiffs object to the definition of "ELECTRONICALLY MEMORIALIZED INFORMATION" on the grounds and to the extent that it is overly broad, vague and ambiguous, and is otherwise inappropriate under the Federal Rules, the Local Rules, or orders of this Court.

8.     Plaintiffs object to the definition of "IDENTIFY" (with respect to persons or businesses) on the grounds and to the extent that it is overly broad, vague and ambiguous, and is otherwise inappropriate under the Federal Rules, the Local Rules, or orders of this Court.

9.     Plaintiffs object to the definition of "IDENTIFY" (with respect to documents) on the grounds and to the extent that it is overly broad, vague and ambiguous, and is otherwise inappropriate under the Federal Rules, the Local Rules, or orders of this Court.

10.    Plaintiff objects to the definition of "PERSON" on the grounds and to the extent that it is overly broad, vague and ambiguous, and is otherwise inappropriate under the Federal Rules, the Local Rules, or orders of this Court.

Without waiving the general objections and the objections set forth in response to specific requests, Plaintiff responds, within the limits of these objections, as set forth below.

## RESPONSES TO INTERROGATORIES

**Interrogatory No.: 1**

Since the date of termination of employment to the present date, state the name and address of each employer you have been hired, title and duties of your employment, hourly rate or other form of fixed compensation for your services, if applicable, incentive compensation, if any, such as bonus or commissions, percentage of ownership of such employer, if any, reason for termination of such subsequent employment, if applicable.

**Response to Interrogatory No.: 1**

Plaintiffs object to this Interrogatory on the ground that it is palpably improper and is interposed without a good faith basis and not relevant to the claims made or defenses asserted, nor is it likely that this Interrogatory will lead to the discovery of any relevant evidence.

**Interrogatory No.: 2**

State whether you have a driver's license, number of such driver's license, the State such driver's license was issued, the original date it was issued, its expiration date.

**Response Interrogatory No.: 2**

Plaintiffs object to this Interrogatory as not relevant to the claims made or defenses asserted nor it is likely that this Interrogatory will lead to the discovery of any relevant evidence.  Over the objections and without waiving same, Plaintiffs state:

All Plaintiffs have valid driver's licenses.

Plaintiff Bienkowski's driver's license was issued in or about 1994.

Plaintiff Gortat's driver's license was issued in or about 1998.

Plaintiff Lapinski's driver's license was issued in or about 1993.

Plaintiff Filipkowski's driver's license was issued in or about 1993.

Plaintiff Drelich's driver's license was issued in or about 1996.

Plaintiff Swaltek's driver's license was issued in or about 2004.

**Interrogatory No.: 3**

State the make and year of every vehicle you either owned, rented or had access to operate, other than those of the employer defendant , during the course and entire term of employment with the employer defendant, beginning with any such vehicle you own or operate at the present date; also state the respective VIN registration number of such vehicles.

**Response to Interrogatory No.: 3**

Plaintiffs object to this Interrogatory on the ground that it is palpably improper, against public policy and is interposed without a good faith basis and not relevant to the claims made or defenses asserted, nor is it likely that this Interrogatory will lead to the discovery of any relevant evidence.

**Interrogatory No.: 4**

State the beginning date you have been authorized to accept and engage in work in the U.S.A. with the identification of such document by name and the name of issuing governmental agency, if you are not natural U.S. Citizen ; also state the expiration dates of such permits, if any, and any renewal dates of such authorizations to the present date, if applicable; if not born in the U.S.A., state the issuing date and the number of the alien registration card issued to you by the Federal government. Also the citizenship you hold, and if applicable, more than one and which countries are such dual citizenships for.

**Response to Interrogatory No.: 4**

Plaintiffs object to this Interrogatory on the ground that it is palpably improper, against public policy and is interposed without a good faith basis and not relevant to the claims made or defenses asserted, nor is it likely that this Interrogatory will lead to the discovery of any relevant evidence. Further, numerous courts have found FLSA plaintiffs' immigration status to be irrelevant to their claims and have noted the prejudice to plaintiffs that would arise if inquiries on the subject of immigration status were permitted. See Liu v. Donna Karan Int'l, Inc. 207 F. Supp.2d 191 (SDNY 2002) (holding that plaintiffs' immigration status was not relevant to their claims under the FLSA that they had been paid less than the minimum wage for work

performed); <u>Avila-Blum v. Casa de Cambio Delgado, Inc.</u>, 236 F.R.D. 190, 191-92 (SDNY 2006) (finding plaintiff's immigration status to be irrelevant and noting prejudice that stems from inquiry into such status).

**Interrogatory No.: 5**

State with specifity by date for each week or pay period you were employed by the employer defendant, the number of alleged hours you worked overtime hours showing for each such day, the beginning hour you started carrying out your duties as an employee and the ending hour you ceased such functions.

**Response to Interrogatory No.: 5**

Plaintiffs object to this interrogatory as palpably improper, unduly burdensome and duplicative since the Defendants are in possession of this information and a response to such interrogatory would be narrative and is thus more appropriate for a deposition. Over the objections and without waiving same Plaintiffs respond as follows:

All Plaintiffs, except Plaintiff Swaltek had the same schedule:

Everyday Plaintiffs had to arrive at the company's shop at 7:00 AM. First, Defendant Robert Capala or Pawel Capala would issue directives for the day. Then Plaintiffs had to load the trucks with tools and materials, which took them approximately ½ hour. Then they drove to the job site. Almost every day, they would have to stop at the store, Extech, to pick up materials and supplies. Plaintiffs worked at the job site from approximately 8:00 AM to 4:00 PM with a ½ hour lunch break. Then they had to go back to the company's shop to unload the truck. They arrived at the shop at approximately 5:00 PM. Also, Plaintiffs, except of Plaintiff Swaltek, had

to report to Defendants what was accomplished during the day, which usually took until 5:30 PM. Therefore, each Plaintiff except of Plaintiff Swaltek worked 10 hours every day, that is 50 hours per week.

Also, from 2001 through 2005, Plaintiffs Filipkowski and Drelich worked on Saturdays (from 7:00 AM until 5:30 PM). They on average worked one Saturday per month, that is 12 Saturdays per year.

Plaintiff Gortat worked approximately three Saturdays (from 7:00 AM until 5:30 PM) per year from the beginning of his employment up until 2005.

Plaintiff Bienkowski worked approximately two Saturdays (from 7:00 AM until 5:30 PM) per month from the beginning of his employment until 2005.

Plaintiff Swaltek's work hours were from 7:00 AM until 4:00PM. He did not have to come back to the company's shop to report to Defendants what was accomplished during each day. Therefore, Plaintiff Swaltek worked 8 ½ hours per day, that is 42.5 hours per week.

Plaintiff Swaltek worked approximately four Saturdays (from 7:00 AM until 4:00 PM) per year from the beginning of his employment until 2005.

**Interrogatory No.: 6**

State with specificity by date for each week or pay period you were employed by the employer defendant, the hourly rate you claimed to have been paid below the applicable minimum wage set by FLSA, as claimed on the complaint.


**Response to Interrogatory No.: 6**

Plaintiffs refer Defendants to calculations of damages served separately.

**Interrogatory No.: 7**

State with specificity by date for each week or pay period you were employed by the employer defendant, the number of hours you claim to be owing to you for travel time under the Portal-to-Portal Act as claimed on the complaint showing the beginning and ending hour for each of such travels and the locations for each of such travel you state were required by the employer defendant as well as the reason for each of such travels.

**Response to Interrogatory No.: 7**

See response to Interrogatory No.: 5 and No.: 6 above.

**Interrogatory No.: 8**

State whether you have been involved in any civil, criminal or administrative proceeding individually, the date of such occurrence, the name and location of such court or administrative proceeding, the outcome of such proceeding, the docket number/file number/index number, as appropriate, and if any such proceeding are ongoing at the present date.

**Response to Interrogatory No.: 8**

Plaintiffs Lapinski, Gortat, Bienkowski, Swaltek were not involved in any civil, criminal or administrative proceeding.

Plaintiff Filipkowski was involved in a divorce case in or about 1998 and in a landlord-tenant dispute in or about 2001.

Plaintiff Drelich was involved in  a case for alimony in or about 2007 and in a personal injury case in or about 2000.

**Interrogatory No.: 9**

State whether your employment with the employer defendant was entered into or converted into subsequently through a collective bargaining agreement, and if so, identify all documents evincing the terms and provisions thereof, including without limitation all labor unions.

**Response to Interrogatory No.: 9**

Plaintiffs object to this Interrogatory as duplicative because the information requested is in the possession of the Defendants. Over the objection and without waiving same, Plaintiffs respond that their did not enter with the employment through a collective bargaining agreement.

**Interrogatory No.: 10**

State whether you have been investigated, audited, or examined by the Internal Revenue Service of any other federal, state, municipal or other tax authority either in the U.S.A. of anywhere else in the world.

**Response to Interrogatory No.: 10**

Plaintiffs object to this Interrogatory requesting information whether Plaintiffs have been investigated, audited, or examined by the Internal Revenue Service of any other federal, state, municipal or other tax authority anywhere else in the world on the ground that it is improper and is interposed without a good faith basis and not relevant to the claims made or defenses asserted, nor is it likely that this Interrogatory will lead to the discovery of any relevant evidence. Over the objections and without waiving same, Plaintiffs respond as follows: none of the Plaintiffs, while in the United States was ever investigated, audited, or examined by the Internal Revenue Service of any other federal, state, municipal or other tax authority.

**Interrogatory No.: 11**

Identify all locations you carried out your employment duties for the employer defendant by street address, city and state for each location by date, week, month and year from the commencement of your employment through the termination date of said employment.

**Response to Interrogatory No.: 11**

Plaintiffs object to this Interrogatory as duplicative since the Defendants are in possession of this information.

**Interrogatory No.: 12**

State with specificity what your duties at the employer defendant consisted by pay period identifying what type of construction related tasks you performed for the employer defendant, and what materials related to said tasks you handled in connection with the performance of your duties.

**Response to Interrogatory No.: 12**

Plaintiffs object to this Interrogatory as duplicative since the Defendants are in possession of this information. Over the objection, and without waiving same, Plaintiffs respond as follows:

All Plaintiffs performed variety of functions such as:

1.   Plaintiff Gortat worked for Defendants as a driver, roofer, bricklayer, mason, building laborer, demolition laborer, laborer and a foreman

2.   Plaintiff Bienkowski worked for Defendants as a driver, roofer, bricklayer, building laborer, demolition laborer, laborer and a foreman.

3.   Plaintiff Drelich worked for Defendants as a driver, foreman, mason, bricklayer,

roofer, building laborer, demolition laborer and a laborer.

4.      Plaintiff Filipkowski worked for Defendants as a driver, foreman, mason,

bricklayer, roofer, building laborer, demolition laborer and a laborer.

5.      Plaintiff Lapinski worked for Defendants as a driver, foreman, roofer, bricklayer,

mason, building laborer, demolition laborer and a laborer.

6.      Plaintiff Swaltek worked for Defendants as a mason, bricklayer, building laborer,

demolition laborer and a laborer.


Plaintiffs used different types of materials depending on the work performed, for example when

working as masons they used cement mixer and other tools utilized in the filed.


**Interrogatory No.: 13**

State whether you claim that the employer defendant did not pay you for travel time between any

two job sites you might worked on any date, and then list such dates with hours for such travel

time allegedly deducted by the employer defendant and the addresses for each of such trips on the

same date of employment.


**Response to Interrogatory No.: 13**

See Response to Interrogatory No.: 5, above.  In addition, Plaintiffs respond as follows: Plaintiffs

were paid for 8 hours per day, only for the work they performed at the job site.  None of the

Plaintiffs was paid for the work performed at the shop in the morning, that is for the hour from

7:00 AM - 8:00 AM, and for the travel time from the job site to the company's shop and for the

time spent at the shop on unloading the trucks and reporting to Defendants, that is from 4:00 PM

until approximately 5:30 PM.

**Interrogatory No.: 14**

Identify the individual at the employer defendant a) who hired, b) who paid you wages and c) who handled your termination of employment at the employer defendant.

**Response to Interrogatory No.: 14**

Plaintiffs respond that wages were paid by Defendant Robert Capala.

1.      Plaintiffs Lapinski, Swaltek and Gortat were hired by Defendant Robert Capala who also handled termination of their employment.

2.      Plaintiff Filipkowski was hired by Defendant Robert Capala and both Defendants handled termination of his employment.

3.      Plaintiff Drelich was hired by both Defendants and both of them handled termination of his employment.

4.      Plaintiff Bienkowski was hired by Defendant Pawel Capala and Defendant Robert Capala handled termination of his employment.

**Interrogatory No.: 15**

Identify by name all present and former employees of the employer defendant with whom you have discussed employment related matters of any matters related to the employer defendant since the date of your termination of your employment with the employer defendant.

**Response to Interrogatory No.: 15**

After termination of Plaintiffs' employment with the Defendants, Plaintiffs discussed employment related matters among themselves only.

**Interrogatory No.: 16**

State the reasons for termination of your employment with the employer defendant and whether such termination was a resignation on your part or a firing by the employer defendant; if the latter, provide the reasons stated or discussed for such forced termination of employment.

**Response to Interrogatory No.: 16**

Plaintiffs Lapinski, Bienkowski, Gortat and Swaltek resigned because they found better jobs. Plaintiff Filipkowski was fired because he came to work three minutes late. Plaintiff Drelich did not show up at work one day (based on Defendant Robert Capala's representation that every employee can take few days off in a year without prior notification) and when he came back to work the next day he was told that there was no work and that he should come back in a week.  As instructed, Plaintiff Drelich came back to work after a week, but was again told that there was no more work for him.

**Interrogatory No.: 17**

State all the previous dates with specificity as to any grievances you presented either verbally or in writing to the employer defendant as to any reason related to those stated on the complaint, and if in writing, please identify the document by date and the name and the address of such writer, and state the outcome of such communications.

**Response to Interrogatory No.: 17**

Plaintiffs object to this interrogatory as burdensome and duplicative because the Defendants are in possession of this information.  Over the objections and without waiving same, Plaintiffs respond as follows:

Only Plaintiff Filipkowski on one occasion, in or about March of 2005, complained to Defendant Robert Capala, after Defendant Capala screamed at Plaintiff for being three minutes late, that Defendants were paying Plaintiff and all and others for eight (8) hours only that is for the work performed at the job sites and not for the work performed at the shop before and after the work at the job site.

**Interrogatory No.: 18**

State with specificity all policies, practices and procedures of your employment with the employer defendant including the time and place you began your primary duties on such employment and the time of the day your work day was finished, the overtime policy of the employer defendant, the payment of hourly wages above those set by FLSA, the policy as to preliminary and postliminary activities regarding the employment, lunch time, the changing of street clothes into working clothes, construction safety, the policy as tools, whether you received any such tools under the employment and whether you returned all such tools belonging to the employer defendant at the termination date of your employment with the employer defendant. If not so returned, please state the present location of the property belonging to the employer defendant with a specific corresponding description of said property.

**Response to Interrogatory No.: 18**

Plaintiffs object to this interrogatory as compound, incomprehensible, improper and duplicative since the Defendants are in possession of this information and a response to such interrogatory would be narrative and is thus more appropriate for a deposition. Over the objections and without waiving same Plaintiffs direct Defendants to see response to Interrogatory No.: 5, 12 and 13, above.

**Interrogatory No.: 19**

State the manner and documents in which the employer defendant kept track of your hours worked on each day, and state whether you utilized any punch cards signed in and out with a supervisory review of such tasks.

**Response to Interrogatory No.: 19**

Plaintiffs object to this Interrogatory as burdensome and duplicative because the Defendants are in possession of this information. Over the objections and without waiving same Plaintiffs respond that Defendant Robert Capala instructed Plaintiffs Gortat, Beinkowski, Drelich, Filipkowski and Lapinski that they had to fill out time sheets on which they were to indicate the job site, the name of the employee who worked on that job site and they were specifically instructed that they were to put 8 hours for each employee regardless of the hours they worked.

**Interrogatory No.: 20**

State the names of each of the immediate supervisors or managers for each pay period while employed with the employer defendant, and state the title of your own position by pay period, and when and whether such position changed.

**Response to Interrogatory No.: 20**

Plaintiffs respond that they reported to Defendants Robert Capala and Pawel Capala.

**Interrogatory No.: 21**

State your effective hourly rates collected at the employment with the employer defendant by pay period. Please specify if such effective hourly rate is based strictly on compensation by check of

the employer defendant or if it includes compensation received also in cash payments. In such latter case, state and list all other such compensation received in cash by pay period, and state whether you included such additional compensation on your personal income tax returns for each applicable years on reporting periods.

**Response to Interrogatory No.: 21**

Plaintiffs object to this interrogatory as unduly burdensome and duplicative since the Defendants are in possession of requested information.  Over the objections and without waiving same, calculations of Plaintiffs' damages indicating Plaintiffs' rates per hour will be provided under a separate cover.

**Interrogatory No.: 22**

Identify and list all claimed and stated violations by the employer defendant of regulations promulgated by NYMWA and the Departments of Labor's Wage and Hour Division.

**Response to Interrogatory No.: 22**

Plaintiffs object to this Interrogatory on the ground that it calls for a legal conclusion and it is duplicative because Defendants are in possession of the requested information.

**Interrogatory No.: 23**

Identify by pay period, the number of hours, and total wages claimed to be unpaid by the employer defendant under the respective employment agreement and state whether the employer defendant extended any tender and offer of any such amounts claimed to be unpaid, and if extended, state with specificity, under the terms of the employment contracts, the reasons for

rejecting such tender and offer and how such rejection was communicated to the employer defendant, identifying the document of such rejection as well as its issuance date.

**Response to Interrogatory No.: 23**

Plaintiffs object to this interrogatory as unduly burdensome and duplicative since the Defendants are in possession of this information.

**Interrogatory No.: 24**

State the dates and the names of the other then co-employees, regardless of whether they are now still employees or not, with whom you discussed termination of employment with the employer defendant and what actions you would undertake against such other co-employees unless said co-employees also terminate their employment with the employer defendant, including the threat of using physical force against them or against anyone they know of.

**Response to Interrogatory No.: 24**

Plaintiffs did not discuss termination of employment with any employees of Defendants.

[no more text on this page]

Plaintiffs reserve the right to provide more information and documents if same become available

and furnish same at any time up to and concluding the time of trial.


Dated:        New York, New York
              February 15, 2008


                                        ROBERT WISNIEWSKI P.C.

                                        By: _____
                                            Robert Wisniewski (RW-5308)
                                        Attorneys for Plaintiffs
                                        225 Broadway - Suite 612
                                        New York, New York 10007
                                        (212) 267-2101

TO:

Felipe Orner, Esq.
Attorney for Defendants
72-29 137th Street
Flushing, NY 11367
tel. (718) 575-9600

**Exhibit G**

HENRYK BIENKOWSKI

| Wk ending | On check | In cash | Tot paid | Pay rate on check | Pay rate in cash | Total pay rate | #hrs worked | Tot. Hrs Worked | # Reg hrs | Reg hrs due | #Oct Hrs | Oct due | Total due |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 8/5/2001 | $501.54 | $200.00 | $701.54 | 16 | 5 | 21 | 40 | 50 | | | 10 | $315.00 | $325.00 |
| 8/12/2001 | $501.54 | $200.00 | $701.54 | 16 | 5 | 21 | 40 | 50 | | | 10 | $315.00 | $325.00 |
| 8/19/2001 | $501.54 | $200.00 | $701.54 | 16 | 5 | 21 | 40 | 50 | | | 10 | $315.00 | $325.00 |
| 8/26/2001 | $501.54 | $200.00 | $701.54 | 16 | 5 | 21 | 40 | 50 | | | 10 | $315.00 | $325.00 |
| 9/2/2001 | $501.54 | $200.00 | $701.54 | 16 | 5 | 21 | 40 | 50 | | | 10 | $315.00 | $325.00 |
| 9/9/2001 | $501.54 | $200.00 | $701.54 | 16 | 5 | 21 | 40 | 50 | | | 10 | $315.00 | $325.00 |
| 9/16/2001 | $501.54 | $200.00 | $701.54 | 16 | 5 | 21 | 40 | 50 | | | 10 | $315.00 | $325.00 |
| 9/23/2001 | $501.54 | $200.00 | $701.54 | 16 | 5 | 21 | 40 | 50 | | | 10 | $315.00 | $325.00 |
| 9/30/2001 | $501.54 | $200.00 | $701.54 | 16 | 5 | 21 | 40 | 50 | | | 10 | $315.00 | $325.00 |
| 10/7/2001 | $501.54 | $200.00 | $701.54 | 16 | 5 | 21 | 40 | 50 | | | 10 | $315.00 | $325.00 |
| 10/14/2001 | $501.54 | $200.00 | $701.54 | 16 | 5 | 21 | 40 | 50 | | | 10 | $315.00 | $325.00 |
| 10/21/2001 | $501.54 | $200.00 | $701.54 | 16 | 5 | 21 | 40 | 50 | | | 10 | $315.00 | $325.00 |
| 10/28/2001 | $501.54 | $200.00 | $701.54 | 16 | 5 | 21 | 40 | 50 | | | 10 | $315.00 | $325.00 |
| 11/4/2001 | $501.54 | $200.00 | $701.54 | 16 | 5 | 21 | 40 | 50 | | | 10 | $315.00 | $325.00 |
| 11/11/2001 | $501.54 | $200.00 | $701.54 | 16 | 5 | 21 | 40 | 50 | | | 10 | $315.00 | $325.00 |
| 11/18/2001 | $501.54 | $200.00 | $701.54 | 16 | 5 | 21 | 40 | 50 | | | 10 | $315.00 | $325.00 |
| 11/25/2001 | $501.54 | $200.00 | $701.54 | 16 | 5 | 21 | 40 | 50 | | | 10 | $315.00 | $325.00 |
| | | | | | | | | | | | | | $5,525.00 |

in addition in place of missing checks

2001    Jan-Dec 2001

| | Gross Pay | Hrs Worked | | Pay Rate on chec | Actual Pay Rate | |
|---|---|---|---|---|---|---|
| | $39,480.00 | | 1889 | 16.00 | 21.00 | |
| | $3,759.23 | 36hrs/wk | | 4 reg hrs due | 208 x 21 = $4,368.00 | |
| | | | | 5 ot hrs due | 280 x 31.5 = $8,190.00 | |

Total Due    $8,190.00

| 1/2/2002 | $515.40 | $200.00 | $715.40 | 16 | 5 | 21 | 40 | 50 | | | 10 | $315.00 | $325.00 |
| 1/27/2002 | $515.40 | $200.00 | $715.40 | 16 | 5 | 21 | 40 | 50 | | | 10 | $315.00 | $325.00 |
| 2/3/2002 | $515.40 | $200.00 | $715.40 | 16 | 5 | 21 | 40 | 50 | | | 10 | $315.00 | $325.00 |
| 2/10/2002 | $515.40 | $200.00 | $715.40 | 16 | 5 | 21 | 40 | 50 | | | 10 | $315.00 | $325.00 |
| 2/17/2002 | $515.40 | $200.00 | $715.40 | 16 | 5 | 21 | 40 | 50 | | | 10 | $315.00 | $325.00 |
| 2/24/2002 | $515.40 | $200.00 | $715.40 | 16 | 5 | 21 | 40 | 50 | | | 10 | $315.00 | $325.00 |
| 3/3/2002 | $515.40 | $200.00 | $715.40 | 16 | 5 | 21 | 40 | 50 | | | 10 | $315.00 | $325.00 |
| 3/10/2002 | $515.40 | $200.00 | $715.40 | 16 | 5 | 21 | 40 | 50 | | | 10 | $315.00 | $325.00 |
| 3/17/2002 | $515.40 | $200.00 | $715.40 | 16 | 5 | 21 | 40 | 50 | | | 10 | $315.00 | $325.00 |
| 3/24/2002 | $515.40 | $200.00 | $715.40 | 16 | 5 | 21 | 40 | 50 | | | 10 | $315.00 | $325.00 |
| 3/31/2002 | $515.40 | $200.00 | $715.40 | 16 | 5 | 21 | 40 | 50 | | | 10 | $315.00 | $325.00 |
| 4/7/2002 | $515.40 | $200.00 | $715.40 | 16 | 5 | 21 | 40 | 50 | | | 10 | $315.00 | $325.00 |
| 4/14/2002 | $515.40 | $200.00 | $715.40 | 16 | 5 | 21 | 40 | 50 | | | 10 | $315.00 | $325.00 |
| 4/21/2002 | $515.00 | $200.00 | $715.40 | 16 | 5 | 21 | 40 | 50 | | | 10 | $315.00 | $325.00 |

| Date | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4/26/2002 | $515.40 | $200.00 | $515.40 | 16 | 5 | 21 | 40 | 50 | 40 | | | $315.00 | 10 | $325.00 |
| 5/5/2002 | $515.40 | $200.00 | $515.40 | 16 | 5 | 21 | 40 | 50 | 40 | | | $315.00 | 10 | $325.00 |
| 5/14/2002 | $515.40 | $200.00 | $515.40 | 16 | 5 | 21 | 40 | 50 | 40 | | | $315.00 | 10 | $325.00 |
| 5/15/2002 | $515.40 | $200.00 | $515.40 | 16 | 5 | 21 | 40 | 50 | 40 | | | $315.00 | 10 | $325.00 |
| 5/25/2002 | $515.40 | $200.00 | $515.40 | 16 | 5 | 21 | 40 | 50 | 40 | | | $315.00 | 10 | $325.00 |
| 6/2/2002 | $515.40 | $200.00 | $515.40 | 16 | 5 | 21 | 40 | 50 | 40 | | | $315.00 | 10 | $325.00 |
| 6/9/2002 | $515.40 | $200.00 | $515.40 | 16 | 5 | 21 | 40 | 50 | 40 | | | $315.00 | 10 | $325.00 |
| 6/16/2002 | $515.40 | $200.00 | $515.40 | 16 | 5 | 21 | 40 | 50 | 40 | | | $315.00 | 10 | $325.00 |
| 6/23/2002 | $515.40 | $200.00 | $515.40 | 16 | 5 | 21 | 40 | 50 | 40 | | | $315.00 | 10 | $325.00 |
| 6/30/2002 | $515.40 | $200.00 | $515.40 | 16 | 5 | 21 | 40 | 50 | 40 | | | $315.00 | 10 | $325.00 |
| 7/7/2002 | $515.40 | $200.00 | $515.40 | 16 | 5 | 21 | 40 | 50 | 40 | | | $315.00 | 10 | $325.00 |
| 7/14/2002 | $715.40 | $200.00 | $715.40 | 16 | 5 | 21 | 40 | 50 | 40 | | | $315.00 | 10 | $325.00 |
| 7/21/2002 | $715.40 | $200.00 | $715.40 | 16 | 5 | 21 | 40 | 50 | 40 | | | $315.00 | 10 | $325.00 |
| 7/28/2002 | $715.40 | $200.00 | $715.40 | 16 | 5 | 21 | 40 | 50 | 40 | | | $315.00 | 10 | $325.00 |
| 8/4/2002 | $688.56 | $150.00 | $428.56 | 16 | 5 | 21 | 32 | 40 | 32 | | | $315.00 | 10 | $168.00 |
| 9/8/2002 | $688.54 | $150.00 | $428.54 | 16 | 5 | 21 | 32 | 40 | 32 | | | $315.00 | 10 | $168.00 |
| 9/15/2002 | $716.40 | $200.00 | $515.40 | 16 | 5 | 21 | 40 | 50 | 40 | $168.00 | 8 | $315.00 | 10 | $168.00 |
| 9/22/2002 | $211.27 | $72.50 | $339.94 | 16 | 5 | 21 | 14.5 | 18.125 | 14.5 | $169.00 | 8 | $315.00 | 10 | $325.00 |
| 9/29/2002 | $339.94 | $122.50 | $462.44 | 16 | 5 | 21 | 24.5 | 30.625 | 24.5 | $76.13 | 3.625 | | | $76.13 |
| 10/6/2002 | $437.85 | $168.00 | $604.85 | 16 | 5 | 21 | 33 | 41.25 | 33 | $128.63 | 6.125 | $39.38 | 1.25 | $128.63 |
| 10/13/2002 | $515.40 | $200.00 | $715.40 | 16 | 5 | 21 | 40 | 50 | 40 | $147.00 | 7 | $315.00 | 10 | $167.63 |
| 10/20/2002 | $381.31 | $140.00 | $521.31 | 16 | 5 | 21 | 28 | 35 | 28 | | | | | $325.00 |
| 10/27/2002 | $515.40 | $200.00 | $715.40 | 16 | 5 | 21 | 40 | 50 | 40 | $147.00 | 7 | $315.00 | 10 | $147.00 |
| 11/3/2002 | $515.40 | $200.00 | $715.40 | 16 | 5 | 21 | 40 | 50 | 40 | | | | | $325.00 |
| 11/10/2002 | $428.56 | $150.00 | $588.56 | 16 | 5 | 21 | 32 | 40 | 32 | $168.00 | 8 | $315.00 | 10 | $168.00 |
| 11/17/2002 | $428.54 | $160.00 | $588.54 | 16 | 5 | 21 | 32 | 40 | 32 | $168.00 | 8 | | | $168.00 |
| 11/24/2002 | $428.56 | $160.00 | $588.56 | 16 | 5 | 21 | 32 | 40 | 32 | $168.00 | 8 | | | $168.00 |
| 12/1/2002 | $515.40 | $200.00 | $715.40 | 16 | 5 | 21 | 40 | 50 | 40 | | | | | $325.00 |
| 12/8/2002 | $375.58 | $137.50 | $513.08 | 16 | 5 | 21 | 27.5 | 34.375 | 27.5 | $144.38 | 6.875 | $315.00 | 10 | $144.38 |
| 12/15/2002 | $428.56 | $160.00 | $588.56 | 16 | 5 | 21 | 32 | 40 | 32 | $168.00 | 8 | $0.00 | 5 | $168.00 |
| 12/22/2002 | $472.72 | $180.00 | $652.72 | 16 | 5 | 21 | 36 | 45 | 36 | $84.00 | 4 | $157.50 | | $246.50 |
| 1/5/2003 | $472.74 | | $472.74 | 16 | 5 | 21 | | 20 | | | | | | |
| 1/12/2003 | $231.09 | $96.00 | $327.09 | 16 | 6 | 22 | 16 | 50 | 16 | $88.00 | 4 | $88.00 | 10 | $88.00 |
| 1/19/2003 | $513.34 | $240.00 | $753.34 | 16 | 6 | 22 | 40 | 50 | 40 | | | $330.00 | 10 | $340.00 |
| 1/26/2003 | $513.34 | $240.00 | $753.34 | 16 | 6 | 22 | 40 | 50 | 40 | | | | | |
| 2/2/2003 | $417.22 | $96.00 | $168.22 | 16 | 6 | 22 | 8 | 10 | 8 | $44.00 | 2 | | | $44.00 |
| 2/9/2003 | $230.79 | $96.00 | $326.79 | 16 | 6 | 22 | 16 | 20 | 16 | $88.00 | 4 | $88.00 | 10 | $88.00 |
| 2/16/2003 | $515.03 | $240.00 | $755.03 | 16 | 6 | 22 | 40 | 50 | 40 | | | $340.00 | | $340.00 |
| 2/23/2003 | $333.63 | $144.00 | $477.63 | 16 | 6 | 22 | 24 | 30 | 24 | $132.00 | 6 | $132.00 | 10 | $132.00 |
| 3/2/2003 | $231.88 | $96.00 | $327.88 | 16 | 6 | 22 | 16 | 20 | 16 | $88.00 | 4 | $88.00 | | $88.00 |
| 3/9/2003 | $231.88 | $96.00 | $327.88 | 16 | 6 | 22 | 8 | 10 | 8 | $44.00 | 2 | $44.00 | | $44.00 |
| 3/16/2003 | $515.03 | $240.00 | $755.03 | 16 | 6 | 22 | 40 | 50 | 40 | $88.00 | 4 | $330.00 | 10 | $340.00 |
| 3/23/2003 | $515.03 | $240.00 | $755.03 | 16 | 6 | 22 | 40 | 50 | 40 | | | $330.00 | 10 | $340.00 |
| 3/30/2003 | $515.03 | $240.00 | $755.03 | 16 | 6 | 22 | 40 | 50 | 40 | | | $330.00 | 10 | $340.00 |
| 4/6/2003 | $515.03 | $240.00 | $755.03 | 16 | 6 | 22 | 40 | 50 | 40 | | | $330.00 | 10 | $340.00 |
| 4/13/2003 | $515.03 | $240.00 | $755.03 | 16 | 6 | 22 | 40 | 50 | 40 | | | $330.00 | | $340.00 |
| 4/20/2003 | $515.03 | $240.00 | $755.03 | 16 | 6 | 22 | 24 | 30 | 24 | | | | | $132.00 |
| 4/27/2003 | $333.63 | $144.00 | $477.63 | 16 | 6 | 22 | 24 | 30 | 24 | $132.00 | 6 | $330.00 | 10 | $340.00 |
| 5/4/2003 | $515.03 | $240.00 | $755.03 | 16 | 6 | 22 | 40 | 50 | 40 | | | | | $176.00 |
| 5/11/2003 | $427.64 | $192.00 | $619.64 | 16 | 6 | 22 | 32 | 40 | 32 | $176.00 | 8 | $176.00 | 10 | $340.00 |
| 5/18/2003 | $515.03 | $240.00 | $755.03 | 16 | 6 | 22 | 40 | 50 | 40 | | | | | $176.00 |
| 5/25/2003 | $427.64 | $192.00 | $619.64 | 16 | 6 | 22 | 32 | 40 | 32 | $176.00 | 8 | | | $176.00 |
| 6/1/2003 | $427.64 | $192.00 | $619.64 | 16 | 6 | 22 | 32 | 40 | 32 | $176.00 | 8 | | | $176.00 |
| 6/8/2003 | $427.64 | $192.00 | $619.64 | 16 | 6 | 22 | 32 | 40 | 32 | $176.00 | 8 | | | $340.00 |
| 6/15/2003 | $515.03 | $240.00 | $755.03 | 16 | 6 | 22 | 40 | 50 | 40 | | | $300.00 | 10 | $176.00 |
| 6/22/2003 | $427.62 | $192.00 | $619.62 | 16 | 6 | 22 | 32 | 40 | 32 | $176.00 | 8 | | | $176.00 |

| Date | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11/7/2004 | $546.26 | $240.00 | $786.26 | 18 | 6 | 24 | 40 | 50 | | | | | | $360.00 | 10 | $370.00 | |
| 11/21/2004 | $546.26 | $240.00 | $786.26 | 18 | 6 | 24 | 40 | 50 | | | | | | $360.30 | 10 | $370.00 | |
| 11/28/2004 | $506.31 | $132.00 | $458.31 | 18 | 6 | 24 | 22 | 55 | | | | | | | | $132.00 | |
| 12/5/2004 | $546.26 | $240.00 | $786.26 | 18 | 6 | 24 | 40 | 50 | | | | | | $350.00 | 10 | $370.00 | |
| 12/12/2004 | $389.28 | $162.00 | $551.28 | 18 | 6 | 24 | 27 | 33.75 | | $192.00 | 4.75 | | | | | $162.00 | |
| 12/19/2004 | $546.26 | $240.00 | $786.26 | 18 | 6 | 24 | 40 | 50 | | $162.00 | | | | $360.00 | 10 | $370.00 | |
| 12/26/2004 | $585.59 | $114.00 | $399.59 | 18 | 6 | 24 | 19 | 23.75 | | $114.00 | 4.75 | | | | | $114.00 | |
| 1/2/2005 | $351.16 | $144.00 | $495.14 | 18 | 6 | 24 | 24 | 30 | | $144.00 | 6 | | | | | $144.00 | |
| 1/9/2005 | $351.14 | $144.00 | $495.16 | 18 | 6 | 24 | 24 | 30 | | $144.00 | 6 | | | | | $144.00 | |
| 1/16/2005 | $486.82 | $210.00 | $696.82 | 18 | 6 | 24 | 35 | 43.75 | | $120.00 | 5 | | | $135.00 | 3.75 | $258.75 | |
| 2/6/2005 | $352.57 | $144.00 | $496.57 | 18 | 6 | 24 | 24 | 30 | | $144.00 | 6 | | | | | $144.00 | |
| 2/13/2005 | $450.66 | $192.00 | $642.66 | 18 | 6 | 24 | 32 | 40 | | $192.00 | 8 | | | | | $192.00 | |
| 2/20/2005 | $452.16 | $210.00 | $702.16 | 18 | 6 | 24 | 35 | 43.75 | | $120.00 | 5 | | | | | $120.00 | |
| 2/27/2005 | $352.56 | $144.00 | $496.56 | 18 | 6 | 24 | 24 | 30 | | $144.00 | 6 | | | $135.00 | 3.75 | $258.75 | |
| 3/13/2005 | $132.39 | $48.00 | $180.39 | 18 | 6 | 24 | 8 | 10 | | $48.00 | 2 | | | | | $144.00 | |
| 3/20/2005 | $546.26 | $240.00 | $786.26 | 18 | 6 | 24 | 40 | 50 | | | | | | | | $48.00 | |
| 3/27/2005 | $498.51 | $216.00 | $714.51 | 18 | 6 | 24 | 36 | 45 | | $96.00 | 4 | | | $360.00 | 10 | $370.00 | |
| 4/3/2005 | $450.66 | $240.00 | $786.26 | 18 | 6 | 24 | 40 | 50 | | $192.00 | 8 | | | $180.00 | 5 | $281.00 | |
| 4/10/2005 | $546.26 | $240.00 | $786.26 | 18 | 6 | 24 | 40 | 50 | | | | | | | | $192.00 | |
| 4/17/2005 | $546.26 | $240.00 | $786.26 | 18 | 6 | 24 | 40 | 50 | | | | | | $350.00 | 10 | $370.00 | |
| 4/24/2005 | $546.26 | $300.00 | $846.26 | 18 | 6 | 24 | 50 | 62.5 | | | | | | $360.00 | 10 | $370.00 | |
| 5/1/2005 | $522.88 | $228.00 | $750.88 | 18 | 6 | 24 | 38 | 47.5 | | $48.00 | 2 | | | $450.00 | 12.5 | $462.50 | |
| 5/8/2005 | $546.26 | $240.00 | $786.26 | 18 | 6 | 24 | 40 | 50 | | | | | | $270.00 | 7.5 | $325.50 | |
| 5/15/2005 | $450.66 | $192.00 | $642.66 | 18 | 6 | 24 | 32 | 40 | | $192.00 | 8 | | | $360.00 | 10 | $370.00 | |
| 5/22/2005 | $546.26 | $240.00 | $786.26 | 18 | 6 | 24 | 40 | 50 | | | | | | | | $192.00 | |
| 5/29/2005 | $450.65 | $192.00 | $642.65 | 18 | 6 | 24 | 32 | 40 | | $192.00 | 8 | | | $360.00 | 10 | $370.00 | |
| 6/5/2005 | $450.65 | $192.00 | $642.65 | 18 | 6 | 24 | 32 | 40 | | $192.00 | 8 | | | | | $192.00 | |
| 6/12/2005 | $450.66 | $240.00 | $786.26 | 18 | 6 | 24 | 40 | 50 | | $192.00 | 8 | | | | | $192.00 | |
| 6/19/2005 | $546.26 | $240.00 | $786.26 | 18 | 6 | 24 | 40 | 50 | | | | | | | | $192.00 | |
| 6/26/2005 | $546.26 | $240.00 | $786.26 | 18 | 6 | 24 | 40 | 50 | | | | | | $360.00 | 10 | $370.00 | |
| 7/3/2005 | $450.66 | $192.00 | $642.66 | 18 | 6 | 24 | 32 | 40 | | $192.00 | 8 | | | $360.00 | 10 | $370.00 | |
| 7/10/2005 | $450.66 | $192.00 | $642.66 | 18 | 6 | 24 | 32 | 40 | | $192.00 | 8 | | | | | $192.00 | |
| 7/17/2005 | $546.26 | $240.00 | $786.26 | 18 | 6 | 24 | 40 | 50 | | | | | | | | $370.00 | |
| 7/31/2005 | $546.26 | $240.00 | $786.26 | 18 | 6 | 24 | 40 | 50 | | | | | | $360.00 | 10 | $370.00 | |
| 8/7/2005 | $546.26 | $240.00 | $786.26 | 18 | 6 | 24 | 40 | 50 | | | | | | $360.00 | 10 | $370.00 | |
| 8/14/2005 | $534.56 | $240.00 | $774.56 | 18 | 6 | 24 | 40 | 50 | | | | | | $360.00 | 10 | $370.00 | |
| 8/21/2005 | $546.26 | $240.00 | $786.26 | 18 | 6 | 24 | 40 | 50 | | | | | | $360.00 | 10 | $370.00 | |
| 8/28/2005 | $546.26 | $240.00 | $786.26 | 18 | 6 | 24 | 40 | 50 | | | | | | $360.00 | 10 | $370.00 | |
| 9/4/2005 | $546.26 | $192.00 | $786.26 | 18 | 6 | 24 | 40 | 50 | | | | | | $360.00 | 10 | $370.00 | |
| 9/11/2005 | $450.65 | $144.00 | $642.65 | 18 | 6 | 24 | 32 | 40 | | $192.00 | 8 | | | | | $192.00 | |
| 9/18/2005 | $352.58 | $240.00 | $496.58 | 18 | 6 | 24 | 24 | 32 | | $144.00 | 6 | | | | | $192.00 | |
| 9/25/2005 | $546.26 | $240.00 | $786.26 | 18 | 6 | 24 | 40 | 50 | | $240.00 | 10 | | | | | $144.00 | |
| 10/2/2005 | $528.22 | $192.00 | $576.22 | 18 | 6 | 24 | 38 | 47.5 | | $48.00 | 2 | | | $270.00 | 7.5 | $325.50 | |
| 10/9/2005 | $458.66 | | $650.66 | 18 | 6 | 24 | 32 | 40 | | $192.00 | 8 | | | | | $192.00 | |

| Date | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11/13/2005 | $565.26 | $240.00 | $805.26 | 18 | 6 | 24 | 41 | 50 | | | | 10 | $360.00 | $570.00 |
| 11/20/2005 | $565.26 | $247.00 | $565.26 | 18 | 6 | 24 | 41 | 50 | | | | 10 | $360.00 | $370.00 |
| 11/27/2005 | $564.58 | $144.00 | $535.38 | 18 | 6 | 24 | 24 | 30 | | | | | | $144.00 |
| 12/4/2005 | $565.26 | $240.00 | $595.26 | 18 | 6 | 24 | 40 | 30 | | | | 10 | $360.00 | $370.00 |
| 12/11/2005 | $564.56 | $144.00 | $509.56 | 18 | 6 | 24 | 32 | 30 | | $144.00 | | | | $144.00 |
| 12/18/2005 | $468.66 | $192.00 | $660.66 | 18 | 6 | 24 | 32 | 40 | | $192.00 | | | | $192.00 |
| 12/25/2005 | $564.58 | $144.00 | $508.58 | 18 | 6 | 24 | 24 | 30 | | $144.00 | | | | $144.00 |
| 1/1/2006 | $363.16 | $144.00 | $507.15 | 18 | 6 | 24 | 24 | 30 | | $144.00 | | | | $144.00 |
| 1/8/2006 | $363.14 | $240.00 | $835.26 | 18 | 6 | 24 | 24 | 35 | | $144.00 | | 10 | $360.00 | $370.00 |
| 1/15/2006 | $565.26 | $144.00 | $509.58 | 18 | 6 | 24 | 24 | 33 | | $144.00 | | | | $144.00 |
| 1/22/2006 | $365.58 | $144.00 | $661.66 | 18 | 6 | 24 | 32 | 40 | | $144.00 | | 10 | $360.00 | $192.00 |
| 1/29/2006 | $469.66 | $192.00 | $509.56 | 18 | 6 | 24 | 32 | 30 | | $192.00 | | | | $144.00 |
| 2/5/2006 | $365.56 | $126.00 | $805.26 | 18 | 6 | 24 | 24 | 40 | | $144.00 | | | | $144.00 |
| 2/12/2006 | $565.26 | $240.00 | $353.42 | 18 | 6 | 24 | 16 | 20 | 4 | | | 10 | $360.00 | $370.00 |
| 2/19/2006 | $257.42 | $96.00 | $905.26 | 18 | 6 | 24 | 40 | 50 | | $96.00 | | | | $96.00 |
| 2/26/2006 | $565.26 | $240.00 | $509.56 | 18 | 6 | 24 | 24 | 30 | 4 | | | 10 | $360.00 | $370.00 |
| 3/5/2006 | $565.56 | $144.00 | $353.42 | 18 | 6 | 24 | 16 | 20 | 6 | $144.00 | | | | $144.00 |
| 3/12/2006 | $257.42 | $96.00 | $805.26 | 18 | 6 | 24 | 40 | 50 | 4 | $96.00 | | | | $96.00 |
| 3/19/2006 | $565.26 | $240.00 | $805.26 | 18 | 6 | 24 | 40 | 50 | | | | 10 | $360.00 | $370.00 |
| 3/26/2006 | $565.26 | $216.00 | $805.26 | 18 | 6 | 24 | 36 | 50 | | | | 10 | $360.00 | $370.00 |
| 4/2/2006 | $565.26 | $240.00 | $805.26 | 18 | 6 | 24 | 40 | 45 | | | | 10 | $360.00 | $292.50 |
| 4/9/2006 | $541.88 | $180.00 | $750.88 | 19 | 6 | 25 | 30 | 37.5 | 4 | $100.00 | | 5 | $187.50 | $187.50 |
| 4/16/2006 | $490.74 | $144.00 | $645.74 | 19 | 6 | 25 | 32 | 40 | 7.5 | $187.50 | | | | $200.00 |
| 4/23/2006 | $490.84 | $192.00 | $682.84 | 19 | 6 | 25 | 32 | 40 | 8 | $200.00 | | | | $200.00 |
| 4/30/2006 | $490.84 | $192.00 | $682.84 | 19 | 6 | 25 | 32 | 40 | 8 | $200.00 | | | | $385.00 |
| 5/7/2006 | $591.90 | $240.00 | $831.90 | 19 | 6 | 25 | 40 | 50 | | | | 10 | $375.00 | $0.00 |
| 5/14/2006 | $490.83 | $240.00 | $730.83 | 19 | 6 | 25 | 40 | 26.25 | 5.25 | $131.25 | | | | $131.25 |
| 5/21/2006 | $340.85 | $126.00 | $485.85 | 19 | 6 | 25 | 21 | 48.75 | 1 | $25.00 | | | | $961.88 |
| 5/28/2006 | $96.15 | $234.00 | $820.15 | 19 | 6 | 25 | 39 | 40 | 8 | $200.00 | | 8.75 | $328.13 | $200.00 |
| 6/4/2006 | $490.83 | $192.00 | $682.83 | 19 | 6 | 25 | 32 | 40 | 8 | $200.00 | | | | $200.00 |
| 6/11/2006 | $490.85 | $192.00 | $682.85 | 19 | 6 | 25 | 32 | 40 | | | | | | $385.00 |
| 6/18/2006 | $591.90 | $240.00 | $831.90 | 19 | 6 | 25 | 40 | 50 | | | | 10 | $375.00 | $385.00 |
| 6/25/2006 | $591.90 | $240.00 | $831.90 | 19 | 6 | 25 | 40 | 50 | 5 | $125.00 | | 10 | $375.00 | $200.00 |
| 7/2/2006 | $535.12 | $210.00 | $745.12 | 19 | 6 | 25 | 35 | 44.75 | 4.25 | $106.25 | | 4.75 | $178.13 | $385.00 |
| 7/9/2006 | $291.51 | $102.00 | $393.51 | 19 | 6 | 25 | 17 | 21.25 | | | | | | $106.25 |
| 7/16/2006 | $591.90 | $240.00 | $831.90 | 19 | 6 | 25 | 40 | 50 | | | | 10 | $375.00 | $385.00 |
| 7/23/2006 | $591.90 | $240.00 | $831.90 | 19 | 6 | 25 | 40 | 50 | | | | 10 | $375.00 | $385.00 |
| 7/30/2006 | $591.90 | $240.00 | $831.90 | 19 | 6 | 25 | 40 | 50 | | | | 10 | $375.00 | $385.00 |
| 8/6/2006 | $591.90 | $240.00 | $831.90 | 19 | 6 | 25 | 40 | 50 | | | | 10 | $375.00 | $385.00 |
| 8/13/2006 | $591.90 | $240.00 | $831.90 | 19 | 6 | 25 | 40 | 50 | | | | 10 | $375.00 | $385.00 |
| 8/20/2006 | $591.90 | $240.00 | $831.90 | 19 | 6 | 25 | 40 | 50 | | | | 10 | $375.00 | $385.00 |
| 8/27/2006 | $591.90 | $240.00 | $831.90 | 19 | 6 | 25 | 40 | 50 | | | | 10 | $375.00 | $385.00 |
| 9/3/2006 | $424.62 | $192.00 | $682.62 | 19 | 6 | 25 | 27 | 33.75 | 6.75 | $168.75 | | | | $168.75 |
| 9/10/2006 | $490.83 | $192.00 | $682.83 | 19 | 6 | 25 | 32 | 40 | 8 | $200.00 | | | | $200.00 |
| 9/24/2006 | $591.90 | $240.00 | $831.90 | 19 | 6 | 25 | 40 | 50 | | | | 10 | $375.00 | $385.00 |
| 10/1/2006 | $591.90 | $240.00 | $831.90 | 19 | 6 | 25 | 40 | 50 | | | | 10 | $375.00 | $385.00 |

**ARTUR LAPINSKI**

| Wk ending | On check | In cash | Tot. paid | Pay rate on check | #Hrs worked on check | Tot. Hrs Worked | # Reg hrs | Reg hrs due | #Ovt Hrs | Ovt due | Total due |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 2/5/2006 | $541.10 | | $541.10 | 16 | 40 | 50.0 | | | 10 | $240.00 | $240.00 |
| 2/12/2006 | $541.10 | | $541.10 | 16 | 40 | 50.0 | | | 10 | $240.00 | $240.00 |
| 2/19/2006 | $541.10 | | $541.10 | 16 | 40 | 50.0 | | | 10 | $240.00 | $240.00 |
| 2/26/2006 | $541.10 | $50.00 | $591.10 | 16 | 40 | 50.0 | | | 10 | $240.00 | $240.00 |
| 3/5/2006 | $541.10 | | $541.10 | 16 | 40 | 50.0 | | | 10 | $240.00 | $240.00 |
| 3/12/2006 | $541.10 | | $541.10 | 16 | 40 | 50.0 | | | 10 | $240.00 | $240.00 |
| 3/19/2006 | $541.10 | | $541.10 | 16 | 40 | 50.0 | | | 10 | $240.00 | $240.00 |
| 3/26/2006 | $541.10 | $50.00 | $591.10 | 16 | 40 | 50.0 | | | 10 | $240.00 | $240.00 |
| 4/2/2006 | $541.10 | | $541.10 | 16 | 40 | 50.0 | | | 10 | $240.00 | $240.00 |
| 4/9/2006 | $569.82 | | $569.82 | 16 | 40 | 50.0 | | | 10 | $240.00 | $240.00 |
| 4/16/2006 | $546.00 | | $546.00 | 17 | 40 | 50.0 | | | 10 | $255.00 | $255.00 |
| 4/23/2006 | $471.80 | | $471.80 | 17 | 38 | 47.5 | 2 | $34.00 | 7.5 | $191.25 | $225.25 |
| 4/30/2006 | $557.90 | $50.00 | $607.90 | 17 | 38 | 47.5 | 2 | | 7.5 | $191.25 | $191.25 |
| 5/7/2006 | $569.82 | | $569.82 | 17 | 38 | 47.5 | 2 | $34.00 | 7.5 | $191.25 | $225.25 |
| 5/14/2006 | $569.82 | | $569.82 | 17 | 32 | 40.0 | 8 | $136.00 | | | $136.00 |
| 5/21/2006 | $569.82 | | $569.82 | 17 | 39 | 49.0 | 1 | $17.00 | 9 | $229.50 | $246.50 |
| 5/28/2006 | $569.82 | $50.00 | $619.82 | 17 | 40 | 50.0 | | | 10 | $255.00 | $255.00 |
| 6/4/2006 | $471.81 | | $471.81 | 17 | 32 | 40.0 | 8 | $136.00 | | | $136.00 |
| 6/11/2006 | $557.90 | | $557.90 | 17 | 39 | 49.0 | 1 | $17.00 | 9 | $229.50 | $246.50 |
| 6/18/2006 | $569.82 | $50.00 | $569.82 | 17 | 40 | 50.0 | | | 10 | $255.00 | $255.00 |
| 6/27/2006 | $569.82 | | $619.82 | 17 | 40 | 50.0 | | | 10 | $255.00 | $255.00 |
| 7/2/2006 | $569.82 | | $569.82 | 17 | 40 | 50.0 | | | 10 | $255.00 | $255.00 |
| 7/9/2006 | $357.70 | | $357.70 | 17 | 23.3 | 29.1 | 5.825 | $99.03 | | | $99.03 |
| 7/16/2006 | $569.82 | | $569.82 | 17 | 40 | 50.0 | | | 10 | $255.00 | $255.00 |
| 7/23/2006 | $569.82 | | $569.82 | 17 | 40 | 50.0 | | | 10 | $255.00 | $255.00 |
| 7/30/2006 | $569.82 | $50.00 | $619.82 | 17 | 40 | 50.0 | | | 10 | $255.00 | $255.00 |
| 8/6/2006 | $557.89 | | $557.89 | 17 | 39 | 49.0 | 1 | $17.00 | 9 | $229.50 | $246.50 |
| 8/13/2006 | $569.82 | | $569.82 | 17 | 40 | 50.0 | | | 10 | $255.00 | $255.00 |
| 8/20/2006 | $569.82 | | $569.82 | 17 | 40 | 50.0 | | | 10 | $255.00 | $255.00 |
| 8/27/2006 | $557.91 | $50.00 | $607.91 | 17 | 39 | 49.0 | 1 | $17.00 | 9 | $229.50 | $246.50 |
| 9/3/2006 | $521.07 | | $521.07 | 17 | 36 | 45.0 | 4 | $68.00 | 5 | $127.50 | $195.50 |
| 9/10/2005 | $471.81 | | $471.81 | 17 | 32 | 40.0 | 8 | $136.00 | | | $136.00 |

| Date | Amount | | Hrs | | Rate | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 9/17/2006 | $557.89 | | 17 | 39 | 49.0 | 1 | $17.00 | 9 | $229.50 | | $246.50 |
| 9/24/2006 | $569.82 | $50.00 | 17 | 40 | 50.0 | | | 10 | $255.00 | | $255.00 |
| 10/1/2006 | $569.82 | | 17 | 40 | 50.0 | | | 10 | $255.00 | | $255.00 |
| 10/8/2006 | $471.81 | | 17 | 32 | 40.0 | 8 | $136.00 | | | | $136.00 |
| 10/15/2006 | $471.81 | | 17 | 32 | 40.0 | 8 | $136.00 | | | | $136.00 |
| 10/22/2006 | $483.87 | | 17 | 33 | 41.3 | 7 | $119.00 | 1 | $31.88 | | $150.88 |
| 10/29/2006 | $619.82 | $50.00 | 17 | 40 | 50.0 | | | 10 | $255.00 | | $255.00 |
| 11/5/2006 | $569.82 | | 17 | 40 | 50.0 | | | 10 | $255.00 | | $255.00 |
| 11/12/2006 | $471.81 | | 17 | 32 | 40.0 | 8 | $136.00 | | | | $136.00 |
| 11/19/2006 | $569.82 | | 17 | 40 | 50.0 | | | 10 | $255.00 | | $255.00 |
| 11/26/2006 | $364.90 | $50.00 | 17 | 24 | 30.0 | 6 | $136.00 | 10 | $255.00 | | $255.00 |
| 12/3/2006 | $569.82 | | 17 | 40 | 50.0 | | | 10 | $255.00 | | $255.00 |
| 12/10/2006 | $569.82 | | 17 | 40 | 50.0 | | | 10 | $255.00 | | $255.00 |
| 12/17/2006 | $569.82 | | 17 | 40 | 50.0 | | | 10 | $255.00 | | $255.00 |
| 12/24/2006 | $619.82 | $50.00 | 17 | 40 | 50.0 | 6 | $136.00 | 10 | $255.00 | | $255.00 |
| 1/7/2007 | $480.82 | | 17 | 32 | 40.0 | 8 | $136.00 | | | | $136.00 |
| 1/14/2007 | $472.80 | | 17 | 32 | 40.0 | | | | | | $136.00 |
| 1/21/2007 | $628.10 | | 19 | 40 | 50.0 | | | 10 | $285.00 | | $285.00 |
| 1/28/2007 | $628.10 | $50.00 | 19 | 40 | 50.0 | | | 10 | $285.00 | | $285.00 |
| 2/4/2007 | $628.10 | | 19 | 40 | 50.0 | | | 10 | $285.00 | | $285.00 |
| 2/11/2007 | $470.74 | | 19 | 28.3 | 35.4 | 7.075 | | | | | $239.88 |
| 2/18/2007 | $587.58 | $50.00 | 19 | 40 | 46.3 | 2.5 | $47.50 | 7 | $192.38 | | $152.00 |
| 2/25/2007 | $575.62 | | 19 | 32.3 | 40.3 | 8 | $152.00 | | | | $247.00 |
| 3/4/2007 | $275.62 | | 19 | 16 | 20.0 | 4 | | | | | $152.00 |
| 3/11/2007 | $587.58 | $50.00 | 19 | 37 | 46.5 | 2.5 | $47.50 | 7 | $199.50 | | $152.00 |
| 3/18/2007 | $518.76 | | 19 | 32 | 40.0 | 8 | $152.00 | | | | |
| 3/25/2007 | $553.77 | $50.00 | 19 | 34.3 | 42.9 | 5.7 | $108.30 | 2.875 | $81.94 | | $190.24 |
| | **$32,357.41** | | | | | | **$2,034.33** | | **$10,454.44** | | **$12,488.76** |

| | |
|---|---|
| Actual Damages | $12,488.76 |
| FLSA Damages | $12,488.76 |
| Total Damages | $24,977.52 |

| Additional Claims | |
|---|---|
| Unpaid 1 week in March | $640.00 |

*(handwritten annotations):*

$100 ✓

2007   $8,260   claimed 136   8,260

hours 1,641.5 − 13 = 3.3;  6 per week

1,781 − 47 weeks = 3.79
4.39

28,926 claimed

2006   $19 Q   $14   = 13.32

MIROSLAW GORTAT

| Wk ending | On check | In cash | Tot. paid | Pay rate on check | Pay rate in cash | Total pay rate | #Hrs worked on check | Tot. Hrs Worked | # Reg hrs | Reg hrs due | #Ovt Hrs | Ovt due | Total due |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1/5/2003 | $147.23 | $272.00 | $419.23 | 11 | 6 | 17 | 16 | 20 | 4 | $68.00 | | | $68.00 |
| 9/11/2005 | $360.74 | $608.00 | $968.74 | 13 | 6 | 19 | 32 | 40.0 | 8 | $152.00 | | | $152.00 |
| 2006 | | | | | | | | | | | | | |
| 1/1/2006 | $278.62 | $456.00 | $734.62 | 13 | 6 | 19 | 24 | 30.0 | 6 | $114.00 | | | $114.00 |
| 1/8/2006 | $278.60 | $456.00 | $734.60 | 13 | 6 | 19 | 24 | 30.0 | 6 | $114.00 | | | $114.00 |
| 1/15/2006 | $437.25 | $760.00 | $1,197.25 | 13 | 6 | 19 | 40 | 50.0 | | | 10 | $285.00 | $285.00 |
| 1/22/2006 | $190.39 | $304.00 | $494.39 | 13 | 6 | 19 | 16 | 20.0 | 4 | $76.00 | | | $76.00 |
| 1/29/2006 | $361.72 | $608.00 | $969.72 | 13 | 6 | 19 | 32 | 40.0 | 8 | $152.00 | | | $152.00 |
| 2/5/2006 | $280.30 | $456.00 | $736.30 | 13 | 6 | 19 | 24 | 30.0 | 6 | $114.00 | | | $114.00 |
| 2/12/2006 | $437.25 | $247.00 | $684.25 | 13 | 6 | 19 | 13 | 16.0 | 3 | $57.00 | | | $57.00 |
| 2/19/2006 | $95.52 | $152.00 | $247.52 | 13 | 6 | 19 | 8 | 10.0 | 2 | $38.00 | | | $38.00 |
| 3/5/2006 | $280.30 | $456.00 | $736.30 | 13 | 6 | 19 | 24 | 30.0 | 6 | $114.00 | | | $114.00 |
| 3/12/2006 | $437.25 | $760.00 | $1,197.25 | 13 | 6 | 19 | 40 | 50.0 | | | 10 | $285.00 | $285.00 |
| 3/19/2006 | $437.25 | $760.00 | $1,197.25 | 13 | 6 | 19 | 40 | 50.0 | | | 10 | $285.00 | $285.00 |
| 3/26/2006 | $437.25 | $760.00 | $1,197.25 | 13 | 6 | 19 | 40 | 50.0 | | | 10 | $285.00 | $285.00 |
| 4/2/2006 | $361.74 | $608.00 | $969.74 | 13 | 6 | 19 | 32 | 40.0 | 8 | $152.00 | | | $152.00 |
| 4/9/2006 | $311.80 | $500.00 | $811.80 | 14 | 6 | 20 | 25 | 31.3 | 6.25 | $125.00 | | | $125.00 |
| 4/16/2006 | $364.10 | $600.00 | $964.10 | 14 | 6 | 20 | 30 | 37.5 | 7.5 | $150.00 | | | $150.00 |
| 4/23/2006 | $385.61 | $640.00 | $1,025.61 | 14 | 6 | 20 | 32 | 40.0 | 8 | $160.00 | | | $160.00 |
| 4/30/2006 | $385.62 | $640.00 | $1,025.62 | 14 | 6 | 20 | 32 | 40.0 | 8 | $160.00 | | | $160.00 |
| 5/7/2006 | $466.35 | $800.00 | $1,266.35 | 14 | 6 | 20 | 40 | 50.0 | | | 10 | $300.00 | $300.00 |
| 5/14/2006 | $385.62 | $640.00 | $1,025.62 | 14 | 6 | 20 | 32 | 40.0 | 8 | $160.00 | | | $160.00 |
| 5/21/2006 | $228.42 | $360.00 | $588.42 | 14 | 6 | 20 | 18 | 22.5 | 4.5 | $90.00 | | | $90.00 |
| 5/28/2006 | $461.56 | $786.00 | $1,247.56 | 14 | 6 | 20 | 39.3 | 49.3 | | $0.00 | 10 | $300.00 | $300.00 |
| 6/4/2006 | $385.61 | $640.00 | $1,025.61 | 14 | 6 | 20 | 32 | 40.0 | 8 | $160.00 | | | $160.00 |
| 6/11/2006 | $385.63 | $640.00 | $1,025.63 | 14 | 6 | 20 | 32 | 40.0 | 8 | $160.00 | | | $160.00 |
| 6/18/2006 | $466.35 | $800.00 | $1,266.35 | 14 | 6 | 20 | 40 | 50.0 | | | 10 | $300.00 | $300.00 |
| 6/27/2006 | $466.35 | $800.00 | $1,266.35 | 14 | 6 | 20 | 40 | 50.0 | | | 10 | $300.00 | $300.00 |
| 7/2/2006 | $466.35 | $800.00 | $1,266.35 | 14 | 6 | 20 | 40 | 50.0 | | | 10 | $300.00 | $300.00 |
| 7/9/2006 | $294.90 | $800.00 | $1,094.90 | 14 | 6 | 20 | 40 | 50.0 | | | 10 | $300.00 | $300.00 |
| 7/16/2006 | $466.35 | $800.00 | $1,266.35 | 14 | 6 | 20 | 40 | 50.0 | | | 10 | $300.00 | $300.00 |
| 7/23/2006 | $385.61 | $640.00 | $1,025.61 | 14 | 6 | 20 | 32 | 40.0 | 8 | $160.00 | | | $160.00 |
| 7/30/2006 | $466.35 | $800.00 | $1,266.35 | 14 | 6 | 20 | 40 | 50.0 | | | 10 | $300.00 | $300.00 |
| 8/6/2006 | $466.35 | $800.00 | $1,266.35 | 14 | 6 | 20 | 40 | 50.0 | | | 10 | $300.00 | $300.00 |
| 8/13/2006 | $466.35 | $800.00 | $1,266.35 | 14 | 6 | 20 | 40 | 50.0 | | | 10 | $300.00 | $300.00 |

2006 23,269 / 1,689 + 441 = 2,130 = 10.68

**2007**

| Date | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1/7/2007 | | | | | | | | | | | | |

Gross Pay | Hrs Worked | Pay Rate on check | Actual Pay Rate

$7,785.00 | 1640 | 11.00 | 490.55 x 17 = $6,961.50

**2002** Jan-Dec 2002

7.875 reg hrs due

Total Due: $6,961.50

Total Due: $7,182.50

$2,143.33

$10,634.00

**2003**

Jan-Dec 2003

| Gross Pay | Hrs Worked | Pay Rate on check | Actual Pay Rate |
|---|---|---|---|
| $28,354.00 | .588 | | 18.00 |
| $14,944. | 39.0hrs/wk | 7.625 reg hrs due | $96.65 × 19 = $1,837.00 |

Total Due   $7,069.00

*handwritten:* 4,758

**2004**

Jan-Dec 2004

| Gross Pay | Hrs Worked | Pay Rate on check | Actual Pay Rate |
|---|---|---|---|
| $30,229.00 | 1501 | | 19.00 |
| $65,733. | 39.0hrs/wk | 7.625 reg hrs due | $96.65 × 19 = $3,533.50 |

Total Due   $7,533.50

*handwritten:* = 5,155    713

**2005**

Jan-Dec 2005

| Gross Pay | Hrs Worked | Pay Rate on check | Actual Pay Rate |
|---|---|---|---|
| $30,694.50 | 1615.5 | | 19.00 |
| $59,028. | 31.0hrs/wk | 7.875 reg hrs due | 409.50 × 19 = $3,728.50 |

Total Due   $7,628.50

*handwritten:* 31?    713 = 6,314

Damages   $49,152.33

*handwritten:* (B) 31,410

| | |
|---|---|
| Actual Damages | $49,152.33 |
| FLSA Damages | $22,917.00 |
| NYMWA Damages | $5,362.63 |
| Total Damages | $77,431.96 |

| Additional Claims: | |
|---|---|
| Lost tooth | $5,500.00 |
| Unpaid deposit | $800.00 |
| Unpaid bonus promised | $1,800.00 |
| Unpaid last 2 weeks | $1,680.00 |
| | $9,780.00 |

*handwritten:* HA! HA!

# GRZEGORZ DRELICH

| Wk ending | On check | In cash | Tot paid | Pay rate on check | Pay rate in cash | Total pay rate | #Hrs worked on check | Tot Hrs Worked | # Req hrs | Req hrs due | #Ovt Hrs | Ovt due | Total due |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **2001** | | | | | | | | | | | | | |
| 8/29/2001 | $358.48 | $312.00 | $670.48 | 11 | 8 | 19 | 39 | 49 | 1 | $19.00 | 9 | $256.50 | $275.50 |
| 9/30/2001 | $305.40 | $256.00 | $561.40 | 11 | 8 | 19 | 32 | 32 | | | | $0.00 | $0.00 |
| 11/11/2001 | $366.71 | $320.00 | $686.71 | 11 | 8 | 19 | 40 | 50 | | | 10 | $285.00 | $285.00 |
| 11/18/2001 | $366.71 | $320.00 | $686.71 | 11 | 8 | 19 | 40 | 50 | | | 10 | $285.00 | $285.00 |
| 12/9/2001 | $335.67 | $288.60 | $623.67 | 11 | 8 | 19 | 36 | 45 | 4 | $76.00 | 5 | $142.50 | $218.50 |
| 12/23/2001 | $305.40 | $256.00 | $561.40 | 11 | 9 | 19 | 32 | 40 | 8 | $152.00 | | $0.00 | $152.00 |
| | | | | | | | | | | | | | **$1,368.00** |

Following calculations are based on Defendant's Payroll Records

| Jan-Dec 2001 | Gross Pay | Hrs Worked | Pay Rate on check | Actual Pay Rate | | | |
|---|---|---|---|---|---|---|---|
| | $29,668.50 | 1561.5 | 11.00 | 19.00 | | | |
| | In cash $570.55 | 30 hrs/wk | 7.5 reg hrs due | 390 x 19 = $7,410.00 | | | **Total Due $7,410.00** |

| Wk ending | On check | In cash | Tot paid | Pay rate on check | Pay rate in cash | Total pay rate | #Hrs worked on check | Tot Hrs Worked | # Req hrs | Req hrs due | #Ovt Hrs | Ovt due | Total due |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **2002** | | | | | | | | | | | | | |
| 1/6/2002 | $161.73 | $144.00 | $305.73 | 11 | 9 | 20 | 16 | 18 | 2 | $40.00 | | | $40.00 |
| 1/13/2002 | $248.52 | $225.00 | $473.52 | 11 | 9 | 20 | 25 | 31.25 | 6.25 | $125.00 | | | $125.00 |
| 2/3/2002 | $334.01 | $315.00 | $649.01 | 11 | 9 | 20 | 35 | 43.75 | 5 | $100.00 | 3.75 | $112.50 | $212.50 |
| 5/5/2002 | $309.91 | $288.00 | $597.91 | 11 | 9 | 20 | 32 | 40 | 8 | $160.00 | | | $160.00 |
| 5/12/2002 | $367.30 | $351.00 | $718.30 | 11 | 9 | 20 | 39 | 49 | 1 | $20.00 | 9 | $270.00 | $290.00 |
| 5/19/2002 | $309.93 | $288.00 | $597.93 | 11 | 9 | 20 | 32 | 40 | 8 | $160.00 | | | $160.00 |
| 5/26/2002 | $309.93 | $288.00 | $597.93 | 11 | 9 | 20 | 32 | 40 | 8 | $160.00 | | | $160.00 |
| 6/9/2002 | $375.58 | $360.00 | $735.58 | 11 | 9 | 20 | 40 | 50 | | | 10 | $300.00 | $300.00 |
| 6/30/2002 | $293.09 | $270.00 | $563.09 | 11 | 9 | 20 | 30 | 37.5 | 7.5 | $150.00 | | | $150.00 |
| 7/21/2002 | $375.58 | $360.00 | $735.58 | 11 | 9 | 20 | 40 | 50 | | | 10 | $300.00 | $300.00 |
| 9/8/2002 | $309.93 | $288.00 | $597.93 | 11 | 9 | 20 | 32 | 40 | 8 | $160.00 | | | $160.00 |
| 9/15/2002 | $375.58 | $360.00 | $735.58 | 11 | 9 | 20 | 40 | 50 | | | 10 | $300.00 | $300.00 |
| 9/29/2002 | $243.76 | $220.50 | $464.26 | 11 | 9 | 20 | 24.5 | 30.625 | 6.125 | $122.50 | | | $122.50 |
| 10/6/2002 | $375.58 | $360.00 | $735.58 | 11 | 9 | 20 | 40 | 50 | | | 10 | $300.00 | $300.00 |
| | | | | | | | | | | | | | **$2,780.00** |

Following calculations are based on Defendant's Payroll Records

| Jan-Dec 2002 | Gross Pay | Hrs Worked | Pay Rate on check | Actual Pay Rate | | | |
|---|---|---|---|---|---|---|---|
| | $32,930.00 | 1646.5 | 11.00 | 20.00 | | | |
| | In cash $633.27 | 31.5 hrs/wk | 7.875 reg hrs due | 409.50 x 20 = $8,190.00 | | | **Total Due $8,190.00** |

| Date | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 10/8/2006 | $490.84 | $192.00 | | $682.84 | 6 | 19 | | 25 | 32 | 40 | 8 | $200.00 | | $200.00 |
| 10/15/2006 | $490.84 | $192.00 | | $682.84 | 6 | 19 | | 25 | 32 | 40 | 8 | $200.00 | | $200.00 |
| 10/22/2006 | $490.83 | $192.00 | | $682.83 | 6 | 19 | | 25 | 32 | 42 | 8 | $200.00 | | $200.00 |
| 10/29/2006 | $591.90 | $240.00 | | $831.90 | 6 | 19 | | 25 | 40 | 55 | | $200.00 10 | $375.00 | $385.00 |
| 11/5/2006 | $591.90 | $240.00 | | $831.90 | 6 | 19 | | 25 | 40 | 55 | | 10 | $375.00 | $385.00 |
| 11/12/2006 | $490.85 | $192.00 | | $682.85 | 6 | 19 | | 25 | 52 | 42 | 6 | $200.00 | | $200.00 |
| 11/19/2006 | $591.90 | $240.00 | | $831.90 | 6 | 19 | | 25 | 40 | 50 | 6 | $150.00 10 | $375.00 | $385.00 |
| 11/26/2006 | $582.44 | $144.00 | | $526.44 | 6 | 19 | | 25 | 24 | 50 | | | | $150.00 |
| 12/3/2006 | $591.90 | $240.00 | | $831.90 | 6 | 19 | | 25 | 40 | 50 | | 10 | $375.00 | $385.00 |
| 12/10/2006 | $591.90 | $240.00 | | $831.90 | 6 | 19 | | 25 | 40 | 50 | | $200.00 10 | $375.00 | $385.00 |
| 12/17/2006 | $591.90 | $240.00 | | $831.90 | 6 | 19 | | 25 | 40 | 40 | | $200.00 10 | $375.00 | $385.00 |
| 1/7/2007 | $504.35 | $192.00 | | $696.35 | 6 | 19 | | 25 | 32 | 40 | 8 | | | $200.00 |
| 1/14/2007 | $491.85 | $192.00 | | $683.85 | 6 | 19 | | 25 | 32 | 50 | 8 | $200.00 | | $200.00 |
| 1/21/2007 | $619.54 | $240.00 | | $859.54 | 6 | 20 | | 26 | 40 | 50 | | $200.00 10 | $390.00 | $400.00 |
| 1/28/2007 | $619.54 | $240.00 | | $859.54 | 6 | 20 | | 26 | 40 | 50 | | 10 | $380.00 | $400.00 |
| 2/4/2007 | $619.54 | $240.00 | | $859.54 | 6 | 20 | | 26 | 40 | 50 | | 10 | $390.00 | $400.00 |
| 2/11/2007 | $284.86 | $96.00 | | $377.86 | 6 | 20 | | 26 | 19 | 20 | 4 | $104.00 | | $104.00 |
| 2/18/2007 | $339.79 | $114.00 | | $440.79 | 6 | 20 | | 26 | 19 | 23.75 | 4.75 | $123.50 | | $123.50 |
| 2/25/2007 | $414.85 | $150.00 | | $564.85 | 6 | 20 | | 26 | 25 | 31.25 | 6.25 | $162.50 | | $162.50 |
| 3/4/2007 | $281.86 | $96.00 | | $377.86 | 6 | 20 | | 26 | 16 | 20 | 4 | $104.00 | | $104.00 |
| 3/11/2007 | $512.99 | $192.00 | | $704.99 | 6 | 20 | | 29 | 32 | 40 | 8 | $208.00 | | $208.00 |
| | | | | $170,279.99 | | | | | | | | | | $69,795.38 |

| | | |
|---|---|---|
| Actual Damages | $ | 69,795.38 |
| FLSA Damages | $ | 32,547.00 |
| NYMWA Damages | $ | 7,880.85 |
| TOTAL DAMAGES | $ | 110,223.23 |

| Additional Claims | |
|---|---|
| Unpaid 3 weeks | $3,500.00 |
| Unpaid bonus | $1,800.00 |
| | $5,300.00 |

N/A

DANELLICH

| 2007 | | | | | | | |
|---|---|---|---|---|---|---|---|
| 1/14/2007 | $269.46 | $192.00 | $455.46 | | | $0.00 | $176.00 |
| | | | | | | | $176.00 |

Following calculations are based on Defendant's Payroll Records

**2005**

Jan-Dec 2005

| Gross Pay | Hrs Worked | Pay Rate on check | Actual Pay Rate |
|---|---|---|---|
| $22,796.49 | | $559.83 | 15.00 |
| | 30hrs/wk | | 21.00 |
| $629.93 | | 7.5 reg hrs due | 360 x 21 = $9,190.00 |

Total Due   $8,190.00

**2004**

Jan-Dec 2004

| Gross Pay | Hrs Worked | Pay Rate on check | Actual Pay Rate |
|---|---|---|---|
| $23,060.00 | 1454 | $444 | 14.00 |
| | 28hrs/wk | | 20.00 |
| $559.23 | 30 | 7 reg hrs due | 364 x 21 = $7,280.00 |

Total Due   $7,280.00

**2003**

Jan-Dec 2003

| Gross Pay | Hrs Worked | Pay Rate on check | Actual Pay Rate |
|---|---|---|---|
| $34,730.00 | 1736.5 | | 14.00 |
| $667.88 | 33hrs/wk | | 20.00 |
| | | 7 reg hrs due | 364 x 20 = $7,280.00 |

Total Due   $9,230.00

Damages   $49,056.00

| Actual Damages | $ | 49,056.00 |
|---|---|---|
| FLSA Damages | $ | 19,372.00 |
| NYMWA Damages | $ | 6,311.00 |
| Total Damages | | $74,739.00 |

| Date | 2006 Gross Pay | | | | | Hrs | | | | | | | | Total Due | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2/26/2006 | $594.29 | $240.00 | $714.29 | 14 | 6 | 11 | | 40 | 50 | | | | | | $315.00 |
| 3/5/2006 | $522.69 | $144.00 | $456.69 | 15 | 6 | 11 | | 24 | 30 | | | | | | $325.00 |
| 3/12/2006 | $504.29 | $240.00 | $744.29 | 15 | 6 | 11 | | 16 | 50 | | | | | | $315.00 |
| 3/19/2006 | $719.18 | $96.00 | $815.18 | 15 | 6 | 11 | | 15 | 40 | 6 | $126.00 | | | | $84.00 |
| 3/26/2006 | $416.69 | $192.00 | $608.69 | 15 | 6 | 11 | | 32 | 40 | | | | | $84.00 | $168.00 |
| 4/2/2006 | $504.29 | $240.00 | $744.29 | 15 | 6 | 11 | | 40 | 50 | 4 | $84.00 | | | $84.00 | $315.00 |
| 4/9/2006 | $496.44 | $216.00 | $700.44 | 15 | 6 | 11 | | 36 | 45 | 6 | $168.00 | | | $168.00 | $241.50 |
| 4/16/2006 | $416.59 | $180.00 | $596.59 | 15 | 6 | 11 | | 30 | 30 | | | 10 | $84.00 | $315.00 | $157.50 |
| 4/23/2006 | $440.47 | $192.00 | $632.47 | 15 | 6 | 11 | | 32 | 37.5 | 4 | | 5 | $157.50 | $157.50 | $168.00 |
| 4/30/2006 | $457.34 | $198.00 | $655.34 | 15 | 6 | 11 | | 33 | 40 | 7 | $84.00 | | | $0.00 | $186.38 |
| 5/7/2006 | $533.06 | $192.00 | $773.06 | 16 | 6 | 11 | | 40 | 41.25 | 8 | $157.50 | | $168.00 | $0.00 | $330.00 |
| 5/14/2006 | $440.47 | $192.00 | $632.47 | 16 | 6 | 11 | | 32 | 30 | 7 | $168.00 | | $330.00 | $330.00 | $176.00 |
| 5/21/2006 | $260.98 | $108.00 | $398.98 | 16 | 6 | 11 | | 18 | 40 | | $147.00 | 1.25 | $39.38 | | $99.00 |
| 5/28/2006 | $527.52 | $234.00 | $761.52 | 16 | 6 | 11 | | 39 | 22.5 | 8 | $176.00 | 10 | $0.00 | | $319.00 |
| 7/16/2006 | $533.06 | $240.00 | $773.06 | 16 | 6 | 11 | | 40 | 49 | 4 | $99.00 | 9 | $297.00 | | $330.00 |
| 7/23/2006 | $533.06 | $240.00 | $773.06 | 16 | 6 | 11 | | 40 | 50 | 1 | $22.00 | 10 | $330.00 | | $330.00 |
| 7/30/2006 | $533.06 | $240.00 | $773.06 | 16 | 6 | 11 | | 40 | 50 | | | 10 | $330.00 | | $330.00 |
| 8/6/2006 | $533.06 | $240.00 | $773.06 | 16 | 6 | 11 | | 40 | 50 | | | 10 | $330.00 | | $330.00 |
| 8/13/2006 | $533.06 | $240.00 | $773.06 | 16 | 6 | 11 | | 40 | 50 | | | 10 | $330.00 | | $330.00 |
| 8/20/2006 | $533.06 | $240.00 | $773.06 | 16 | 6 | 11 | | 40 | 50 | | | 10 | $330.00 | | $330.00 |
| 8/27/2006 | $440.47 | $192.00 | $632.47 | 16 | 6 | 11 | | 32 | 43 | 8 | $176.00 | 10 | $0.00 | | $176.00 |
| 9/3/2006 | $343.11 | $144.00 | $487.11 | 16 | 6 | 11 | | 24 | 30 | 6 | $132.00 | | | $0.00 | $132.00 |
| 9/10/2006 | $440.47 | $192.00 | $632.47 | 16 | 6 | 11 | | 32 | 40 | 8 | $176.00 | | $0.00 | | $176.00 |
| 9/17/2006 | $166.24 | $186.00 | $614.24 | 16 | 6 | 11 | | 31 | 36.75 | 7.75 | $170.50 | | $330.00 | | $176.50 |
| 9/24/2006 | $533.06 | $240.00 | $773.06 | 16 | 6 | 11 | | 40 | 50 | | | 10 | $330.00 | | $330.00 |
| 10/12/2006 | $533.06 | $240.00 | $773.06 | 16 | 6 | 11 | | 40 | 50 | | | 10 | $330.00 | | $330.00 |
| 10/29/2006 | $533.06 | $240.00 | $773.06 | 16 | 6 | 11 | | 40 | 50 | | | 10 | $330.00 | | $330.00 |
| 11/19/2006 | $96.00 | $240.00 | $329.02 | 16 | 6 | 11 | | 16 | 20 | 4 | $88.00 | 10 | $330.00 | | $88.00 |
| 11/26/2006 | $440.47 | $192.00 | $632.47 | 16 | 6 | 11 | | 32 | 40 | 8 | $176.00 | | $0.00 | | $176.00 |
| 12/3/2006 | $356.06 | $596.06 | $596.06 | 16 | 6 | 11 | | 40 | 50 | | | 10 | $330.00 | | $176.00 |
| 12/10/2006 | $309.44 | $216.00 | $525.44 | 16 | 6 | 11 | | 36 | 40 | 4 | $88.00 | | $0.00 | | $88.00 |
| 12/7/2006 | $356.06 | $240.00 | $596.06 | 16 | 6 | 11 | | 40 | 50 | | | 10 | $330.00 | | $330.00 |
| 12/24/2006 | | | | | | | | | | | | | | | $7,966.88 |

in addition for the missing months

| | Gross Pay | Hrs Worked | Pay Rate on Check | Actual Pay Rate |
|---|---|---|---|---|
| Jan-Dec 2006 | $34,316.79 | 1559.83 | 16.00 | 22.00 |
| | $605.93 | 30hrs/wk | 7.5 reg hrs due | 390 x 22 = $8580.00 |

Total Due     $8,580.00

390 x 22 = 8,580.00 (b)

31.5

x52

26,702
1,652
7,036
13
69

| Date (2006) | Gross Pay | | | Hrs Worked | | | | | | | | | Total Due | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2/26/2006 | $564.29 | $240.00 | $744.29 | 14 | 6 | 40 | LL | 58 | | | | | | $315.00 |
| 3/5/2006 | $322.69 | $144.00 | $466.69 | 15 | 6 | 24 | LL | 38 | 6 | $126.00 | | 10 | $315.00 | $126.00 |
| 3/12/2006 | $564.29 | $240.00 | $744.29 | 15 | 6 | 40 | LL | 55 | | | | | | $315.00 |
| 3/19/2006 | $219.18 | $96.00 | $315.18 | 15 | 6 | 16 | LL | 40 | 4 | $84.00 | $0.00 | | $84.00 | $84.00 |
| 3/26/2006 | $416.99 | $192.00 | $608.99 | 15 | 6 | 32 | LL | 49 | 8 | $168.00 | $168.00 | | $168.00 | $168.00 |
| 4/2/2006 | $564.29 | $240.00 | $744.29 | 15 | 6 | 40 | LL | 50 | | | | 10 | $315.00 | $315.00 |
| 4/9/2006 | $496.44 | $216.00 | $707.44 | 15 | 6 | 36 | LL | 57.5 | 4 | $84.00 | $315.00 | 5 | $157.50 | $241.50 |
| 4/16/2006 | $416.99 | $180.00 | $596.99 | 15 | 6 | 30 | LL | | 7.5 | $157.50 | $157.50 | | | $157.50 |
| 4/23/2006 | $440.47 | $192.00 | $632.47 | 15 | 6 | 32 | LL | | 6 | $168.00 | $0.00 | | $0.00 | $0.00 |
| 4/30/2006 | $457.34 | $198.00 | $655.34 | 15 | 6 | 33 | LL | 41.25 | 7 | $147.00 | $39.38 | 1.25 | $39.38 | $186.38 |
| 5/7/2006 | $533.06 | $240.00 | $773.06 | 16 | 6 | 40 | LL | | | | $330.00 | 10 | $330.00 | $330.00 |
| 5/14/2006 | $440.47 | $192.00 | $632.47 | 16 | 6 | 32 | LL | 40 | 8 | $176.00 | $0.00 | | $0.00 | $176.00 |
| 5/21/2006 | $260.68 | $108.00 | $368.68 | 16 | 6 | 18 | LL | 22.5 | 4.5 | $99.00 | | | | $69.00 |
| 5/28/2006 | $527.52 | $234.00 | $761.52 | 16 | 6 | 39 | LL | 49 | 1 | $22.00 | | | | $319.00 |
| 7/16/2006 | $533.06 | $240.00 | $773.06 | 16 | 6 | 40 | LL | 50 | | | $330.00 | 9 | $297.00 | $297.00 |
| 7/23/2006 | $533.06 | $240.00 | $773.06 | 16 | 6 | 40 | LL | 50 | | | $330.00 | 10 | $330.00 | $330.00 |
| 7/30/2006 | $533.06 | $240.00 | $773.06 | 16 | 6 | 40 | LL | 50 | | | $330.00 | 10 | $330.00 | $330.00 |
| 8/6/2006 | $533.06 | $240.00 | $773.06 | 16 | 6 | 40 | LL | 50 | | | $330.00 | 10 | $330.00 | $330.00 |
| 8/13/2006 | $533.06 | $240.00 | $773.06 | 16 | 6 | 40 | LL | 50 | | | $330.00 | 10 | $330.00 | $330.00 |
| 8/20/2006 | $533.06 | $240.00 | $773.06 | 16 | 6 | 40 | LL | 50 | | | $330.00 | 10 | $330.00 | $330.00 |
| 8/27/2006 | $440.47 | $192.00 | $632.47 | 16 | 6 | 32 | LL | 40 | 8 | $176.00 | $0.00 | | $0.00 | $176.00 |
| 9/3/2006 | $343.11 | $144.00 | $487.11 | 16 | 6 | 24 | LL | 30 | 6 | $132.00 | | | | $132.00 |
| 9/10/2006 | $440.47 | $192.00 | $632.47 | 16 | 6 | 32 | LL | 40 | 8 | $176.00 | $0.00 | | $0.00 | $176.00 |
| 9/17/2006 | $428.24 | $186.00 | $614.24 | 16 | 6 | 31 | LL | 38.75 | 7.75 | $170.50 | $0.00 | | $0.00 | $176.50 |
| 9/24/2006 | $533.06 | $240.00 | $773.06 | 16 | 6 | 40 | LL | 50 | | | $330.00 | 10 | $330.00 | $330.00 |
| 10/1/2006 | $533.06 | $240.00 | $773.06 | 16 | 6 | 40 | LL | 50 | | | $330.00 | 10 | $330.00 | $330.00 |
| 10/29/2006 | $533.06 | $240.00 | $773.06 | 16 | 6 | 40 | LL | 50 | | | $330.00 | 10 | $330.00 | $330.00 |
| 11/19/2006 | $533.06 | $240.00 | $773.02 | 16 | 6 | 40 | LL | 50 | | | $330.00 | 10 | $330.00 | $330.00 |
| 11/26/2006 | $329.02 | $96.00 | $329.02 | 16 | 6 | 16 | LL | 20 | 4 | $88.00 | | | | $88.00 |
| 12/3/2006 | $440.47 | $192.00 | $632.47 | 16 | 6 | 32 | LL | 40 | 8 | $176.00 | $0.00 | | $0.00 | $176.00 |
| 12/10/2006 | $356.06 | $240.00 | $596.06 | 16 | 6 | 40 | LL | 50 | | | $330.00 | 10 | $330.00 | $330.00 |
| 12/17/2006 | $309.44 | $216.00 | $525.44 | 16 | 6 | 36 | LL | 40 | 4 | $88.00 | $0.00 | | $0.00 | $88.00 |
| 12/24/2006 | $356.06 | $240.00 | $596.06 | 16 | 6 | 40 | LL | 50 | | | $330.00 | 10 | $330.00 | $330.00 |
| | | | | | | | | | | | | | | $7,966.88 |

in addition for the missing months

| 2006 | Gross Pay | Hrs Worked | Pay Rate on check | 7.5 reg hrs due | Actual Pay Rate | Total Due |
|---|---|---|---|---|---|---|
| Jan–Dec 2006 | $34,316.26 | 1559.83 | 16.00 | | 22.00 | |
| | $659.92 | 30 hrs/wk | 7.5 reg hrs due | | 390 × 22 = $8,580.00 | $8,580.00 |

x52

31.⁵⁵

1,624

26,702 −

−1,652

2 = 06                    $810

6,810

x16 = 6,840 (b)

2=06
13−

60

**MIROSLAW FLIPKOWSKI**

| Wk ending | In cash | Out check | Tot paid | Pd in cash | Pay rate on check | Pay rate in cash | Total pay rate | @hrs worked on check | Tot hrs Actually Worked | # Reg hrs | Reg hrs due | #Oot Hrs | Oot due | Total due |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3/12/2006 | $170.00 | $476.57 | | $50.00 | 19 | 5 | 24 | 40 | 50 | | | 10 | $360.00 | $360.00 |
| 3/19/2006 | $170.00 | $476.57 | | $50.00 | 19 | 5 | 24 | 40 | 50 | | | 10 | $360.00 | $360.00 |
| 3/26/2006 | $170.00 | $476.57 | | $50.00 | 19 | 5 | 24 | 40 | 50 | | | 10 | $360.00 | $360.00 |
| 4/9/2006 | $175.00 | $401.75 | | $50.00 | 20 | 5 | 25 | 40 | 40 | | | | | $0.00 |
| 4/16/2006 | $175.00 | $385.83 | | $50.00 | 20 | 5 | 25 | 37.5 | | 7.5 | $187.50 | | | $187.50 |
| 4/23/2006 | $175.00 | $344.01 | | $50.00 | 20 | 5 | 25 | 35 | | 7 | $175.00 | | | $175.00 |
| 4/30/2006 | $175.00 | $394.01 | | $50.00 | 20 | 5 | 25 | 40 | | 8 | $200.00 | | | $200.00 |
| 5/7/2006 | $175.00 | $503.21 | | $50.00 | 20 | 5 | 25 | 40 | | | $230.00 | | $375.00 | $375.00 |
| 6/4/2006 | $175.00 | $394.60 | | $50.00 | 20 | 5 | 25 | 40 | 50 | 8 | $200.00 | | $0.00 | $200.00 |
| 6/12/2006 | $175.00 | $394.60 | | $50.00 | 20 | 5 | 25 | 40 | 50 | 8 | $200.00 | | $0.00 | $200.00 |

Total due **$2,417.50**

Following calculations are based on Defendants Payroll Records.

**2001** — Jan-Dec 2001

| | |
|---|---|
| Gross Pay | Hrs Worked | Pay Rate on check |
| $38,601.00 | | $17.20 |
| $146.17 | 34hrs/wk | 6 reg hrs due |

Actual Pay Rate 22.00  Extra cash $2,500.00

2.5 ot hrs due ... 51× x 33 = 34,296.00

Total Due **$111,154.00**

**2002** — Jan-Dec 2002

| | |
|---|---|
| Gross Pay | Hrs Worked | Pay Rate on check |
| $38,192.50 | | $18.00 |
| $734.47 | 32hrs/wk | 8 reg hrs due |

Actual Pay Rate 23.00  Extra cash $2,600.00

Total Due **$9,568.00**

**2003** — Jan-Dec 2003

| | |
|---|---|
| Gross Pay | Hrs Worked | Pay Rate on check |
| $39,733.50 | | $18.00 |
| $764.11 | 33hrs/wk | 7 reg hrs due |

Actual Pay Rate 23.00  Extra cash $2,500.00

1.25 ot hrs due

Total Due **$10,614.50**



**2004 — Jan–Dec 2004**

| Gross Pay | Hrs Worked | Pay Rate on check | Actual Pay Rate | Extra cash | Total Due |
|---|---|---|---|---|---|
| $38,528.00 | 1497 | 19.00 | 24.00 | $2,600.00 | $11,960.00 |
| $40,492 | 32hrs wk | 16 reg hrs due: 522 × 23 = $11,949.00 | | | |

19 = 9,786

**2005 — Jan–Dec 2005**

| Gross Pay | Hrs Worked | Pay Rate on check | Actual Pay Rate | Extra cash | Total Due |
|---|---|---|---|---|---|
| $39,850.00 | 1694.5 | 19.50 | 24.50 | $2,650.00 | $5,984.00 |
| $165.38 | 32hrs wk | 8 reg hrs due: 416 × 24 = $9,984.00 | | | |

19 = 7,906

**2006 — Jan–Dec 2006**

| Gross Pay | Hrs Worked | Pay Rate on check | Actual Pay Rate | Extra cash | Total Due |
|---|---|---|---|---|---|
| $44,962.50 | 1694.5 | 20.50 | 25.00 | $2,600.00 | $10,626.25 |
| $864.66 | 34.5hrs wk | 5.5 reg hrs due: 286 × 25 = $7,150.00 | 3,125 ot hrs due: 142.5 × 37.5 = $5,093.75 | | |

**2007 — Jan–Dec 2007**

| Gross Pay | Hrs Worked | Pay Rate on check | Actual Pay Rate | Extra cash | Total Due |
|---|---|---|---|---|---|
| $12,125.00 | 477 | 20.00 | 25.00 | $200.00 | $250.00 |
| $233.17 | 10hrs wk | 2.5 reg hrs due: 10 × 25 = $250.00 | | | |

| | Damages | $80,018.00 |
|---|---|---|

| | | |
|---|---|---|
| Actual Damages | $ | 80,018.00 |
| FLSA Damages | $ | 27,461.75 |
| NYMWA Damages | $ | 5,090.50 |
| Total Damages | | 112,570.25 |

Deducted the total from checks we have

7,280

78 5,304

605
× 7.50
448.50
× 22.50
8,970 − 2,600 = 6,370

34,080





**Jan Swallek**

| Wk ending | On check | In cash | Tot paid | Pay rate | Hrs worked on check | Tot hrs actually worked | # of unpaid reg hrs | Reg hrs Due | # of unpaid ot hrs | Ot hrs due | Total due |
|---|---|---|---|---|---|---|---|---|---|---|---|
| **2001** | | | | | | | | | | | |
| 5/27/2001 | $403.77 | | $403.77 | 15 | 33 | 34.0 | 1 | | | $45.00 | $45.00 |
| 6/3/2001 | $494.89 | | $494.89 | 15 | 32 | 42.5 | | | 2.5 | $0.00 | $0.00 |
| 7/8/2001 | $419.59 | | $419.59 | 16 | 32 | 33.5 | 2 | | | $45.00 | $45.00 |
| 7/15/2001 | $511.60 | | $511.60 | 16 | 40 | 42.5 | | | 2.5 | $0.00 | $0.00 |
| 7/22/2001 | $538.23 | | $538.23 | 17 | 40 | 42.5 | | $0.00 | 2.5 | $0.00 | $0.00 |
| 7/29/2001 | $538.23 | | $538.23 | 17 | 40 | 42.5 | | $42.50 | 2.5 | $0.00 | $42.50 |
| 8/5/2001 | $538.23 | | $538.23 | 17 | 40 | 42.5 | | $42.50 | 2.5 | $0.00 | $42.50 |
| 8/12/2001 | $538.23 | | $538.23 | 17 | 38 | 38.9 | | $0.00 | | $0.00 | $0.00 |
| 8/19/2001 | $569.56 | | $569.56 | 17 | 45 | 45.0 | | $0.38 | 0.375 | $0.00 | $57.38 |
| 8/26/2001 | $538.23 | | $538.23 | 17 | 41 | 41.4 | | $42.50 | 2.5 | $0.00 | $42.50 |
| 9/2/2001 | $527.39 | | $527.39 | 17 | 39 | 39.0 | 2 | $24.44 | 1.4375 | $25.52 | $49.94 |
| 9/9/2001 | $446.63 | | $446.63 | 17 | 32 | 34.0 | 1 | $3.00 | | $51.00 | $51.00 |
| 9/16/2001 | $187.37 | | $187.37 | 17 | 12 | 12.8 | 1 | $3.00 | | $19.13 | $19.13 |
| 9/23/2001 | $290.87 | | $290.87 | 17 | 19 | 20.2 | 0.75 | $3.00 | | $39.28 | $39.28 |
| 9/30/2001 | $446.63 | | $446.63 | 17 | 32 | 34.0 | 1.1875 | $3.00 | | $51.00 | $51.00 |
| 10/7/2001 | $446.63 | | $446.63 | 17 | 40 | 42.5 | 2 | $51.00 | | $51.00 | $51.00 |
| 10/14/2001 | $538.23 | | $538.23 | 17 | 40 | 42.5 | | $42.50 | 2.5 | $0.00 | $42.50 |
| 10/21/2001 | $538.23 | | $538.23 | 17 | 40 | 42.5 | | $42.50 | 2.5 | $0.00 | $42.50 |
| 10/28/2001 | $538.23 | | $538.23 | 17 | 40 | 42.5 | | $42.50 | 2.5 | $0.00 | $42.50 |
| 11/4/2001 | $538.23 | | $538.23 | 17 | 40 | 42.5 | | $42.50 | 2.5 | $0.00 | $42.50 |
| 11/11/2001 | $538.23 | | $538.23 | 17 | 40 | 42.5 | | $42.50 | 2.5 | $0.00 | $42.50 |
| 11/18/2001 | $538.23 | | $538.23 | 17 | 40 | 42.5 | | $42.50 | 2.5 | $0.00 | $42.50 |
| 11/25/2001 | $389.27 | | $389.27 | 17 | 27 | 28.7 | 1.6875 | $3.00 | | $43.03 | $43.03 |
| | | | | | | | | | | | **$990.75** |

Jan-Dec 2001   **2001**

| | | |
|---|---|---|
| Gross Pay | Hrs Worked | |
| $22,092.50 | 1297.5 | 1295.5 |
| | 25hrs/wk | 25hrs/wk |

| | |
|---|---|
| Pay Rate on check | 17.00 |
| 1.60 reg hrs due | 83.2 x 17 = 1414.40 |

Total due 2001: **$1,414.40**

| Wk ending | On check | In cash | Tot paid | Pay rate | Hrs worked on check | Tot hrs actually worked | # of unpaid reg hrs | Reg hrs Due | # of unpaid ot hrs | Ot hrs due | Total due |
|---|---|---|---|---|---|---|---|---|---|---|---|
| **2002** | | | | | | | | | | | |
| 1/13/2002 | $371.43 | | $371.43 | 17 | 25 | 26.6 | 1.56 | $0.00 | | $39.84 | $39.84 |
| 1/20/2002 | $553.19 | | $553.19 | 17 | 40 | 42.5 | | $42.50 | 2.5 | $0.00 | $42.50 |
| 1/27/2002 | $507.36 | | $507.36 | 17 | 38 | 39.3 | | $0.00 | | $57.38 | $57.38 |
| 2/3/2002 | $124.99 | | $124.99 | 17 | 8 | 8.5 | 0.50 | $0.00 | | $21.75 | $21.75 |
| 2/17/2002 | $553.19 | | $553.19 | 17 | 40 | 42.5 | 2.25 | $42.50 | | $0.00 | $42.50 |
| 2/24/2002 | $458.92 | | $458.92 | 17 | 32 | 34.0 | | $0.00 | 2.5 | $0.00 | $0.00 |
| 3/3/2002 | $553.19 | | $553.19 | 17 | 40 | 42.5 | 2.00 | $42.50 | | $0.00 | $42.50 |
| 3/10/2002 | $553.19 | | $553.19 | 17 | 40 | 42.5 | | $42.50 | 2.5 | $0.00 | $42.50 |
| 3/17/2002 | $458.92 | | $458.92 | 17 | 32 | 34.0 | | $0.00 | 2.5 | $0.00 | $0.00 |
| 3/24/2002 | $377.96 | | $377.96 | 17 | 26 | 28.5 | 2.00 | $51.00 | | $51.00 | $51.00 |
| 3/31/2002 | $377.64 | | $377.64 | 17 | 26 | 27.1 | 1.50 | $40.64 | | $40.64 | $40.64 |
| 4/7/2002 | $458.93 | | $458.93 | 17 | 32 | 34.0 | 1.59 | $51.00 | | $51.00 | $51.00 |
| 4/14/2002 | $553.19 | | $553.19 | 17 | 40 | 42.5 | 2.00 | $42.50 | | $0.00 | $42.50 |
| 4/21/2002 | $553.19 | | $553.19 | 17 | 40 | 46.0 | | $0.00 | | $51.00 | $51.00 |
| 4/28/2002 | $305.92 | | $305.92 | 17 | 20 | 21.3 | 1.25 | $0.00 | | $31.88 | $31.88 |
| 5/5/2002 | $458.91 | | $458.91 | 17 | 32 | 34.0 | 2.00 | $0.00 | | $51.00 | $51.00 |
| 5/12/2002 | $458.91 | | $458.91 | 17 | 32 | 34.0 | 2.00 | $0.00 | | $51.00 | $51.00 |
| 5/26/2002 | $553.19 | | $553.19 | 17 | 40 | 42.5 | | $0.00 | 2.5 | $0.00 | $0.00 |
| 6/22/2002 | $484.16 | | $484.16 | 17 | 34 | 36.1 | 2.13 | $0.00 | | $54.19 | $54.19 |
| 6/9/2002 | $484.17 | | $484.17 | 17 | 34 | 36.1 | 2.13 | $0.00 | | $54.19 | $54.19 |



| Date | | | Gross Pay | Hrs Worked | | | | Pay Rate on check | | | Total Due |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 6/16/2002 | $553.19 | $553.19 | | 17 | 40 | 45 | | $42.50 | 2.5 | $0.00 | $42.50 |
| 6/23/2002 | $458.91 | $458.91 | | 17 | 32 | 34 | | $51.00 | | $51.00 | $51.00 |
| 6/30/2002 | $530.36 | $247.00 | | 17 | 28 | 41 | 2.00 | $0.00 | 0.13 | $57.46 | $57.46 |
| 7/7/2002 | $247.03 | $247.00 | | 17 | 16 | 10 | 2.00 | $0.00 | | $25.50 | $25.50 |
| 7/14/2002 | $553.19 | $553.19 | | 17 | 40 | 45 | 1.00 | $42.50 | 2.5 | $0.00 | $42.50 |
| 7/21/2002 | $553.19 | $553.19 | | 17 | 40 | 45 | | $42.50 | 2.5 | $0.00 | $42.50 |
| 7/28/2002 | $553.19 | $553.19 | | 17 | 40 | 45 | | $42.50 | | $0.00 | $42.50 |
| 8/4/2002 | $507.36 | $507.36 | | 17 | 38 | 38 | | $0.00 | | $0.00 | $57.38 |
| 8/11/2002 | $553.19 | $553.19 | | 17 | 40 | 45 | 2.5 | $42.50 | 2.5 | $0.00 | $42.50 |
| 8/25/2002 | $458.91 | $458.91 | | 17 | 32 | 34 | | $51.00 | | $0.00 | $51.00 |
| 9/1/2002 | $388.98 | $388.98 | | 17 | 24 | 24 | 2.00 | $0.00 | | $38.25 | $38.25 |
| 9/8/2002 | $458.91 | $458.91 | | 17 | 32 | 34 | 1.50 | $51.00 | | $51.00 | $51.00 |
| 9/15/2002 | $553.19 | $553.19 | | 17 | 40 | 40 | 2.00 | $42.50 | | $0.00 | $42.50 |
| 9/22/2002 | $125.00 | $125.00 | | 17 | 8 | 8 | | $0.00 | 2.5 | $12.75 | $12.75 |
| 9/29/2002 | $156.39 | $156.39 | | 17 | 9 | 10 | 0.50 | $0.00 | | $15.94 | $15.94 |
| 10/6/2002 | $553.19 | $553.19 | | 17 | 40 | 45 | 0.63 | $42.50 | 2.5 | $0.00 | $42.50 |
| 10/13/2002 | $553.19 | $553.19 | | 17 | 40 | 45 | | $42.50 | 2.5 | $0.00 | $42.50 |
| 10/20/2002 | $388.96 | $388.96 | | 17 | 32 | 42.5 | | $42.50 | | $0.00 | $42.50 |
| 10/27/2002 | $553.19 | $553.19 | | 17 | 40 | 45 | 1.50 | $42.50 | 2.5 | $0.00 | $42.50 |
| 11/3/2002 | $458.92 | $458.92 | | 17 | 32 | 34 | | $0.00 | | $51.00 | $51.00 |
| 11/10/2002 | $553.19 | $553.19 | | 17 | 40 | 42.5 | 2.00 | $42.50 | 2.5 | $0.00 | $42.50 |
| 11/17/2002 | $458.91 | $458.91 | | 17 | 24 | 34 | 2.00 | $0.00 | | $38.25 | $38.25 |
| 12/1/2002 | $388.97 | $388.97 | | 17 | 24 | 25.5 | 1.50 | $0.00 | | $51.00 | $51.00 |
| 12/8/2002 | $458.91 | $458.91 | | 17 | 32 | 34 | 2.00 | $0.00 | | $38.25 | $36.25 |
| 12/15/2002 | $409.42 | $409.42 | | 17 | 28 | 29.8 | 1.75 | $0.00 | | $44.63 | $44.63 |
| 12/22/2002 | $409.42 | $409.42 | | 17 | 28 | 29.8 | 1.75 | $0.00 | | $44.63 | $44.63 |
| | | | | | | | | | | $1,934.13 | |
| **2003** | | | | | | | | | | | |
| 1/5/2003 | $245.63 | $245.63 | | 17 | 16 | 17.0 | 1.00 | $0.03 | | $25.50 | $25.50 |
| 11/2/2003 | $550.42 | $550.42 | | 17 | 40 | 42.5 | | $42.50 | 2.5 | $0.00 | $42.50 |
| 1/19/2003 | $550.42 | $550.42 | | 17 | 40 | 45 | | $42.50 | 2.5 | $0.00 | $42.50 |
| 1/26/2003 | $124.47 | $124.47 | | 17 | 8 | 8.5 | 0.50 | $0.00 | | $12.75 | $12.75 |
| 2/2/2003 | $243.30 | $243.30 | | 17 | 16 | 17.0 | 1.00 | $42.50 | | $25.50 | $25.50 |
| 2/9/2003 | $551.75 | $551.75 | | 17 | 40 | 42.5 | | $0.00 | 2.5 | $42.50 | $42.50 |
| 2/16/2003 | $125.00 | $125.00 | | 17 | 8 | 8.5 | 0.50 | $0.00 | | $12.75 | $12.75 |
| 2/23/2003 | $246.83 | $246.83 | | 17 | 16 | 17.0 | 1.00 | $42.50 | | $25.50 | $25.50 |
| 3/2/2003 | $388.45 | $388.45 | | 17 | 23 | 24.4 | 1.50 | $0.00 | | $38.25 | $38.25 |
| 3/9/2003 | $346.03 | $346.03 | | 17 | 24 | 24.4 | 1.44 | $0.00 | | $36.66 | $36.66 |
| 3/16/2003 | $551.75 | $551.75 | | 17 | 40 | 42.5 | | $42.50 | 2.5 | $0.00 | $42.50 |
| 3/23/2003 | $551.75 | $551.75 | | 17 | 40 | 42.5 | | $42.50 | 2.5 | $0.00 | $42.50 |
| 4/13/2003 | $551.75 | $551.75 | | 17 | 40 | 42.5 | | $42.50 | 2.5 | $0.00 | $42.50 |
| 4/20/2003 | $551.75 | $551.75 | | 17 | 40 | 42.5 | | $42.50 | 2.5 | $0.00 | $42.50 |
| 4/27/2003 | $358.43 | $358.43 | | 17 | 24 | 25.5 | 1.50 | $0.00 | | $38.25 | $38.25 |
| 5/4/2003 | $560.18 | $560.18 | | 17 | 40 | 51 | 2.21 | $42.50 | | $0.00 | $56.26 |
| 5/11/2003 | $551.75 | $551.75 | | 17 | 40 | 42.5 | | $42.50 | 2.5 | $0.00 | $42.50 |
| 5/18/2003 | $551.75 | $551.75 | | 17 | 40 | 42.5 | | $42.50 | 2.5 | $0.00 | $42.50 |
| 7/6/2003 | $497.95 | $497.95 | | 17 | 32 | 34.0 | 2.00 | $42.50 | | $51.00 | $51.00 |
| 7/13/2003 | $438.86 | $438.86 | | 17 | 30.20 | 32.2 | 1.89 | $0.00 | | $48.29 | $48.29 |
| 7/20/2003 | $551.75 | $551.75 | | 17 | 40 | 42.5 | | $42.50 | 2.5 | $0.00 | $42.50 |
| 7/27/2003 | $246.84 | $246.84 | | 17 | 16 | 17.0 | 1.00 | $0.00 | | $25.50 | $25.50 |
| 8/24/2003 | $551.75 | $551.75 | | 17 | 40 | 42.5 | | $42.50 | 2.5 | $0.00 | $42.50 |
| 9/28/2003 | $551.75 | $551.75 | | 17 | 40 | 42.5 | | $42.50 | 2.5 | $0.00 | $42.50 |
| 10/12/2003 | $551.75 | $551.75 | | 17 | 40 | 42.5 | | $42.50 | 2.5 | $0.00 | $42.50 |
| 10/19/2003 | $551.75 | $551.75 | | 18 | 40 | 42.5 | | $42.50 | 2.5 | $0.00 | $42.50 |
| 11/2/2003 | $578.39 | $578.39 | | 18 | 42 | 45 | | $45.00 | 2.5 | $0.00 | $45.00 |
| 11/16/2003 | $578.39 | $578.39 | | 18 | 42 | 45 | 1.50 | $0.00 | 2.5 | $40.50 | $40.50 |
| 11/23/2003 | $376.79 | $376.79 | | 18 | 24 | 25.5 | 2.00 | $0.00 | | $40.50 | $40.50 |
| 11/30/2003 | $481.44 | $481.44 | | 18 | 22 | 34.0 | | $0.00 | | $54.00 | $54.00 |
| | | | | | | | | | | $1,175.71 | |

| | Gross Pay | Hrs Worked | | Pay Rate on check | | 2 reg hrs due | Total Due |
|---|---|---|---|---|---|---|---|
| Jan-Dec 2002 | | | | | | | $1,872.00 |



## 2004

| Date | Amount | | | | | | Total |
|---|---|---|---|---|---|---|---|
| 1/18/2004 | $485.44 | | 18 | 42.6 | | | $94.00 |
| 1/31/2004 | $192.23 | | 18 | 42.6 | | | $20.25 |
| 2/15/2004 | $586.39 | | 18 | 42.6 | | | $45.00 |
| 2/22/2004 | $586.39 | | 40 | 42.6 | 2.13 | | $45.00 |
| 2/29/2004 | $511.17 | | 34 | 36.1 | | | $57.38 |
| 3/7/2004 | $586.39 | | 40 | 42.6 | | | $45.00 |
| 3/14/2004 | $586.39 | | 40 | 42.6 | | | $9.96 |
| | | | | | | | **$311.63** |

### Jan-Dec 2004

| Gross Pay | Hrs Worked | Pay Rate on check | 2 reg hrs due | Total Due |
|---|---|---|---|---|
| $331,404.00 | 165hr/32hrs wk | 19.00 | 124 × 19 = 1976.00 | $1,976.00 |
| $602.96 | 32hrs wk | | | |

## 2005

### Jan-Dec 2005

| Gross Pay | Hrs Worked | Pay Rate on check | 2 reg hrs due | Total Due |
|---|---|---|---|---|
| $30,462.27 | $603.33 / 31hrs wk | 19.00 | 104 × 19 = 1976.00 | $1,976.00 |
| $585.53 | | | | |

## 2006

| Date | Amount | | Hrs | Rate | reg hrs | Pay Rate | Amount | | Total |
|---|---|---|---|---|---|---|---|---|---|
| 4/29/2006 | $523.44 | 19 | 33 | 35.1 | 2.00 | $0.00 | $0.00 | | $58.78 |
| 5/7/2006 | $603.96 | 19 | 40 | 42.5 | | $47.50 | $58.78 | 2.5 | $58.78 |
| 4/23/2006 | $512.94 | 19.50 | 32 | 34.0 | 2.00 | $0.00 | $58.50 | | $58.50 |
| 4/29/2006 | $512.94 | 19.50 | 32 | 34.0 | 2.00 | $0.00 | $58.50 | | $58.50 |
| 5/7/2006 | $617.28 | 19.50 | 40 | 42.5 | | $48.75 | $48.75 | 2.5 | $48.75 |
| 5/14/2006 | $512.95 | 19.50 | 32 | 34.0 | 2.00 | $0.00 | $58.50 | | $58.50 |
| 5/21/2006 | $312.65 | 19.50 | 18 | 19.1 | 1.13 | $0.00 | $32.91 | | $32.91 |
| 5/28/2006 | $610.33 | 19.50 | 39.30 | 41.7 | 0.70 | $32.37 | $20.48 | 1.66 | $52.85 |
| 6/4/2006 | $512.94 | 19.50 | 32 | 34.0 | 2.00 | $0.00 | $58.50 | | $58.50 |
| 6/11/2006 | $400.21 | 19.50 | 24 | 25.5 | 1.50 | $0.00 | $43.88 | | $43.88 |
| 6/18/2006 | $617.28 | 19.50 | 40 | 42.5 | | $48.75 | $0.00 | 2.50 | $48.75 |
| 6/27/2006 | $617.28 | 19.50 | 40 | 42.5 | | $48.75 | $0.00 | 2.50 | $48.75 |
| 7/2/2006 | $558.68 | 19.50 | 35.30 | 37.5 | 2.21 | $0.00 | $64.53 | | $64.53 |
| 7/9/2006 | $305.35 | 19.50 | 17.30 | 18.4 | 1.08 | $0.00 | $31.63 | | $31.63 |
| 7/16/2006 | $617.28 | 19.50 | 40 | 42.5 | | $48.75 | $0.00 | 2.5 | $48.75 |
| 7/23/2006 | $604.36 | 19.50 | 39 | 41.4 | 2.44 | $48.75 | $71.30 | | $71.30 |
| 7/30/2006 | $617.28 | 19.50 | 40 | 42.5 | | $48.75 | $0.00 | 2.5 | $48.75 |
| 8/6/2006 | $617.28 | 19.50 | 40 | 42.5 | | $48.75 | $0.00 | 2.5 | $48.75 |
| 8/13/2006 | $617.28 | 19.50 | 40 | 42.5 | | $48.75 | $0.00 | 2.5 | $48.75 |
| 8/20/2006 | $617.28 | 19.50 | 40 | 42.5 | | $48.75 | $0.00 | 2.5 | $48.75 |
| 8/27/2006 | $617.28 | 19.50 | 40 | 42.5 | | $48.75 | $0.00 | 2.5 | $48.75 |
| 9/3/2006 | $442.63 | 19.50 | 27 | 28.7 | 1.69 | $0.00 | $49.36 | | $49.36 |
| 9/10/2006 | $400.22 | 19.50 | 24 | 25.5 | 1.50 | $0.00 | $43.88 | | $43.88 |
| 9/17/2006 | $400.22 | 19.50 | 24 | 25.5 | 1.50 | $0.00 | $43.88 | | $43.88 |
| 9/24/2006 | $617.28 | 19.50 | 40 | 42.6 | | $48.75 | $0.00 | 2.5 | $48.75 |
| 10/1/2006 | $617.28 | 19.50 | 40 | 42.6 | | $48.75 | $0.00 | 2.5 | $48.75 |
| 10/8/2006 | $512.94 | 19.50 | 32 | 34.0 | 2.00 | $0.00 | $58.50 | | $58.50 |
| 10/15/2006 | $512.94 | 19.50 | 32 | 34.0 | 2.00 | $0.00 | $58.50 | | $58.50 |
| 10/29/2006 | $617.28 | 19.50 | 40 | 42.5 | | $48.75 | $0.00 | 2.5 | $48.75 |
| 11/5/2006 | $617.28 | 19.50 | 40 | 42.5 | | $48.75 | $0.00 | 2.5 | $48.75 |
| 11/12/2006 | $512.94 | 19.50 | 32 | 34.0 | 2.00 | $0.00 | $58.50 | | $58.50 |
| 11/19/2006 | $617.28 | 19.50 | 40 | 42.5 | | $48.75 | $0.00 | 2.5 | $48.75 |
| 11/26/2006 | $400.22 | 19.50 | 24 | 25.5 | 1.50 | $0.00 | $43.88 | | $43.88 |
| 12/3/2006 | $617.28 | 19.50 | 40 | 42.5 | | $48.75 | $0.00 | 2.5 | $48.75 |
| 12/10/2006 | $617.28 | 19.50 | 40 | 42.5 | | $0.00 | $0.00 | | $48.75 |
| 12/17/2006 | $552.72 | 12.50 | 25 | 26.7 | 1.19 | $0.00 | $48.75 | 2.5 | $48.75 |
| 12/24/2006 | $591.45 | 19.50 | 31 | 43.4 | 2.00 | $7.41 | $55.11 | | $61.04 |
| | | | | | | | | | **$1,963.74** |

| 2007 | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1/7/2007 | $519.02 | $519.02 | 19.50 | 31.30 | 32.5 | 1.96 | $0.96 | | $57.22 | $57.22 |
| 1/14/2007 | $513.95 | $513.95 | 19.50 | 32 | 34.0 | 2.90 | $0.00 | | $58.50 | $58.50 |
| 1/28/2007 | $644.92 | $644.92 | 20.00 | 40 | 4.5 | | $1.25 | | $0.00 | $0.00 |
| 2/11/2007 | $294.03 | $294.03 | 20.50 | 16 | 1.7 | 1.96 | $0.96 | | $30.75 | $30.75 |
| 2/18/2007 | $294.04 | $294.04 | 20.50 | 23 | 1.7 | 1.96 | $0.96 | | $50.75 | $50.75 |
| 2/25/2007 | $403.12 | $403.12 | 20.50 | 16 | 24.4 | 1.44 | $0.00 | | $44.20 | $44.20 |
| 3/4/2007 | $294.04 | $294.04 | 20.50 | 37 | 1.7.6 | 1.96 | $0.00 | | $30.75 | $30.75 |
| 3/11/2007 | $603.74 | $603.74 | 20.50 | 32 | 39.3 | 2.31 | $0.00 | | $71.11 | $71.11 |
| 3/18/2007 | $536.11 | $536.11 | 20.50 | | 34.0 | 2.56 | $0.00 | 2.5 | $61.50 | $61.50 |
| 3/25/2007 | $485.42 | $485.42 | 20.50 | 28.30 | 20.1 | 1.77 | $0.00 | | $54.39 | $54.39 |
| | | | | | | | | | | 490.42 |

| | |
|---|---|
| Actual Damages | $11,626.69 |
| FLSA Damages | $5,029.16 |
| NYMWA Damages | $1,413.50 |
| Total Damages | $18,069.35 |

| Additional Claims | |
|---|---|
| Unpaid last 2 weeks | $1,640.00 |
| Unpaid deposit | $300.00 |
| | $1,940.00 |

| 2007 | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 1/7/2007 | $519.02 | $519.02 | 19.50 | 31.30 | 1.90 | $0.00 | $57.22 | $57.22 | |
| 1/14/2007 | $513.95 | $513.95 | 19.50 | 32 | 2.00 | $0.00 | $58.50 | $58.50 | |
| 1/28/2007 | $644.92 | $644.92 | 20.50 | 40 | | $51.25 | $0.00 | $51.25 | 2.5 |
| 7/11/2007 | $294.03 | $294.03 | 20.50 | 16 | 1.90 | $0.00 | $30.75 | $30.75 | |
| 2/18/2007 | $294.04 | $294.04 | 20.50 | 18 | 1.90 | $0.00 | $30.75 | $30.75 | |
| 2/25/2007 | $403.12 | $403.12 | 20.50 | 23 | 1.44 | $0.00 | $44.20 | $44.20 | |
| 3/4/2007 | $294.04 | $294.04 | 20.50 | 16 | 1.90 | $0.00 | $30.75 | $30.75 | |
| 3/11/2007 | $603.74 | $603.74 | 20.50 | 37 | 2.31 | $0.00 | $71.11 | $71.11 | |
| 3/18/2007 | $536.11 | $536.11 | 20.50 | 32 | 2.50 | $0.00 | $61.50 | $61.50 | |
| 3/25/2007 | $485.42 | $485.42 | 20.50 | 28.30 | 1.77 | $0.00 | $54.39 | $54.39 | |
| | | | | | | | | 490.42 | |

Actual Damages     $11,626.69

FLSA Damages     $5,029.16

NYMWA Damages     $1,413.50

Total Damages     $18,069.35

| Additional Claims | |
|---|---|
| Unpaid last 2 weeks | $1,640.00 |
| Unpaid deposit | $300.00 |
| | $1,940.00 |

**Exhibit H**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MIROSLAW  GORTAT, HENRYK BIENKOWSKI,
GREGORZ DRELICH, MIROSLAW FILIPKOWSKI,
ARTHUR LAPINSKI and JAN SWALTEK, on behalf          **Docket No. 07-cv-3629**
Of themselves and on behalf of all other situated,

                             Hon. Leo Glasser
                  Plaintiffs,            Mag.J. Steven Gold

    -against-

CAPALA BROTHERS, INC.,  PAWEL CAPALA
 And ROBERT CAPALA,

                       Defendants .
-------------------------------------------------------------------X

## REQUEST  TO ADMIT

      Defendants, by their  attorney, Felipe ("Philip") Orner, respectfully request all six individual

Plaintiffs  respond separately for each of themselves  in writing to the following Request to Admit

within 30 (thirty) days of service hereof, pursuant to Rule 36 of the  Federal Rules of Civil Procedure:

    1)  That according to "Calculations of Damages "of each of these six plaintiffs, as submitted

          initially on February 15,2008 by plaintiffs , there is not a single day of employment by

          the defendants of each of these six plaintiffs which evinces any payment of any hourly

          wage below the Minimum Wage as mandated by New York State (NYMWA) as claimed

          falsely on the Second  Cause of Action on the Complaint and as mandated by FLSA as

          claimed falsely on the Fourth Cause of Action on the Complaint.

    Dated; March  31,2008
          Flushing, New York

                                      _____
                              Felipe ("Philip") Orner  (FO-3986)
                            Attorney for Defendants
                            72-29 137th Street
                            Flushing, N.Y. 11367

**Exhibit I**

ROBERT WISNIEWSKI (RW-5308)
ROBERT WISNIEWSKI P.C.
Attorneys for Plaintiffs
225 Broadway, Suite 612
New York, NY 10007
(212) 267-2101

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
MIROSLAW GORTAT, HENRYK BIENKOWSKI, GRZEGORZ
DRELICH, MIROSLAW FILIPKOWSKI, ARTUR LAPINSKI
and JAN SWALTEK, on behalf of themselves and on behalf
of all others similarly situated,

                                                       **Docket No.:07-cv-3629**
                                                       **(ILG) (SMG)**

                                         Plaintiffs,

                  -against-

CAPALA BOTHERS, INC., PAWEL CAPALA
and ROBERT CAPALA
                                     Defendants.
-------------------------------------------------------------------------X

## REPLY TO REQUEST TO ADMIT

        Plaintiffs, by their attorney Robert Wisniewski, object to Request to Admit to the

extent that it calls for speculation, is vague and ambiguous, is subject to several different

interpretations, and is therefore incapable of a meaningful response as stated. Over and above the

objection, and without waiving same, Plaintiffs deny Defendants' claim.

Dated:  New York, New York
        April 15, 2008

                                   ROBERT WISNIEWSKI, P.C.

                                   By: _____
                                   Robert Wisniewski (RW-5308)
                                   Attorneys for Plaintiffs

**Exhibit J**

AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

<div align="center">

**Issued by the**
# UNITED STATES DISTRICT COURT

</div>

| Eastern | DISTRICT OF | New York |
|---|---|---|

Miroslaw Gortat, et.al. on behalf of themselves and on
behalf of all others similarly situated,

V.

Capala Brothers, Inc., et al.

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: [1]   07 cv 3629

TO:   Felipe Orner, Esq.
72-29 137th Street
Flushing, NY 11367

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM: |
|---|---|
| | DATE AND TIME: |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

<div align="center">

SEE ATTACHED:  SCHEDULE A

</div>

| PLACE Robert Wisniewski & Associates P.C.  225 Broadway Suite 612 New York, NY 10007 Tel. (212) 267 - 2101 | DATE AND TIME 05/28/2008 |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) Attorney for the Plaintiff | DATE 04/28/2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Robert Wisniewski, Robert Wisniewski & Associates P.C.
225 Broadway Suite 612, New York, New York 10007  Tel. 212-267-2101

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

   I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                           DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

### Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c)  PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

   (1)   A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

   (2)   (A)   A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

   (B)   Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production.  Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

   (3)   (A)   On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

         (i)   fails to allow reasonable time for compliance,
         (ii)   requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that,

subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

         (iii)   requires disclosure of privileged or other protected matter and no exception or waiver applies, or

         (iv)   subjects a person to undue burden.

   (B)   If a subpoena

         (i)   requires disclosure of a trade secret or other confidential research, development, or commercial information, or

         (ii)   requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

         (iii)   requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)   DUTIES IN RESPONDING TO SUBPOENA.

   (1)   A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

   (2)   When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

Schedule A

Period Covered by the Subpoena:   January 1, 2001 to PRESENT

      **Name:**      Felipe Orner, Esq.

      **Address:**     72-29 137th Street
                       Flushing, NY 11367

<div align="center">

**SCHEDULE A**
</div>

**NOTE (1):**    Unless otherwise specified, all documents are for the period from January 1, 2001 to the present (the "Applicable Period").

**NOTE (2):**    For purposes of this schedule, "document" includes, without limitation, the original (or any copy when originals are not available) and any nonidentical copies (whether different form the originals because of notes made on such copies or otherwise) and all drafts of any kind of printed, typed, recorded, written, graphic, or photographic matter, computer disk, tape or other storage device (with a hard copy to be generated therefrom), film materials, video tapes, audio recordings, writings of every kind and description, whether inscribed by hand or by mechanical, electronic, microfilm, microfiche, photographic or other means, as well as phonic (such as tape recordings) or visual reproduction of oral statements, conversations or events, such as, but not limited to the following: papers, books, records, articles, contracts, correspondence, agreements, assignments, offers, contracts of sale, title reports, title insurance policies, broker set-ups, applications, loan commitments, mortgages, deeds, appraisals, evaluations, notices, fax sheets, teletype messages, telexes, telegrams, affidavits, memoranda, drafts, notes, reports, notices, position papers, telephone messages, telephone logs, calendar or desk pads, scrapbooks, note books, diaries, appointment books, commentaries, periodicals, newspaper articles, press releases, flyers, brochures, postcards, business plans, compilations, lists, legal analyses, schedules, studies, polls, advertising, leases, rental agreements, minutes of meetings, corporate resolutions, by-laws, certificates of incorporation, amendments, interoffice and intra-office communications, accounts, tabulations, tallies, analyses, charts, maps, accounting documents (including ledgers, journals, check registers, invoices, bills), diagrams, drawings, plans, site plans, pictures, computer runs, written statements, witness statements, summaries of computer runs, any translations of any of the foregoing, and things similar to any of the foregoing, regardless of their author or origin, of any kind, however denominated, which is or may be in the possession, custody or control of either yourself or any of your agents, attorneys, or affiliates, officers, employees, or anyone acting on your or their behalf, or of which you have knowledge, whether or not you are identified as a party thereon and irrespective of whether or not you are identified as a party thereon and irrespective of whether a given document was generated before, during or after the period of time referenced herein or in the pleadings.  If you object to production of a given document on the ground of a stated privilege, it is requested that you identify the date of the document, by whom issued, to whom issued, the type of document and its general

**subject matter.**

**We require the following**:

**Clear and complete copies of any and all:**

1.    All documents concerning payroll information prepared by Felipe Orner for or on behalf

      of Capala Brothers Inc., including but not limited to, all Federal and State income tax

      returns with all attachments and schedules thereto, financial statements, periodic

      profit/loss statements, balance sheets, inventory lists, analyses, and the like.

2.    All documents concerning payroll information prepared by Felipe Orner for or on behalf

      of Defendants Pawel Capala and Robert Capala, including but not limited to, all Federal

      and State income tax returns with all attachments and schedules thereto, financial

      statements, periodic profit/loss statements, balance sheets, inventory lists, analyses, and

      the like.

3.    All workpapers, notes, memoranda, schedules, reconciliations, and the like, prepared

      and/or used by Felipe Orner to perform any work and/or prepare any documents

      concerning payroll information, for or on behalf of Defendant Capala Brothers, Inc.

4.    All workpapers, notes, memoranda, schedules, reconciliations, and the like, prepared

      and/or used by Felipe Orner to perform any work and/or prepare any documents

      concerning payroll information, for or on behalf of  Defendants Pawel Capala and Robert

      Capala.

5.    All documents relating to, reflecting and/or evidencing the scope of engagement and/or

      work performed by Felipe Orner for Capala Brothers, Inc., as well as all invoices, time

      and billing records (such as time sheets and the like) for the work performed by Felipe

      Orner for Capala Brothers, Inc., including, but not limited to the preparation of the

Federal and State income tax returns with all attachments and schedules thereto, financial statements, periodic profit/loss statements, balance sheets, inventory lists, analyses, and the like, as well as the payroll calculations for the Corporate Defendant.

6. All documents concerning payroll information submitted or provided to Felipe Orner by any of the Defendants Capala Brothers, Inc., Pawel Capala and Robert Capala in connection with work performed for them by Felipe Orner.

7. All documents concerning payroll information relating to, reflecting and/or evidencing any communication by Felipe Orner with any one of the Defendants: Capala Brothers, Inc., Pawel Capala and Robert Capala, including but not limited to, correspondence, faxes, notes, memoranda to file, and the like.