# Robert Wisniewski P.C.
### ATTORNEYS-AT-LAW
**225 Broadway, Suite 612**
**New York, New York 10007**

------

**TEL: (212) 267-2101**
**FAX: (212) 587-8115**

October 2, 2008

Hon. Steven M. Gold
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201
    *VIA ECF*

        Re: Gortat et al. v. Capala Brothers, Inc.. et al.
        <u>EDNY Docket No.: 07 cv 3629</u>

Dear Judge Gold,

    I represent Plaintiffs in the above-captioned matter. I am writing to request guidance regarding Defendants' counsel's motion, filed on September 29, 2008, and to discuss the present motion at the status conference scheduled before Your Honor on October 16, 2008.

    Defendants' motion is frankly incomprehensible and left me unsure how to disaggregate the various claims and arguments. Defendants' motion asks for a number of types of relief, many of which are unrelated and probably should not be included in a single motion. The present motion also falls outside the bounds of reasonable conduct between attorneys and accuses me of all types of misconduct including making fraudulent claims to this Court. Until this point, I have ignored Defendants' counsel's ornery ravings and his unwillingness to engage in civil discussions, but there comes a point when even the most restrained man must respond.

    Defendants' motion evidences Defendants' counsel's bizarre behavior, which Your Honor has recognized in the past. (Exhibit A being Your Honor's surprise "to read a letter in which one lawyer complained of another's attire." (June 24, 2008 Tr. 41:21-22)). Defendants' counsel alleges that he is moving for sanctions as a result of conduct that is more than "just a violation of 'dress code,'" (Defendants' motion, pg. 13) but his submission contains nothing more to support that claim than alleged errors in damages calculations and easily explained misunderstandings. Defendants' counsel complains that Defendants needed to expend ten of thousands of dollars because of my behavior and Your Honor's "lack of proper measures" against me, but at the same time files a motion for sanctions, without attempting to resolve any of

the issues with me in good faith, which could have avoided costly and unnecessary motion practice. And never mind that Defendants' counsel refuses to accept phone calls from my office, which often requires multiple letters and faxes to resolve issues that could be simply be settled in five minutes of good faith discussion.

As a substantive matter, Defendants' counsel simply misstates Plaintiffs' obligation to respond to his joint motion to dismiss and summary judgment. The present motion calls for reinstating Defendants' motion to dismiss and summary judgment, which Defendants incorrectly stated was held in abeyance until after depositions. At the February 8, 2008 conference before Your Honor, Defendants' counsel *himself* stated that Plaintiffs would be permitted to respond to Defendants' motion to dismiss and summary judgment after the close of discovery, not the completion of depositions. (Tr. 10:4-8). Discovery is scheduled to close on October 3, 2008, and Plaintiffs will be filing a letter to Your Honor today respectfully requesting an extension of discovery partly to permit Plaintiffs to engage in discovery on issues that arose during and after Plaintiffs' depositions of Defendants. In Defendants' counsel's world, Defendants' counsel's misstatement constitutes fraud on the Court and is a basis for his disqualification from representing his clients. Of course, Plaintiffs understand that Defendants' counsel's misstatement was simply a mistake and that not every incorrect statement constitutes fraud.

But Defendants' motion also suffers from myriad procedural flaws that leave Plaintiffs unsure how to respond. First, under Fed. R. Civ. P 11(c)(1)(A), Defendants should have served me with a copy of the motion and afforded me 21 days to remedy any allegedly fraudulent "paper, claim, defense, contention, or denial." Since many of Defendants' counsel's bases for calling for sanctions against me stem from the damages calculations Plaintiffs served on Defendants on July 16, 2008, Defendants should have provided Plaintiffs with 21 days to "withdraw[] or appropriately correct[]" these calculations. **See**, **Gal v. Viacom Intern., Inc.**, 403 F.Supp.2d 294 (S.D.N.Y., 2005) (denying a motion for sanctions on the grounds that movant did not follow the "plain language of the rule" that required him to provide his adversary with 21 days notice by serving a copy of the motion for sanctions on his adversary before filing the motion with the court).

And that is exactly what will occur. In early August, after Plaintiffs served Defendants with damages tables on July 16, 2008, Defendants produced electronic payroll records for the six Plaintiffs. Plaintiffs' damages tables were calculated based on the incomplete payroll information in Plaintiffs' possession and Plaintiffs' memories. Now that Plaintiffs are in possession of complete payroll information, Plaintiffs have retained the services of an expert who will recalculate Plaintiffs' claims, and to the extent that Plaintiffs' damages calculations are in error, will rectify those errors. These updated damages calculations will be served on Plaintiffs by tomorrow, October 3, 2008. If Defendants still have questions about the calculations, they can depose Plaintiffs' expert. There is no reason for me to testify regarding how the expert calculated damages.

Defendants' motion (if that is what it truly is) also fails facially for lack of a supporting memorandum of law. Pursuant to Local Rule 7.1, all motions "shall be supported by a memorandum of law," which is, of course, conspicuously lacking from Defendants' submission

(as are the exhibits which he references in his declaration). The Court should refuse to rule on Defendants' motion until he complies with the basic procedural rules.

      Given the lack of clarity regarding what Defendants are asking of the Court, as well as the multiple procedural defects in Defendants' motion, at this stage it would simply be a waste of time to respond to each of Defendants' claims contained in his stream of consciousness submission (in which he oddly confuses me with Aleksander Kwasniewski, the former President of Poland (pg. 12)). Plaintiffs therefore respectfully request guidance from Your Honor on how to proceed with regards to this motion at the scheduled October 16, 2008 conference before Your Honor.

                                                      Respectfully submitted,

                                                      _____/s/_____
                                                      Robert Wisniewski (RW-5308)

cc: Felipe Orner, Counsel for Defendants