UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MIROSLAW GORTAT, et al.,

               Plaintiffs,

  - against -

CAPALA BROTHERS, INC., et al.,

               Defendants
------------------------------------------------------------X
GOLD, S., *United States Magistrate Judge*:

MEMORANDUM
AND ORDER
07-CV-3629 (ILG)

## Introduction

Defendants have filed a motion seeking various forms of relief, including sanctions pursuant to Federal Rule of Civil Procedure 11 "and other rules." Defs' Notice of Motion, Docket Entry 48, ¶ 8. Defendants also invoke 28 U.S.C. § 1927 "based on plaintiffs' frivolous positions, misrepresentations to the court, outright fraud perpetrated on the court, and discovery rules disobedience abuse." Defs' Mem. 2, Docket Entry 52.

Defendants further indicate that they move for dismissal or summary judgment with respect to certain of plaintiffs' claims and disqualification of plaintiffs' counsel. I held a conference on October 16, 2008, during which I set a schedule for separate briefing of defendants' dispositive motions before Senior United States District Judge I. Leo Glasser, and denied defendants' motion for disqualification. Defendants have appealed from my denial of their motion for disqualification, and that appeal is currently pending before Judge Glasser.

Before turning my attention to the merits of defendants' motion for sanctions, I note that, on November 12, 2008, Judge Glasser entered an order dismissing three of defendants' four counterclaims. Docket Entry 67. Defendants then filed a document they have labeled a "Notice

of Interlocutory Appeal." Docket Entry 71. Ordinarily, an appeal divests a district court of jurisdiction. An exception, however, applies where it is clear that the appeal is defective, for example, because the order appealed from is not final and has not been certified for an interlocutory appeal. *Ruby v. Sec'y of the U.S. Navy*, 365 F.2d 385 (9th Cir. 1966). A district court may ignore an appeal from a non-appealable order and proceed to exercise jurisdiction over a case. Moreover, even when a proper appeal has been filed, a district court retains jurisdiction over those matters not involved in the appeal. *N.Y. State Nat'l Org. for Women v. Terry*, 886 F.2d 1339, 1349-50 (2d Cir. 1989). *See also* 20 *Moore's Federal Practice* § 303.32[2][b][iv] and [v] (3d ed.). For these reasons, I conclude that this court has jurisdiction to decide defendants' motion for sanctions despite the pending "Notice of Interlocutory Appeal."

Although their submission in support of their motion for sanctions raises a number of issues, defendants' sanctions motion is primarily based on two contentions. First, defendants assert that plaintiffs' counsel misrepresented certain facts when opposing a defense request to adjourn a deposition. Second, defendants contend that charts produced by plaintiffs setting forth the damages they claim in this action are fraudulent.

During the conference on October 16, 2008, I afforded the parties the opportunity to provide further submissions with respect to these two matters. *See* Tr. of 10/16/08, Docket Entry 63, at 26. I set forth below the legal principles governing sanctions motions, and I then consider each of the two bases for sanctions urged by defendants in turn.

### Discussion

A. *Legal Principles Governing Sanctions Motions*

Sanctions may be imposed pursuant to Rule 11 "if a party submits a pleading or motion

"for any improper purpose.'" *Messer v. Fahnestock & Co. Inc.*, 2008 WL 4934608, at \*19 (E.D.N.Y. Nov. 18, 2008) (*quoting Kropelnicki v. Siegel*, 290 F.3d 118, 131 (2d Cir. 2003)). Rule 11 sanctions are an extraordinary remedy and a movant must therefore meet a "high bar" before sanctions are imposed on an adversary. *E. Gluck Corp. v. Rothenhaus*, 252 F.R.D. 175, 178-79 (S.D.N.Y. 2008). By its express terms, Rule 11 is limited to representations made in pleadings, motions or other papers. Fed. R. Civ. P. 11(b). In addition, a Rule 11 motion must be made separately from any other motion, must be served before it is filed with the court, and may not be filed or pursued before the court if the adversary withdraws the challenged contention underlying the motion within three weeks of service. Fed. R. Civ. P. 11(c)(2).

Section 1927 provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Section 1927 "works 'to deter unnecessary delays in litigation' . . . [and] the imposition of sanctions under § 1927 requires 'a clear showing of bad faith.'" *Messer*, 2008 WL 4934608, at \*19 (*quoting Oliveri v. Thompson,* 803 F.2d 1265, 1273 (2d Cir. 1986)).

In addition to its authority pursuant to Rule 11 or Section 1927, a court has inherent power to sanction attorneys for misconduct. Before exercising this inherent power with respect to actions taken on behalf of a client, though, the court "must make an explicit finding of bad faith." *U.S. v. Seltzer*, 227 F.3d 36, 41-42 (2d Cir. 2000). A court may, however, sanction an attorney, even absent a finding of bad faith, for violating a court order or other misconduct, not taken on a client's behalf, that impedes a court's power to manage a case, its calendar, or its courtroom. *Id.* at 42.

*B. Misrepresentation in Connection with Deposition Rescheduling*

A deposition of one of the plaintiffs was held in this case on September 9, 2008. Other plaintiffs were scheduled to be deposed on September 10 and ensuing consecutive days. During the course of the deposition on September 9, defendants' counsel stated that he felt ill and asked to adjourn the depositions by a single day. Plaintiffs' counsel declined to consent to an adjournment, stating that Lapinski, the individual scheduled to be deposed on the following day, had already arranged to take a day off from work to attend the deposition, and that it would therefore be a hardship on Lapinski to reschedule.

Counsel called from the deposition for a ruling on defendants' adjournment application. I granted the adjournment request, but ruled that defendants would be required to pay for any wages Lapinski lost if, despite a good faith effort, he was unable to rearrange his schedule and work on September 10. As is now acknowledged, however, contrary to the representations of plaintiffs' counsel at the time, Lapinski was unemployed when the adjournment request was made. Plaintiffs, of course, therefore never sought reimbursement for any lost wages.

Plaintiffs' contention that Lapinski was employed cannot provide a basis for imposing sanctions pursuant to Rule 11 for several reasons. First, defendants do not bring their Rule 11 motion separately from other motions. Second, Rule 11 does not apply to disclosures made during the course of discovery. Fed. R. Civ. P. 11(d). Third, the motion was not served before it was filed. Finally, by not seeking reimbursement for wages Lapinski lost as a result of the adjournment of his deposition, plaintiffs essentially withdrew their contention that Lapinski was employed.

Nor are sanctions appropriate pursuant to Section 1927 or in the exercise of the court's

inherent power. The two plaintiffs' attorneys involved in making the representation, Robert Wisniewski and R. Brent English, have submitted declarations in which each states that he was at the time of the representation under the mistaken belief that Lapinski was employed and would be required to miss a day of work if his deposition were adjourned. Docket Entries 56, 57. I have reviewed the circumstances under which each says he came to that belief, and find those circumstances to be plausible. Certainly, there is no basis for concluding that either Mr. Wisniewski or Mr. English was acting in bad faith, as opposed to merely mistaken, when representing that Mr. Lapinski would lose a day's wages if his deposition were adjourned. Moreover, the representation was made on behalf of a client, and did not impede this court's power to manage this case. Because I conclude there was no intentional misconduct or bad faith and no prejudice to defendants, and because counsels' misstatement was corrected shortly after it was made, sanctions are not warranted. *See McMunn v. Memorial Sloan-Kettering Cancer Ctr.*, 191 F. Supp. 2d 440, 461 (S.D.N.Y. 2002) (citing the factors for a court to consider in determining whether a fraud upon the court has been committed).

### C. Misrepresentations Regarding the Calculation of Damages

Defendants' second argument in support of sanctions focuses on plaintiffs' revised damages calculations (the "charts"). Before they were deposed, plaintiffs provided defendants with charts setting forth the damages they seek and verifications attesting to the charts' accuracy. Docket Entry 51, Exhibits B and C. Defendants allege that there are inaccurate and unjustified entries on the charts, and that plaintiffs – despite having verified the accuracy of the charts – were unable to explain the calculations in them at their depositions. Orner Decl. dated 9/29/08 pp. 8-10, Docket Entry 48. Defendants also object to plaintiffs having recently revised their

5

damages calculations based on the work of an accounting expert they have retained and the production of the new charts only after plaintiffs' depositions were concluded. Orner Reply Decl. dated 10/13/08 ¶¶ 7-9, Docket Entry 52.

For reasons already discussed, defendants' Rule 11 motion must be denied because a separate motion was not filed and an opportunity to correct any inaccurate representations was not provided. Nor are sanctions warranted pursuant to Section 1927 or in the exercise of the court's inherent power. Although it is somewhat disconcerting that plaintiffs' damages were recalculated after plaintiffs were deposed, this in itself hardly constitutes misconduct warranting sanctions. In wage and hour violation cases, a plaintiff's calculation of the damages he claims is typically based on an amalgam of sources, including but not limited to plaintiff's memory and any records he might have, defendant's records, and various statutory provisions, such as those allowing for the recovery of liquidated damages. The calculations can be somewhat complex. The plaintiffs in this case are laborers, and did not prepare the damages charts themselves; rather, the charts produced prior to the depositions were prepared by a paralegal working with plaintiffs' counsel, and the most recently produced charts were prepared by an accounting expert. It is therefore not surprising that plaintiffs were unable to answer detailed questions about the calculations in the charts at their depositions despite having verified them as accurate.

Plaintiffs' counsel has represented that an accounting expert has now reviewed plaintiffs' claims and prepared charts setting forth the damages plaintiffs seek. The charts have been produced and the expert will, of course, be subject to a deposition if defendants seek one. In addition, plaintiffs' counsel has agreed to provide defendants with the last known contact information he has for the paralegal who worked on the charts. The paralegal is no longer

employed by plaintiffs' counsel, but defendants, armed with the paralegal's contact information, may arrange a deposition if they so choose. Finally, plaintiffs have represented that the revised charts are not based on any new factual information provided to the accountant that might warrant further depositions of plaintiffs. Pls.' Mem. in Opp. to Defs' Mot. for Sanctions, Docket Entry 55, at 15. Under these circumstances, the production of the earlier charts, and plaintiffs' inability to answer detailed questions about them, do not demonstrate fraud or bad faith, and do not warrant sanctions.

Defendants also contend that some of the damage claims made in the charts lack a good faith basis. For example, defendants point to certain calculations that they contend include a period of time outside the limitations period applicable to plaintiffs' claims. The examples pointed to by defendants – assuming defendants are correct – do not appear to be ones that will impose any significant cost or prejudice to defendants, and it is not clear that they are present in the latest version of the charts. If, at the conclusion of the litigation, it becomes clear that plaintiffs have pressed claims for which there is not a good faith basis, defendants may renew their motion for sanctions.

**Conclusion**

For the reasons stated above, the aspects of defendants' motion for sanctions that remain pending are denied. I take this opportunity to note, as I have previously, that counsel in this action have filed numerous letters and motions concerned with petty issues and riddled with ad hominem attacks. Counsel are hereby admonished that further motion practice and correspondence in the same vein may result in the imposition of sanctions. Counsel should strive harder to work together in a professional manner, recognizing that each is advocating for an

adverse party, and should focus their efforts more sharply on presenting the merits of the case rather than making repeated challenges to the good faith and professionalism of opposing counsel.

**SO ORDERED.**

        /s/
**Steven M. Gold
United States Magistrate Judge**

**December 18, 2008
Brooklyn, New York**

*U:\eoc 2008\gortat sanctions revised.wpd*