**PHILIP ORNER, C.P.A. J.D.**
CERTIFIED PUBLIC ACCOUNTANT
AND
ATTORNEY AT LAW

72 - 29 137TH STREET
FLUSHING, NEW YORK 11367
(718) 575-9600

514 MAIN STREET
NEW ROCHELLE, NEW YORK 10801
(914) 636-8439

Flushing office
February 26, 2009

Mr. Robert Wisniewski, Esq.
225 Broadway – Suite 612
New York, New York 10007

Re.: Gortat et al v. Capala Brothers, Inc. et al
EDNY Docket No. 07CV3629
<u>Via Facsimile & First Class Mai</u>

Dear Mr. Wisniewski:

  It is truly deplorable that you have now filed another frivolous motion to compel defendants to respond to your latest request of documents and interrogatories on the third amended counterclaim. Once again, you have distorted and misreported the contents of our telephone discussion regarding this motion, and once again, I must point out for the Court and the record your misstatements of facts on your latest application, as you pretend to quote my statements inaccurately and out of context. And that is why our communications must be in letter format without exceptions unless you agree to tape record any discussion which has not been transcribed. It is extremely frustrating to have to keep turning the other cheek for all your flagrant acts of misconduct and unethical behavior, which to this date the Court has condoned without imposing sanctions against you. For the reasons stated below, if you do not withdraw your frivolous latest motion within 21 days of your receipt of this letter, pursuant to Rule 11, we will move for costs and sanctions against you for this frivolous motion.

<u>Request of Production as to Amended Third Counterclaim</u>

  Based on my correspondence of February 18, 2009, which you even attach to your motion, I stated that defendants will provide "....*complete production of documents available as replied by the defendants on the third request of documents*".

  The defendants did provide a table of estimated damages of about $ 300,000, see Exhibit 1, on this third counterclaim at the court conference of January 29, 2009 before Magistrate Hon. Gold, which you acknowledge on the transcript to have received. Any and all documents, as I stated on our telephone conference, will be made available for inspection at defendants' place of business. We even discussed this point on the telephone, and I stated that because I am presently completing the reply on the motion of defendants for partial summary judgments and to dismiss, I will be ready to supervise and schedule such inspection next week. Of course, in misreporting the contents of our discussions, you improperly excluded that portion of the conversation and conference.

  Even more disturbing, at the conference, you did not even raise the only objection to the reply of document request on # 12, and you do not even allege on your letter motion

application of February 19,2009, that you even mentioned it at our telephone conference. Regardless, as per the correspondence of February 18,2009 and the phone conference, you already had assurances that the defendants would have provided you with all documents regarding the third amended counterclaim, and as such your motion on the reply to request of production of documents on the third amended counterclaim is frivolous.

*Additional Interrogatories on Third Amended Counterclaim*

Fed. R. Civ. P. 33(a) states that :

" *Without leave of court or written stipulation, any party may serve upon any other party written interrogatories, not exceeding 25 in number including all discrete subparts,......*"

Plaintiffs falsely state that defendants answered only four of the additional interrogatories. In reality, as per the answers contained on the record, defendants addressed 25 of said interrogatories and provided responses and objections to 25 of said additional interrogatories presented under false pretenses. Furthermore, such service of these interrogatories was not made until December 29,2008, as Fed Ex records confirm, though the date they were printed states December 23,2008.

Here, you had already served at least 25 interrogatories to the defendants over one year ago, and all questions were satisfactory, including the respective objections to some of those questions. In order to avoid the deposition of my clients I had agreed to reply to additional interrogatories . Yet, in your unique devious manner, you accepted that and then requested for more by then requesting the Court rights to depose my clients again, as such application was heard on January 29,2009. Magistrate Hon. Gold granted your request to depose again Robert Capala for the limited area of the amended third counterclaim but denied your request to depose Pawel Capala, who had testified that such threats and his knowledge thereof came from his brother Robert Capala, anyways. Hence, your deception worked to obtain both the additional interrogatories under false pretenses and then your subsequent limited second deposition of my client, Robert Capala.

Plaintiffs' legal counsel also misreported the contents of the phone discussion as to the identity of the defendants' employees who allege such threats, as previously disclosed on the letter of May 2008, when he was specifically told that all such employees listed have knowledge of these allegations of threats and other allegations stated on the amended third counterclaim. Once again, plaintiffs' legal counsel misrepresents the record, which of course is immune of, as there is no transcript of it. And of course, the present court order also provides the plaintiff with rights to depose such employees of the defendant. Defendants would not produce a witness for deposition unless he has direct knowledge and can support the allegations on the third amended counterclaim. Therefore, your argument on your letter motion is totally disingenuous and the responses and objections provided to Interrogatories 1-5 are proper.

On your motion letter application, of course, you neglect to inform the Court of the proper procedural history of this point, and as such was again discussed on the telephone

conference, when I stated that you can now ask under the court order of Hon. S. Gold any proper question you wish as to the amended third counterclaim to Robert Capala at his second deposition, and therefore to answer additional interrogatories when you have such imminent deposition upcoming is a waste of efforts and legal resources. All of these interrogatories in No.6 through 11, as to the (a) type and kind of fraudulent malicious statements, (b) the extent of interference with employees, (c) the type of economic pressure and conspiracy undertaken by plaintiffs, (d) the manner of ill will and wrongful conduct, are all detailed in the third amended counterclaim, which is very precise and the replies provide such answers and replies referring them back to the body of the counterclaim as amended. The answers are there, as referred to Par.51 through 56 of the counterclaim. The answers are adequate. There is nothing vague about the counterclaim, and you fail to point out which specific paragraph is vague at all.

There is no precedent at all cited by you to support your contention that the specifity provided with the replies to this set of interrogatories is inadequate pursuant to Fed.R.Civ.P. 33, and if you want more detail, you have it when you depose Robert Capala and the Capala employees. We are not obligated to write to you and do your deposition work on these witnesses. The sum of their testimony has been adequately answered already.

Interrogatories 12 and 13 have been answered, as well as 14 and 15. The replies are adequate. As to Interrogatory 16, there are dozens and dozens of pages of transcript testimony by both Robert Capala and Pawel Capala as to the jobs they lost and how these losses were documented and what they are, and you have even inspected the defendants' offices on these issues and reviewed the documentation itself and even requested copies. To feign ignorance of these facts is truly abominable. These are the same lost jobs and revenue which you have conducted discovery already. Interrogatory 17 had been adequately replied, except for the additional subparts 'a" and "b", as such are in excess of 25 interrogatories.

Interrogatory 19 is a request of production of documents and as such inappropriate for an interrogatory . And we have already pledged to produce any documents related to the amended third counterclaim for you next inspection, anyways. Again your argument here is disingenuous and meritless.

Even the case you cited on the additional subparts not being counted as additional interrogatories has once again been misreported by you , <u>Theobles v. Industrial Maintenance Co.,</u>248 F.R.D. 483 (D.Virgin Islands, 2006), for such case only holds that subparts asking for identification of employees names related to the main question is not considered an additional interrogatory.

Quite to the contrary, compound questions, as you have presented here on the third amended counterclaim interrogatories, with four to five subparts for each interrogatory , are counted separately within its parts, as per <u>Banks v. Office of Senate- Sargent-at-Arms,</u> 222 F.R.D.7 (DDC.2004) and <u>Nyfield v. Virgin Island Telephone Co.,</u> 200 F.R.D. 246 , (D. Virgin Islands, 2001)<u>.</u>

Based on the procedural posture of this case now, your application is unnecessary, burdensome and filed in bad faith for ulterior purpose, as per <u>De Bruce v. Remm.R.Co.</u>

(E.D.Pa.,1947), 6. F.R.D. 403 (E.D.Pa., 1947). This application is not to obtain discovery because all needed discovery is now available based on present court orders and agreement by the defendants to produce discovery. Hence, your application is for ulterior motives, such as unnecessarily harassing defendants and their legal counsel, especially in time when such legal counsel is engaged in motion practice and appeal practice simultaneously in this same very case. If you truly seek additional specifity, the deposition of Robert Capala and the Capala employees will provide it as to the third amended counterclaim, as such additional depositions are limited to this point and this point only.

     As in this case you have the upcoming deposition of Robert Capala, and the defendant did answer with objections 25 of the additional interrogatories presented under false pretenses, you seek to abuse of two consecutive discovery devices, which is preceded by this frivolous motion to compel on the additional interrogatories in excess of 25, for double reasons, and such abuse of discovery is improper per <u>Breeland v. Yale & Towne Mfg. Co.,</u>, 26 F.R.D. 119 (E.D.N.Y.,1960) . The purpose of discovery is being clearly abused here by plaintiffs.

     Should you not withdraw your motion within 21 days of receipt of this letter, we will cross-move for sanctions under Rule 11.

     Sincerely,

          Philip Orner

Cc; Hon. Magistrate Gold