ROBERT WISNIEWSKI (RW-5308)
ROBERT WISNIEWSKI P.C.
Attorneys for Plaintiffs
225 Broadway, Suite 1020
New York, NY 10007
(212) 267-2101

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X
MIROSLAW GORTAT, HENRYK BIENKOWSKI, GRZEGORZ
DRELICH, MIROSLAW FILIPKOWSKI, ARTUR LAPINSKI
JAN SWALTEK EDMUND KISIELEWICZ, ARTUR
KOSIOREKand HENRYK STOKLOSA on behalf of
themselves and on behalf of all others similarly situated,

                                 Plaintiffs,

                                **Docket No.:**
                                **1:07-cv-03629-ILG-SMG**

     – against –

CAPALA BROTHERS, INC. PAWEL CAPALA and
ROBERT CAPALA,

                                 Defendants.
----------------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE DEFENDANTS'
REPLY OR IN THE ALTERNATIVE TO BE PERMITTED TO FILE A SUR-
REPLYAND FOR THE RECOVERY OF ATTORNEYS' FEES AND COSTS IN THIS
ACTION**

-1-

## STATEMENT OF FACTS

### 1.    *Procedural History as Related to this Application*

This is an action by Plaintiffs for money damages for unpaid wages and unpaid overtime

wages on behalf of themselves and other employees who are similarly situated under the Fair

Labor Standards Act, the Portal-to-Portal Act, the New York Minimum Wage Act, The New

York Labor Law and the relevant wage orders promulgated thereunder. Plaintiffs are workers and

tradesmen who were employed by Capala Brothers, Inc. (the "Corporate Defendant") as roofers,

bricklayers, masons, building laborers, drivers, foremen and other manual workers with the same

or similar duties, who regularly worked over forty (40) hours per week, but were not

compensated properly for all the hours they worked and for overtime hours. The Corporate

Defendant provides construction goods and services in the City of New York and its environs.

The Individual Defendants, Pawel Capala and Robert Capala, are the officers, shareholders,

managers and/or majority owners of the Corporate Defendant and are being sued as "employers"

of Plaintiffs within the meaning of the FLSA and New York Labor Law. Plaintiffs are suing the

Corporate Defendant and Individual Defendants individually and collectively, and are holding

them jointly and severally liable for all their claims.

Plaintiffs bring this motion to strike Defendants' reply in support of their motion for

summary judgment and motion to dismiss ("reply in support") because of Defendants' blatant

disregard of a Court order directing them to cease making ad hominem attacks against Plaintiffs

and their counsel or in the alternative to be permitted to file a sur-reply. Plaintiffs also move for

sanctions against Defendants' counsel, Felipe Orner, for violating two court orders, unreasonably

multiplying this action, and for the unremitting use of invective against Plaintiffs and their counsel. Merely two (two!) days prior to Defendants filing their reply Magistrate Judge Steven Gold admonished Defendants for making personal attacks against Plaintiffs' counsel and struck their opposition to Plaintiffs' motion to compel (with leave to refile properly) as a result of Defendants' use of invective in reference to Plaintiffs' counsel. Docket No.: 107, attached to Declaration of Robert Wisniewski as **Exhibit 3**. Yet despite an express Court order criticizing Defendants for making personal attacks, Defendant' reply contained the worst ad hominem attacks against Plaintiffs and their counsel since this case began. And while Defendants' most recent attacks may be the worst attacks on record, they are hardly the first time Mr. Orner's "pen has been dipped in vitriol rather than ink." *U.S. v. Kimberlin*, 898 F.2d 1262, 1266 (7th Cir.,1990).

The long and tortured procedural history of this case is well-known to the Court but bears repeating. Plaintiffs filed their summons and complaint on August 29, 2007. Defendants answered and made four (4) counterclaims on October 18, 2007. (Docket No. 6). Plaintiffs moved to dismiss the second, third, and fourth counterclaims on November 19, 2007 (Docket No. 9) and answered the first counterclaim on December 17, 2007 (Docket No. 13). Subsequently, on January 2, 2008, Defendants filed a motion for partial summary judgment and to dismiss certain claims in the complaint. (Docket No. 15-16). Plaintiffs opposed on January 17, 2008. (Docket No. 18). At a February 6, 2008, Judge Gold informed Mr. Orner that he could not bring a summary judgment motion before discovery is taken on those claims or reference exhibits in a motion to dismiss that were not attached to the complaint. As a result, Mr. Orner agreed to hold his motion in abeyance until after discovery was completed. Defendants appealed Judge

Gold's decision on February 12, 2008, which was denied on March 19, 2008. *See*, **Exhibit 5** attached to the Declaration of Robert Wisniewski.

Discovery proceeded in this action and on April 18, 2008, Judge Gold permitted the parties to file a motion to compel for any outstanding discovery after engaging in a meet-and-confer discussion, which occurred on May 7, 2008. Both parties did so, but Defendants' motion included a motion for sanctions on May 15, 2008, alleging, *inter alia*, violations of an apparent dress code because Plaintiffs' counsel was dressed "informally in a mock black tee shirt with short sleeves while [Mr. Orner] was dressed appropriately with a suit and tie" at a *sue sponte* meeting in Plaintiffs' counsel's office. (Docket No: 25, p. 1 attached to Declaration of Robert Wisniewski as **Exhibit 6**). Mr. Orner's May 23, 2008 reply repeated this charge. (Docket No: 31, p. 1, attached to Declaration of Robert Wisniewski as **Exhibit 7**).

On June 24, 2008, Judge Gold denied the motion for sanctions and made note that he had "never, in fifteen years on the bench, read a letter in which one lawyer complained of another's attire" and that "he has not often read correspondence where lawyers question each other's credibility and ethics." (Transcript of a hearing before Judge Gold on 6/25/08 at 41:21-22 attached to Declaration of Robert Wisniewski as **Exhibit 8**). As is more throughly explained in the declaration of Robert Wisniewski, from that date until September 29, 2008, Mr. Orner continued to use viturpative language in letters to the Court and letters to counsel.(e.g., Docket No: 35, attached to Robert Wisniewski **as Exhibit 33**)

On September 29, 2008 Defendants filed an omnibus motion, which moved for Plaintiffs' counsel's disqualification for allegedly committing fraud on the Court and for sanctions. The motion also contained new exhibits for Defendants' motion to dismiss and for partial summary

judgment that was filed in January. (Docket No: 48). Drawing the most negative inferences possible, Defendants made a number of wild allegations including that Plaintiffs' counsel purposely lied to the Court about a Plaintiffs' current work status and that Plaintiffs frivolously served more than one set of damages calculations. (See, Defendants' motion, Docket No: 48, pgs. 3-6, 8-10, attached to Declaration of Robert Wisniewski as **Exhibit 11**). At the October 16, 2008 conference Judge Gold strongly denied Defendants' motion to disqualify as wildly inconsistent with the principles governing disqualification and also denied Defendants' motion for sanction. However, he permitted Plaintiffs to respond to two of Defendants' allegations: (1) that Plaintiffs intentionally misrepresented Plaintiff Lapinski's employment status to the Court and (2) that, allegedly due to sloppy work, Plaintiffs needed to serve four sets of damages calculations. ***Id.*** at 26:5-26:17.

On October 23, 2008 Plaintiffs filed their opposition to Defendants' motion for sanctions, explaining the circumstances that led to Plaintiffs' counsel's representation of Plaintiff Lapinski's employment status, as well as the need to serve multiple damages calculations. (Docket Nos: 55-57) On October 28, 2008 and October 30, 2008, Defendants filed almost 900 pages in reply, which were littered with ad hominem attacks. (Docket Nos: 59-60), including the following comments: "It should be further pointed out that Mr. Wisniewski' [sic] unethical and improper conduct worthy of costs and sanctions is further exemplified...."  (Docket No. 60 attached to Declaration of Robert Wisniewski as **Exhibit 13**, at ¶9). "Hence, this Court is made aware of this devious, deliberate attempt by Mr. Wisniewski to corrupt the entire discovery process and the deposition process of the plaintiffs, by making them basically meaningless as to the damages claimed by them." ***Id.*** at ¶11. On October 28, 2008 Defendants appealed Judge

Gold's dismissal of their motion to disqualify Plaintiffs' counsel. This appeal contained multiple

personal attacks against Plaintiffs, their counsel, and even Judge Gold, including calling Judge

Gold's ruling "bizarre and puzzling indeed."  (*See* Docket No: 58 attached to Declaration of

Robert Wisniewski as **Exhibit 14**, in particular ¶¶4, 5,6, 7, and 11).

     Subsequently, On November 12, 2008, the Court dismissed Defendants second, third, and

fourth counterclaims, but granted leave to amend their third counterclaim. (Docket No: 67) and

on December 8, 2008, Defendants amended their third counterclaim. (Docket No: 69). In

response to the new allegations in that counterclaim, Plaintiffs served interrogatories and

document requests on Defendants regarding the new allegations contained in the amended

counterclaim.

     On December 18, 2008, Judge Gold denied Defendants' sanction motion, accepting

Plaintiffs' description of the circumstances leading to Plaintiffs misinforming the Court of

Plaintiff Lapinski's employment status and the need to serve multiple sets of damages

calculations. Judge Gold criticized counsel for making ad hominem attacks and warned that

sanctions may be imposed if counsel do not curtail the use of ad hominem attacks. (Docket No:

75, attached to Declaration of Robert Wisniewski as **Exhibit 15**, pgs. 7-8). In response, on

December 31, 2008, Defendants filed an appeal of Judge Gold's decision, which was

Defendants' third appeal of Judge Gold's decisions to the Court.  (Docket No: 77, attached to

Declaration of Robert Wisniewski as **Exhibit 16**).

     On January 7, 2009, Defendants filed a letter threatening sanctions if Plaintiffs do not

withdraw interrogatories served on the individual Defendants.(Docket No: 79 attached  to

Declaration of Robert Wisniewski as **Exhibit 17**). On January 8, 2009, Judge Glasser denied

Defendants' appeal of Judge Gold's December 18, 2008 order (Docket No: 81 attached to Declaration of Robert Wisniewski as **Exhibit 18**) and on January 13, 2009, Judge Glasser denied Defendants' October 28, 2008 appeal and admonished Defendants for filing papers with wildly unsubstantiated assertions and personal attacks against Judge Gold. The Court specifically referenced Mr. Orner's remarks at the October 16, 2008 conference including exclaiming "what kind of Court is this...?" after Judge Gold issued a ruling Mr. Orner did not approve of. (Docket No: 83 attached to Declaration of Robert Wisniewski as **Exhibit 19** at pgs. 3-4).

Subsequently, and in accordance with a Court order, Defendants refiled their motion for partial summary judgment and for dismissal of certain claims on January 15, 2009, which. Plaintiffs opposed on February 13, 2008. On January 29, 2009, Judge Gold required the parties to meet and confer on Plaintiffs' discovery demands related to the amended third counterclaim and permitted Plaintiffs to file a motion to compel if necessary. (*See*, Order from Status Conference held on January 29, 2009). Judge Gold also directed Mr. Orner to Fed.R.Civ.P.54(b), which indicates that the Court of Appeals lacks jurisdiction over Defendants' appeal. *See*, Tr. of Conference held on January 29, 2009, 42:21-43:3 attached to Declaration of Robert Wisniewski as **Exhibit 4**. Subsequently, on February 18, 2009 the parties conferred via telephone, during which Mr. Orner called Plaintiffs' discovery requests "nonsense" and "a waste of time" and told Plaintiffs to file a motion. Consequently, on February 19, 2009, in accordance with Judge Gold's order, Plaintiffs filed a motion to compel Defendants to respond to Plaintiffs' requests. (Docket No: 105) On February 26, 2009 Defendants shot back with a letter to Plaintiffs' counsel littered with ad hominem attacks against Plaintiffs' counsel, which was also filed via ECF, and threatened sanctions. (Docket No: 106 attached to Declaration of Robert Wisniewski as **Exhibit**

**20**, pgs. 1, 2, and 3). In response, on the same date, Judge Gold issued an order chastising Mr. Orner for making ad hominem attacks. Judge Gold recalled that he warned counsel on December 18, 2008 counsel to cease making personal attacks and that counsel were threatened with sanctions if such attacks continued. Judge Gold also pointed out that Plaintiffs' submission did not contain such attacks and expressed dismay that Mr. Orner's submission contained abusive language despite repeated warnings not to do so.  As a result, Judge Gold required Defendants to resubmit their opposition without such language. (Docket No: 107 attached to Declaration of Robert Wisniewski as **Exhibit 3**).

On February 28, 2009, barely two(!) days after Judge Gold issued an order chastising them for filing documents containing personal attacks, Defendants filed the Reply in Support (**Exhibits 1, 2** attached to the Declaration of Robert Wisniewski), which included a sixty three (63) page declaration by Mr. Orner (**Exhibit 1**) and a thirty (30) page memorandum of law (**Exhibit 2**) that contained some of the most virulent ad hominem attacks on record. (Docket No: 111-116). Mr. Orner's declaration in particular was littered with particularly egregious invective and also attempted to impugn Plaintiffs' counsel good character by recycling old, previously disposed of, charges, including that Plaintiffs' counsel misrepresented Plaintiff Lapinski's employment status, which had been previously litigated and resolved. Defendants' memorandum of law is tame by comparison but is hardly lacking jeremiads. A nonexhaustive list of ad hominem attacks against Plaintiffs' counsel in Mr. Orner's declaration is provided below:

1)  "Yet, this Court has not seen fit to disqualify Mr. Wisniewski since such improper conduct by him does not rise to the level required by precedent to have the plaintiffs be deprived of their choice of legal counsel. In that respect, plaintiffs chose well an attorney who follows their own set of conducts [sic] and lack of ethics."Affirmation of Felipe Orner, attached as **Exhibit 1** at ¶20.

-8-

2)    "Plaintiffs' legal counsel has continuously dawdled on this case, to the extent of having requested the extension of discovery deadlines on three different such deadlines. And now, in light of his excuses of vacations, personal reasons and office management, which has proven to be false again...." *Id.* at ¶21.

3)    "This is further evidence of the lack of ethics of Mr. Wisniewski. But seeking sanctions in this Court for such conduct has proven to be fruitless, and such will not be sought at the present time." *Id.* at ¶22.

4)    "Yet, because of such unethical practices of Mr. Wisniewski, this legal counsel has had no recourse but require that all communication between the parties, including conferencing and scheduling, be in writing." *Id.* at ¶23.

5)    "Yet he knowingly and falsely extends a potential frivolous class action for employees hired in 2007, after August, in 2008 and 2009." *Id.* at ¶24.

6)    "Continuing his deliberate false representations to the Court, Mr. Wisniewski then purposely misstated the significance of the produced purchase orders." *Id.* at ¶27.

7)    "The shockingly false declaration by Mr. Wisniewski just follows the same pattern of disregard for the truth in this litigation, which the Court has condoned to this date." *Id.* at ¶38.

8)    "It is interesting that Mr. Wisniewski is counting on the short side memory of this Court because the sanction and disqualification motions by defendants that were denied by this Court...." *Id.* at ¶59.

9)    "Mr. Wisniewski has deliberately and unnecessarily prolonged the discovery stage of these proceedings, with three (3) extensions of deadlines established by this Court. Obviously, the business side of his vested interest of this litigation bars him from now proclaiming that he can independently and properly represent the interests of the putative potential class." *Id.* at ¶147.

10)   "In addition, this ligation has already a proven procedural history of proven tack record of Mr. Wisniewski acting unethically on several instances and on several different aspects of this litigation. Though such improper conduct has not risen to the level of imposing costs and sanctions as this Court has already determined, or even disqualifying him due to high bar set by the precedents cited on the previous courts orders, the morality and ethical necessary to be a class action legal counsel does not rise to that high level of the bar."*Id.* at ¶151.

11)   "The previous motions for sanctions are replete with a long list of such unethical conduct by this legal counsel." *Id.* at ¶152.

12)     "Shamelessly, plaintiffs still cite the superceded case of <u>Anderson v. Mt. Clemens</u> <u>Pottery Co.</u>, 328 U.S.A. 680 (1946) without noting that case has been superceded by the Portal-to-Portal Act." *Id.* at ¶156[1]

13)     "And yet, plaintiffs failed to cite <u>Carter v. Panama Canal Co.</u>, 463 F.2d 1289 (Dist. Colombia Cir. 1972) An experienced attorney as Mr. Wisniewski surely knows this fact on the law and yet he totally excluded it from his affirmation." *Id.* at ¶157.

Defendants' memorandum, while lacking the extreme invective in Mr. Orner's declaration, contains its own share of ad hominem attacks against Plaintiffs, their counsel, and, arguably, Judge Gold. For example, Defendants claim that Plaintiffs' counsel made a comment regarding the numerosity of the class at a December 10, 2007 conference. Defendants failed to attach portions of that transcript in their motion. To explain their behavior, Defendants claim that they spoke to a clerk in Judge Gold's chambers and "that such conference was *inexplicably* not recorded." **Exhibit 2** at 18 (Emphasis added). Defendants also state that the class members would not want the Plaintiffs to be their representatives as they consider them "criminals, alcoholic [sic], abusive foremen and liars." *Id.* at 20. Another example is "when plaintiffs' legal counsel received this lie from his ring leader, he just made it even bigger. And that is what happens with tall tales." *Id.* at 25-26.

Defendants' reply also, for the first time, presented multiple new arguments, included over a dozen new affidavits in support of their motion and made wild and unsupported allegations that Plaintiffs are unable to respond to. In particular, Defendants attempted to impugn

---

[1]     Although parts of the <u>Mt. Clemens</u> case were indeed superceded by the Portal-to-Portal Act, Plaintiffs cite to other parts of the <u>Mt. Clemens</u> case, having to do with the shifting of the burden of proof in the absence of an employer's proper payroll records, which the Act did not supercede.

the credibility of some of Plaintiffs' evidence by concocting a story that Plaintiffs' counsel attempted to obscure the truth of certain evidence. Declaration of Philip Orner attached to Declaration of Robert Wisniewski as Exhibit 1 at ¶¶27-34. Given this Court's individual rules prohibiting sur-replies, Plaintiffs are unable respond to Defendants' allegations.

As detailed more throughly in Declaration of Robert Wisniewski at ¶24-25, Defendants have made personal attacks against Plaintiffs and their counsel throughout the course of these proceedings. Defendants' correspondence to Plaintiffs' counsel also contain invective, threats of sanctions, and personal attacks. *Id.* at 24. Finally, as recognized by this Court, Defendants also have directed their vitriol towards Judge Gold. *Id.* at 25.

Plaintiffs now move to strike Defendants' reply in support of its motion for partial summary judgment and motion to dismiss under the Court's inherent power to punish misconduct and Fed.R.Civ.P.16. Plaintiffs also move for sanctions against Mr. Orner under the Court's inherent power, 28 U.S.C. § 1927 for unreasonably and vexatiously multiplying, and for engaging in uncivilized conduct throughout the length of, this litigation. In the alternative, if Defendants' submission is not stricken, Plaintiffs respectfully request the opportunity to file a sur-reply responding to Defendants' new arguments and allegations.

[No more text on this page]

-11-

## ARGUMENT

**1.** ***Defendants' Repeated Use of Ad Hominem Attacks, Despite Two Court Order Admonishing Him For Using Such Language Justifies Striking Defendants' Lastest Submission and Sanction Against Defendants and Their Counsel***

### A. General Principles Governing the Imposition of Sanctions and Striking a Submission

Courts possess the power to sanction parties and their counsel. First, 28 U.S.C. § 1927 states that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. To impose sanctions under this statute, the court must make a finding of bad faith. *See*, *Gortat v. Capala Bros.*, 2008 WL 5273960 at *2 (E.D.N.Y., December 18, 2008) *citing* *Messer v. Fahnestock & Co. Inc.*, 2008 WL 4934608 at *19 (E.D.N.Y. November 18, 2008). Courts may infer bad faith "when the actions taken are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose." *Reichmann v. Neumann*, 553 F.Supp.2d 307, 321 (S.D.N.Y., 2008), *ACLI Government Securities, Inc. v. Rhoades*, 907 F.Supp. 66, 71 (S.D.N.Y., 1995)(awarding sanctions under this statute because of a party's "propensity for meritless arguments")

Further, Fed.R.Civ.P.16(f)(1)(C) permits courts to "issue any just orders" against a party of its attorney for failing to obey a pre-trial court order. Under this Rule, the Court must impose, among other potential sanctions, that "the party, its attorney, or both to pay the reasonable

expenses — including attorney's fees — incurred because of any noncompliance with this rule." Fed.R.Civ.P.16(f)(2). *See*, *e.g., Lee v. Trans Union LLC*, 2007 WL 1098697 at *3 (S.D.N.Y. April 9, 2007)(requiring pro se litigant to cover expenses resulting from his failure to abide by two court orders), *Koehl v. Greene*, 2008 WL 2690268 at *5-6 (N.D.N.Y., June 30, 2008)(ordering that pre-trial submissions containing ad hominem attacks be stricken from the record).

Finally, it is beyond cavil that courts have inherent discretion to fashion specific sanctions for violating court orders. The existence of 28 U.S.C. § 1927 and Fed.R.Civ.P.11 do not displace the traditional inherent power possessed by courts to impose sanctions. *See*, *Chambers v. NASCO, Inc.*, 501 U.S. 32 (U.S., 1991). "These powers are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Yurman Studio, Inc. v. Castaneda*, 2009 WL 454273 at *2 (S.D.N.Y., February 23, 2009) quoting *Chambers*, *supra*, 501 U.S. at 43 (internal quotations omitted). This inherent power to sanction is recognized in this jurisdiction in Local Rule 1.5(f). *U.S. v. Seltzer*, 227 F.3d 36, 39 (2d Cir. 2000). In the exercise of this inherent power, courts may only sanction attorneys for misconduct if they make an explicit finding of bad faith. *Gortat*, *supra*, 2008 WL 5273960 at *2. Even absent a finding of bad faith, however, courts may also impose sanctions for violations of a court order. *Gortat*, *supra*, 2008 WL 5273960 at *2 *citing U.S. v. Seltzer*, 227 F.3d 36, 41-42 (2d Cir. 2000) . Such sanctions include striking a movants' reply memorandum if the movant violates a court order specifically directing him to refrain from making ad hominem attacks against his adversary. *Boese v. Slaughter*, 2007 WL 1071924 *2 (D.Mont., March 5, 2007) *aff'd Boese v. Slaughter*, 2009 WL 567875 (9th Cir.,

-13-

March 6, 2009).

### B.      Ethical Obligations to Refrain From Using Ad Hominem Attacks

Notwithstanding two explicit court orders requiring Mr. Orner to refrain from making

personal attacks, Mr. Orner, as a member of the New York bar, has an ethical obligation to file

documents that not contain ad hominem attacks and other abusive language. Courts have

imposed sanctions on attorneys because of violations of disciplinary rules. ***Macdraw, Inc. v. CIT***

***Group Equipment Financing, Inc.***, 994 F.Supp. 447 (S.D.N.Y., 1997). New York's

Disciplinary Rules require lawyers to "act in a civil manner" and prohibits  "disparaging personal

remarks and acrimony toward other counsel...." ***See***, Appendix to the Code of Professional

Responsibility, 1.A and 1.B. Defendants' long history of ad hominem attacks, abusive language,

and jeremiads, which are listed in the Declaration of Robert Wisniewski at ¶¶21-23, clearly run

afoul of this rule.


### 2.      *Defendants' Reply in Support of Their Motion for Partial Summary Judgment and to Dismiss Should be Stricken for Violating a Court Order and For Containing Egregious Personal Attacks on Plaintiffs' Counsel*

As listed in greater detail above, Defendants' reply memorandum and Mr. Orner's

affirmation are replete with personal attacks against Plaintiffs and their counsel. These attacks

are particularly brazen given that merely *two days earlier* Judge Gold had stricken Defendants'

opposition to Plaintiffs' motion to compel for, in part, ad hominem attacks against Plaintiffs'

counsel. Further, this submission is not the first of its kind. Defendants' counsel has engaged in

ad hominem attacks in filings before the Court and correspondence between counsel since the

beginning of this action. ***See***, Declaration of Robert Wisniewski ¶¶24-25 and Exhibits attached

-14-

thereto. Accordingly, Defendants' reply in support of their motion should be stricken and Defendants should have to resubmit their reply without invective.

The facts in ***Boese*** are particularly illustrative. A pro se plaintiff filed a motion to strike affidavits attached to defendants' summary judgment motion. Plaintiff's reply in support of his motion to strike was full of ad hominem attacks against the affiant as well as opposing counsel. Since plaintiff had previously been warned to avoid filing documents with ad hominem attacks, the Court exercised its inherent power to impose sanctions on the parties and struck plaintiff's reply as a sanction for his repeated use of invective and abusive language. ***Boese***, *supra*, 2007 WL 1071924 at *3.

Unlike the Plaintiff in ***Boese***, who was pro se, Mr. Orner is an attorney with approximately twenty (20) years of experience who should have a better understanding of his obligations as an officer of the Court to abide by multiple court orders, as well as his professional responsibilities under the CPLR, requiring him to refrain from using invective against Plaintiffs and their counsel. Yet, by filing a submission replete with ad hominem attacks, Mr. Orner ignored three specific Court orders criticizing his use of ad hominem attacks in this case. First, Judge Gold warned counsel to refrain from ad hominem attacks on December 18, 2008. Subsequently, on January 13, 2009, the Court chastised Mr. Orner for making ipse dixit allegations and using abusive language towards Judge Gold. And finally, just two days before Defendants filed their reply, Judge Gold struck Defendants' opposition to Plaintiffs' motion to compel for personal attacks against Plaintiffs' counsel that pales in comparison to the language employed by Defendants in their reply, which includes repeated allegations of Plaintiffs' alleged lack of ethics, "shockingly" false statements to the Court, and disregard for the truth. It also

refers to how the Court has "condoned" Plaintiffs' counsel's alleged misconduct.

Although the Court need not make a finding of bad faith prior to imposing a sanction for violating a court order, the above conduct clearly evidences bad faith. ***Lewis v. Duff***, 2008 WL 4224486 at *5 (D.Nev., September 4, 2008)(finding that "substituting ad hominem attacks and unsupported screeds for argument implicates a bad faith use of the judicial system"). Mr. Orner filed an invective laden motion merely two (2) days after being sanctioned for the same behavior by the Judge Gold. Judge Gold's admonishment expressly stated that he warned the parties previously to avoid making ad hominem attacks and that Mr. Orner ignored that warning. By ignoring two specific warnings by Judge Gold against making personal attacks,  Defendants clearly show a complete disregard of Judge Gold's orders, a disregard that only be the result of bad faith. ***Handwerker v. AT & T Corp.***, 211 F.R.D. 203, 209 (S.D.N.Y., 2002)(finding that a disregard of court orders is sufficient evidence of bad faith).

Defendants' counsel's use of invective also violates the Disciplinary Rules requiring counsel to be civil towards one another.  ***See***, Appendix to the Code of Professional Responsibility, 1.A and 1.B. Claims that Plaintiffs' counsel lacks ethics, intentionally lies to the Court, and has his clients file perjurious affidavits are clearly not acting civilly towards opposing counsel and justify sanctions. ***Macdraw***, *supra*, 994 F.Supp. at 447.

Accordingly, the Court should strike Defendants' reply for violating a number of Court orders that specifically prohibit Defendants from using abusive language and for their continuos ah hominem attacks against Plaintiffs' counsel throughout the course of these proceedings.

-16-

**3.      In the Alternative, if the Court Decides Not to Strike Defendants' Reply, Plaintiffs Request that this Court Permit Plaintiffs to File a Sur-Reply To Respond To Defendants' New Arguments and Issues**

As stated above, Defendants' reply includes a number of new arguments and issues that were not brought up in Defendants' initial brief. Specifically, Defendants included multiple affidavits from former and current employees attacking the good character of Plaintiffs and making claims about Defendants' work hours. These affidavits were not included in Defendants' original brief. Defendants also made allegations regarding Plaintiffs' desire to obscure the truth from the Court. Accordingly, Plaintiffs should be permitted to file a sur-reply to respond to Defendants' new allegations and arguments. *Bayway Refining Co. v. Oxygenated Marketing and Trading A.G.*, 215 F.3d 219, 227 (2nd Cir., 2000) *quoting Litton Industries, Inc. v. Lehman Bros. Kuhn Loeb Inc.*, 767 F.Supp. 1220, 1235 (S.D.N.Y., 1991)("Where new evidence is presented in a party's reply brief or affidavit in further support of its summary judgment motion, the district court should permit the nonmoving party to respond to the new matters prior to disposition of the motion.").

**4.      Mr. Orner Should be Sanctioned Personally for the Attorneys' Fees and Costs Accrued by Plaintiffs in This Litigation**

Finally, Mr. Orner should also be personally sanctioned for the attorneys' fees and costs incurred in this litigation. First, as described in further detail in the Declaration of Robert Wisniewski at ¶¶24-25, Mr. Orner has been making ad hominem attacks against Plaintiffs' counsel in letters since as early as November 2007. Defendants' counsel racheted up the venomous language in May 2008 and has continued using invective to date, despite repeated warnings by Judge Gold to refrain from doing so and threatening sanctions if the abuse continued. But despite these warnings, one of which came *two* days before Defendants' reply in

-17-

support, Mr. Orner continued to use such language, most recently in his declaration in support of his reply in support of his partial summary judgment motion.

Mr. Orner has also "multiplie[d] the proceedings in [this] case unreasonably and vexatiously" under 28 U.S.C. § 1927 and should be required to compensate Plaintiffs for "the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." As stated above and more throughly in Plaintiffs' counsel's declaration in support of this motion, Defendants' counsel has engaged in a scorched earth method of litigation and has filed multiple meritless and unnecessary motions that could only be designed to harass Plaintiffs and increase their attorneys' fees and costs. To date, Mr. Orner has filed a motion for partial summary judgment, a motion to dismiss, a motion to compel, a motion to disqualify Plaintiffs' counsel, multiple sanctions motions, and three appeals of Judge Gold's decisions. Defendants' motion to disqualify counsel was deemed "nonsense" by Judge Gold and denied prior to Plaintiffs offering any opposition, yet Mr. Orner determined it worth his time (and Plaintiffs' counsel and the Court's time apparently) to file a "tediously long [appeal] replete with ipse dixit assertions of error and an avoidance of the legal principles upon which Judge Gold denied the disqualification motion." *See*, Docket No: 83 attached to Declaration of Robert Wisniewski as **Exhibit 19** at pgs. 2-3). Appealing Judge Gold's denial of so frivolous a motion can only be the result of bad faith and is a sufficient basis to warrant imposing sanctions under 28 U.S.C. § 1927. ***See***, ***Davey v. Dolan***, 292 Fed.Appx. 127, 128 (2nd Cir., 2008)(requesting that appellant show cause why he should not be sanctioned for filing a frivolous appeal).

Mr. Orner has also generally objected to the overwhelming majority of Plaintiffs' discovery requests, forcing Plaintiffs to request judicial intervention on a number of occasions.

Further, Mr. Orner filed four counterclaims, two of which are clearly meritless and were dismissed by this Court on November 12, 2008 because they do not state a claim. Finally, Mr. Orner, in direct contravention of Fed.R.Civ.P. 54(b), filed an appeal to the Second Circuit on Defendants' dismissed counterclaims, and has refused to withdraw their appeal despite being specifically directed to this Rule by Judge Gold at the January 29, 2009 conference.. ***See***, Tr. of Conference held on January 29, 2009, 42:21-43:3 attached to Declaration of Robert Wisniewski as **Exhibit 4**. The totality of Mr. Orner's conduct, which is to challenge everything no matter what the cost, and to file appeals of decisions, even when the appeals have no chance of success, shows a manifest desire to increase Plaintiffs' litigation costs, and should be sanctioned.

[No more text on this page]

## CONCLUSION

In accordance with the foregoing, Plaintiffs respectfully request that this Court issue an order:

(a)    pursuant to Fed.R.Civ.P.16 and the Court's inherent power to sanction parties to strike Defendants' reply in support of their motion for partial summary judgment and to dismiss some of Plaintiffs' claims; and

(b)    pursuant to 28 U.S.C. § 1927 and the Court's inherent power to sanction parties ordering Defendants' counsel to compensate Plaintiffs for attorneys' fees and costs in this litigation; and

(c)    in the alternative to file a sur-reply so that Plaintiffs can respond to the new allegations made in Defendants' reply; and

(d)    any relief the Court deems just.

Dated: New York, NY
       March 13, 2009

                            Respectfully submitted,

                            --------------/s/----------------------------

                            _____

                            Robert Wisniewski (RW- 5308)
                            Attorney for Plaintiffs
                            Robert Wisniewski P.C.
                            225 Broadway - Suite 1020
                            New York, New York 10007