UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
MIROSLAW GORTAT, HENRYK BIENKOWSKI,
GREGORZ DRELICH, MIROSLAW FILIPKOWSKI,
ARTHUR LAPINSKI and JAN SWALTEK, on behalf          **Docket No. 07-cv-3629**
Of themselves and on behalf of all other situated,

                                        Hon. Leo Glasser
                          Plaintiffs,     Mag.J. Steven Gold
    -against-

CAPALA BROTHERS, INC., PAWEL CAPALA
And ROBERT CAPALA,

                          Defendants .
-----------------------------------------------------------------------X


**SUPPLEMENTARY MEMORANDUM OF LAW**
**BASED ON COURT DIRECTIVE OF APRIL 20,2009**
**AS TO SANCTIONS UNDER 28 U.S.C. SEC. 1927 AGAINST DESCRIPTION OF**
**FALSE DECLARATIONS BY OPPOSING COUNSEL, WITHOUT REGARD AS**
**TO THE GOOD FAITH OF THE APPLICABLE DESCRIPTION AND/OR WITHOUT**
**REGARD AS TO THE TRUTH OF THOSE DESCRIPTIONS ON SAID**
**DECLARATIONS BEING UNTRUE**

## PRELIMINARY STATEMENT

Based on the recommendation by Hon.I.Leo Glasser on the hearing of April 20,2009 that a short additional memorandum of law be prepared on the issue of the imposition of sanctions against defendants' legal counsel under 28 U.S.C. Sec. 1928 as to alleged derogatory comments made on the reply affidavit by defendants' counsel on the underlying motion for summary judgment and other relief, which are addressed in detail on the opposition of such motion and the memorandum of law by the defendants in opposition, there is no precedent on this statute, as established by the Court of Appeals-Second Circuit and other courts, to impose such sanctions on such statements made without first determining the lack of good faith or reasonableness of such statements by a legal counsel. For such conduct to be held vexatious, there must be both lack of colorable basis for such action, in this case, statements made , and evidence of bad faith for uttering such statements.   Therefore, the underlying truth on such statements must be first evaluated under such two pronged test, and still if in doubt, when the facts are in questions, counsel must be given opportunity on an evidentiary hearing to prove the good faith and/or reasonableness of what the Court on April 20,2009 characterized as derogatory, ad hominem personal attacks, invective remarks about plaintiffs' legal counsel.   In this case, the exhibits attached to the opposition amply establish the colorable basis for making such statements about plaintiffs' legal counsel and the good faith by defendants' legal counsel for making them in the first place.

## ISSUE TO BE BRIEFED

Whether the statements made by defendants' legal counsel, in zealously representing the defendants, that plaintiff has filed false declarations to this Court and engaged on what is tantamount to fraud on this Court on several instances are per se sanctionable conduct as vexatious in multiplying the proceedings and therefore sanctionable under 28 U.S.C. Sec. 1927 and whether it would not constitute an abuse of the Court's discretion and due process, without a full opportunity to be heard being provided, should the Court impose such sanctions without first determining the good faith and reasonableness of defendants' legal counsel and presence of colorable claims to make such assertions in the first place by examining the exhibits and evidence produced by defendants in their opposition to this motion to reach such conclusions about plaintiffs' legal counsel?

## RELEVANT FACTS

Defendants' legal counsel on his reply affidavit of February 25, 2009 did make the following statements about plaintiffs' legal counsel:

- That he has provided false statements to the Court; that he has drafted, prepared and executed affidavits of five plaintiffs which he either knew or should have known to be false; that accordingly he lacks ethics (Par.# 20). See Exhibit B, former plaintiff Grzegorz Drelich, who withdrew from this case because of such reasons, to support in part the good faith assertion of these statements.
- That he has dawdled on this case requesting three different extensions of discovery

-2-

- through no fault of the defendants, in light of various excuses of his, including the last one as to his office relocation in December 2008 or January 2009, which did not take place until March 2009 within the same building, per Exhibit J, legal counsel's own statement. (Par. # 21). There is ample good faith in this statement provided by the record that all three extensions and rescheduling of depositions, except for one day, were undertaken due to plaintiffs' requests.(Doc.2,19,order before 24, Doc. 30, Doc. Before 34, Doc after 46, Before Doc 55 on scheduling order)
- Lack of ethics due to his false claims of "influence", "threatening" or "cajoling", as such terms were used by Mr. Wisniewski, by defendants on its former employees, which were denied at the depositions of Mr. Golak, Mr. Kosiorek, and Mr. Stoklosa. (Par.22)
- Unethical practices by Mr. Wisniewski requiring defendants to engage in communications in writing.
- That he has knowingly and falsely sought to extend a potential frivolous class action for employees hired after the plaintiffs discontinued their employment since the ½ hour in question at the beginning of the day was no longer an issue after such date with remaining and new employees, and Mr. Wisniewski' knowledge thereof is reflected at the deposition of Pawel Capala, Sept. 22, 2009, Pg. 116 Ln.11-25. Based on such exchange at the deposition, there is ample good faith for such statement made.
- That he had deliberately submitted false representations to the Court as to the significance of the defendants' supplier invoices. More than 75% of those invoices selected by plaintiffs themselves show an order request time after 7:30 A.M, thus disavowing plaintiffs' claims.

-3-

- That he has presented a shockingly false declaration as to the significance and accuracy of time shown on gas bills as per the gas stations used to refuel the defendants' vans based on Central time being behind Eastern time two to three hours, depending on the month of the year. Central time is always one hour earlier than Eastern time.
- That he is counting on the short side memory of the Court, as to the three different gyrations as to plaintiffs' Lapinski employment status and the then unknown to the Court fact that he invoked the privilege of the Fifth Amendment of the U.S. Constitution.
- That he has prolonged this litigation and that the business side of his vested interest on this litigation bars him now from proclaiming that he can act independently and properly represent the interests of the putative potential class, when the entire claimed actual damages amount to, as revised just a few days ago for the fifth time, to about $ 177,000.
- That based on all of the above , plaintiffs legal counsel does not meet the necessary higher standard of morality and ethical compliance necessary of a potential class action legal counsel
- That he has failed to properly cite a precedent without the subsequent statutory changes on the holding cited, which plaintiffs admit to.
- That he failed to properly cite a relevant precedent which an experienced attorney in employment law, as plaintiffs' legal counsel is, must be aware of; plaintiffs do not deny the applicability of such precedent to the issues in this case and failed again to explain why it was not cited.

## DISCUSSION

The applicable statute for consideration under the April 20,2009 court directive of 28 U.S.C. Sec. 1927 provides for sanctions to :

> "....*who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess cost expenses and attorney fees reasonable incurred because of such conduct"*.

The vexatious conduct must be in the form of unreasonalable multiplication of proceedings rather than particular papers submitted to the Court, as per Bowler v. U..S.Ins., 901 F.Supp. 597 (S.D.N.Y., 1995). Thus, a plausible statement of facts and law in support of claim for counsel's disqualification , though ultimately denied, merited no sanctions against for such paper reflecting derogatory remarks about opposing counsel, as per Harriston v. Chicago Tribune Co., 136 F.R.D. 482 (N.D.ILL, 1991)

Vexation must be a serious and studied disregard of orderly process of justice , as per An-Port,Inc. v. MBR Industries,Inc., 142 F.R.D. 47 (D.Puerto Rico, 1992) and Obert v. Republic Western,Ins. Co., 264 F.Supp.2d 106 (D.R.I.,2003).

Hence, there must be multiplication of the proceedings resulting from such conduct and such multiplication of the proceedings as a result of the conduct must be found to be unreasonable. The uttering of statements from one counsel as to the other must be therefore evaluated on their reasonableness, factual support, and cannot result on strict liability just

because they were made. For, perhaps they are true and this Court must consider such facts before determining the propriety of imposing sanctions under this statute, as per Cooter & Gell, 496 U.S. 384 at 405, 110 S.Ct. 2447, 115 L.Ed. 359 (1990).

This vexatious conduct must lead directly to unnecessary delay in litigation, which is not the case here. Plaintiffs, as a result of such comments on the reply affidavit by defendants' counsel, instead seek leave to file a sur-reply. There is no delay in the litigation because of the remarks per se. As per Herrera v. Scully, 143 F.R.D. 545 (S.D.N.Y.,1992), there must be a showing of bad faith and a compliance with due process before sanctions under the statute are imposed. Such statute must be construed narrowly and with great caution if sanctions will be imposed. There must be conduct evincing a serious and standard disregard of orderly due process of justice. Such bad faith in vexatious conduct must be found to be wanton or reckless, as per Chambers v. NASCO, 111 S.Ct., 2123, 501 U.S. 32, 115 L.Ed. 27 (1991). And there must be a full opportunity to be heard before imposing such sanctions, as per Forman v. Mt. Sinai Medical Center, 128 F.R.D. 591 (S.D.N.Y.,1989).

Also, there are different procedures and additional due process on whether the sanctions to be imposed are either punitive or compensatory in nature, as per Mackler Productions,Inc. v. Cohen, 225 F3rd 136 (2nd Cir.,2000). Such evaluation of the adequacy and propriety of the imposition of sanctions is dependent on whether the district court erroneously assessed the applicable law and facts for such imposition. Hence, the truth and the facts behind such

-6-

comments as to false declarations by plaintiffs' legal counsel must be taken into account by the Court before determining whether any sanctions are appropriate , for such derogatory comments may be well be truthful and justice needs to prevail.

A review of all the annotated cases on 28 U.S.C. Sec. 1927 reveals that there is no single precedent to impose sanctions for derogatory comments made about opposing counsel that his submissions to the Court are false when such false statements made by such counsel are proven to be false by various documents introduced as exhibits to the affidavit presenting such assertions, and especially without even evaluating the truthfulness of such assertions by counsel as to the falsehood of such presentation by opposing counsel. Such precedent to be set here is not within the parameters of this statute and if set here would constitute an abuse of discretion by the Court  and would  negatively impact on the zealousness of legal representation in Federal Courts; for there is no comparable rule and application in New York State courts in existence either.

In Schlaifer Nance & Company, Inc. v. Estate of Warhol, 194 F 3d 323 (2nd Cir.,1999), the Court reversed the district court's imposition of sanctions because fraud claim did not lack colorable basis and was not asserted in bad faith after notice and opportunity to be heard were provided.  Both elements must be present for the imposition of sanctions, also as  per   In Revson v. Cinque & Cinque, 70 F.Supp 415, *rev'sd in part and vac't in part* , 221 F3rd 71 (2nd Cir., 2000) where it was also held that " *bad faith is the touchstone of an award of sanctions under the statute* ", also as per Umeugo v. Barden Corporation, 2009 WL 136923 (2nd Cir.Conn,

-7-

2009) , Mopaz Diamonds Inc. v. Institute of London Underwriters, 822 F.Supp 1053 (S.D.N.Y.,1993) and Wood v. Brosse USA Inc. 149 F.R.D. 44 (S.D.N.Y.,1993) ; hence, to impose sanctions the trial court must find clear evidence that the (1) the offending party's claims were entirely meritless and (2) the party acted for improper purposes, as and   In Revson v. Cinque & Cinque, 70 F.Supp 415, *rev'sd in part and vac't in part* , 221 F3rd 71 (2nd Cir., 2000), Agee v. Paramount Communications,Inc., 114 F3rd 395,398 (2nd Cir.,1997) and Khan v Superior Chicken & Ribs,Inc., 331 F.Supp.2d  115 (E.D.N.Y, 2004).   Claim is colorable when it has some legal and factual support, considered in light of the reasonable beliefs of the individual making the claim; it is not colorable when it is utterly devoid of a legal and factual basis. In that case because the claim was found to be colorable the dilemma of ethically pursuing a claim zealously within the boundaries of the law and ethics was no held to be sanctionable, also as per Oliveri v. Thompson,  803 F2d 1265 (2nd Cir, 1986   ) *cert' dend'* 480 U.S. 918, 107 S.Ct., 1373, 94 L.Ed. 689 (1987).   Such imposition of costs under 28 U.S.C. Sec. 1927 may be inferred only if actions are so without merit as to require the conclusion that they must have been undertaken for such improper purpose such as delay.

The Second Circuit-Court of Appeals  reviews all aspects of a district court's decision to impose sanctions for abuse of discretion , and that such abuse is evident on erroneous view of the law or on a clearly erroneous assessment of the evidence, for which the district court is obligated to marshal the pertinent facts for. Such imposition of sanctions must be made with restraint and discretion, as per .      In Revson v. Cinque & Cinque, 70 F.Supp 415, *rev'sd in part and vac't in part* ,221 F3rd 71 (2nd Cir., 2000),  and U.S. v. Seltzer, 227 F3rd 36 (2nd Cir.,2000). Such

-8-

abuse of discretion exists if the it bases its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence.

If such sanctions are found to have merit under 28 U.S.C. Sec. 1927 "*..only those fees attributable to the offensive conduct can be awarded because under the bad faith exception to the American Rule, a fee award is limited to expenses necessary to counter a losing party's bad faith*", as per <u>Umeugo v. Barden Corporation,</u> 2009 WL 136923 (2nd Cir.Conn, 2009) citing <u>Ostano Commerzanstalt v. Telewide Sys.Inc,</u> 880 F2nd 642,650 (2nd Cir.,1989).

Such evidentiary hearings may be required under due process when there are disputed questions of facts. . "*An evidentiary hearing serves as forum for finding facts; as such, its need can be obviated when there is no disputed question of fact or when sanctions are based entirely on an established record*". Here there are disputed questions of facts as to the truth on the statements made by defendants' legal counsel as to plaintiffs' legal counsel, though there is more than adequate supporting evidence to find them colorable and in good faith, and there is no trial record established on these proceedings as of this date. Here, the claims made on these statements had factual support considered in light of the reasonable belief of the individual making the claim, as per <u>Nemeroff v. Abelson.</u> 620 F 2d 339 (2nd Cir.,1980). The question is not whether such facts on the underlying statements "had been established" but rather whether they "might be established".

.       In <u>Revson v. Cinque & Cinque,</u> 70 F.Supp 415, *rev'sd in part and vac't in part* , 221 F3rd 71 (2nd Cir., 2000),  the Court of Appeals reversed the sanctions that had been imposed on counsel after trial on 11 (eleven) stated offensive conduct by counsel. Initially the district court assessed the sanctions for such comments regarded as " *beyond the pale* ' for the attorney to state that other counsel  is a disgrace to the legal profession, for written extortion like claims made by such attorney to tarnish his opposing counsel's reputation and to bring RICO claim charges  and that he would proffer the legal equivalent of a proctology exam on his adversary, that he had proceeded on this litigation as "Rambo" acting wantonly and in bad faith, that he threatened the status of other clients of opposing counsel, issuing overbroad and unnecessary subpoenas, threatening with a criminal sanctions letter, accusing counsel of engaging in mail fraud and being slimy amongst others and even likening an attorney to a member of the animal kingdom..   Yet, they were reversed because the Court analyzed and evaluated the facts behind the statements and the acts and found them to be colorable. Hence, tremendously worst offenses in that case did not merit sanctions, while here the alleged offending counsel merely stated that counsel had presented false declarations to this Court, for which  there are many affidavits submitted in support of , depositions transcripts and even the Lawyers' Diary on the Central time difference, and an affidavit from one of this counsel's former clients and plaintiffs in this action, see attached Exhibit, that such practice was unethical and that counsel , as admitted by him, failed to adequately cite a case and incorrectly cited one without its complete history.

If legal counsel is unable to state that opposing counsel had submitted false declarations and that such practice is unethical in submissions for a motion for summary judgment, the legal

-10-

profession would indeed fail to zealously represent their clients. Silence on such false affidavits, which are clearly supported by other evidence, is not the professional proper response. And to state that they are untrue would be equivalent to state that they are false. The conclusion that such false presentation is unethical is inevitable and must be pointed out to the Court, as it was in the instant case appropriately and without any excess abusive language proffered at all.

## CONCLUSION

Based on the above and the established standards on the application of 28 U.S.C. Sec. 1927 by the Court of Appeals- Second Circuit there is no basis to impose any sanctions against defendants' legal counsel.

Flushing, New York

April 22, 2009

_____
Felipe ("Philip") Orner- FO-3986