UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
MIROSLAW GORTAT, HENRYK BIENKOWSKI,
GREGORZ DRELICH, MIROSLAW FILIPKOWSKI,
ARTHUR LAPINSKI, JAN SWALTEK, EDMUND
KISIELEWICZ, ARTUR KOSIOREK and HENRYK
STOKLOSA on behalf                                          **Docket No. 07-cv-3629**
Of themselves and on behalf of all other situated,
                                                            C.Mag.Hon.S.Gold
                        Plaintiffs,
    -against-

CAPALA BROTHERS, INC., PAWEL CAPALA
 And ROBERT CAPALA,

                        Defendants .
-----------------------------------------------------------------------X


**MEMORANDUM OF LAW IN OPPOSITION TO
MAGISTRATE'S SUA SPONTE ORDER TO SHOW CAUSE
PROHIBITING AND/OR LIMITING SPEECH AND CONTACTS BY
DEFENDANTS WITH ALL PUTATIVE MEMBERS OF THE POTENTIAL CLASS
AND IN SUPPORT OF LEAVE OF COURT TO FILE FOR
RECUSAL AND/OR CHANGE OF VENUE DUE TO LACK OF OBJECTIVITY
AND FAIRNESS TOWARDS THE DEFENDANTS**

*ISSUES*

1- Whether a Magistrate has the jurisdictional authority to limit speech under the First Amendment of the U.S. Constitution and contacts of a party regarding a pending class certification when such Magistrate was conferred only with authority delegated by the District Judge to consider the pending motions on class certification and the Magistrate in so doing has gone beyond the consideration of the motions and issued a *sua sponte* order to show cause regarding the conduct of the defendant while such motion is ultimately decided by the District Court based on the Magistrate's recommendation to certify the class ?

2- Whether the Magistrate's Order to Show Cause is overbroad and thus contrary to due process and equal protection clauses of the Fourteenth Amendment of the U.S. Constitution as well as to any precedents cited by such Order to Show Cause in prohibiting or limiting contacts by defendants with former employees who may be putative class member, as such Order to Show Cause completely fails to even suggest how defendants are coercing former employees who may be putative class members and there is no such record of such eventuality taking place in this proceeding ?

3- Whether a party can be precluded from any communication with a putative class member without an evidentiary hearing as to any past or present wrongdoing by said party, and how such court order can therefore be in compliance with due process and the rights of said party to properly defend its rights and property in this litigation when faced with such deprivation of due process rights ?

4- Whether a party can be precluded from communicating with its own present employees in a FLSA class action on the substance matter of the litigation, when such communication is neither abusive, coercive, false or fraudulent and such party has informed his present employees of the existing litigation and such employees, for their own self-preservation of a job in these uniquely difficult times not seen in about 80 years also have a self-interest to preserve and protect the existence and ongoing presence and viability of their present employer, and especially now that the Court is ordering the publishing of a notice of these proceedings in a local newspaper and plaintiffs' legal counsel have been provided equal access to communicating with all such present employees, and this Court has ordered such previously executed affidavits null and void ?

## PROCEDURAL FACTS

On a dated order by Magistrate S.Gold dated Friday October 16,2009, Doc. 184, not received by defendants' legal counsel until Monday October 19,2009, this Court has placed the burden on defendant's legal counsel to research, prepare, draft and file within 9 business days not only opposition to the Court's *sua sponte* Order to Show Cause (" OSC") prohibiting and/or limiting contacts and free speech of the defendants not only with current employees but with former employees as well as to this litigation and the putative class action, but also to prepare and file objections to the applicable order contained in the same Doc. 184 granting the collective action motion and for two business days thereafter also to prepare and file objections to the applicable order contained in the same Doc 184 as to the recommendation to granting the

certification of the class action. All along within these extremely short and burdensome, and therefore prejudicial to the defendants deadlines, this Court has also ordered the same legal counsel for the defendants, who the Court is aware to be a sole practitioner, to also satisfy discovery obligations in these same very proceedings, thus totally ignoring all other court obligations this legal counsel may have during these 11 business days.

Previously , during these proceedings, this Court had denied limiting communications and potential protective orders requested by the Plaintiffs as to the communications between defendants and its employees. Yet, without a new request by Plaintiffs or new facts by the Plaintiffs, or any evidence of abuse by the defendants, or any evidentiary hearing, Magistrate S.Gold has issued the present Order to Show Cause prohibiting and/or limiting contact and communications by defendants with all putative class members, regardless of whether they are currently employees or they are former employees. The depositions of three current employees, through a Special Referee , on these affidavits as executed for opting out of the litigation, and as such transcripts evince that no coercion or abuse by the defendants was present in seeking and obtaining such affidavits has also been disregarded factually by this Court in the issuance of the OSC, which disregards the legal rights of the defendants in obtaining settlement of putative class members before the class action is certified.

**POINT I -   NO MAGISTRATE COURT ORDER HAS BEEN PREVIOUSLY ISSUED ON ANY REPORTED CASE WHERE A PARTY'S RIGHT TO COMMUNICATE WITH ITS OWN EMPLOYEES HAS BEEN EITHER PROHIBITED OR LIMITED IN REGARDS TO A CLASS CERTIFICATION UNDER NEW YORK STATE LAW FOR THE SIX YEAR CLAIMS AND PRESENT OSC VIOLATES 28 U.S.C. SEC. 636.**

The issue here on whether a Magistrate may properly issue a *sua sponte* court order either prohibiting or limiting not only the defendants-employers communications with former and present employees on a class certification action under New York State Law is a question of first impression. Defendants are unable to find a single precedent reported on this issue.

Although the Magistrate here was conferred with jurisdiction to deal with the class certification motion by the plaintiff, the OSC in prohibiting or limiting contacts issued without a request by Plaintiffs to do so and therefore issued *sua sponte* , as admitted to in the OSC is beyond the authority of the Magistrate. Consequently, such OSC is not valid under 28 U.S.C. Sec. 636, for it is beyond the power and jurisdiction of a Magistrate to issue such *sua sponte* order here, especially one that violates the free speech rights, and due process and equal protection under the law of the defendants under the First and Fifth and Fourteenth Amendments of the U.S. Constitution, respectively.

None of the cases cited by the OSC deal with such an order issued *sua sponte* by a Magistrate in a FLSA claim class action.

-4-

**POINT II – THE OSC TOTALLY FAILS TO ASSERT ANY BASIS TO PROHIBIT OR LIMIT ANY COMMUNICATIONS BY DEFENDANTS WITH FORMER EMPLOYEES, WHO COMPRISE THE VAST MAJORITY OF THE CLASS ACTION, AS ANY SUBSTANCE OR EVEN INFERENCE OF POSSIBLE COERCION IS LACKING ON THE OSC**

Though the *sua sponte* OSC cites In re Currency Conversion Fee Antitrust Litig, 361 F.Supp.at 252-53 in support for the premises that Courts may "*….limit communications between counsel and putative class members to protect the class from misleading information, including communications that omit critical information that threaten the choice of remedies available to class members…*", it fails to cite any evidence of such presence here of such misleading information omitting critical information threatening the choices of remedies available to class members by the defendants themselves here. In any event, the OSC has no factual basis for such conclusion regardless whether it is from defendants or their legal counsel. And that is why Plaintiffs themselves had not presented such application to the Court here, also bearing in mind that this Court had previously denied Plaintiffs' request for such relief. There is no evidence of any such irregularities here.

Even after plaintiffs deposed three current employees of the defendants, there still was no evidence of any support for prohibiting or limiting communications by the defendants here. Deposition transcripts are clear on this point, and Plaintiffs did not introduce them to the record of this motion because they are totally absent on any interference of employees' rights. The only interference testified by these three employees was by plaintiffs themselves, and this Court has disregarded such facts here. The communication should be limited by plaintiffs instead, as the record indicates such abuse by the plaintiffs.

-5-

The OSC also fails to illustrate or even infer as to how defendants may be abusing the rights of the putative class who are former employees, the vast majority of the putative class, and how the defendants could be even coercing 42(forty-two) mostly former employees to submit such affidavits waiving their participation in this litigation. Of the 42 (forty-two) such affidavits to not to join this litigation, with knowledge asserted of the existence of the litigation, 31(thirty-one), or about 75% are from former employees, with only 25% having been executed by all of the current employees. Again, there is no evidence or conjecture or even speculation on the OSC on this point how such 75% were "coerced" or even placed into a position of undue influence as to the 31 former employees who submitted such waiver of joinder of participation in this litigation with these particular plaintiffs, whom they clearly despise. And yet the OSC properly cites Gulf Oil Co., 452 U.S. at 101-102 that :

> " *An order limiting communications should be based on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties. Such intervention should result in a carefully drawn order that limits speech as little as possible consistent with the rights of the parties under the circumstances*"

Defendants submit that the one sided , lacking fairness and objectivity of the present OSC, intervention *sua sponte* by the Court lacks any specific findings that reflect the balancing of such countervailing interests by the parties . Defendants submit that the present OSC is most definitely and unequivocally and unjustifiably overbroad as it relates to former employees, for whom there is no basis or evidence for any inclusion of such limitation or prohibitions of communications by the defendants.

Thus, in its own admission the *sua sponte* OSC that the *"defendants' conduct is especially troublesome with respect to those employees who still work for Capala Brothers"*, the OSC is then totally silent as to what caused the Court concern on a valid statutory basis to include former employees on such prohibition or limitation of communication on the defendants. Though the Court states that current employees are dependent on defendants for employment, the Court failed to state any basis for former employees being included in such overbroad court order.

**POINT III- COURT'S ASSUMPTION OF NON-EXISTENT FACTS ON THE RECORD AS TO LACK OF INDEPENDENT LEGAL COUNSEL ADVICE ON THE EXECUTION OF WAIVER AFFIDAVITS OF NON-PARTICIPATION AND THAT OTHER PUTATIVE MEMBERS WANT TO BE ASSOCIATED WITH THESE PLAINTIFSS IS TOTALLY BEYOND THE RECORD**

In issuing the present *sua sponte* OSC, the Court states facts not in evidence , such as that the affiants on the non-participation or joinder affidavits did not consult with any legal counsel prior to their execution, disregards other facts in the record, such as that most of the plaintiffs are former foremen who mistreated and offended repeatedly the putative class members , and presents mere assumptions as conclusions.

It is also submitted that this Court has failed to account for present economic conditions in seeking to understand the execution of non-participating waiver of joinder affidavits by employees who seek to preserve the existence of their daily job. Such level of unemployment has not been experienced in the U.S. for over 80 years since the years of the Great Depression.

-7-

In case of joinder, these affiants know of the possibility that their employer would not survive this litigation and thus seek to preserve and protect their employer. On the lack of any evidence of coercion, and the different economic times we live in, this Court should take judicial notice of the self-interest in preserving and protecting their employer, but not because of some missing non-existent inference that the employees would lose their jobs if such non-joinder affidavits would not be executed.

Quite to the contrary, the three current employees testified that the plaintiffs did indeed offer them better paying jobs with more benefits, as per their deposition transcripts, and this coercion theory presented on the OSC is totally without any reality in facts . For such affiants indeed could join this litigation , get the better offering jobs by plaintiffs and any remote theory of coercion is therefore totally illusory.   And it must be noted that plaintiffs had the choice of deposing all of the 11 (eleven) current employees who submitted such affidavits, but selected only these three current employees to be deposed.

**POINT IV-  UNDUE  RESTRICTIONS OF FREE SPEECH, DEPRIVATION OF DUE
           PROCESS AND VIOLATION OF PROPERTY RIGTHS AS WELL AS
           EQUAL PROTECTION OF THE LAWS WITHOUT AN EVIDENTIARY
           HEARING WILL RESULT IF THE OSC IS GRANTED**

While under the current order of Mag.S.Gold, the plaintiffs are allowed to communicate with all putative class members by the following different manners as to the litigation:

1) Direct letters

2) Discussions by plaintiffs' legal counsel

3) Discussions by plaintiffs themselves

4) An advertisement published in a local newspaper in Polish, their native language

This *sua sponte* OSC proposes to either prohibit all communications on this litigation by defendants and their legal counsel.  Alternatively, the same *sua sponte* OSC proposes that though plaintiffs have already communicated with all putative class members through the four distinct and separate above listed manner , the defendants , though additionally ordered to provide all addresses of the putative members, once again communicate and transmit to/with such putative members all of the information and notices already disseminated through the mail, through the publication and through the discussions by plaintiffs and the discussions by the plaintiffs' legal counsel.  Such one-sided unjustified relief here , even without an evidentiary hearing or any evidence to support such overly repetitive communication or lack of communication allowed to defendants , violates, not only the First Amendment of Free Speech but also the due process , and equal protection rights of the defendants

Furthermore, in compliance with <u>Gulf Oil Co. v. Bernard</u>, 452 U.S. at 101, 101 S.Ct. at 2200,  courts have routinely recognized that the moving party must present an evidentiary showing of actual or threatened abuse by the party sought to be restrained , as per <u>Edwards v. Accredited Home Lenders, Inc</u>, 2008 WL  1756364 (S.D.,Ala.,2008 ) and <u>Cox Nuclear Medicine</u>

-9-

v. Gold Cup Coffee Services,Inc., 214 F.R.D. 696,697 (S.D.,Ala., 2003), which also held that abusive practices include communications that coerce prospective class members into excluding themselves, or communications that contain false, misleading or confusing statements or communications that undermine cooperation with or confidence in class counsel. Barring any of these instances, that Court denied the limitation of communication between defendant and putative class members. Restrictions on the communication of settlement offers are subject to the same proof requirements, as per Bublitz v. E.I.du Pont de Nemours & Co, 196 F.R.D. 545,548 (S.D.,Iowa 2000). There is a plethora of other cases supporting the same holdings in Lousiana, see Basco v. Wal-Mart Stores,Inc., 2002 WL 272384 (E.D.La.,2002) on employer-employee lack of coercion assumption, Texas, Massachusetts, Kansas, Delaware, see Jennifer v. Delaware Solid Waste Authority, 1999 WL 117762 (D.Del,1999). Since the Court is the moving party here on the *sua sponte* OSC, not only is there a lack of such evidentiary showing but an unfair and lack of objective process commenced by the Court here against the defendants.


**POINT V-   THE JUDICIAL SUA SPONTE OSC ON THE NEW YORK STATE CLASS ACTION ON ALLEGED UNPAID WAGES IS WITHOUT ANY PRECEDENT AND ITS UNPRECEDENTED REACH LACKS BOTH FAIRNESS AND OBJECTIVITY THUS REQUIRING A CHANGE OF VENUE**

Not one of the 6 (six) cited cases on the judicial *sua sponte* OSC dealt with either a FLSA claim or a local state wage class action, as the instant litigation is proceeding, and not under Fed.R.Civ.P. 23 as to the substance of the claims by these plaintiffs. In issuing this one-sided unfair *sua sponte* OSC , this Court has disregarded Williams v. Chartwell Fin.Serv.Ltd., 204

F3rd 748,749 ( 7th Cir.,2000) which held that the courts' discretion in such restrictions is not unlimited and concerns must be clearly stated on the record. Here, the record of the *sua sponte* OSC clearly lacks any valid concerns for any potential of abuse as to at least 75% of the submitted waiver affidavits of non-participation in this litigation executed and submitted by former employees of the defendants. Such balancing of interests as also cited by Nemir v Mitsubishi, 381 F3rd 540 (6th Cir.,2004). And such no-contact or restricted contact order was reversed for neither being narrowly drawn nor justified by any actual findings on the record in Gates v. Cook, 224 F.3rd 221 (5th Cir.,2000). Also, the limitation of communication order was denied when there was no record of misrepresentations or likelihood of serious abuses in Great Rivers Cooperative of Southeastern Iowa v. Farmland Indus. Inc., 59 F.3rd 764,766 (8th Cir.,1995).

Though the *sua sponte* OSC cites E.E.O.C. V. Morgan Stanley & Co.,Inc., 206 F.Supp.2d 559 (S.D.N.Y.,2002) cites for the justification of imposing restrictions on employers' communications with employees because of the possibility of coercion, this Court has neglected to follow the fairness and balancing guidelines of such holding , when such holding stated that:

> " *An order limiting communications between parties and potential class members should be based on a clear record and specific findings that reflect <u>the weighing of the need for a limitation and the potential interference with the rights of the parties</u>; such a weighing, identifying the potential abuses being addressed, <u>should result in a carefully drawn order that limits speech as little as possible</u> , consistent with the rights of the parties under the circumstances*". [underlining added for emphasis]
>
> Citing Gulf Oil Co. v. Bernard, 452 U.S. 89, 101-102, 101 S.Ct. 2193, 68 L.Ed.2d 693 ( 1981).

-11-

In that case, dealing not with a state class action as the instant case does, on gender discrimination under Title VII , which is not FLSA or wage related claims, the EEOC and not individual plaintiffs asserting rights was already by law asserting rights for an entire class of allegedly discriminated female employees. In that case , the EEOC had an attorney-client relationship which is clearly not the case here. In addition, and mostly important, that case did not hold for a complete prohibition of communications by employer. And even more significantly, in that case unlike the present one, the putative members were not subject to a notice of class action as already preliminarily ordered by this Court; nor were they then allowed full contact by correspondence or personal contact with the notice already ordered by this Court . The Court here has already ruled that only opt-out affidavits submitted after the class certification would be accepted , thus there is no need for any additional ruling until the class certification recommendation is determined by Hon. Glasser.  This case already provides repeatedly the safeguarding as to current employees, the 11 of them. And yet that case did not rule or affect communications between employer and former employees either.

While Ralph Oldsmobile,Inc. v. Gen Motors Corp., 2001 WL 1035132 (S.D.N.Y.,2001) did require that in future releases obtained by the defendant from dealers of automobiles there would be a clause notifying releasers/putative class members of the existing litigation, the Court denied the request of voiding the executed releases. Being mindful of the balancing of interests requirement, the Court also held that prohibiting GM  from entering into further agreements would infringe upon GM's freedom of speech and its ability to conduct its business . It would be unfair to require that every such release state that releaser had legal advice in such execution,

-12-

even prior to class certification , the Court held. There was no evidence that any dealers executed such releases unknowingly or involuntary .Those executed releases were silent as to any existence of the pending class action ; that was the potential abusive aspect that Court found necessary relief for future notice on future releases  . Here, the waivers of non-joinder of the litigation specifically mentioned and stated the existing of the litigation and the unpaid wages claims, and most importantly such affidavits were executed with the caption of this litigation stating what the class action was for and who the plaintiffs were . Here, there is no evidence that the current employees , or former employees for that matter, executed these affidavits with the case's caption stated on such affidavits  unknowingly or involuntarily. Here, the affidavits executed retained legal rights for such affiants, unlike the releases executed in that case, where class certification has taken plaintiffs over 2 years.    Consequently, there was no coercion or abusive behavior as to the 11 (eleven) current employees. Again, neither does this holding support any notice for anyone who does not have an ongoing business relationship.

    Furthermore, the Second Circuit has held that defendants may negotiate individual settlements prior to certification of a class, and therefore there is no coercive action in obtaining such non-joinder affidavits, which preserve the affiants' other legal rights, as per <u>In re Painwebber Limited Partnerships Litigation</u> , 147 F3rd 132 (2nd Cir.,1998), (not barring non-approved settlements with individual members of the putative class thus having no effect on the rights of others)   <u>Christensen v. Kiewit-Murdock Inv. Corp.,</u> 815 F.2d  206, 213 (2nd Cir., 1987) ( prior to class certification defendant did not violate Fed.R.Civ.P. 23(e) by negotiating

-13-

settlements with potential members of a class) and <u>Weight Watchers v. Weight Watchers, In'l,Inc.</u>, 455 F2d. 770,773 (2nd Cir.,1972), where the Second Circuit noted that a putative class action plaintiff has no legally protected right to sue on behalf of others and is without authority to prevent negotiations of settlements between the defendant and potential class members, point out that " *it is only the settlement of the class action itself without court approval that Fed.R.Civ.P. 23 prohibits"*. Consequently, there was no abuse or even threat of an abuse here to support any court order limiting communications between defendants and its current employees. Hence, such decisions as in <u>Matarazzo v. Friendly Ice Cream Corp.</u>, (E.D.N.Y., 1974) specifically dealing with employer-employee relationships, when appraised of the executed releases from current employees held that pre-approval of such were not required and it did not preclude defendant from communicating with potential class members with any restrictions. Also as per <u>Burrell v. Crown Cent.Petroleum,Inc.</u>, 176 F.R.D.239,242-43(E.D.Tex,1997).

Based on such precedents in the Second Circuit, the unique and easily distinguishable case cited by Eleventh Circuit on the *sua sponte* OSC of <u>Kleiner v. First National Bank of Atlanta,</u> 751 F.2d 1193 (11th Cir.,1985) becomes more inapplicable here. For in that case, the defendants sought and obtained opt-out agreements from existing bank customers as to an unlawful lending practice pegged on the prime lending rate, after a protective order had been issued prohibiting such contacts and after a class action notice had been issued. Such opt-out campaign was therefore pursued in violation of court orders, aggressively and threatening the bank clients who depended on the bank for credit, and depriving the opt-out customers of the

-14-

court approved notice. Here, the affidavits by the defendants opting-out were obtained before a class certification order had been issued, before a class action notice had been ordered, with notice provided to such opt-out on the existence of this litigation, and there was certainly no protective order in place. Unlike that case, over 75% of the affiants here could not be exerted any pressure at all by the defendants since they are former employees, and have no ongoing business relationships. The Eleventh Circuit also stated that an order limiting, and not prohibiting, communications will satisfy First Amendment concerns if it is grounded in good cause and issued with a "heightened sensitivity for First Amendment concerns". In ascertaining good cause, that Circuit Court listed four criteria as determinative: severity and likelihood of the perceived harm, precision with which order is drawn, availability of less onerous alternative and the duration of the order. Here, the *sua sponte* OSC fails various criteria, at the very least the overbroad lack of precision in including former employees, the even contemplation of total prohibition based on the facts of this case, the availability of less onerous alternatives as such putative class members will be informed again and again and again through mail, direct contacts by plainitffis' legal counsel, by plaintiffs themselves and by publishing as to their existing rights in this litigation.

In <u>Sorrentino v. ASN Roosevelt Ctr.LLC</u>, 584 F.Supp.2d 529, 533 (E.D.N.Y.,2008), plaintiffs former tenants did not seek a prevention from communication between defendants and putative class members but instead of including a notice of the existence of such litigation to putative class members approached by defendants with an offer of settlement. The leases were claimed to be in effect and the offers by defendant/landlord to return to the property and  stated

-15-

that if offer were rejected by such putative class members would also render them ineligible for any other apartment owned by the defendants converted such offers as coercive; that was the ongoing relationship between the parties. Though the Court does not need to make a finding that a particular abuse has occurred, the Court must still require a clear record of threatened abuses, the Court held in that case. The Court in balancing the rights of the parties, addressed a very specific offer to settle being distributed by defendants to putative class members, and held that such communication was not prohibited at all but required that a position letter from opposing counsel be included with such offer of settlement, based on the ongoing business relationship of the parties, while limiting speech as little as possible.   Although in that case there was no notice of the existing class action, here there was ample notice and repetitive additional notice is provided by mail, communications by plaintiffs' counsel and publishing of the notice, thus over tilting the balance against the infringement of the defendants' rights on the proposed *sua sponte* OSC. Again, there is absolutely no basis to impose any restrictions even on this Court cited case on communications with 75% of the putative class members, the former employees who do not have an ongoing business relationship with the defendants. And here there is notice after notice after notice of the existence of this litigation, which the affiants of the non-joinder affidavits were aware in any event. Unlike that settlement offer there, here the putative class members may still sue the defendants individually or form a separate class action, based on the court ruling voiding the affidavits executed , but there is absolutely no support for any restrictions on communications between defendants and former employees who comprise over 75% of the putative class action.

-16-

In citing <u>Cobell v. Norton,</u> 225 F.R.D. 4 (D.C.C., 2004) a decision so unique to the Department of Interior ('DOI") and its regulation of Indian Money Trust accounts and Indian land sales , the Court here misapprehended the *sua sponte* alleged relief granted by the District of Columbia court on communications between the parties as such relief and clarification had been requested by the DOI, which such decision does not elaborate on the circumstances of the prior action by the court as to communications with class members related to the sale, exchange, transfer, conversion of Indian trust land pending approval of an accompanying notice. That court order as to its *sua sponte* portion only modified and added to such relief requested by the DOI as to the content of such notice being sent to putative class members. Such holding which has not been cited by any subsequent court order ,other than the instant *sua sponte* OSC , does not prohibit communications between defendants and individuals in the class with no ongoing business relationships. Indeed, it does not prohibit communications at all. Instead, it just required the notice be included with such communication. There, the putative class members did not have full notice of the action . And such communication is akin to the class certification already approved by this Court on the recommendation by the Magistrate S.Gold to Hon.Glasser    . Here the notice is not only being  mailed and communicated to by plaintiffs' legal counsel and plaintiffs themselves, but it is already being published in a local newspaper, as court ordered. Hence, the additional requirement of providing yet again notice to putative class members is more than redundant and an abuse of the defendants' speech rights, where the balancing of rights is clearly absent.

Neither is In re Currency Conversion Fee Antitrust Litig., 361 F.Supp.at 252-53 that either abused or threatened the rights of the members of the class applicable based on the facts in that case as to defendants Chase and Citibank having communicated with cardholder members and offered them agreements with arbitration clauses voiding the putative class members' rights on the pending class action. Again, here over 75% of the putative class members do not have an ongoing business relationship with the defendants, and there is no even a scintilla of evidence on the record on any abuse or threat of their rights by the defendants here. Such notices there by Chase and Citibank did not inform the putative class members of the existence of the class action, while here the defendants did provide such notice of the existing litigation. Hence, the potential for abuse did not exist, for the putative class members had been notified of the existence of this litigation, and the former employees are not even in a position to be abused at all. Here, there has been no evidence of any misleading communications from the defendants or their legal counsel, as opposed to that case cited by the *sua sponte* OSC. Here, there is no coercion on the communication as there was by Chase and Citibank, for cardholders depended on their credit needs from such defendants . The over 75% of putative class members of former employees do not depend on the defendants for anything of substance ; there is no business relationship at all. The abuse in that case cited by the OSC lied on the lack of notice on putative class members who depended on the defendants and an arbitration agreement offered by such defendants to eliminate completely the putative class members. Here, there was notice to the putative class members of the existing litigation, there was no attempt to totally eliminate putative class members' rights, as such are still valid for FLSA claims, and there is no ongoing business relationship with over 75% of the putative class members to classify such

-18-

communications under the potential of being coercive. On this point, also see <u>E.E.O.C. v. McDonnell Douglass</u>, 948 F.Supp. 54 (E.D.Missouri) holding that no limitation of communication by defendant with former employees is applicable as to settlement of claims. There was certainly no prohibition of communication by that court case as to defendants communicating with potential class members and notice was not required to be provided repetitively by various means, either.

Here, as per <u>Dziennik v. Sealift,Inc.,</u> 2006 WL 1455464 (E.D.N.Y.,2006) there is no warrant to limit communications absent any evidence that the defendants have engaged in any abusive or unethical communication with absent class members.

The mere possibility of abuses is insufficient to support a ban or limitation on communications by a defendant with putative class members, as per <u>Payne v. The Goodyear Tire & Rubber Co.,</u> 207 F.R.D. 16 (D. Mass, 2002). The same holding is reached by the Eight Circuit in <u>Great Rivers Coop v. Southeastern Iowa v. Farmland Indus.,Inc</u>, 59 F.3rd 764,766 (8th Cir.,1995) which held that absent proof of misrepresentations and likelihood of serious abuse, no restriction on defendants communications with putative class members is appropriate.

## CONCLUSION

For the aforementioned reasons, there is neither factual nor legal basis to support the *sua sponte* OSC, and defendants request leave and adequate time to file a motion for recusal and/or change of venue since there is a lack of fairness and objectivity by this Court towards the defendants.

Flushing, New York
October 29,2009

s/ _____
Felipe ("Phlip") Orner- FO-3986

-19-