UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
MIROSLAW GORTAT, et al.,

                Plaintiffs,

   -against-                                  ORDER
                                             07-CV-3629 (ILG)
CAPALA BROTHERS, INC., et al.,

                Defendants.
----------------------------------------------------------x
*GOLD, S., United States Magistrate Judge*:

       On December 7, 2010, defendants filed a letter they entered on the docket as a "First Motion for Permanent Injunction against plaintiffs and their legal counsel from holding a general meeting on December 11, 2010 with 54 releasors and 25 opt-outs in this proceeding and from further having any contacts with them pending court order." Docket Entry 218. The letter was addressed to me and sought to enjoin plaintiffs' counsel from meeting with individuals who have apparently executed releases of their claims in this action. A letter from plaintiffs' counsel inviting these individuals to a meeting was attached to the letter motion.

       Defendants' motion is denied for several reasons. First, because it seeks emergency injunctive relief on only three or four days' notice, it is best characterized as a motion for a temporary restraining order, yet it is not supported by an affidavit showing irreparable injury as required by Federal Rule of Civil Procedure 65(b) or a memorandum of law as required by Local Civil Rule 7.1(a). Moreover, although the letter motion is addressed to me, a magistrate judge does not have authority to award injunctive relief. *See* 28 U.S.C. § 636(b)(1)(A).

       To the extent defendants' motion, despite how it is styled, might be construed as seeking a case management order, a letter application would be a proper means of applying for relief. *See*

Local Civil Rule 37.3. However, I see no basis for precluding plaintiffs' counsel from inviting the individuals at issue to meet with him. There is no suggestion of compulsion in plaintiffs' letter. Moreover, the invitation issued by plaintiffs' counsel does not raise the policy concerns underlying the Order I issued on May 10, 2010, that directed counsel for defendants not to communicate or cause his clients to communicate with class members on any matter related to this litigation without the prior consent of the Court or class counsel. *See* Docket Entry 201. Finally, inasmuch as defendants seek an order enjoining plaintiffs' counsel from holding a meeting on December 11, 2010, the application is now moot.

For all these reasons, defendants' motion is denied.

SO ORDERED.

　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　Steven M. Gold
　　　　　　　　　　　　　　　　　　United States Magistrate Judge

Brooklyn, New York
December 14, 2010

U:\Gortat 121410.wpd