ROBERT WISNIEWSKI P.C.
Attorneys for Plaintiffs
225 Broadway, Suite 1020
New York, New York 10007
(212) 267-2101

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------------------X
MIROSLAW GORTAT, HENRYK BIENKOWSKI, GRZEGORZ
DRELICH, MIROSLAW FILIPKOWSKI, ARTUR LAPINSKI
JAN SWALTEK EDMUND KISIELEWICZ, ARTUR
KOSIOREKand HENRYK STOKLOSA on behalf of
themselves and on behalf of all others similarly situated,

                          Plaintiffs,
                                    **Docket No.:**
                                    **1:07-cv-03629-ILG-SMG**

      – against –

CAPALA BROTHERS, INC. PAWEL CAPALA and
ROBERT CAPALA,

                                 Defendants.
-------------------------------------------------------------------------X
**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO MODIFY CLASS**

I. **PRELIMINARY STATEMENT**

Defendants' motion requests that the Court modify the class action to exclude approximately 54 class members who allegedly signed cookie-cutter releases releasing their claims against Defendants. The motion also requests that the Court "exclude" from the class 7 class members who could have opted-into the FLSA collective action, but failed to do so. The Court should deny Defendants' requested relief.

First, as the attached declaration of Jan Mokrzycki makes clear, there is evidence that at least some of the releasees signed the release without receiving a Polish-language translation to review or even time to read it. That makes the assumption that their signing of the release was willful and voluntarily suspect. Accordingly, the Court should deny Defendants' attempt to exclude these individuals from the class.

In addition, the Court should deny Defendants' motion to exclude 7 class members who have or had FLSA claims against Defendants but failed to opt-into the class. Defendants cite no authority for their assertion that failing to opt-into a FLSA collective action is an implicit opt-out of the class action under Fed.R.Civ.P.23. Indeed, courts generally require that class members affirmatively opt-out of class actions. Accordingly, Defendants' request should be denied.

II. **STATEMENT OF FACTS**

This is an action by Plaintiffs for money damages for unpaid wages and unpaid overtime wages on behalf of themselves and other employees who are similarly situated under the Fair Labor Standards Act, the Portal-to-Portal Act, the New York Minimum Wage Act, the New York Labor Law and the relevant wage orders promulgated thereunder. Plaintiffs are workers and tradesmen who were employed by Capala Brothers, Inc. (the "Corporate Defendant") as roofers,

bricklayers, masons, building laborers, drivers, foremen and other manual workers with the same or similar duties, who regularly worked over forty (40) hours per week, but were not compensated properly for all the hours they worked and for overtime hours.

The Corporate Defendant provides construction services in the City of New York and its environs. The Individual Defendants, Pawel Capala and Robert Capala, are the officers, shareholders, managers and/or majority owners of the Corporate Defendant and are being sued as "employers" of Plaintiffs within the meaning of the FLSA and New York Labor Law. Plaintiffs are suing the Corporate Defendant and Individual Defendants individually and collectively, and are holding them jointly and severally liable for all their claims. *See*, the operative Complaint, attached to the Wisniewski Decl., as **Exhibit 1**.

On April 9, 2010, this Court entered an order certifying the following class:

All persons employed by Defendants as roofers, bricklayers, masons, building laborers, drivers, foremen and other manual workers with the same or similar duties during the six years immediately preceding the initiation of this action up to the date of this decision who are asserting claims under the New York State Labor Law for unpaid minimum wages or overtime premium wages.

*See*, April 9, 2010 order attached to the Wisniewski Decl. as **Exhibit 2**.[1]

Shortly thereafter, Magistrate Judge Steven Gold entered an order prohibiting Defendants' counsel from communicating or causing his clients to communicate with any class members without permission of the Court or the consent of Class Counsel. *See*, May 10, 2010 order attached to the Wisniewski Decl. as **Exhibit 3**. This Court affirmed the order on appeal. *See*, August 27, 2010 order attached to the Wisniewski Decl. as **Exhibit 4**.

---

[1] In the same order, the Court also denied Defendants' objections to the Judge Gold's certification of the collective action.

In and around November 23, 2010, Defendants' counsel first alerted Plaintiff's counsel that his client had obtained cookie cutter releases from approximately 54 class members and requested that Plaintiffs not include these individuals in their expert's damages calculations. Defendants' counsel provided copies of the releases, but a number of them were not signed. On November 29, 2010, Judge Gold denied Plaintiffs' request to recirculate the notice of pendency on the account that the procurement of these releases contravened his May 10, 2010 order, but allowed Plaintiffs to make an application regarding the releases once they obtained additional information. *See*, November 30, 2010 minute entry attached to the Wisniewski Decl. as **Exhibit 5**.

Plaintiffs sent out letters to class members immediately thereafter to obtain information regarding how and why these class members signed releases. Because the releases alleged obtained by Defendants contained the address of the releasee, and because Defendants allegedly procured them only a few weeks earlier, Plaintiffs' counsel sent the letters to the address in the release. One class member, Jan Mokrzycki, responded to Plaintiffs' letter and submitted a declaration describing the events that led to his signing of the release. Although he admitted that he signed a release, he explained that he did not know what he was signing and would have never signed it had he known he was releasing his claims.[2] He claimed that someone contacted him and asked him to come to a location near a travel agency in Greenpoint in Brooklyn, New York, where he would sign papers regarding Capala Bros. Mr. Mokrzycki, who received the notice of pendency in this action earlier but had not sent back the consent to joinder, expected to sign

---

[2] Plaintiffs' counsel's discussions with Mr. Mokrzycki indicated, however, that he only worked for Capala Bros. for a very short period of time and did not have to work any overtime.

papers allowing him to join this action. When he came to the travel agency, a woman thrust an English-language documents before him, which he did not have the opportunity to review before signing. He did not have his glasses on, nor could he read English, so he was unable to understand the release, but he believed he was signing a document that allowed him to join the case. He never would have signed the release had he known what he was signing.

In late December Plaintiffs served two versions of their expert report. The first version calculated the damages of the entire class. The second version was the same as the first and excluded the individuals whose signed releases Defendants provided to Plaintiffs.[3]

### III.  ARGUMENT

Defendants make two arguments. First, they request that the Court modify the class definition to exclude all approximately 54 individuals who signed releases. Second, they request that the Court exclude from the class 7 individuals who have or had FLSA claims against Defendants, but did not opt-into the collective action. The Court should reject both of Defendants' arguments.

Although a Court may modify a class definition, it may only do so if subsequent events warrant it. **Sexton v. Franklin First Financial, Ltd.**, 2009 WL 1706535 at *3 (E.D.N.Y. 2009). Defendants argue that 54 individuals signed cookie-cutter releases releasing their claims against Plaintiffs. But a release is only valid if it is "clear and unambiguous on its face and which is

---

[3] Defendants claim that Plaintiffs inappropriately included class members Jakub Januszek and Henryk Czerwinski in this second version of the report. But Defendants never provided Plaintiffs with a signed release by Mr. Januszek, and Exhibit A to Defendants' motion does not contain his signed release. Plaintiffs concede that they inadvertently included Mr. Czerwinski in the second version of the report.

knowingly and voluntarily entered into ... as a private agreement between the parties" *Simel v. JP Morgan Chase*, 2007 WL 809689 at *2 (S.D.N.Y., March 19, 2007). But as the declaration of Jan Mokrzycki makes clear, at least some of the releasees, many of whom are recent immigrants from Poland with little English-speaking skills and no knowledge of our legal system, signed the English-language without having the opportunity to review it and without receiving a Polish-language translation. No one explained the content and effect of the release to Mr. Mokrzycki before he signed it, nor was given an opportunity to review it. The proposition that he willingly and voluntarily signed the release is therefore suspect. Because Mr. Mokrzycki's experience is unlikely to prove unique, the Court should deny Defendants' request to modify the class definition to exclude the approximately 54 individuals who signed releases.

In addition, Defendants' request that the Court exclude class members who had or have FLSA claims but failed to opt-into the collective action is without merit. Indeed, courts routinely certify collective actions under the FLSA and class actions under Fed.R.Civ.P.23 in the same action. *Duchene v. Michael L. Cetta, Inc.*, 244 F.R.D. 202, 204 (S.D.N.Y. 2007). Defendants' argument is essentially that any class member who could have opted-into the collective action under the FLSA but failed to do so, by inaction excludes himself from the class action as well. Aside from the fact that the notice approved by the Court required class members to opt-out of the class action by a certain date, the collective action and the class action each have advantages over each other that make remaining in the class action but not opting-into the collective action a sensible choice. *Damassia v. Duane Reade, Inc.*, 250 F.R.D. 152, 163 (S.D.N.Y. 2008). The Court should deny Defendants' attempt to deprive them of that choice.

## IV. CONCLUSION

Plaintiffs respectfully request that this Court deny Defendants' motion to modify the class, and provide whatever relief it finds just.

Dated: New York, NY
February 14, 2011

---------------------------/s/-------------------------
_____
Robert Wisniewski (RW-5308)
Attorney for all Plaintiffs