UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------x
MIROSLAW GORTAT, et al.,

                Plaintiffs,

   -against-                          MEMORANDUM AND ORDER
                                        07-CV-3629 (ILG)
CAPALA BROTHERS, INC., et al.,

                Defendants.

---------------------------------------------------x

GLASSER, United States Senior District Judge:

Plaintiffs are laborers and foremen who have brought suit against a construction company and its principles under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., the Portal-to-Portal Act, 29 U.S.C. § 254, and New York State Labor Law ("NYLL"). Familiarity with the facts and procedural history of this matter is presumed, this case having been thus far extensively litigated. See Gortat v. Capala Brothers, Inc., 585 F.Supp.2d 372 (E.D.N.Y. 2008); Gortat v. Capala Brothers, Inc., 2008 WL 5273960 (Dec. 18, 2008 E.D.N.Y.); Gortat v. Capala Brothers, Inc., 2009 WL 3347091 (Oct. 16, 2009 E.D.N.Y.); Gortat v. Capala Brothers, Inc., 257 F.R.D. 353 (E.D.N.Y. 2009); Gortat v. Capala Brothers, Inc., 2010 WL 1423018 (April 9, 2010 E.D.N.Y.); Gortat v. Capala Brothers, Inc., 2010 WL 1879922 (May 10, 2010 E.D.N.Y.); Gortat v. Capala Brothers, Inc., 2010 WL 3417847 (August 27, 2010 E.D.N.Y.).

Before this Court are two motions: (1) the Defendants' motion to remove fifty-four members of the certified class who opted-out of membership pursuant to Federal Rule of Civil Procedure ("FRCP") Rule23(c)(2) and N.Y. Gen. Obl. Law. § 15-105 and 108; (2) the Defendants' motion

to remove seven class members who failed to timely opt-in to class membership per the requirements of the FLSA, 29 U.S.C. § 216(b).[1]

## I. The Defendants' Motion to Remove Members of the Rule 23 Certified Class

After the court adopted a definition of the certified class, Gortat v. Capala Brothers, Inc., 2010 WL 1423018 at *15 (April 9, 2010 E.D.N.Y.), Magistrate Judge Gold issued an Order prohibiting the Defendants' counsel from communicating with members of the class—an order which this Court affirmed on appeal.[2] Gortat v. Capala Brothers, Inc., 2010 WL 3417847 (August 27, 2010 E.D.N.Y.). The Defendants' counsel then informed Plaintiffs' counsel that his client had independently obtained release forms from fifty-four members of the class. Magistrate Judge Gold subsequently permitted Plaintiffs' counsel to contact the fifty-four class members to determine whether the releases were acquired in contravention of his previous Order or otherwise inappropriately obtained. (Nov. 30, 2010 Hearing, Dkt No. 217 at pp.19, 25-26.)

Plaintiffs then sent out letters to the relevant class members to which only one, Jan Mokrzycki, responded. In his affidavit, Mokrzycki outlines the events that preceded the signing of his release. Mokrzycki claims that he received a phone call from an unknown individual asking him to meet for the purpose of signing a document related to this case. (Mokrzycki Decl. at ¶ 4.) Mokrzycki then met the individual at an "agency" where a woman "thrust a piece of paper before" him which she asked him to sign. (Id. at ¶ 6.) Mokrzycki, who has limited

---

[1] Under a class action brought pursuant to FRCP Rule 23, class members are bound to class membership unless they opt-out. Alleyne v. Time Moving & Storage Inc., 264 F.R.D. 41, 45 (E.D.N.Y. 2010). However, FLSA claims cannot be brought as part of a Rule 23 class action because the FLSA stipulates that potential plaintiffs must opt-in to a collective action. Id.

[2] Magistrate Judge Gold directed defense counsel not to "communicate or cause his clients to communicate with class members in any matter related to this litigation unless prior consent is obtained by the Court or by class counsel…." Gortat v. Capala Brothers, Inc., 2010 WL 1879922 at *6 (May 10, 2010 E.D.N.Y.)

knowledge of English, claims that no Polish translation of the release was provided to him at the meeting. (Id. at ¶¶ 8-9.) Mokrzycki asserts that he met the individual and signed the release under the misconception that he was choosing to opt-in, not opt-out, of the class. (Id. at ¶¶ 5, 7.) Had he been aware of the contents of the release, Mokrzycki claims, he would have never signed the release. (Id. at ¶ 7.) The Plaintiffs, over the Defendants' objection, contend that the facts surrounding Mokrzycki release suggest that this "experience is unlikely to prove unique" and should be imputed to all fifty-four members of the class. (Pl. Mem., Dkt No. 237 at p.6.) However, the Plaintiffs' contention is without basis. Of the fifty-four class members that signed the release only a single affidavit has been provided in support of the allegation that the releases were inappropriately obtained. In his affidavit, Mokrzycki claims that he was not wearing his glasses nor was he sure of the nature of the document when he signed the release. (Mokrzycki Decl. at ¶ 6.) Plaintiffs' request that the Court impute these tenuous facts to the other fifty-three individuals who signed the releases is rejected. Although the Court will permit Mokrzycki to retract his release, the inference the Court is invited to draw that the experience of the other fifty-three was the same is unwarranted. Though authorized to contact the others, the Plaintiffs' counsel elected to do so only by a hoped for response to his letters.

The release provided to the fifty-four class members is unambiguous and otherwise valid because it contains an explicit, unequivocal statement of a present promise to release the Defendants from liability. See Gortat v. Capala Brothers, Inc., 2009 WL 3347091 at *7 (Oct. 16, 2009 E.D.N.Y.); Bank of America National Trust and Savings Assn. v. Gillaizeau, 766 F.2d 709, 713 (2d Cir. 1985). Despite ample time allocated to Plaintiffs' counsel to show to the contrary, no evidence has been provided that the Defendants or their counsel inappropriately obtained the releases. Likewise, none of these individuals chose to opt-in to the FLSA action in further

3

indication that they did not desire to pursue their claims. Accordingly, the Defendants' motion to remove the fifty-four members of the class, with the exceptions of Mr. Mokrzycki and three other individuals for whom no releases were provided—Mr. Rzeszutek, Mr. Turowski and Mr. Kosycarz—is granted and the Plaintiffs' objections are overruled.

## II. FLSA & the Statute of Limitations

This Court previously certified Plaintiffs' FLSA collective action. Gortat v. Capala Brothers, Inc., 2010 WL 1423018 (April 9, 2010 E.D.N.Y.). The record shows that notice to potential plaintiffs of their right to opt-in to the class was published for five-consecutive weeks in a local newspaper. (Id. at ¶ 2.) At the time of the August 2, 2010 exclusions deadline, (May 5, 2010 Hearing, Dkt. No. 199 at p.5.), only one individual had submitted a written statement opting into class membership. The Defendants now move to exclude seven other individuals who would have qualified for FLSA claims but failed to timely opt-in to the collective action. (Orner Decl., Dkt No. 238 at ¶ 15.)

Employees claiming that their employer violated provisions of the FLSA may bring a collective action on behalf of themselves or other employees similarly situated. 29 U.S.C. § 216(b). Unlike a class action brought pursuant to FRCP Rule 23, under an FLSA action, potential plaintiffs are required to opt-in to be bound to or benefit from a judgment. Cano v. Four M Food Corp., 2009 WL 5710143, at *4 (E.D.N.Y. Feb. 3, 2009). To opt-in, "[e]ach potential plaintiff must file his or her written consent in the court in which the suit is brought." Id. Only by choosing to opt-in to a class will the statute of limitations of potential plaintiffs' claims be tolled. Hoffman v. Sbarro, 982 F.Supp. 249, 260 (S.D.N.Y. 1997); Lee v. ABC Carpet & Home, 236 F.R.D. 193, 198-99 (S.D.N.Y. 2006). The FLSA provides a two-year statute of limitations unless the violations are alleged to be "willful," in which case a three-year statute of

4

limitations applies. 29 U.S.C. § 255(a). In these types of cases, "[i]t will then be up to those individuals to decide whether they wish to opt-in to th[e] [FLSA] action"). Kumar Realite v. Ark Restaurants Corp., 7 F.Supp.2d 303, 308 (S.D.N.Y. 1998). Here, the seven individuals failed to opt-in to the collective action by the Court appointed deadline and the three-year window provided by the FLSA and are therefore excluded from the FLSA claim.

**CONCLUSION**

For the aforementioned reasons, Defendants' Motion is GRANTED.

SO ORDERED

Dated:      Brooklyn, New York
            May 27, 2011

                                                          /s
                                            I. Leo Glasser
                                            United States Senior District Judge