ROBERT WISNIEWSKI (RW-5308)
ROBERT WISNIEWSKI P.C.
Attorneys for Plaintiffs
225 Broadway, Suite 1020
New York, NY 10007
(212) 267-2101

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X
MIROSLAW GORTAT, HENRYK BIENKOWSKI, GRZEGORZ
DRELICH, MIROSLAW FILIPKOWSKI, ARTUR LAPINSKI
JAN SWALTEK EDMUND KISIELEWICZ, ARTUR
KOSIOREKand HENRYK STOKLOSA on behalf of
themselves and on behalf of all others similarly situated,

                          Plaintiffs,

                                     **Docket No.:**
                                     **1:07-cv-03629-ILG-SMG**

   – against –

CAPALA BROTHERS, INC. PAWEL CAPALA and
ROBERT CAPALA,

                          Defendants.
-------------------------------------------------------------------------X

**DECLARATION OF ROBERT WISNIEWSKI IN OPPOSITION TO DEFENDANTS'
MOTION TO DECERTIFY THE CLASS AND THE ENTRY OF A JUDGMENT FOR
ATTORNEYS' FEES AGAINST PLAINTIFFS' COUNSEL**

ROBERT WISNIEWSKI hereby declares the following pursuant to 28 U.S.C. §1746:

    1.    I am the attorney for the Plaintiffs in the above-captioned action, and as such I am familiar with the facts and circumstances of the within action to the extent set forth herein. I submit this declaration in opposition to Defendants' motion.

    *Nature of the Action*

    2.    This is an action by Plaintiffs for money damages for unpaid wages and unpaid

overtime wages on behalf of themselves and other employees who are similarly situated under the Fair Labor Standards Act, the Portal-to-Portal Act, the New York Minimum Wage Act, the New York Labor Law and the relevant wage orders promulgated thereunder. Plaintiffs are workers and tradesmen who were employed by Capala Brothers, Inc. (the "<u>Corporate Defendant</u>") as roofers, bricklayers, masons, building laborers, drivers, foremen and other manual workers with the same or similar duties, who regularly worked over forty (40) hours per week, but were not compensated properly for all the hours they worked and for overtime hours.

       3.       The Corporate Defendant provides construction services in the City of New York and its environs. The Individual Defendants, Pawel Capala and Robert Capala, are the officers, shareholders, managers and/or majority owners of the Corporate Defendant and are being sued as "employers" of Plaintiffs within the meaning of the FLSA and New York Labor Law. Plaintiffs are suing the Corporate Defendant and Individual Defendants individually and collectively, and are holding them jointly and severally liable for all their claims. ***See***, the operative Complaint, attached as **Exhibit 1**.

       4.       Defendants, as well as the Plaintiffs and most of the class members, are located in a small ethnic community in Brooklyn. The residents of that tight-knit community are mostly of Polish origin, many of whom are at least of passing acquaintance with each other.

       <u>Facts Relating to Defendants' Motion to Decertify the Class</u>

       5.       On May 5, 2009, the Court denied Defendants' motion to dismiss the class action for failure to satisfy numerosity. ***Gortat v. Capala Bros., Inc.***, 257 F.R.D. 353, 362 (E.D.N.Y. 2009). The Court determined, first, that the relevant class totaled approximately seventy-four (74) individuals, which creates a presumption of numerosity. Second, the Court took notice that

most of the class members are poor and likely do not have sufficient resources to bring such actions on their own.

      6.      On June 15, 2009, Plaintiffs filed a motion for class certification arguing that the class satisfied each of the elements of Fed.R.Civ.P.23, including numerosity. On April 9, 2010, this Court found that numerosity, among the other elements, was present and certified a class of:

> All persons employed by Defendants as roofers, bricklayers, masons, building laborers, drivers, foremen and other manual workers with the same or similar duties during the six years immediately preceding the initiation of this action up to the date of this decision who are asserting claims under the New York State Labor Law for unpaid minimum wages or overtime premium wages.

Particularly, the Court found that the class is comprised of people with limited means who were likely unable to bring a separate suit. Plaintiffs circulated the notice of pendency in May 2010 and one individual joined the case.

      7.      Twenty-three employees opted out of the class. A few months later, Defendants submitted to the Court approximately fifty-four (54) releases of class members, which they had obtained in exchange for making payments to the various class members, and requested that the individuals who signed these releases be removed from the class, which the Court agreed to do on June 7, 2011, with the exception three (3) class members whose releases Defendants failed to provide. ***See***, DE 250 at p. 4 (removing 51 class members from the class). On December 30, 2011, the Court also agreed to allow three (3) class members to opt-out after the deadline. ***See***, DE 262 at p. 24-5 (allowing three class members to opt-out after the deadline).

      8.      As it stands right now, the class includes the following individuals who did not opt-out of the class and were not removed from the class by the Court in its June 7, 2011 order:

1) Jan Cierebiej
2) Oleh Dovbanko
3) Dominik Gensiorski
4) Dariusz Gociowski
5) Marcin Golak
6) Oleg Halych
7) Zbigniew Herman
8) Jakub Januszek
9) Henryk Kozub
10) Dariusz Krzeminski
11) Mariusz Malinowski
12) Lech J. Miedzwiedz
13) Waldemar Plonka
14) Slawomir Rzeszutek
15) Bogdan Sidz
16) Waldemar Skowronski
17) Kazimierz Sudol
18) Daniel Turowski
19) Marcin Tulka
20) Szymon Wadolowski
21) Robert Wnorowski
22) Henryk Wyszynski
23) Jacek Zareba
24) Sergey Arkhipov
25) Adam Bonilla
26) Roberto Grano De Oro
27) Witold Iwanczyk
28) Oleg Lomianskyi
29) Serhiy Lutsyk
30) Edmund Mienkowski
31) Jan Mokrzcki
32) Jesus E. Orellana
33) Socrates A. Pena
34) Ivan Pylypiv
35) Jose Quinones
36) Jan Ratynski
37) Abel Rendon
38) Antonio Santos
39) Lukasz Terepka
40) Andrzej Wawryszko
41) Zenon Chalamonski
42) Ivan Pylypiv
43) Michal Kosycarz

*See*, Defendants' lists of employees from September 1, 2007 through October 28, 2009 and August 1, 2008 through August 25, 2010, attached to as **Exhibit 2** and Defendants' employee list attached to the Orner Decl. as **Exhibit A**. *See also*, Defendants' list of releasors, attached to the Orner Decl. as **Exhibit** C and list of opt-outs, attached to the Orner Decl. as **Exhibit B**.

9. Defendants' list, contained in paragraphs 12 and 14 of the Orner Decl., is incomplete and fails to include (1) class members who never opted out of the class or signed a release and (2) class members who were employed by Defendants after August 29, 2007. For example, Defendants fail to include Waldemar Skowronski in their list of class members even though Mr. Skowronski never opted-out of the class or signed a release. In addition, Defendants fail to include Slawomir Rzeszutek even though the Court expressly refused to exclude him from the class. See, DE 250, p. 4 (expressly refusing to remove Rzeszutek from the class).

10. A large percentage of employees worked for Defendants until early 2007, more than three (3) years before the notice of pendency was circulated in May 2010. Like the rest of the class members, the above individuals were presumably contacted by the Defendants and offered money in exchange for signing a release. It appears most of them rejected this offer and wished to remain part of class.

Facts Relating to Defendants' Motion for Attorneys' Fees and Costs

11. On June 30, 2009, the Court imposed sanctions against Defendants' counsel, Felipe Orner, Esq., because of his "clear violation of Judge Gold's orders to cease ad hominem

attacks." *See*, this Court's June 3, 2009 order awarding sanctions attached as **Exhibit 3**. As a result of this order, the Court awarded to Plaintiffs' counsel $7,645.54 in attorneys' fees and costs to be paid by Mr. Orner. *See*, this Court's June 23, 2009 order attached as **Exhibit 4**. Upon an application by Mr. Orner, the Court stayed the judgment for sanctions until this litigation is completed finding that "because the judgment debtor is the defendants' counsel and therefore an officer of this Court . . . [he] will not evade his legal obligations." *See*, this Court's July 8, 2009 order attached as **Exhibit 5** at p. 3.

12. On June 15, 2011, Magistrate Judge Steven Gold held a pretrial conference, at which Plaintiffs' counsel failed to appear due to a calendaring mixup. As such, Judge Gold awarded to Defendants attorneys' fees and costs for the "time incurred attending [the] conference." *See*, Judge Gold's Order, attached to the Orner Decl. as **Exhibit G**. The adjourned conference was held on June 21, 2011.

13. Mr. Orner sent Mr. Wisniewski a letter on July 14, 2011 specifying the amount of attorneys' fees and costs he allegedly incurred, which totaled $891.00. *See*, Judge Gold's Order, attached to the Orner Decl. as **Exhibit F**. His request for fees included travel time at his full rate of $285.00 an hour and requested attorneys' fees of $150.00 an hour for a previously unknown attorney named Simon Orner, presumable a relative of Mr. Orner.

14. On the same day, Mr. Wisniewski's associate, Michael Taubenfeld, Esq., responded to Mr. Orner by pointing out that (1) Mr. Orner's sanctions had been stayed and Plaintiffs' counsel will likely be stayed as well; (2) that travel time is billed at half-rate and (3) that Mr. Orner had not made any showing as to why his clients are entitled to recover for Simon Orner's appearance at the conference, especially since Simon Orner did not appear when the

pretrial conference took place on June 21, 2011. *See*, correspondence between Mr. Orner and Mr. Taubenfeld attached as **Exhibit 6**. Mr. Taubenfeld advised Mr. Orner that he was instead entitled to $377.25. Simon Orner had never appeared at any previous conference and it appeared that his inclusion in Defendants' "bill" was simply an effort to increase mr. Orner's fees.

15. Mr. Orner responded, but did not provide any reason why Simon Orner appearance at the conference was necessary – other a series of rhetorical questions – and justified Simon Orner's non-appearance at the second conference on the grounds that he allegedly had car trouble. Mr. Orner also purported to explain why travel time, in this instance, should be billed at his full rate. In response, Mr. Taubenfeld again advised Mr. Orner that travel time was billed at half the rate and that Simon Orner's appearance at the conference did not appear to be necessary. Mr. Orner did not address this issue until he filed the present motion.

WHEREFORE, your declarant respectfully request an Order:

(a)  denying Defendants' motion for decertification of the class,

(b)  staying the enforcement of any judgment that it enters on behalf of Defendants; and

(c)  providing whatever relief it finds just.

I hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief, and am aware that should any of the above be materially false, I may be subject to a criminal penalty.

Executed on February 10, 2012
_____/s/_____
ROBERT WISNIEWSKI (RW- 5308)