ROBERT WISNIEWSKI P.C.
Attorneys for Plaintiffs
225 Broadway, Suite 1020
New York, New York 10007
(212) 267-2101

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------------X
MIROSLAW GORTAT, HENRYK BIENKOWSKI,
MIROSLAW FILIPKOWSKI, ARTUR LAPINSKI,
JAN SWALTEK, EDMUND KISIELEWICZ, ARTUR
KOSIOREK and HENRYK STOKLOSA on behalf of
themselves and on behalf of all others similarly situated

                                    Plaintiffs,       **Docket No.:**
                                                       **1:07-cv-03629(ILG)(SMG)**

     – against –

CAPALA BROTHERS, INC., PAWEL CAPALA and ROBERT
CAPALA,

                                    Defendants.
-------------------------------------------------------------------------------X

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO
DECERTIFY THE CLASS AND FOR ATTORNEYS' FEES AND COSTS**

## I. PRELIMINARY STATEMENT

This Court should deny Defendants' motion for decertification of the class. Defendants' motion is largely predicated on the fact that a substantial number of class members opted-out of the class and signed releases releasing Defendants from liability in exchange for compensation. Regardless of the size of the class, however, class certification is still warranted because joinder of the remaining class members is not practicable. They are largely immigrants with limited resources and small claims who do not have the resources to bring a separate claim against Defendants. In addition, the Court's certifying the class at bar resulted in Defendants paying over fifty (50) class members to release their claims. Class certification, therefore, worked as it resulted in many class members receiving their damages. The remaining class members are those who presumably rejected Defendants' offers and wish to remain in the case. Their wishes should be honored.

In addition, although Plaintiffs do not oppose a judgment on behalf of Defendants' counsel, Philip Orner, Esq., for his attorneys' fees and costs resulting from Plaintiffs' counsel's inadvertent non-appearance at a pretrial conference before Magistrate Judge Steven Gold, the Court should stay the enforcement of any judgment until after this litigation finishes. In 2009, the Court entered a judgment in Plaintiffs' counsel's favor against Defendants' counsel for $7,645.54, far more than what Defendants' counsel is requesting now, never mind to what he is entitled. The Court agreed to stay the judgment on the grounds that Defendants' counsel is an officer of the Court and would not evade his legal obligations. The Court should stay the judgment against Plaintiffs' counsel, Robert Wisniewski, Esq., for the same reason.

Finally, Defendants' fee request is vastly inflated. Defendants attempt to recover for Mr. Orner's travel time at his full hourly rate, which is inappropriate. Second, Defendants wish to recover for Simon Orner's time. Simon Orner is a previously unknown attorney who never appeared at any conference previously or thereafter, nor has he been involved in this case in any discerable fashion. He did not appear at the adjourned pretrial conference. As such, his time is not compensable.

Accordingly, the Court should deny Defendants' motion for decertification and stay the enforcement of any judgment it enters on Defendants' behalf against Mr. Wisniewski.

## II.    STATEMENT OF FACTS

This is an action by Plaintiffs for money damages for unpaid wages and unpaid overtime wages on behalf of themselves and other employees who are similarly situated under the Fair Labor Standards Act, the Portal-to-Portal Act, the New York Minimum Wage Act, the New York Labor Law and the relevant wage orders promulgated thereunder. Plaintiffs are workers and tradesmen who were employed by Capala Brothers, Inc. (the "Corporate Defendant") as roofers, bricklayers, masons, building laborers, drivers, foremen and other manual workers with the same or similar duties, who regularly worked over forty (40) hours per week, but were not compensated properly for all the hours they worked and for all overtime hours.

The Corporate Defendant provides construction services in the City of New York and its environs. The Individual Defendants, Pawel Capala and Robert Capala, are the officers, shareholders, managers and/or majority owners of the Corporate Defendant and are being sued as "employers" of Plaintiffs within the meaning of the FLSA and New York Labor Law. Plaintiffs

are suing the Corporate Defendant and Individual Defendants individually and collectively, and are holding them jointly and severally liable for all their claims. *See*, the operative Complaint, attached to the Wisniewski Decl. as **Exhibit 1**. This Court found Robert Capala and Pawel Capala to be joint employers of Plaintiffs. *See*, this Court's May 5, 2009 Decision, Doc. No. 131, pp. 28-30.

Defendants, as well as the Plaintiffs and most of the class members, are located in a small ethnic community in Brooklyn. The residents of that tight-knit community are mostly of Polish origin, many of whom are at least of passing acquaintance with each other.

1. Facts Relating to Defendants' Motion to Decertify the Class

On May 5, 2009, the Court denied Defendants' motion to dismiss the class action for failure to satisfy numerosity. ***Gortat v. Capala Bros., Inc.***, 257 F.R.D. 353, 362 (E.D.N.Y. 2009). The Court determined, first, that the relevant class totaled approximately seventy-four (74) individuals, which creates a presumption of numerosity. Second, the Court took notice that most of the class members are poor and likely do not have sufficient resources to bring such actions on their own.

On June 15, 2009, Plaintiffs filed a motion for class certification arguing that the class satisfied each of the elements of Fed.R.Civ.P.23, including numerosity. On April 9, 2010, this Court found that numerosity, among the other elements, was present and certified a class of:

> All persons employed by Defendants as roofers, bricklayers, masons, building laborers, drivers, foremen and other manual workers with the same or similar duties during the six years immediately preceding the initiation of this action up to the date of this decision who are asserting claims under the New York State Labor Law for unpaid minimum wages or overtime premium wages.

Particularly, the Court found that the class is comprised of people with limited means

who were likely unable to bring a separate suit. Plaintiffs circulated the notice of pendency in May 2010 and one individual joined the case.

Twenty-three employees opted out of the class. A few months later, Defendants submitted to the Court approximately fifty-four (54) releases of class members, which they had obtained in exchange for making payments to the various class members, and requested that the individuals who signed these releases be removed from the class, which the Court agreed to do on June 7, 2011, with the exception three (3) class members whose releases Defendants failed to provide. *See*, DE 250 at p. 4 (removing 51 class members from the class). On December 30, 2011, the Court also agreed to allow three (3) class members to opt-out after the deadline. *See*, DE 262 at p. 24-5 (allowing three class members to opt-out after the deadline).

As it stands right now, the class includes the following individuals who did not opt-out of the class and were not removed from the class by the Court in its June 7, 2011 order:

1) Jan Cierebiej
2) Oleh Dovbanko
3) Dominik Gensiorski
4) Dariusz Gociowski
5) Marcin Golak
6) Oleg Halych
7) Zbigniew Herman
8) Jakub Januszek
9) Henryk Kozub
10) Dariusz Krzeminski
11) Mariusz Malinowski
12) Lech J. Miedzwiedz
13) Waldemar Plonka
14) Slawomir Rzeszutek
15) Bogdan Sidz
16) Waldemar Skowronski
17) Kazimierz Sudol
18) Daniel Turowski
19) Marcin Tulka

20) Szymon Wadolowski
21) Robert Wnorowski
22) Henryk Wyszynski
23) Jacek Zareba
24) Sergey Arkhipov
25) Adam Bonilla
26) Roberto Grano De Oro
27) Witold Iwanczyk
28) Oleg Lomianskyi
29) Serhiy Lutsyk
30) Edmund Mienkowski
31) Jan Mokrzcki
32) Jesus E. Orellana
33) Socrates A. Pena
34) Ivan Pylypiv
35) Jose Quinones
36) Jan Ratynski
37) Abel Rendon
38) Antonio Santos
39) Lukasz Terepka
40) Andrzej Wawryszko
41) Zenon Chalamonski
42) Ivan Pylypiv
43) Michal Kosycarz

*See*, Defendants' lists of employees from September 1, 2007 through October 28, 2009 and August 1, 2008 through August 25, 2010, attached to the Wisniewski Decl. as **Exhibit 2** and Defendants' employee list attached to the Orner Decl. as **Exhibit A**. *See also*, Defendants' list of releasors, attached to the Orner Decl. as **Exhibit** C and list of opt-outs, attached to the Orner Decl. as **Exhibit B**.

A large percentage of employees worked for Defendants until early 2007, more than three (3) years before the notice of pendency was circulated in May 2010.

Like the rest of the class members, the above individuals were presumably contacted by the Defendants and offered money in exchange for signing a release. It appears most of them

rejected this offer and wished to remain part of class.

        2.        Facts Relating to Defendants' Motion for Attorneys' Fees and Costs

On June 30, 2009, the Court imposed sanctions against Defendants' counsel, Felipe Orner, Esq., because of his "clear violation of Judge Gold's orders to cease ad hominem attacks." *See*, this Court's June 3, 2009 order awarding sanctions attached as **Exhibit 3** to the Wisniewski Decl. As a result of this order, the Court awarded to Plaintiffs' counsel $7,645.54 in attorneys' fees and costs to be paid by Mr. Orner. *See*, this Court's June 23, 2009 order attached as **Exhibit 4** to the Wisniewski Decl. Upon an application by Mr. Orner, the Court stayed the judgment for sanctions until this litigation is completed finding that "because the judgment debtor is the defendants' counsel and therefore an officer of this Court . . . [he] will not evade his legal obligations." *See*, this Court's July 8, 2009 order attached as **Exhibit 5** to the Wisniewski Decl. at p. 3.

On June 15, 2011, Magistrate Judge Steven Gold held a pretrial conference, at which Plaintiffs' counsel failed to appear due to a calendaring mixup. As such, Judge Gold awarded to Defendants attorneys' fees and costs for the "time incurred attending [the] conference." *See*, Judge Gold's Order, attached to the Orner Decl. as **Exhibit G**. The adjourned conference was held on June 21, 2011.

Mr. Orner sent Mr. Wisniewski a letter on July 14, 2011 specifying the amount of attorneys' fees and costs he allegedly incurred, which totaled $891.00. *See*, Judge Gold's Order, attached to the Orner Decl. as **Exhibit F**. His request for fees included travel time at his full rate of $285.00 an hour and requested attorneys' fees of $150.00 an hour for a previously unknown attorney named Simon Orner, presumably a relative of Mr. Orner.

On the same day, Mr. Wisniewski's associate, Michael Taubenfeld, Esq., responded to Mr. Orner by pointing out that (1) Mr. Orner's sanctions had been stayed and Plaintiffs' counsel will likely be stayed as well; (2) that travel time is billed at half-rate and (3) that Mr. Orner had not made any showing as to why his clients are entitled to recover for Simon Orner's appearance at the conference, especially since Simon Orner did not appear when the pretrial conference took place on June 21, 2011. *See*, correspondence between Mr. Orner and Mr. Taubenfeld attached as **Exhibit 6** to the Wisniewski Decl. Mr. Taubenfeld advised Mr. Orner that he was instead entitled to $377.25. Simon Orner had never appeared at any previous conference and it appeared that his inclusion in Defendants' "bill" was simply an effort to increase Mr. Orner's fees.

Mr. Orner responded to the email, but did not provide any reason why Simon Orner appearance at the conference was necessary – other a series of rhetorical questions – and justified Simon Orner's non-appearance at the second conference on the grounds that he allegedly had car trouble. Mr. Orner also purported to explain why travel time, in this instance, should be billed at his full rate. In response, Mr. Taubenfeld again advised Mr. Orner that travel time was billed at half the rate and that Simon Orner's appearance at the conference did not appear to be necessary. Mr. Orner did not address this issue until he filed the present motion.

## II. ARGUMENT

Defendants' motion to decertify the class must be denied. "In considering the appropriateness of decertification, the standard of review is the same as a motion for class certification: whether the Rule 23 requirements are met." **J.S. v. Attica Central Schools**, 2011 WL 4498369 at *4 (W.D.N.Y. September 27, 2011) *citing* **Marlo v. United Parcel Service, Inc.**, 251 F.R.D. 476, 479 (C.D.Cal.2008); *see also East Maine Baptist Church v. Union*

*Planters Bank, N.A.*, 244 F.R.D. 538, 541 (E.D.Mo.2007)("In considering a defendant's motion for decertification, the Court follows the legal standard required for class certification ... and focuses its inquiry as to whether or not the requirements of Rule 23 have been met.").

Even if the class is less than forty (40) class members, class certification remains warranted because joinder is impracticable. The function of class certification is to aggregate small claims into one lawsuit and class certification is particularly appropriate when many of the class members' claims are quite small and they would likely not be able to exercise their rights on their own. *See*, *Vogel v. American Kiosk Management*, 371 F.Supp.2d 122, 127 (D.Conn. 2005)(holding that a purpose of class certification is aggregate small claims into one lawsuit); *Gortat*, *supra*, 257 F.R.D. at 362 (holding that joinder is impracticable when the class members are people of limited means). "The policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights." *Amchem Products, Inc. v. Windsor*, 521 U.S. 591,117 S.Ct. 2231, 2246, 138 L.Ed.2d 689 (1997). At bar, as this Court previously found, the class members are primarily Polish immigrants who perform construction work and have limited resources to bring an action in federal court on their own. *Novella v. Westchester County*, 443 F.Supp.2d 540, 547 (S.D.N.Y. 2006)(certifying class of 24 individuals) *reversed on other grounds*; *Gortat*, *supra*, 257 F.R.D. at 362. They have no means, for example, to hire an expert to calculate their damages. Many of these class members also worked for Defendants for only short periods of time and hence do not have the final incentive to suffer through the stresses of a lawsuit of this magnitude. *Gortat*, *supra*, 257 F.R.D. at 362. Continued class certification is, therefore, warranted.

Even more importantly, the class should be maintained because it has served its purpose. After the class was certified, Defendants engaged in a sustained campaign to essentially buy off each class member in order to obviate the class. Many of the class members accepted payment in exchange for releases and the ones who did not remained in the class. In paying the class members, Defendants essentially furthered the purpose of class certification, which is to ensure that class members with limited claims and no means to bring a separate lawsuit receive compensation for the wrongs suffered by them. If the Court decertifies the class now, however, the remaining class members who did not get paid for signing releases would essentially lose their claims without any compensation. That is inconsistent with purpose of class certification, which is to protect the rights of individuals with small claims. **Amchem**, supra, 117 S.Ct. at 2246.

Defendants argue that since none of these class members opted into this case under the FLSA, the Court should assume they do not want to be part of the class. This argument is without merit. First, as Defendants admit, the notice of pendency was circulated in May 2010, more than three (3) years after many of the class members stopped working for Defendants. **See**, Orner Decl. at 14. These class members likely did not opt-into this case because they had no claims under the FLSA by the time they received the notice.

More importantly, however, the Court should actually infer the opposite of what Defendants request. Even though Defendants likely contacted these class members and offered to buy them off, Defendants were unsuccessful. The Court may assume that these class members refused to sign releases because they wanted to remain in the litigation. The Court should honor that choice.

Aside from whether joinder is practicable, the Court should not decertify the class because forty (40) class members remain and the class remains presumptively numerous. ***Chen v. Street Beat Sportswear, Inc.***, 364 F.Supp.2d 269, 274 (E.D.N.Y. 2005)(Glasser, J.)(refusing to revisit issue previously litigated). Defendants incorrectly argue that the class no longer satisfies the numerosity requirement under Fed.R.Civ.P.23 because fifty-one (51) class members signed releases and another twenty-six (26) opted-out of the class. This is simply wrong. Defendants fail to include in the class any employees who worked for them after the pendency of this lawsuit, which was on August 29, 2007. But since the Court's class definition includes all employees who worked within the six (6) years preceding the initiation of this action until April 9, 2010, which is larger and encompasses no less forty (40) individuals. ***See***, *supra* p. 3-5. Defendants also exclude class members who the Court expressly refused to remove from the class, including Slawomir Rzeszutek, and at least one individual who never opted-out or signed a release. ***See***, Wisniewski Decl. at ¶10.

Defendants attach a summary from Plaintiffs' expert report, which does not calculate damages for many of the class members who worked for Defendants after August 29, 2007. Essentially, because these class members purportedly do not have damages, Defendants believe they are not part of the class. But the mere fact that some of the class members do not have damages while others do is not a reason to decertify a class. *See*, ***Khadera v. ABM Industries Inc.***, 2011 WL 7064235 at *6, n. 10 (W.D.Wash. December 1, 2011)(certifying class even though some class members may not have had any damages). ***See also French v. Essentially Yours Indus.***, 2008 WL 2788511 at *5 (W.D.Mich. July 16, 2008) (certifying Rule 23 class even though "some members may have different damages or none at all") and *citing* ***Beattie v.***

Case 1:07-cv-03629-ILG-CLP   Document 265   Filed 02/10/12   Page 12 of 14 PageID #: 11797

*CenturyTel, Inc.*, 511 F.3d 554, 562 (6th Cir. 2007). Each of Defendants' manual employees who did not opt-out or sign releases is part of the class. As such, the class should remain certified.[1]

2. <u>The Court Should Stay Any Order Awarding Attorneys' Fees and Costs</u>

Defendants appear to request that the Court enter a judgment against Mr. Wisniewski for attorneys' fees and costs. Defendants do not request a specific amount, but based on Mr. Orner's July 14, 2011 letter to Mr. Wisniewski (**Exhibit F**), they appears to be requesting $891.00 in attorneys' fees and costs. Although Plaintiffs concede that the Court may enter a judgment in Mr. Orner's favor, it should stay the enforcement of the judgment until after this litigation is completed insofar as Mr. Wisniewski holds a judgment against Mr. Orner for far more in attorneys' fees and costs than Mr. Orner is even requesting, never mind what he is due. In addition, any judgment the Court enters should be for far less than Defendants are requesting.

The Court should stay the enforcement of any judgment. A judgment against Mr. Orner on behalf of Mr. Wisniewski for $7,645.54 is currently stayed pursuant to this Court's June 23, 2009 order. DE 165, p. 3.The Court agreed to stay the enforcement of the judgment on the grounds that Mr. Orner is an officer of the Court and will likely not evade his legal obligations. The same is obviously equally true with regards to Mr. Wisniewski and the Court should stay enforcement of any judgment it enters. In addition, any amount that Mr. Wisniewski will need to pay Mr. Orner will likely be deducted from the amount Mr. Orner owes to him.

---

[1] Defendants yet again argue that joinder is practicable, because the New York Labor Law is a fee-shifting statute and that the class members are not geographically dispersed. The Court has already rejected these arguments.

Aside from whether the Court should stay the judgment, the judgment must be for less than Defendants are requesting. Defendants' claim that they are entitled to two (2) hours of Mr. Orner's time, which includes one and a half hours of travel time. That is incorrect. It is well-established in this Circuit that travel time is only recoverable at half the hourly rate. ***Barfield v. New York City Health and Hospitals Corp.***, 537 F.3d 132,140 (2d Cir. 2008)(upholding a district court's award of travel time at half-rate based on "established court custom"). This is true even when attorneys' fees and costs are awarded as sanctions. ***Baker v. Litton Loan Servicing LP***, 2011 WL 3511066 at *2 (E.D.N.Y. August 10, 2011)(Mann, M.J.)(awarding sanctions but reducing the fee request because travel time is only compensated at half the hourly rate.). As such, Defendants are entitled to a half an hour at Mr. Orner's regular hourly rate of $285.00, which is $142.50 and to one and a half hours at half his hourly rate which equals $213.75 for a total of $356.25.

In addition, Defendants may not recover for Simon Orner's time. First, Simon Orner did not appear at the adjourned pretrial conference and did not submit a declaration explaining his absence. As such, it can be presumed that his presence at the first pretrial conference was for training purposes only, which Mr. Wisniewski should not have to pay for. ***John Deere Deferred Savings Plan For Wage Employees v. Propst***, 2007 WL 4594681 at *9 (E.D.Wis. December 28, 2007)(finding that "[w]hile it may be beneficial for the law firm to develop and train its associates, it should not be accomplished at the expense of non-clients.").[2] Simon Orner's fees, therefore, should not be included.

---

[2] If the Court is inclined to award Defendants attorneys' fees for Simon Orner's presence at the conference, it should award fees for travel time at half his hourly rate.

Finally, Plaintiffs are not challenging Defendants' counsel's parking cost of $21.00.

Accordingly, the Court should award Defendants no more than $377.25 and stay the enforcement of the judgment until after the completion of this litigation.

### IV. CONCLUSION

Plaintiffs respectfully request that this Court deny Defendants' motion for decertification of the class, stay the enforcement of any judgment that it enters on behalf of Defendants and provide whatever relief it finds just.

Dated: New York, NY
February 10, 2012

---------------------------/s/------------------------
_____
Robert Wisniewski (RW-5308)
Attorney for all Plaintiffs