UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X
MIROSLAW GORTAT, HENRYK BIENKOWSKI,
MIROSLAW FILIPKOWSKI, ARTUR LAPINSKI
JAN SWALTEK, EDMUND KISIELEWICZ, ARTUR
KOSIOREK, and HENRYK STOKLOSA on behalf of
themselves and on behalf of all others similarly situated,

**Docket No.:07-3629**
**(ILG) (SMG)**

Plaintiffs,

-against-                                    **Pre-Trial Order**


CAPALA BROTHERS, INC., PAWEL CAPALA
and ROBERT CAPALA
                                    Defendants.
---------------------------------------------------------------------------X

The parties, having conferred among themselves and with the Court pursuant to
Federal Rule of Civil Procedure 16, the following statements, directions and agreements
are adopted as the Pretrial Order herein.

**Trial Counsel**

Attorneys for Plaintiffs:
ROBERT WISNIEWSKI P.C.
Robert Wisniewski (RW-5308)
225 Broadway, Suite 1020
New York, NY 10007
Tel: (212) 267-2101
Fax: (212) 587-8115
Email: rw@rwapc.com

Attorneys for Defendants:
Philip Orner- Attorney at Law
Felipe ("Philip") Orner – (FO-3986)
Flushing, New York 11367
Tel. (718) 575-9600
Fax (718) 575-9600
E-mail: felilaw@aol.com

**Jurisdiction**

1. Plaintiffs' Statement of Jurisdiction

This Court has jurisdiction over Plaintiffs' federal claims under 28 U.S.C. §1331, in that this action arises under 29 U.S.C. § 216 (FLSA), and 28 U.S.C. §1337 (Regulation of Commerce). The Defendants engage in an enterprise whose annual volume of business done is significantly greater than $500,000.00, the activities of which affect interstate commerce in that the employees of said Defendants handle, sell or otherwise work on goods or materials that have been moved in or produced for interstate commerce. This Court has jurisdiction over the Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

Plaintiffs are not challenging the Court's jurisdiction over Defendants' counterclaims.

2. Defendants' Statement of Jurisdiction

While plaintiffs argue jurisdiction of this Court for their 29 U.S.C. Sec. 216 (FLSA) claims under 28 U.S.C. Sec. 1331, defendants dispute such applicability here to defendants' activities solely in the State of New York and whose plaintiffs former employees resided in the State of New York . The defendants also dispute that their employees either handle , sell or otherwise work on goods or materials that have been moved in or produced for interstate commerce. Under 29 U.S.C Sec. 207, which requires employers to pay overtime at a rate of pay time and half worked beyond the weekly 30 hours, there is  dispute between the parties of even a prima facie case of jurisdiction in this case for this Court (also per 29 CFR Sec. 779.242).  Since the defendants thus dispute the Federal jurisdiction of this Court, they also dispute  any associated jurisdiction over state law claims under 28 U.S.C. Sec. 1367. The defendants only serve construction clients within the State of New York.

**Plaintiffs' Claims to be Tried in Their Case-in-Chief**

The Plaintiffs in this action are: Miroslaw Gortat, Henryk Bienkowski, Jan Swaltek, Miroslaw Filipkowski, Artur Lapinski, Artur Kosiorek, Henryk Stoklosa, Edmund Kisielewicz, and Pawel Truszkowski who worked for Defendants as roofers, bricklayers, masons, building laborers, drivers, and foremen. This Court certified a class in this action, which is subject to a motion to decertify.

Plaintiffs' claims are the following:

1. Unpaid wages and unpaid overtime, including travel time, at a rate of one and a half times their regular rate for hours worked in excess of 40 in a given week under the FLSA, 29 U.S.C. §201 *et. seq.* These claims were not brought on a class-wide basis.

2. Unpaid wages and unpaid overtime, including travel time,  at a rate of one and a half times their regular rate for hours worked in excess of 40 in a given week under the New York Labor Law, Articles 6 and 19, including §663 and 12 NYCCR §142-2.2. These claims were brought on a class-wide basis.

3. Breach of contract for Defendants' failure to pay Plaintiffs and the class members for each hour worked.

4. Violations of New York Labor Law § 191 for not paying Plaintiffs Bienkowski, Gortat, and Swaltek for their final two weeks of employment and Plaintiff Lapinski for his final week of employment.

**Plaintiffs' Defenses with Regards to Defendants' Counterclaims**

Plaintiffs' defenses with regards to Defendants' counterclaims are as follows:

1. <u>Amended Third Counterclaim</u>

Defendants' amended third counterclaim alleges that Plaintiffs interfered with Defendants' at-will employees by engaging in economic pressure against Defendants and by threatening their employees.

Plaintiffs' defenses on this counterclaim are that they did not engage in any culpable conduct or engage in any extreme economic pressure. Plaintiffs deny threatening any of Defendants' employees. Defendants also sustained no damage.

2.  First Counterclaim

Defendants bring a counterclaim for conversion against Bienkowski, Lapinski, and Gortat for allegedly not returning their tools. This Court already dismissed part of Defendants' first counterclaim. These Plaintiffs also deny that they failed to return their tools.

**Defendants' Claims and Defenses on Plaintiffs' Case-in-Chief and Their Counterclaims**

As presently remaining on such causes of actions, Plaintiffs, in this FLSA and Portal-to-Portal Act for initial 3 years look back period and years 4 through 6 look back for their New York State requested relief under the New York Labor Law ,  have claimed through their computation of damages submitted reports only what this Court had already found their claims to be per the order of Hon. I. Leo Glasser of  May 5,2009, as follows:

" *The plaintiffs laborers assert that they worked from 7:00 A.M. until 4:00 P.M. every day, less 30 minutes for lunch, and the plaintiffs foremen assert that they worked from 7:00 A.M. until approximately 5:30 P.M. every day , less 30 minutes for lunch. Rather than* [ *per plaintiffs' allegations* ] *receiving compensation for working eight and half hours and ten hours respectively, they were each paid for working eight hours per day – from 7:30 A.M. until 4:00 P.M. less minutes for lunch".*

As one of the defenses against the laborers and foremen's claim that their work day

started at 7:00 A.M. , instead of 7:30 A.M. as reflected on the time sheets prepared by all of the foremen for the laborers in their daily work crew, and as also reflected on the  pay stubs, payroll register and payroll tax returns, against which the plaintiffs present no written documentation of any type, defendants assert , as supported by witnesses who are former employees, and neighbors, that employees arrived at the Capala's Greenpoint place of business between 7:10 A.M. to 7:15 A.M. and that they would gather to receive instructions for the day at about 7:25 A.M. after changing from street to work clothes, and then board the vans that would transport them to the Manhattan actual work sites in most instances.

The corporate defendant's policy, as claimed by defendants,  is that when any jobs require additional time to complete, the corporate defendant hires part-time additional employees to avoid any employee having to work overtime. The corporate defendant's employment records reflect through all of the years in question numerous part-time employees on their payroll. As an additional defense against claimants former employees who may be deemed part of this litigation, the corporate defendant presents the additional defense that all employees hired after August 2007 have signed new written regulations of employment acknowledging that their work day starts at 7:30 A.M. and finishes at 4:00 P.M. Since that approximate date, all employees also must sign their pay stubs and accompanying time sheets thus verifying the accuracy of their hours paid to them by the corporate defendant.

Defendants, as an additional defense, also claim  further accommodating the needs of their employees ,  provided space and opportunity for their employees to change from street clothes into work clothes wearing the required safety additional gear for construction with the uniform furnished to  workers and foremen, displaying the corporate defendant's name on them.

As admitted to by plaintiffs, defendants would gather all employees and foremen in the morning, at the defendants' place of business, outside their offices, at the sidewalk in public view, before the corporate vans would transport them to the jobs sites and at such gathering provide them with formation of assigned groups and discussion of directions for the day, and as such, this preliminary activity is also to be tried as to its length in minutes for their duration and its being an activity not compensable under the FLSA and Portal-to-Portal Acts .

Defendants in addition, as a general rule, claim that they provided its employees with the option to either first report to the job site on a daily basis or to arrive at the corporate defendant's place of business in Greenpoint, Brooklyn, where these employees would usually park their cars at no cost to them and then be transported to the job sites through the 4 (four) vans owned by the corporate defendant. Although foremen were required to report daily the worked hours for each member of their respective work crew, such reporting was facilitated to them with the usage of corporate cell phones for each of the foremen at the corporate defendant's cost where such information on hours worked could be transmitted to the office, usually to the secretary working at the corporate offices. Though foremen were provided with access to driving the corporate vans to/from the sites on a daily basis, such use was mostly for their convenience, as alleged by defendants , for the corporate defendant had available drivers and other members of the small corporate defendant to drive such vehicles. And though foremen while dropping off the vans at the end of their work days would informally come in to the corporate's offices for a few minutes for idle chat that was not required of them , as claimed by the defendants, such practice took place either mostly before 4:00 P.M. or for no longer than 5 minutes for each of the separate groups of crews under one foreman for that day. Generally, since the corporate defendant had

more foremen than vans, and large construction jobs  are the predominant type of services performed by the defendants, foremen would be included under work crews under one selected foremen for the particular job that would last weeks in duration, if not months.

   Additional defenses to be tried are whether the activities claimed here by these plaintiffs constitute either preliminary or postliminary activities under 29 U.S.C Sec 254 which are not compensated under the Portal-to-Portal Act. Also whether such activities prior to the reporting of said employees for the main function of their employment was to be compensated , and whether commuting time which these plaintiffs needed to undertake from their residences in Brooklyn and Queens , while stopping on their way to Manhattan, at the corporate defendants' place of business while being provided free parking and commuting expenses, must be compensated under the present circumstances .

    Furthermore, the few unpaid days as of the day plaintiffs Gortat, Bienkowski, Swaltek and Lapinski, as per the answer to the complaint, were offered and tendered to them through their attorney since prior to the inception of this litigation. Yet, plaintiffs have repeatedly such tender and offer of payment for the past four years.

    Should there be any finding at the trial of any unpaid hours due to these plaintiffs, defendants dispute the willfulness criteria for assessing such penalty on them in this case.

   Defendants dispute the applicability of any pre-judgment interest on any possibly determined unpaid wages at the trial on the FLSA claims, which impose already 100% liquidated damages. Any applicability of New York State claims pre-judgment interest depends on the determination of the previously stated open items in this case.

    As to any award of attorney fees for any determined unpaid wages at the trial, plaintiffs,

should they prevail in part, per defendants,  should be strictly limited on any  such award based on the lack of conduct by plaintiffs' legal counsel to pursue a settlement in good faith on five different occasions initiated by defendants for resolution of this matter , two of which were stated in Court before Magistrate Hon. Steven Gold and another before the Court of  Appeals- Second Circuit's law clerk assigned to consider the interlocutory appeal in this case , for having continuously delayed and prolonged  these proceedings unnecessarily, for having presented false claims of discovery that took dozens of hours to resolve in favor of defendants on the evidentiary outcome of such produced discovery , for having presented claims in motions as conclusions of fact and laws which will be proven at trial to be untrue.

**Defendants' Counterclaims**

Defendants have presented a first counterclaim against some of the named plaintiffs for conversion on the said plaintiffs' failure to return tools and equipment belonging to the corporate defendant upon the termination of their employment with the corporate defendant. Plaintiffs signed acknowledged details of all such tools received by them during their employment, and despite a written procedure for such return, plaintiffs ignored such rules, failed to return the tools, and ignored the certified mail return receipt request notices sent to them demanding such return of the tools belonging to the defendants. Defendants therefore assert that such property belonging to Capala was not returned by such plaintiffs.   In addition, the defendants have asserted a third amended counterclaim, as allowed by court order after a denied in part motion to dismiss filed by the plaintiffs, against some of the named plaintiffs due to their tortious interference with the corporate defendants' contracts for additional construction jobs which could not be pursued by the defendants due to the physical  threats, malicious statements to cause

harm against the defendants, economic pressure on the existing employees of the defendants and other interference by said former employees/named plaintiffs towards the remaining employees of the corporate defendant as a result of ill will towards the defendants and the capacity of defendants to hire capable and adequate employees .  Plaintiffs continued such culpable conduct, by telling the remaining employees at Capala that Capala was finished as an employer and they would have no job at all, that Capala would be "destroyed" ( economic pressure).

Such culpable conduct also includes misrepresentations and or fraud, which could be accomplished by what plaintiffs merely disguise as "*persuasion"* , and civil prosecution, as well as some degree of economic pressure, as tortuous interference .Even ill will by such parties qualifies for this cause of action**.  S**uch actions by these former foremen/ named plaintiffs have caused lower moral, loss of potential contracts being obtained by Capala, dissent and lower production causing damages to the corporate defendant.   These initially schedule of damages of construction jobs' proposed contracts which the defendants could have been granted , had it not been by the conditions set by the plaintiffs' conduct, was summarized in a schedule of damages in discovery , which was subsequently amended to contain nine (9) of said contracts plus damages incurred directly with employees of the corporate defendant, as per such schedule for damages attributed mostly for year 2007, when the plaintiffs discontinued their employment with the corporate defendant and engaged in culpable conduct.

In addition the schedule of damages presented by defendants on the third amended counterclaim includes another section of payroll related additional costs suffered by defendants not only because these plaintiffs had quit their employment but because of the culpable conduct by said plaintiffs in interfering with the defendants hiring capable qualified substitute employees

who needed additional supervision and who were also subject to the same culpable conduct of ill will, threats and economic pressure by the plaintiffs.  . While the defendants' officers practice was to visit the construction sites daily on which their employees worked,  such time spent due to the culpable conduct by the plaintiffs was significantly increased.

**Jury/Non-Jury**

This case will be tried as a jury trial, which the Plaintiffs expect to take approximately eight (8) days, and the Defendants expect to take approximately 15 (fifteen) days .

**Trial Before Magistrate Judge**

This case will not be tried before a Magistrate Judge.

**Stipulations of Fact**

Plaintiffs and Defendants are stipulating to the following issues of fact:

1. Capala Brothers, Inc. is a business incorporated in the State of New York.

2. The Capala Brothers, Inc.'s place of business during all of the times of this litigation was located in Greenpoint, Brooklyn.

3. Capala Brothers, Inc. earned at least $500,000.00 in "business done" each year from 2001 through 2010.

4. All Plaintiffs resided in the State of New York during all relevant periods of this action.

5. All Plaintiffs were employees of Capala Brothers, Inc. during the period between August 2001 and April 2010.

6. Plaintiffs worked for Defendants during the following periods:

| Name | Began Employment | Finished Employment |
| --- | --- | --- |

| Miroslaw Gortat | March 5, 2000 | April 1, 2007 |
|---|---|---|
| Henryk Bienkowski | May 11, 1998 | April 1, 2007 |
| Miroslaw Filipkowski | October 20, 1997 | January 14, 2007 |
| Artur Lapinski | February 5, 2006 | April 1, 2007 |
| Jan Swaltek | March 4, 2001 | April 8, 2007 |
| Edmund Kisielewicz | April 25, 2005 | August 26, 2007 |
| Henryk Stoklosa | May 2, 2005 | May 7, 2006 |
| Artur Kosiorek | November 14, 2005 | April 2, 2006 |
| Pawel Truszkowski | March 28, 2010 | April 18, 2010 |

7. Plaintiffs Bienkowski and Filipkowski performed work as foremen from before August 2001 through the end of their employment.

8. Plaintiff Lapinski began working as a foreman for Defendants on July 1, 2006.

9. Plaintiff Gortat began working as a foreman for Defendants on April 1, 2004.

10. All of Defendants' damages for Defendants' amended third counterclaim are stated on Plaintiffs' Exhibit 36 as subsequently modified by Exhibit 37.

**Witnesses**

**Plaintiffs' Witnesses**

Plaintiffs will call the following witnesses for their case-in-chief who will testify in person:

Defendants' Employees:

1. Henryk Bienkowski
2. Miroslaw Filipkowski
3. Artur Lapinski
4. Marcin Golak
5. Miroslaw Gortat
6. Jan Swaltek
7. Henryk Stoklosa
8. Artur Kosiorek
9. Edmund Kisielewicz
10. Pawel Truszkowski

<u>Plaintiffs' Expert:</u>

    1.  Glenn Pannenborg

<u>Third-Party Witness:</u>

    1.  Ryszard Szczypczyk – Employee of Extech Building Materials, Inc.

<u>Hostile Witness:</u>

    1.  Robert Capala

Plaintiffs will call the following witnesses for their defense of Defendants' counterclaims who will testify in person:

    1.  Henryk Bienkowski
    2.  Miroslaw Filipkowski
    3.  Artur Lapinski
    4.  Miroslaw Gortat
    5.  Jan Swaltek

<u>Third-Party Witness:</u>

    1.  John Davies
    2.  Maurine Packard
    3.  Oleg Vitenko
    4.  Yves Duboin
    5.  Margaret M. Condron
    6.  Evelyn Santana
    7.  Yolanda Queen
    8.  Rafal Wierciak
    9.  Philip Jones

<u>Plaintiffs' Expert:</u>
    1.  Glenn Pannenborg

**Objections to Plaintiffs' witnesses:**

Defendants object to Plaintiff's labeling the testimony of Glenn Pannenborg, CPA in New

Jersey, as a "plaintiff's expert" , since Mr. Pannenborg has yet to be admitted as an expert

witness by any court, per his own sworn testimony.  Defendants also object to Mr. Ryszard

Szczypczyk , a third party witness, since there was no notice by plaintiffs as to this witness.

### Defendants' Witnesses

Defendants will call the  34 (thirty) witnesses listed in the attached listed to testify in person all of whom were previously noticed. One of such witnesses, Mr. Harold Friedman,CPA, will testify in person as an expert in witness in support of the third counterclaim. Defendants reserve their rights to call additional witnesses and rebuttal witnesses as the circumstances warrant.

## LIST OF DEFENDANTS' WITNESSES

| *Name of Witness* | *Address of Witness* | *Disclosed in* | *Nature of Testimony* |
|---|---|---|---|
| 1)  Wieslaw Zamora | 235 Frost St. Brooklyn, N.Y. | * ** | Neighbor describing hour of work at Capala's offices |
| 2) Natalie Sheehan | 248 Frost St. Brooklyn, N.Y. | * ** | Neighbor at Capala's offices describing hours of work |
| 3) Roman Brzozowski | 31-73 31st St. Astoria, N.Y. | ** **** | Parking lot attendant as to times in and out by R.Capala |
| 4) Julian Czerewin | 67-87/68-09 Booth St. N.Y.C. | * ** | Customer describing hours of work at his building |
| 5) Anthony Curcio | 433 Graham St Brooklyn, N.Y. | * ** | Neighbor at Capala's offices describing hours of work |
| 6) Frank DiTomasso | 213 Frost St. Brooklyn, N.Y | * ** | Neighbor at Capala's offices describing hours of work |
| 7) Steven Letsch | 213 Frost St. Brooklyn, N.Y. | * ** | Neighbor at Capala's offices describing hours of work |

8) John Passarella    Sunoco Gas Station   *            Neighbor at Capala's offices
                           Woodpoint & Frost,Brlyn  **         describing hours of work

| *Name of Witness* | *Address of Witness* | *Disclosed in* | *Nature of Testimony* |
|---|---|---|---|

9) Sead Srdanovic    250 E. 63rd St.,N.Y.C.   *      Customer describing hours
                                   **      of work at his building

10) Monserrate Velazquez   225 W.83rd St.N.Y.C. . *      Customer describing hours
                                   **     of work at his building

11) Richard Camacho   440 E. 62nd St.N.Y.C.   *      Customer describing hours
                                   **      of work at his building

12) Piotr Dabrowski   135 W. 70th St., N.Y.C.   *      Customer describing hours
                                   **      of work at his building

13) Anton Markola   150 W.56th St., N.Y.C.   *      Customer describing hours
                                   **      of work at his building

14) Bogdan Dobrowolski 247 E.61st St.,N.Y.C.   *      Customer describing hours
                                   **      of work at his building

| | | | |
|---|---|---|---|
| 15) Ken Maisler | 123 East 18th Street<br>New York, N.Y | *<br>** | Customer describing hours<br>of work at his building |
| 16) Jiri Buksa | 1666 Woodbine # 1R<br>Ridgewood, N.Y. | *<br><br>**<br><br>*** | Capala's employee |
| 17) Josef Macwiewicz | 254  73rd St.- Apt.# 7A<br>Brooklyn, N.Y. | ** | Capala's former employee |
| 18) Jakub Januszek | 270 Nassau St.- Apt.# 2<br>Brooklyn, N.Y. | *<br>**<br>*** | Capala's employee |
| 19) Robert Staromiejski | 40-42 W.26th St.<br>Bayonne, N.J. | *<br>**<br>*** | Capala's employee |
| 20) Janusz Jakubiak | 60-58 60th Rd Dr.<br>Maspeth, N.Y. | *<br>**<br>*** | Capala's former employee |
| 21) Przemyslaw Szulc | 1666 Woodbine St.-Apt.1R<br>Ridgewood, N.Y. | *<br>**<br>*** | Capala's former employee |

Footnotes:

\*     On list of witnesses provided to Plaintiffs on May 12,2008  \*

\*\*     Plaintiffs provided affidavit included on several motions filed and decided by the Court in 2009 and 2010, which motion's supporting papers and  affidavit  described nature of testimony.

\*\*\*     List of employees who will testify provided to plaintiffs on May 12,2008, as confirmed by conference with Magistrate Hon. S. Gold Tr. January 29,2009, see Pg.62 Ln. 1-17 . There were 11 (eleven) such employees and former employees listed and discussed on that conference with Hon. Magistrate S. Gold, and also as per supplementary answers filed with the Court as of March 1,2009 on motion with Magistrate Hon. S. Gold

\*\*\*\* As testified to by Robert Capala on his deposition transcripts

22)  Robert Capala
23)  Pawel Capala
24)  Piotr Capala
25)  Oleg Humpolik
26)  Janusz Drodzdal
27)  Janusz Drelich
28)  Harold Friedman, C.P.A.
29)  Yves Duboin
30)  Philip Jones
31)  Rafal Wierciak
32)  Margaret M. Condon
33)  Yolanda Queen
34)   Evelyn Santana

NOTE : Plaintiffs deposed all of these witnesses except for Piotr Capala.

**Deposition Transcripts**

**Plaintiffs' Deposition Transcripts**

Plaintiffs will introduce no deposition transcripts in their case-in-chief unless under Fed.R.Evid. 804 or for impeachment purposes.

Plaintiffs will introduce the deposition transcripts of the following person for their defense of Defendants' counterclaims at trial:

Page 16 of  23

Pawel Capala – 1, 3,4, 5, 6, 10, 24,25,26,27,28,29,30, 35-49, 52, 71 -89,99, 199-203,214-220, 223 -233, 237

### Defendants' Objections

*Pawel Capala;* Included should also be pages 7,8,9,31,32,50,51,56,57,58,116 through

198,221,222,234,235 and 236. In addition, defendants' stated objections at the transcript are

preserved on pages 81 as well as other stated objections as they become relevant at the trial.

### Defendants' Deposition Transcripts

Defendants will not introduce any deposition transcripts in their case-in-chief unless under

Fed.R.Evid. 804 on the unavailability rule . Deposition transcripts of the plaintiffs will be used at

the trial for impeachment of their testimony at trial wherever it is necessary.

### Exhibits

Plaintiffs' exhibits for their case in chief and defense of Defendants' counterclaims will be as follows. Defendants' objections are included as well.

Plaintiffs' Exhibit 1 - Plaintiffs' Amended Complaint and all attachments**

Plaintiffs' Exhibit 2 – Selected paystubs for Miroslaw Filipkowski**

Plaintiffs' Exhibit 3 – Selected paystubs for Henryk Bienkowski**

Plaintiffs' Exhibit 4 – Selected paystubs for Artur Lapinski**

Plaintiffs' Exhibit 5 – Selected paystubs for Miroslaw Gortat**

Plaintiffs' Exhibit 6 – Selected paystubs for Jan Swaltek**

Plaintiffs' Exhibit 7 – Selected paystubs for Henryk Stoklosa**

Plaintiffs' Exhibit 8 – Selected paystubs for Artur Kosiorek**

Plaintiffs' Exhibit 9 – Selected paystubs for Edmund Kisielewicz**

Plaintiffs' Exhibit 10 – Selected paystubs for Pawel Truszkowski**

Plaintiffs' Exhibit 11 – Selected paystubs for each Class Member

Plaintiffs' Exhibit 12 –Letters signed by Plaintiffs Bienkowski and Filipkowski and sent to New York Department of Labor regarding Marcin Golak's unemployment benefits claim

Plaintiffs' Exhibit 13 - Capala Bros. terms of employment

Plaintiffs' Exhibit 14 - Glenn Pannenborg's Expert Calculations of Named Plaintiffs' Damages, including methodology and other documents required by Fed.R.Civ.P.26(a)(2)

Plaintiffs' Exhibit 15 - Glenn Pannenborg's Expert Calculations of the Class' Damages including methodology and other documents required by Fed.R.Civ.P.26(a)(2)

Plaintiffs' Exhibit 16 – Glenn Pannenborg's Expert Report on Defendants' Counterclaims**

Plaintiffs' Exhibit 17 – Capala Brothers, Inc. balance sheets for the years 2001 through 2008**

Plaintiffs' Exhibit 18 – Capala Brothers, Inc. profit and loss statements for the years 2001 through 2008**

Plaintiffs' Exhibit 19 – Capala Bros. Bid for 100 West 12 Street**

Plaintiffs' Exhibit 20- Capala Bros. Bid for 532 East 87th Street**

Plaintiffs' Exhibit 21- Bid by Rocco's All-Type Roofing, Inc. for work on 532 East 87th Street**

Plaintiffs' Exhibit 22 – Capala Bros. Bid for 241 West 138th Street**

Plaintiffs' Exhibit 23 – Taufex Restoration, Inc.  Bid for 241 West 138th Street**

Plaintiffs' Exhibit 23 – Email to Oleg Vitenko (Dep. Ex. 52)**

Plaintiffs' Exhibit 24 – Duboin, Inc. Bid submitted for 418 West 51st Street**

Plaintiffs' Exhibit 25 – Capala Bros. Bid for 418 West 51st Street**

Plaintiffs' Exhibit 26 – Duboin, Inc. Bid submitted for 20 East 11th Street**

Plaintiffs' Exhibit 27 – Capala Bros. Bid for 20 East 11th Street**

Plaintiffs' Exhibit 28 – Various Bids by Capala Bros. and Others for 15 East 82nd Street (Dep. Ex. 37)**

Plaintiffs' Exhibit 29 – Capala Bros. Bid for 15 East 82nd Street (Dep. Ex. 39)**

Plaintiffs' Exhibit 30 – Minutes of Board Meeting of 196 Sixth Corp., dated March 14, 2007**

Plaintiffs' Exhibit 31 – Contract between 196 Sixth Corp. and A&S Construction of New York, Inc.**

Plaintiffs' Exhibit 32 – To Whom This May Concern Letter by Evelyn Santana, dated September 25, 2007**

Plaintiffs' Exhibit 33 – Capala Bros. Bid for 885 Park Avenue and assorted documents (Dep. Ex. 67)**

Plaintiffs' Exhibit 34 – Defendants' Employee list from 2001 through 2007**

Plaintiffs' Exhibit 35 – all paystubs produced by Defendants for Aleksejs Saveljevs, Abel Rendon, Jose Quinones, Jesus E. Orellana, Edmund Mienkowski, Serhiy Lutsyk, Serhiy Goncharuk, Sergey Arkhipov, and Witold Iwanczyk**

Plaintiffs' Exhibit 36 – Defendants' Damages Calculations on their counterclaims**

Plaintiffs' Exhibit 37 – Letters from Defendants' counsel limiting Defendants' damages calculations, dated May 20, 2009, May 21, 2009, and May 27, 2009**

Plaintiffs reserve the right to introduce additional exhibits as the circumstances warrant.

Defendants' objections are as follows:

    1- Verified answer with counterclaims**
    2- Amended third counterclaim**
    3- Plaintiffs' responses to defendants' interrogatories
    4- Plaintiffs' supplemental responses to defendants' interrogatories
    5- Declaration by  plaintiff Jan Swaltek of July 16,2008
    6- Sworn declaration by plaintiff Jan Swaltek of July 16,2008 on damages
    7- Declaration by plaintiff Jan Swaltek of January 29,2009
    8- Declaration by plaintiff  Jan Swaltek of January 12,2009
    9- Pictures of the Capala shops identified by Jan Swaltek at his deposition
    10- Plaintiff  Miroslaw Gortat's signed tools and deposit work regulations
    11- Sworn Declaration by plaintiff Miroslaw Gortat of July 16,2008 damages
    12- Declaration by plaintiff Miroslaw Gortat of July 16,2008
    13- Declaration by plaintiff Miroslaw Gortat of January 29,2009
    14- Declaration by plaintiff Miroslaw Gortat of January 12,2009
    15- Plaintiff  Henrik's Bienkowski 's signed tools and deposit work regulations**
    16- Declaration by  plaintiff Henryk  Bienkowski  of July 16,2008
    17- Sworn declaration by plaintiff Henryk Bienkowski  of July 16,2008 on damages
    18- Declaration by plaintiff Henryk Bienkowski  of January 29,2009
    19- Declaration by plaintiff Henryk Bienkowski   of January 12,2009
    20- Declaration by plaintiff Miroslaw Filipkowski of July 16,2008
    21- Sworn Declaration by plaintiff Miroslaw Filipkowski of July 16,2008 damages
    22- Declaration by plaintiff Miroslaw Filipkowski of January 29,2009
    23- Declaration by plaintiff Miroslaw Filipkowski of January 12,2009
    24- Sworn Declaration by plaintiff Artur Lapinski of July 16,2008 damages
    25- Subpoena production by NYS Unemployment Insurance on Artur Lapinski's claim
    26- Declaration by plaintiff Artur Lapinski of January 29,2009
    27- Declaration by plaintiff Artur Lapinski   of January 14,2009
    28- Mapquest – locations of Capala's offices vis-à-vis plaintiffs' addresses
    29- Pictures of street views of Capala's offices
    30- Supboena served on defendants' legal counsel by plaintiffs
    31- Capala' s regulations of employment as of January 1,2007
    32- Capala's regulation of employment as of  August  2007
    33- Signed regulations of employment after August 2007 with plaintiff/class members
    34- Mapquest – location of Capala's offices vis-à-vis witnesses/neighbors
    35- Mapquest- route from Capala to Extech, its main supplier
    36- Mapquest- route from Capala to its main customers in Manhattan
    37- 42 non-joinder affidavits by former employees of Capala
    38- 52  Releases executed after class certification
    39- Money order copy of $ 400 to Slawomir Rzeszutek of December of 2010
    40- Declaration by plaintiff Edmund Kisielewicz  of January 12,2009.
    41- Declaration by plaintiff Edmund Kisielewicz  of January 30,2009.
    42- Declaration by plaintiff Edmund Kisielewicz  of  May 28,2009.

43- Sworn Declaration by plaintiff  Edmund Kisielewicz  damages

44- Time sheets of plaintiff Edmund Kisielewicz.**

45- Declaration by plaintiff Henryk Stoklosa  of  May 28,2009.

46- Declaration by plaintiff Artur Kosiorek  of  May 29,2009.

47- Declaration by Ryszard Szczypzyk, of Extech, (plaintiffs' witness)  of Jan.29,2009.

48- Declaration by Ryszard Szczypzyk, of Extech, (plaintiffs' witness)  of Feb. 13,2009

49- Plaintiffs' selected copies of Extech purchase orders stamped 001 to 319 by plaintiffs**

50- Plaintiffs' subpoena production by American Express on gasoline purchases.

51- N.Y. Lawyers' Diary of time zones in the U.S.A.

52- About.com Phoenix internet report on time zone specific to Phoenix, Arizona (#50).

53- Subpoena production by NYS Unemployment Insurance on Marcin Golak's claim.

54- Report of Total Hours on Capala by Job/Project Name from 8/2011 to 8/2007.**

55- Report of Total Hours on Capala  Job/Project Name by Foremen from 8/2001 to 8/2007.**

56- CD on plainitffs' time sheets from 8/2001 to 8/2007.**

57- CD on time sheets for Capala's other employees,other than opt-outs, from 8/2001-8/2007**

58- CD Supplemental time sheets form 82007 to 10/2010.**

59- List of Capala's employees as of August 2007 for previous six years**

60- Notice to Admit by defendants to Plaintiffs of March 31,2008

61- Reply by Plaintiffs to Defendants on notice to admit (#60).

62- Plaintiffs' computation of damages as of February 20,2008

63- Plaintiff's first revised amended of computation of damages of 2008 for $289,948.

64- Glenn Pannenborg, plaintiffs' expert witness, resume.**

65- Glenn Pannenborg's report on assumptions used for damages computations 12/15/08-C.**

66- Glenn Pannenborg's used time sheets for report -12/15/08-E.**

67- Glenn Pannenborg's second revised set of revised damages computations of 10/3/08-B.**

68- Glenn Pannenborg's third revised set of damages computations of 4/3/09.**

69- Glenn Pannenborg's revised assumptions on report of damages of 4/3/09.**

70- Glenn Pannenborg's list of previous cases retained by plaintiffs' legal counsel.**

71- Glenn Pannenborg's declaration of January 15,2009

72- Glenn Pannenborg's declaration of July 27,2009.

73- Glenn Pannenborg's submitted CD on report and e-mails.**

74- Glenn Pannenborg's fifth revised set of damages of computations in 2011**

75- Notice of Class Action and Collective Action approved by Court and published.

76- Letter by Plainitffs' legal counsel to all class action members of 12/2/2010.

77- Copy of said letter of # 76 received by Piotr Capala on marked envelope to him.

78- Hypothetical I - computations by defendant Robert Capala on ½ hour potential damages.

79- Hypothetical II- computations by defendant Robert Capala on ½ hour potential damages In the morning for all plaintiffs and ½ hour in the afternoon for foremen only.

80- Hypothetical III- computations by defendant Robert Capala on ½ hour potential damages In the morning for all plaintiffs and ½ hour in the afternoon for foremen only.

81- Job application by collective plaintiff Pawel Tuszkowski- A (English & Polish)- Capala

82- Plaintiff Pawel Tuszkowski's signed employement rules and regulations-Capala
83- Plaintiff Pawel Tuszkowski's time sheets and pay stubs – F & G**
84- Plaintiff Pawel Tuszkowski's certified transcript of Workers' Compensation Board
      Hearings on July 19,2010 and September 28,2010
85- Plaintiff Pawel Tuszkowski's time sheets March 22,2010 to April 11,2010**
86- Plaintiff Pawel Tuszkowski's denial of appeal by Worker's Com.Bd.
87- Internet reports of NYC weather and falling rain for months of March and April 2010.
88- Court Tr. Of  4/17/2008 –Doc. 33 on plaintiffs' representations (Mag.Hon. S. Gold)
89- Court Tr. Of  10/06/2008 –Doc. 63 on plaintiffs' representations (Mag.Hon. S. Gold)
90- Court Tr. Of  1/29/2009 –Doc. 97 on plaintiffs' representations (Mag.Hon. S. Gold)
91- Court Tr. Of  4/21/2009 –Doc. 133 on plaintiffs' representations (Mag.Hon. S. Gold)
92- Court Tr. Of  5/06/2009  –Doc. 135 on plaintiffs' representations (Mag.Hon. S. Gold)
93- Court Tr. Of  4/20/2009 –Doc. 154 on plaintiffs' representations (Hon. Leo Glasser)
94- Court Tr. Of  7/13/2009 –Doc. 167 on plaintiffs' representations (Hon. Leo Glasser)
95- Court Tr. Of  9/10/2009 –Doc. 183 on plaintiffs' representations (Mag.Hon. S. Gold)
96- Court Tr. Of  3/20/2010 –Doc. 195 on plaintiffs' representations (Mag.Hon. S. Gold)
97- Court Tr. Of  5/5/2010 –Doc. 199 on plaintiffs' representations (Mag.Hon. S. Gold)
98- Court Tr. Of  11/29/2010 –Doc. 217 on plaintiffs' representations (Mag.Hon. S. Gold)
99- Court Tr. Of  02/16/2012- Doc. 265 on plaintiffs' representations (Hon.Leo Glasser)
100-        Plaintiffs' legal counsel declaration of 10/23/2008- Doc 57
101-        Plaintiffs' legal counsel declaration of  1/6/2009- Doc 78
102-        Plaintiffs' legal counsel declaration of  1/15/2009- Doc 85
103-         Plaintiffs' legal counsel declaration of  2/13/2009- Doc 100
104-        Plaintiffs' legal counsel declaration of  3/13/2009 - Doc 119
105-        Plaintiffs' legal counsel declaration of  6/11/2009 - Doc 142
106-        Plaintiffs' legal counsel declaration of 6/17/2009 - Doc 149
107-        Plaintiffs' legal counsel declaration of 8/12/2009- Doc  166
108-        Plaintiffs' legal counsel declaration of  02/10/2012- Doc. 265
109-        Plaintiffs' legal counsel letter of May 14,2008
110-        Plaintiffs' legal counsel letter of December 12,2008
111-        Schedule of damages on third counterclaim as amended by letter**
112-        Proposed contract by Capala for 250 E.63rd St.,N.Y.C. -7/12/2007
113-         Proposed contract by Capala for 196 6th Ave.,NYC – 4/2007**
114-        Proposed contract by Capala for 37-43 65th St.,NYC- 4/2007
115-        Prior history contracts by Capala with Bellmarc-stamped by plaintiff 001 to
            297**
116-        Supboena  by plaintiffs to Jones Associates – documents provided**
117-        Proposed contract by Capala for 400 East 14th St.NYC – stamped 36,164,165**
118-        Prior contracts with C.M. Condron 15 East 82nd St.,NYC- stamped 37,166 to
            177**
119-        Letter by Duboin Inc. on contract bids for Plaintiffs' exhibits 25,25,26 & 27
120-        Proposed contract by Capala  on 63-61 82nd St.,Middle Village, N.Y. -2007**
121-        Letter agreement by defendants with expert witness Harold Friedman,CPA
122-        Harold Friedman, CPA, resume**
123-        Excerpt on text as to modified cash basis reporting by H.Friedman

| | |
|---|---|
| 124- | Letter opinion by Harold Friedman on accounting method used by Capala |
| 125- | CD supplied to plaintiffs for time sheets and wages included in counterclaims** |
| 126- | CD supplied to plaintiffs on Piotr Capala's time sheets and pay stubs |
| 127- | Declarations and insurance information on Capala's drivers 2001 to 2007 |
| 128- | Unit supply costs of Capala's tools regarding the conversion counterclaim** |
| 129- | Samples of Extech purchase orders with signed names different from ordered names of requested supplies |
| 130- | Notarized loan document between plainitiff Henryk Bienkowski and Capala. |
| 131- | 2007 Certified mail return receipt requested written demand to plaintiff Jan Swaltek from Capala for return of Capala's tools after termination of employment. |
| 132- | 2007 Certified mail return receipt requested written demand to plaintiff Henryk Bienkowski from Capala for return of Capala's tools after termination of employment. |
| 133- | 2007 Certified mail return receipt requested written demand to plaintiff Miroslaw Gortat  from Capala for return of Capala's tools after termination of employment |

Defendants reserve their rights to introduce additional exhibits as the circumstances warrant.


**Relief Sought**

On their case-in-chief, Plaintiffs are seeking unpaid wages, unpaid overtime wages, liquidated damages, statutory interest and reasonable attorneys' fees and costs on behalf of themselves and on behalf of the class. A schedule outlining Plaintiffs and the class' damages will be provided at trial.

Plaintiffs are also seeking a jury verdict in their favor on Defendants' amended third counterclaim and first counterclaim and an award of attorneys' fees and costs.

Defendants are seeking dismissal of the wages claims and related relief by the Plaintiffs and the award of reasonable attorneys' fees for the defendants as the prevailing party. Defendants also seek reversal of the sanctions against their attorney for approximately $ 7,600 following the establishment of the truth of the previously "ad hominem" statements made by defendants' legal counsel against plaintiffs' legal counsel, as such had been  presented to the

Court , which the Court had delayed the consideration of the truth of such statements  for the trial or hearing on these proceedings, as per the  order of Hon I. Leo Glasser of April 21,2009. As to any extent there is any judgment in favor of plaintiff  Truszkowski, such must be offset against the judgment of costs and sanctions awarded to the defendants by Hon. Magistrate Steven Gold of November 10,2010. Similarly, any such class judgment must be reduced by payments made by the defendants to class member Slawomir Rzeszutek.   In addition, the defendants seek judgment on the first counterclaim on conversion of tools and equipment against some of the named plaintiffs and as to the third amended counterclaim for tortious interference of contractual rights against some of the named plaintiffs, as per the schedule of damages, as amended , to be provided at trial, , in addition to costs and attorney's fees.

**SO ORDERED.**

Dated: Brooklyn, New York
        March 1, 2012

_____
Hon. I. Leo Glasser, U.S.D.J.