UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MIROSLAW GORTAT, HENRYK BIENKOWSKI,
MIROSLAW FILIPKOWSKI,
ARTHUR LAPINSKI, JAN SWALTEK,
EDMUND KISIELEWICZ, ARTUR KOSIOREK and
HENRYK STOKLOSA on behalf
Of themselves and on behalf of all other situated,

                Plaintiffs,

   -against-

CAPALA BROTHERS, INC., PAWEL CAPALA
And ROBERT CAPALA,

                Defendants.
----------------------------------------------------------------X

**Docket No. 07-cv-3629**

Hon. I. Leo Glasser

## PRE-TRIAL BRIEF FOR DEFENDANTS-COUNTER-CLAIMANTS

This action has been heavily litigated in the past almost five years since it was filed in August 2007, and therefore this Court has already issued various court orders on the Court's determination of the applicable law on the remaining issues to be tried. Respectfully, the defendants/counter-claimants ("Capala") reserve their exceptions for appeal on such holdings of the law by this Court, and present Exhibit A, the latest decision of this Court issued on April 3,2012, now to be known as Gortat VI, based on the Court's own references to the prior decisions of this Court labeled Gortat I through Gortat V, as per the referenced footnote 1 on such court decision. On such latest decision by this Court on the issue of consideration of numerosity requirement under Fed.R.Civ.P. 23 , the Court held that such numerosity requirement has been met even if Capala's assertion that there are only 21 members to be joined is true, that 16 of such members previously rejected a more lucrative litigation option to opt-in under the

FLSA cause of action whereby they could have doubled their damages is not relevant, that such members have inadequate financial resources to begin their own litigation, though the provided retainer agreement with plaintiffs' legal counsel, as an exhibit to that motion, evinced that there were no up front payments required other than $ 600 is nevertheless valid, and that the only precedents cited on such court order for classes of less than 21 members to be joined related to FLSA collective action where numerosity requirement is much more elastic than that as provided by precedents on class actions under Fed.R.Civ.P. 23. Such decision and court order did cite the precedent that class actions may be decertified until final judgment is entered, and the jury charges proposed by Capala contemplate such consideration of the facts by the jury at the trial as well as other requirements of Fed.R.Civ.P. 23 regarding tentaviley certified class actions until so disposed on final judgment.

On the issue of lack of subject matter jurisdiction referred to in the filed pre-trial court order by Capala and discussed briefly at the last court conference, Capala presents the enclosed Exhibit B, as to its brief or memorandum of law on the issue of lack of jurisdiction in this case for either the Federal causes of action or the New York State causes of action.

Following the Court's repeated instructions to the parties for brevity, Capala submits this pre-trial brief in full and sincere honest to be in compliance with the Individual Rules of Senior Judge Hon. I. Leo Glasser, and respectfully requests that should the Court find this brevity in this pre-trial brief to be inappropriate or inadequate, despite the extensive writings of the applicable laws by the Court on its prior decisions, Capala be allowed leave to file a

supplemental more extensive pre-trial brief.


Respectfully submitted,


Dated : Flushing, New York
April 20,2012

_____
Felipe ("Philip") Orner –FO 3986
Counsel for Defendants- Counter-claimants