UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------X
MIROSLAW GORTAT, HENRYK BIENKOWSKI,
MIROSLAW FILIPKOWSKI, ARTUR LAPINSKI,
JAN SWALTEK, EDMUND KISIELEWICZ, ARTUR
KOSIOREK and HENRYK STOKLOSA on behalf of
themselves and on behalf of all others similarly situated

|  |  |
|---|---|
| Plaintiffs, | **Docket No.:**<br>**1:07-cv-03629-ILG-SMG** |

– against –

CAPALA BROTHERS, INC. PAWEL CAPALA and ROBERT
CAPALA,

Defendants.
-----------------------------------------------------------------------------X

## JURY INSTRUCTIONS

### *INTRODUCTION*

Members of the jury, you have now heard all of the evidence in the case. You have paid careful attention, and I am confident that you will act together with fairness and impartiality to reach a just verdict in the case. We are near the point where you will take your final functions as jurors.

Before the parties' closing arguments, I am going to instruct you about the law that governs the case. There are three parts to these instructions:

*First*, I will provide you with some general instructions that define and govern the duties of a jury in a civil case;

*Second*, I will describe the elements of the Plaintiffs' causes of action in this matter; and

*Third*, I will instruct you regarding how to calculate damages, in the event that you find the Defendants liable for any of the plaintiffs' causes of action.

After these instructions, you will hear closing arguments from the lawyers. Then I will give you some final instructions before you begin your deliberations.

## II. *GENERAL INSTRUCTIONS*

### A. *Role Of The Court*

It is your duty to accept my instructions on the law and to apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you. If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow. You should not single out any particular instruction as alone stating the law, and you should consider my instructions as a whole when you retire to deliberate in the jury room.

You should not, any of you, be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be -- or ought to be -- it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

You are not to infer from any of my questions or any of my rulings on objections or anything else I have done during this trial that I have any view as to the credibility of the witnesses or how you should decide the case. Any questions I asked were designed to make sure that the testimony was clear and to avoid confusion. You are expressly to understand that the court has no opinion as to the verdict you should render in this case.

### B. *Role Of The Jury*

As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

You have all taken an oath as jurors, and it is your sworn duty to determine the facts and to follow the law as I give it to you. You must not substitute your own notions or opinions of what the law is or ought to be.

Although you are encouraged to use all of your life experiences in analyzing testimony and reaching a fair verdict, you may not communicate any personal professional expertise you might have or other facts not in evidence to the other jurors during deliberations. You must base your discussions and decisions solely on the evidence presented to you during the trial and that evidence alone. You may not consider or speculate on matters not in evidence or matters outside the case.

### C. *Objections And Sidebars*

It is the duty of the attorneys to object when the other side offers testimony or other evidence that

the attorney believes is not properly admissible. Therefore, you should draw no inference from the fact that an attorney objects to any evidence. Nor should you draw any inference from the fact that I might have sustained or overruled an objection.

From time to time, the lawyers and I had conferences at sidebar, out of your hearing. These conferences involved procedural and other matters. None of the events relating to these conferences should enter into your deliberations at all.

### D. *Sympathy or Bias*

The parties in this case are entitled to a trial free from prejudice and bias. Our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence. You are to evaluate the evidence calmly and objectively, without prejudice or sympathy. You are to be completely fair and impartial. Your verdict must be based solely on the evidence developed at this trial, or the lack of evidence.

### E. *Burden Of Proof*

This is a civil case and, with the exceptions that I will describe to you later, the plaintiff has the burden of proving the material allegations of the complaint by a "preponderance of the evidence." Some of you may have heard the phrase "proof beyond a reasonable doubt," which is the standard of proof in a criminal trial. That requirement does not apply in a civil case, and you should put it out of your mind.

What does a "preponderance of the evidence" mean? As I mentioned at the beginning of this trial, to establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not the number of witnesses or documents. In determining whether a claim has been proven by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties -- that it is equally probable that one side is right as it is that the other side is right -- then you must decide that issue against the party having this burden of proof. That is because the party bearing this burden must prove more than a simple equality of evidence -- the element at issue must be proven by a preponderance of the evidence.

On the other hand, the plaintiff need not prove his case by more than a preponderance. So long as you find that the scales tip, however slightly, in favor of the plaintiff -- *i.e.*, that what the party claims is more likely true than not true -- then that element has been proved by a preponderance of evidence.

Plaintiffs have the burden of proving the elements of their causes of action by a preponderance of

the evidence. These burdens may be modified, however, if you find that the Defendants did not maintain Plaintiffs' employment records as required by law.

In this case, you will be asked to determine whether to shift the burden to Defendants. An employer is required by law to maintain records of its employees' wages, hours, and terms and conditions of employment. Under federal law, an employer must maintain any payroll records and either written employment agreements or memoranda summarizing the terms of oral employments agreements (*29 U.S.C. §211* and *29 C.F.R. §516.2 (c)*). Under New York state law, the employer must keep track of "the number of hours worked daily and weekly", including "the time of arrival and departure of each employee working a split shift or spread of hours exceeding ten" as well as other payroll information (*12 NYCRR §§ 141-2.1* and *142-2.6* and *New York Labor Law §§195.4* and *661*).

If the employer complies with those laws and maintains those records, then in a case alleging that the employer failed to provide overtime pay and minimum wages to its employees, the plaintiff in question must prove by a preponderance of the evidence that he or she performed work and was not properly compensated.

However, if the defendant failed to maintain the records required by law, such as by not including all of the hours worked by the employees on the paystubs and timesheets, then the plaintiff's burden is not as high. Specifically, in such a situation the plaintiff needs to prove two things:

*First*, the plaintiff must provide evidence to show that he in fact performed *some* work for which he was not properly compensated. With respect to this first step, the plaintiff need not prove by a preponderance of the evidence the amount of work that was done or the amount of compensation he or she received.

*Second*, if you are satisfied that the Plaintiff has provided sufficient evidence that he performed *some* work for which he or she was not properly compensated, then that plaintiff must provide enough evidence regarding the amount of work and compensation received to support a *reasonable inference* that those facts are true. You will recall that I previously provided you with instructions regarding inferences when I discussed direct and circumstantial evidence.

Plaintiffs can satisfy this burden by testifying as to the average hours worked in a workweek.

In a situation where the employer fails to keep the records required by law, if the plaintiff meets his initial burden of proving these two things, the burden of proof then shifts to the defendant to provide either evidence of the precise amount of work performed, or evidence that suggests that the inferences the plaintiff is asking you to draw are unreasonable.

There is another instance in this case when the burden must be shifted. Specifically, Defendants have made affirmative defenses in this case. Plaintiffs claim that they performed work at defendants' shop in the morning and some plaintiffs performed work in the evening. Defendants claim that this work was preliminary or postliminary and therefore not compensable. If you find that plaintiffs performed

work in the morning or in evening, the burden shifts to the defendants to establish that such work was preliminary or postliminary.

## F. *What Is And Is Not Evidence*

I want to take a moment to describe to you what is and is not evidence in this case. As I have said, you may only rely on the evidence in your deliberations. The evidence is the sworn testimony of the witnesses, the exhibits received in evidence, and the stipulations of the parties. On the other hand, certain things are not evidence.

First, I will describe a list of examples of things that are not evidence:

1.     A question by a lawyer is not to be considered by you as evidence. It is the witnesses' answers that are evidence, not the questions. At times, a lawyer on cross-examination may have incorporated into a question a statement which assumed certain facts to be true, and asked the witness if the statement was true. If the witness denied the truth of a statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.

2.     Similarly, arguments by lawyers are not evidence, because the lawyers are not witnesses. What they have said to you in their opening and closing statements was intended to help you understand the evidence and to reach your verdict. However, if your recollection of the facts differs from the lawyers' statements, it is your recollection which controls.

3.     Statements that I may have made concerning the quality of the evidence do not constitute evidence.

4.     Testimony that has been stricken or excluded is not evidence, and it may not be considered by you in rendering your verdict. Also, if certain testimony was received for a limited purpose -- such as for the purpose of assessing a witness' credibility -- you must follow the limiting instructions that I have given.

5.     Exhibits that have been marked for identification may not be considered by you as evidence unless they were admitted into evidence by the court. Likewise, materials presented to a witness only to refresh the witness' recollection are not evidence and may not be considered.

6.     Anything you may have seen or heard outside the courtroom is not evidence.

Now, I will provide you with some things that you may consider as evidence. As I have said, evidence may come in several forms:

1.     The sworn testimony of witnesses, regardless of who called them, is evidence. This is true of the witnesses' answers on both direct and cross examination.

2.      The exhibits that were admitted during the trial are evidence.

3.      Stipulations are evidence. Stipulations are agreements among the parties that a certain fact is true. You have heard the attorneys in this case make several stipulations during the course of the trial, and you must regard such agreed facts as true.

4.      Depositions are evidence. Depositions are produced through a procedure where the attorneys for one side may question a witness or an adversary under oath prior to trial. This is part of the pretrial discovery, and each side is entitled to take depositions. You may consider the testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony of a witness given at trial.

## G. *Direct And Circumstantial Evidence*

Evidence may also be either direct or circumstantial. Direct evidence is the communication of a fact by a witness who testifies to the knowledge of that fact as having been obtained through one of the five senses. So, for example, a witness who testifies to knowledge of a fact because she saw it, heard it, smelled it, tasted it, or touched it is giving evidence that is direct. Your task is to pass upon the credibility of that witness.

Circumstantial evidence is evidence that tends to prove a fact in issue by providing proof of other facts from which the fact in issue may be inferred. The word "infer" -- or the expression "to draw an inference" -- means to find that a fact exists from proof of another fact. An inference is to be drawn only if it is logical and reasonable to do so. In deciding whether to draw an inference, you must look at and consider all the facts in the light of reason, common sense, and experience. Whether a given inference is or is not to be drawn is entirely a matter for you, the jury, to decide. Please bear in mind, however, that an inference is not to be drawn by guesswork or speculation.

For the purpose of clarity, I will reiterate the example of circumstantial evidence that I provided to you at the beginning of the trial. Assume the curtains are drawn in the courtroom, and we cannot see outside. If a fact in issue is whether it is raining at the moment, none of us can testify directly to that fact because we cannot see outside. Assume, however, that a person walks into the courtroom wearing a raincoat that is soaking wet. Assume further that a second person enters the courtroom carrying an umbrella dripping water. We may infer from those facts that it is raining outside. In other words, the fact that it is raining is an inference that could be drawn from having seen the wet raincoat and the dripping umbrella.

Circumstantial evidence does not necessarily prove less than direct evidence, nor does it necessarily prove more. You are to consider all the evidence in the case, direct and circumstantial, in determining what the facts are and in arriving at your verdict.

## H. *Summaries and Charts Admitted as Evidence*

The plaintiff and defendant have presented exhibits in the form of charts and summaries. I decided to admit these charts and summaries, which consist of calculations from records that could not otherwise have been conveniently examined and calculated in court. You should consider these charts and summaries as you would any other evidence. However, they are no better than the testimony or the documents upon which they are based. Therefore, you are to give no greater consideration to these calculations than you would give to other evidence.

### I. *Summaries And Charts Not Admitted As Evidence*

During this case, the lawyers have presented other charts and summaries that were not admitted into evidence. These charts and summaries were shown to you -- and may be shown to you during summations -- in order to make the other evidence more meaningful and to aid you in considering the evidence.

Again, these charts and summaries are no better than the testimony or the documents upon which they are based. They are not themselves independent evidence. Therefore, you are to give no greater consideration to these charts or summaries than you would give to the evidence upon which they are based.

It is for you to decide whether the charts or summaries correctly present the information contained in the testimony and in the exhibits on which they were based. You are entitled to consider the charts and summaries if you find that they are of assistance to you in analyzing the evidence and understanding the evidence.

### J. *Uncalled Witnesses*

There are several persons whose names you have heard during the course of the trial but who did not appear at this trial and did not testify. I instruct you that each party had an equal opportunity or lack of opportunity to call these witnesses. Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified had they been called. Their absence should not affect your judgment in any way.

### K. *Witness Credibility*

You are being called upon to resolve various factual issues raised by the parties based on the evidence at trial. You have had the opportunity to observe the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judge of the credibility of each witness and of the importance of his or her testimony.

In making these judgments, you should carefully scrutinize the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you decide the truth and the importance of each witness' testimony.

How do you determine where the truth lies? You watched each witness testify. Everything a witness said or did on the witness stand counts in your determination. How did the witness impress you? Did he or she appear to be frank, forthright, and candid? Or was the witness evasive and edgy, as if hiding something? How did the witness appear? What was his or her demeanor -- that is, his or her carriage, behavior, bearing, manner and appearance while testifying? Often it is not what a person says but how he or she says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. You should consider the opportunity the witness had to see, hear, and know the things about which he or she testified, the accuracy of his or her memory, his or her candor or lack of candor, his or her intelligence, the reasonableness and probability of his or her testimony and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given, and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment, and your everyday experiences in life to make your credibility determinations.

### L. Testimony Through Interpreters

During the trial, a number of Plaintiffs, Defendants, and witnesses may testify through an interpreter. The interpreter will be sworn in and will testify that he or she is fluent in both English and another language and has experience interpreting in Court proceedings. Any testimony of an individual who testifies through an interpreter must be treated the same as testimony by an English-speaking witness.

### M. Bias

In deciding whether to believe a witness, you should take into account any evidence that shows that a witness may benefit in some way from the outcome of the case. Likewise, you should specifically note any evidence of hostility or affection that the witness may have towards one of the parties, or any other interest or motive that the witness may have in cooperating with a particular party.

It is your duty to consider whether the witness has permitted any such bias or interest to color his or her testimony. In short, if you find that a witness is biased, you should view his or her testimony with caution, weigh it with care and subject it to close and searching scrutiny.

Of course, the mere fact that a witness is interested in the outcome of the case does not mean he or she has not told the truth. It is for you to decide from your observations and applying your common sense and experience and all the other considerations mentioned, whether the possible interest of any witness, or of any party, has intentionally or otherwise colored or distorted his or her testimony. You are not required to believe an interested witness; you may accept as much of his or her testimony as you deem reliable and reject as much as you deem unworthy of acceptance.

### N. *Prior Inconsistent Statements*

You have heard evidence that, at some earlier time, witnesses have said or done something that one party argues is inconsistent with their trial testimony.

Evidence of a prior inconsistent statement was placed before you for the purpose of helping you decide whether to believe the trial testimony of a witness who may have contradicted a prior statement. If you find that the witness made an earlier statement that conflicts with the witness's trial testimony, you may consider that fact in deciding how much of the witness's trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; and whether the witness had an explanation for the inconsistency and, if so, whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so, how much, if any, weight to give to the inconsistent statement in determining whether to believe all, or part of, the witness's testimony.

## II. *THE PLAINTIFFS' CAUSES OF ACTION*

### A. Introduction

This case involves claims by Plaintiffs Miroslaw Gortat, Henryk Bienkowski, Artur Lapinski, Jan Swaltek, Miroslaw Filipkowski, Artur Kosiorek, Henryk Stoklosa, Pawel Truszkowski, and Edmund Kisielewicz, against Defendants Capala Brothers, Inc., Robert Capala, and Pawel Capala. These Plaintiffs, aside from Mr. Truszkowski, also represent a class of approximately 40 individuals. The Plaintiffs' three causes of action that are the subject of this case are brought under a federal statute known as the **Fair Labor Standards Act**, which I will refer to as the "**FLSA,**" New York State Labor Laws and New York common law.

Plaintiffs claims that the Defendants violated both the **FLSA** and State law by, *first*, failing to pay overtime pay for hours worked in excess of forty hours per week; *second*, failing to pay Plaintiffs their contractual wages for all hours that they worked; and *third*, failing to pay Plaintiffs Bienkowski, Gortat, and Swaltek for their final two weeks of employment and Plaintiff Lapinski for his final week of employment.

The Plaintiffs' first cause of action is brought under the common law of State of New York and alleges that Defendants failed to pay Plaintiffs and the class for each hour they worked at the mandated rate required by the contract between Defendants and Plaintiffs. The second cause of

action relates to whether the Defendants failed to pay Plaintiffs and the class their regular rate of pay as required by the **FLSA** for all hours worked and time and one half at their regular rate of pay for all hours worked in excess of 40 hours in any given week.

Plaintiffs' remaining cause of action is brought under New York's labor laws. This cause of action relates to whether the Defendants failed to pay Plaintiffs and the class their regular rate of pay as required by New York's labor law for all hours worked and time and one half at their regular rate of pay for all hours worked in excess of 40 hours in any given week. It also relates to whether Defendants paid Plaintiffs Bienkowski, Gortat, and Swaltek for their final two weeks of employment and Plaintiff Lapinski for his final week of employment.

### B. *Burden Of Proof*

Plaintiffs have the burden of proving the elements of their causes of action by a preponderance of the evidence. These burdens may be modified, however, if you find that the Defendants did not maintain Plaintiffs' employment records as required by law.

An employer is required by law to maintain records of its employees' wages, hours, and terms and conditions of employment. Under Federal law, an employer must maintain any payroll records and either written employment agreements or memoranda summarizing the terms of oral employments agreements (*29 U.S.C. §211* and *29 C.F.R. §516.2 (c)*). Under New York state law, the employer must keep track of "the number of hours worked daily and weekly", including "the time of arrival and departure of each employee working a split shift or spread of hours exceeding ten" as well as other payroll information (*12 NYCRR §§ 141-2.1* and *142-2.6* and *New York Labor Law §§195.4* and *661*).

If the employer complies with those laws and maintains those records, then in a case alleging that the employer failed to provide overtime pay and minimum wages to its employees, the plaintiff in question must prove by a preponderance of the evidence that he or she performed work and was not properly compensated.

However, if the defendant failed to maintain the records required by law, such as by not including all of the hours worked by the employees on the paystubs and timesheets, then the plaintiff's burden is not as high. Specifically, in such a situation the plaintiff needs to prove two things:

*First*, the plaintiff must provide evidence to show that he in fact performed *some* work for which he was not properly compensated. With respect to this first step, the plaintiff need not prove by a preponderance of the evidence the amount of work that was done or the amount of compensation he or she received.

*Second*, if you are satisfied that the Plaintiff has provided sufficient evidence that he performed *some* work for which he or she was not properly compensated, then that plaintiff must provide enough evidence regarding the amount of work and compensation received to support a *reasonable inference*

that those facts are true. You will recall that I previously provided you with instructions regarding inferences when I discussed direct and circumstantial evidence.

Plaintiffs will be permitted to testify from memory regarding the number of hours they worked each week.

There is another instance in this case when the burden must be shifted. Specifically, Defendants have made affirmative defenses in this case. Plaintiffs claim that they performed work at defendants' shop in the morning and some plaintiffs performed work in the evening. Defendants claim that this work was preliminary or postliminary and therefore not compensable. If you find that plaintiffs performed work in the morning or in evening, the burden shifts to the defendants to establish that such work was preliminary or postliminary.

In a situation where the employer fails to keep the records required by law, if the plaintiff meets his initial burden of proving these two things, the burden of proof then shifts to the defendant to provide either evidence of the precise amount of work performed, or evidence that suggests that the inferences the plaintiff is asking you to draw are unreasonable.

### C.    First Cause Of Action: Failure To Pay Wages Required Under Plaintiffs' Contracts with Defendants

#### 1.    Failure To Pay Contractual Wages Under The Common Law Of The State Of New York  -- General Instructions

Plaintiffs seek to recover damages for breach of contract. Plaintiffs claim that Defendants entered into an oral agreement setting a specific hourly rate, and requiring Defendants to pay Plaintiffs this wage for each hour they worked.

To find for Plaintiffs on this claim, each Plaintiff must show by a preponderance of the evidence:

(1) the existence of a contract between that Plaintiff and the Defendants;
(2) performance by the Plaintiff;
(3) the Defendants' failure to perform; and
(4) resulting damages from the Defendants' failure to perform

##### i. Failure To Pay Under New York Common Law -- First Element -- Existence of Contract

A contract exists here if there is an offer made Defendants to Plaintiffs to perform services, that any Plaintiff accepted, for consideration.

If you find that Defendants offered Plaintiffs employment, that Plaintiffs accepted that offer, and that Defendants promised to compensate Plaintiffs for that work, you must find the existence of

the contract, even if the contract was not in writing and was not phrased as a formal contract.

>          ii. Failure To Pay Under New York Common Law -- Second Element --
>          Performance by Plaintiffs

Each Plaintiff must prove that he performed work as a result of the contract entered into with Defendants.

>          iii. Failure To Pay Under New York Common Law -- Third Element --
>          Failure to Perform by Defendants

If you find that Plaintiffs performed work, but were not paid the contractual rate for that hour of work you must find that Defendants failed to compensate Plaintiffs for that work.

>          iv. Failure To Pay Under New York Common Law -- Fourth Element --
>          Damages To Plaintiffs

If you find the first three elements of this cause of action were met, you must find that Plaintiffs were damaged by not receiving proper pay for all hours worked.

### D. *Second Cause Of Action: Failure To Pay Overtime Pay And Minimum Wages Under The Fair Labor Standards Act (" FLSA")*

#### 1. Failure To Pay Overtime Wage Pay Under The FLSA -- General Instructions (29 U.S.C. § 216(b))

The **FLSA** provides for the payment of overtime wages. In their second cause of action, Plaintiffs allege that Defendants did not pay them overtime pay, in violation of title 29 of the United States Code, section 207. Title 29, United States Code, section 216(b), which is part of the **FLSA**, provides that:

Any employer who violates the provisions of . . . section 207 . . . of this title [regarding the payment of overtime wages] shall be liable to the employee or employees affected in the amount of . . . their unpaid overtime compensation . . . .

Plaintiffs allege that:

Defendants failed to pay Plaintiffs overtime to which they were entitled under the **FLSA**.
Defendants failed to pay Plaintiffs for each hour worked at their regular rate.
The services performed by Plaintiffs and persons similarly situated to plaintiff were essential to the functioning of Defendants and thus, they were engaged in "commerce" as the term is defined in Section 203(b) of the **FLSA**, 29 U.S.C. §203(b).
By failing to pay Plaintiffs for each hour they worked at their regular rate of pay and overtime at the

rate of one and a half times their regular rate of pay for work in excess of 40 hours per week, Defendants violated Section 7(a) of the **FLSA**, <u>29 U.S.C. §207(a)</u>.

### a. *Failure To Pay Overtime Wages Under The FLSA -- The Elements*

To sustain their burden of proof on the **FLSA** claim relating to overtime wages, Plaintiffs must prove the following three elements with respect to the Defendants:

*First*, that the Defendants employed the Plaintiffs in question;

*Second*, that Plaintiffs were engaged in commerce or in the production of goods for commerce; and

*Third*, that the Defendants failed to pay the Plaintiffs proper pay for their regular and overtime hours as appropriate.

Now I will describe the elements separately.

### i. *Failure To Pay Overtime Pay Under The FLSA -- First Element -- Employment*

The first element that the Plaintiffs must prove by a preponderance of the evidence is that they were employed by Defendants. In this case Defendants admitted that they employed Plaintiffs, and I have already found that all three Defendants are Plaintiffs' employers.

### ii. *Failure To Pay Overtime Pay Under The FLSA -- Second Element -- Interstate Commerce*

If you conclude that the first element has been satisfied, the second element that Plaintiffs must prove by a preponderance of the evidence with respect to the second cause of action is that Defendants engage in an enterprise whose annual volume of sales made or business done is not less than $500,000.00 and the activities of which affect interstate commerce in that the employees of said Defendants handle, sell or otherwise work on goods or materials that have been moved in or produced for interstate commerce.

The term "commerce" has a broad meaning, which includes any sort of business, trading, transportation, transmission, or communication between a location in one state and any place outside of that state.

A person is considered to have been "engaged in the production of goods" if the person produced, manufactured, mined, handled, transported, or in any other manner worked on such goods or worked in any closely related process or occupation directly essential to the production of the goods. As long as the employees handled goods or tools that traveled through commerce, they will be considered engaged in the production of goods for commerce.

You should know that Courts have taken judicial notice that workers who work with tools and materials  are considered to be engaged in the production of goods for commerce.

**As you will recall from the beginning of the trial, the parties have stipulated that Defendants' volume of business done was more than $500,000.00 during each relevant year.**

### iii. *Failure To Pay Overtime Pay Under The FLSA -- Third Element -- Regular and Overtime Pay*

If you conclude that the second element is satisfied, then the third element that each Plaintiff must prove is that Defendants failed to pay him pay for each regular and overtime as required by the **FLSA**.

The **FLSA** requires that all hours worked in excess of forty hours per week be compensated at one and one-half times the employee's regular rate.

Now, in order to help you deliberate on this element, I am going to provide you with a series of definitions and instructions.

### a. *"Work Week" And "Overtime Work"*

The unit of measure for determining compliance with the overtime and minimum wage provisions of the **FLSA** is called a "workweek." A workweek is defined as 168 consecutive hours, or seven consecutive days.

When an employee works more than forty hours in a given 168 hour work week, those additional hours are considered "overtime work." Under the **FLSA**, an employee is entitle to receive "overtime pay" for the hours worked in excess of forty hours during a particular work week.

### b. *"Regular Rate"*

In order to determine whether the plaintiff in question received overtime pay, you must first calculate the employee's "regular rate" of pay. The Act requires an employer to pay its employees at a rate of at least one and one-half times their regular rate for time worked in one work week over 40 hours. This is commonly known as time-and-a-half pay for "overtime" work.

The employee's "regular rate" during a particular week is the basis for calculating any overtime pay due him for that week.

Since Defendants were obligated to compensate Plaintiffs at an hourly rate as required by their contract with Plaintiffs, the "regular rate" for a week is the hourly contractual rate. The overtime rate is one and one-half of that rate and would be owing for each hour in excess of 40 hours worked during the week.

### c. *"Overtime pay"*

Finally, you must consider whether Plaintiffs received appropriate "overtime pay" during the work week you are considering. As I have said, an employer must provide its employee overtime pay for hours worked in excess of forty hours during the applicable 168-hour work week.

"Overtime pay" is one and one-half times the employee's regular rate. To determine the rate of overtime pay, simply multiply one and one-half times the regular rate received by the plaintiff, as I have just defined that term to you.

In sum, based on the calculations that I have described, if you find that Plaintiffs have proven that they worked more than forty hours in a work week, but did not receive overtime pay as I just defined that term, then Plaintiffs have established the third element of this cause of action.

### d.      *"Travel time"*

As you have heard, Plaintiffs are primarily claiming wages for the time they spent working in the company shop in the morning and traveling to the job site. Certain Plaintiffs, namely the foremen, are also claiming damages for the time they spent returning from the job site to the company shop in the afternoon returning tools and rubbish and giving reports to Robert Capala and Pawel Capala. Under the continuous workday rule, once Plaintiffs began their day, every minute they worked is compensable. You should find that the Plaintiffs are entitled to compensation for their travel time in the morning if Defendants first required them to report to the company shop in order to receive instructions and to load tools and materials.  You should also find that Plaintiffs are entitled to compensation for their travel time in the afternoon if Defendants required them to return to the company shop at the end of the day to drive vans and to issue reports.

### e. *"Compensable breaks"*

Under the FLSA, paid breaks of up to twenty minutes are allowed and cannot be deducted from the hours worked by the employee. If you find that Plaintiffs' breaks were twenty minutes or less you cannot offset that time against unpaid overtime.

### f. *"Gap Time"*

Under the FLSA, employees who worked more than 40 hours a week, but were paid for less than 40 hours that week are entitled to their overtime compensation <u>and</u> to each regular hour they worked. For example, assume an employee works 45 hours in a week, but is only paid for 35 hours that week. That employee is entitled to not only to his 5 hours of overtime work at the proper rate of 150% of his regular rate, but also 5 hours of work at his regular rate of pay.

In this case, if you find that, in any given week, Plaintiffs worked, for example, 45 hours in a week, but were only paid for 35 hours, you must award them 5 hours at the regular rate and 5 hours at the overtime rate.

### iv. Willfulness and the statute of limitations under the FLSA.

The FLSA allows employees to bring claims for up to two years from their last pay period <u>unless</u> they can show that his employer's violation of the FLSA was willful.A violation is willful so as to bring it under the extended three-year statute of limitations if the employer knows or has reason to know that his business is subject to provisions of the FLSA, and his practice does not conform to requirements of the Act. A plaintiff need not show that his employer intentionally violated the act. It is sufficient that the employer should have been able to determine his obligations under the FLSA with reasonable diligence.

The nine Plaintiffs joined this case at different times. The lawsuit was filed on August 29, 2007 by Plaintiffs Gortat, Lapinski, Swaltek, Bienkowski, and Filipkowski, which means that they can recover going back to August 29, 2005, unless you find that Defendants' conduct was willful. In that case they can recover going back to August 29, 2004.

Plaintiffs Kosiorek, Kisielewicz, and Stoklosa joined this case on February 13, 2009 and may recover going back to February 13, 2007 or February 13, 2006 if you find that Defendants' actions were willful.

Plaintiff Truszkowski joined this case on June 4, 2010 and may recover back to June 4, 2008 or June 4, 2007 if Defendants' actions were willful.

### D. *Third Cause Of Action:*

#### 1. *Failure To Pay Wages and Overtime Under New York Labor Laws*

In their third cause of action, Plaintiffs allege that Defendants did not pay them all of the wages and benefits that they were entitled to, and failed to pay them overtime pay in violation of New York Labor Laws and regulations defining the law. Title 12 of New York's Compilation of Codes, Rules & Regulations ("NYCRR"), section 142-2.2 provides:
An employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate . . . .

The Plaintiffs allege that:

Defendant has violated Labor Law §190 *et. seq* and the Wage Orders issued thereunder at 12 NYCRR 137-42 by:

a) Failing to pay Plaintiffs and the class for all of the hours they worked;
b) Failing to pay Plaintiffs and the class at one and a half times their regular rate of pay for the time that they worked in excess of 40 hours per week; and
c) Failing to pay Plaintiffs Bienkowski, Gortat, and Swaltek for their final two weeks of employment and Plaintiff Lapinski for his final week of employment.

**2. *Failure To Pay Overtime Pay Under New York Law -- The Elements***

To sustain the burden of proof with respect to the claim under New York law relating to the payment of overtime pay, Plaintiffs must prove the following two elements with respect to the defendant:

*First*, that Defendants employed Plaintiffs; and

*Second*, that Defendants failed to pay Plaintiffs overtime pay when appropriate.

Now I will describe the elements separately.

**a.** ***Failure To Pay Overtime Pay Under New York Law -- First Element -- Employment***

As to the overtime claim in the third cause of action, the first element that Plaintiffs must establish is that Defendants acted as Plaintiffs' employer. For the purposes of this trial, I instruct you that the definition of "employer" is the same under New York law as it is under the **FLSA**. As stated earlier, Defendants stipulated that they employed Plaintiffs.

**b.** ***Failure To Pay Overtime Pay Under New York Law -- Second Element -- Overtime Pay***

If you conclude that Plaintiffs have proven the first element, then you must consider whether the Defendants failed to provide Plaintiffs with overtime pay under New York law. New York's Compilation of Codes, Rules & Regulations provides that overtime pay under New York Law is to be calculated "in the manner and methods provided in . . . the **Fair Labor Standards Act**." Thus, this element is evaluated in exactly the same manner as I described for the third element of the Plaintiffs' first cause of action regarding overtime pay under the **FLSA**.

As in the cause of action relating to overtime pay under the **FLSA**, in this element you may consider whether it is appropriate to apply the special burden of proof that I described to you regarding circumstances under which an employer has not maintained the types of records of its employees' work that are required by the **FLSA**.

Therefore, for Plaintiffs, you must follow the instructions I previously provided to you in order to determine if Plaintiffs you are considering has proven that he or she was entitled to, and did not receive, overtime pay.

**c.** ***Plaintiffs Bienkowski, Swaltek, Gortat and Lapinski's Claims for Failure to Pay Timely Wages***

Under New York Labor Law, a "clerical and other worker shall be paid the wages earned in accordance with the agreed terms of employment, but not less frequently than semi-monthly, on regular pay days designated in advance by the employer." If you find that Plaintiffs Bienkowski, Swaltek, Gortat and Lapinski were not paid their wages for a week or two weeks of their employment, then they were not timely paid in a "semi-monthly" manner.

### d. *Failure To Pay Overtime Pay Under New York Law -- Willfulness*

Plaintiffs also allege that Defendants' failure to pay the overtime pay required by the New York Labor Law was willful. Therefore, if you conclude that Plaintiffs have proven the elements of this cause of action as to Defendants, you must next consider whether or not Defendants willfully violated New York's overtime pay laws.

In order to establish this allegation, the plaintiff must prove by a preponderance of the evidence that Defendants' violation of the FLSA was willful. A willful violation occurs when the employer knowingly, deliberately, or voluntarily disregards its obligation to pay wages. Proof that Defendants acted maliciously or in bad faith is not necessary. A failure by the employer to make a good faith effort to discover his obligations under the New York Labor Law is considered willful.

### e.    *Statute of Limitations*

Under the New York Labor Law, Plaintiffs can collect for their damages within six years of filing the complaint until the date of trial. In this case that means Plaintiffs are entitled to recover for the work they performed from August 29, 2001 through the present. The class may recover from August 29, 2001 through April 9, 2010.

## IV. *DAMAGES*

### A. *Consider Damages Only If Necessary*

If you conclude that any Plaintiff has met his or her burden of proving that Defendants are liable on a cause of action, then you must determine the damages to which that Plaintiffs are entitled under that cause of action. However, you should not infer that Plaintiffs are entitled to recover damages merely because I am instructing you on how to calculate damages. It is exclusively your function to decide upon liability, and I am instructing you on damages only so that you will have guidance should you decide that the Plaintiff is entitled to recovery.

### B. *Compensatory Damages*

The purpose of the law of damages is to award, as far as possible, just and fair compensation for the loss, if any, which resulted from any violation by Defendants of the legal rights of Plaintiffs. If you find that Defendants are liable on one of any Plaintiff's claims, then you must award that Plaintiff sufficient damages to compensate him for any injury caused by Defendants' conduct.

In this case, with one exception, if you find Defendants liable on a cause of action, the "injury" you are assessing is the amount of wages to which that Plaintiff was entitled to receive under the law minus the payment that he actually received for the work performed. These are known as "compensatory damages." Compensatory damages seek to make a plaintiff whole -- that is, to compensate him or her for the injury they suffered.

The damages that you award must be fair and reasonable, neither inadequate nor excessive. You should not award compensatory damages based on speculation, but only for those injuries that the plaintiff has proven according to the standards that I described to you.

In awarding compensatory damages, if you decide to award them, you must be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require a plaintiff to prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit. In all instances, you are to use sound discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence.

As you know, Plaintiffs' expert, Glenn Pannenborg, submitted an expert report into evidence calculating each Plaintiff's damages. If you find that Mr. Pannenborg's report is helpful, you may use his calculations to award compensatory damages. You are not bound by his calculations, however.

### C. *Multiple Claims*

If you return two or more verdicts in favor of a Plaintiff on what may appear to be similar claims, you should not concern yourself with whether one verdict may duplicate another verdict. After you have returned verdicts on all of Plaintiffs' causes of action, the Court will consider whether any verdict duplicates any other verdict and, if so, whether any action should be taken.

### D. *Compensatory Damages: Regular and Overtime Pay*

If you find that a Plaintiff has proven the required elements of the second cause of action, which relates to overtime pay under the **FLSA**, then you must determine the amount of compensatory damages to which Plaintiff is entitled. You should assess the evidence of the Plaintiff's damages using the same calculations that I described to you during my instructions on the third element of the plaintiff's second cause of action.

Specifically, if you find that any Plaintiff has met his burden of proving Defendants' liability on the second cause of action, then that Plaintiff is entitled to damages. I instruct you that you are only to calculate damages for the period when overtime hours were worked, if any, and Defendants did not compensate at least one Plaintiff for all overtime hours worked. In order to make that calculation, you should calculate the difference between the amount that the Plaintiffs should have received in that period based on a valid rate of "overtime pay" and the amount he actually was paid. The terms

and calculations relating to wages have the same meaning here that I previously provided to you.

### E. *Compensatory Damages -- New York Labor Law Article 6 & Article 19, Section 650 et. seq.*

If you find that a Plaintiff has proven the required elements of the third cause of action relating to the payment of wages under New York Labor Law, then you must determine the amount of compensatory damages to which that plaintiff is entitled. I again instruct you that you are only to calculate damages for the period when a Plaintiff was not paid for all hours worked.

### F.     *Liquidated Damages - FLSA*

If you find that Defendants did not properly compensate a Plaintiff under the FLSA, then that Plaintiff is owed liquidated damages of 100% of all wages due unless Defendants can show that they made attempts in good faith to learn their legal obligations. That means that the Plaintiff is entitled to recover double what Defendants owe him.

### G.     *Liquidated Damages - New York Labor Law Article 6 & Article 19, Section 650 et. seq.*

If you find that Defendants did not properly compensate a Plaintiff under the New York Labor Law, then that Plaintiff is owed liquidated damages of 25% of all wages due. That means that the Plaintiff is entitled to recover 25% what Defendants owe him, provided you find that Defendants' conduct was willful. Liquidated damages under the FLSA only applies for the periods during which the FLSA does not apply. Willfulness was explained earlier.

### H.     *Interest*

If you find that wages were not paid, Plaintiffs can recover interest for that non-payment. Under New York law, interest is calculated at 9% per year. Thus, if a payment was improperly delayed for one month, the measure of damages would be one twelfth times 9% times the amount of the payment.

## V. LIABILITY TO THE CLASS

### A.     *The Class Members are similarly situated to the Plaintiffs, such that, if Defendants are liable to Plaintiffs that they are liable to the class as well.*

I have ruled in this case that the claims of Plaintiffs and other employees of Defendants similar and derive from common facts. As a result, Plaintiffs Gortat, Swaltek, Bienkowski, Filipkowski, Lapinski, Stoklosa, Kosiorek, and Kisielewciz were appointed to represent all of Defendants' employees who worked on those projects, and those class representatives can testify on behalf of the other employees who worked on those perfects. If you find that Defendants are liable to the class representatives, you must find that Defendants are liable to the class members as well.

You have seen the expert report by Glenn Pannenborg and if you feel that it is helpful, you may adopt it.

## VI. DEFENDANTS' COUNTERCLAIMS

### A. Introduction

The Defendants in this case brought what are called counterclaims under the common law of the State of New York against Plaintiffs Gortat, Lapinski, Bienkowski, Swaltek, and Filipkowski. That means that the Defendants brought claims directly against these Plaintiffs that are unrelated to Plaintiffs' claims against Defendants.

Each of my introductory remarks are equally applicable to these counterclaims. Like the Plaintiffs in their case, Defendants are obligated to establish, by a prepondence of the evidence, that Plaintiffs harmed them.

### B. Conversion

Defendants' first counterclaim is for conversion and is against Plaintiffs Filipkowski, Gortat and Lapinski only. Defendants allege that these Plaintiffs failed to return certain tools to Defendants upon the cessation of their employment.

To find for Defendants on this claim, Defendants must show, by a preponderance of the evidence:

(1) that they owned and had the right to possession of these tools;
(2) that these tools remain in the unauthorized possession of Plaintiffs; and
(3) that Defendants were damaged.

#### i. Conversion -- First Element -- Defendants' Ownership of Tools

In order to recover under this claim, Defendants must establish that they owned and had the right to possession of tools. If you find that Defendants have established that they owned the tools in question, you must find that they have established this element.

#### ii. Conversion -- Second Element -- Plaintiffs' Possession of the Tools

If you find that Defendants owned the tools, Defendants must also establish that Plaintiffs Gortat, Filipkowski, and Lapinski retained possession of the tools instead of returning them. If you find that these Plaintiffs failed to return these tools, you must find that Defendants have established the second element.

#### iii. Conversion -- Third Element -- Defendants' Damages

Page 21 of 26

_____If you find that Defendants have established the first two elements, you must calculate Defendants' damages. Damages for conversion are the value of the property at the time of conversion. I ask you to please keep in mind that these were used tools.

## C.   Tortious Interference With At-Will Employees

Defendants' second counterclaim is against Plaintiffs Lapinski, Swaltek, Gortat, Bienkowski, and Filipkowski and is for tortious interference with at-will employees. This counterclaim alleges that these Plaintiffs threatened Defendants' employees with physical harm if they testified in this case and imposed economic pressure through attempts to convince Defendants' employees to quit.

To find for Defendants on this claim, Defendants must show, by a preponderance of the evidence:

(a) that they had a business relationship with a third party ( i.e., their employees);
(b) that these Plaintiffs interfered with the relationship;
(c) these Plaintiffs acted for a wrongful purpose or used dishonest, unfair, or improper means;
(d) the interference caused injury to the relationship; and
(e) damages to Defendants.

### i. Tortious Interference With At-Will Employees-- First Element -- Defendants' Business Relationship With Their Employees

In order to recover under this claim, Defendants must establish that they had a business relationship with their employees. If you find that Defendants have established that they had a business relationship with their employees, you must find that they have established this element.

### ii. Tortious Interference With At-Will Employees-- Second Element -- Plaintiffs' Interference With This Relationship

_____In order to recover under this claim, Defendants must establish that these Plaintiffs interfered with their employees. Interference, in this context, must include severe actions that change the relationship between the Defendants and their employees.

### iii. Tortious Interference With At-Will Employees-- Third Element – Wrongful Means

In order to recover under this claim, Defendants must establish that these Plaintiffs engaged in culpable conduct or that they acted with wrongful purpose. What that means is that these Plaintiffs engaged in conduct that amounts to a crime or an independent tort, including physical violence, fraud or misrepresentation, civil suits and criminal prosecutions, and some degrees of economic pressure. Threats also constitute wrongful or improper means. Any economic pressure must extreme and unfair to be considered wrongful means, but such pressure would only suffice here if its sole purpose was to injure defendants. That means if the relevant plaintiffs acted in their economic interest, for

example because they thought Defendants' employees were good employees and wanted to hire them, this element would not be satisfied.

### iv. Tortious Interference With At-Will Employees-- Third Element – Wrongful Purpose

_____This element may be satisfied if these Plaintiffs acted with a wrongful purpose. Acting with a wrongful purpose means engaging in conduct for the sole purpose of inflicting intentional harm on the Defendants. Actions motivated by economic self-interest are not actions taken with a wrongful purpose. In order to find that these Plaintiffs acted with a wrongful purpose, you must find that they acted completely out of malice and for the sole purpose of harming Defendants and not for any other reason.

### v. Tortious Interference With At-Will Employees-- Fourth Element – Injury to the Relationship

_____In order to recover under this claim, Defendants must establish that these Plaintiffs' actions caused harm to their relationship with their employees. In other words, you must determine that Plaintiffs' actions caused Defendants' employees to act differently in a way that was injurious to the Defendants.

### v. Tortious Interference With At-Will Employees-- Fifth Element – Damages

_____If you find that Defendants have establish the previous four elements, you must determine whether these Plaintiffs' actions caused Defendants damage. As you heard at the beginning of the trial, the parties have entered into various stipulations regarding these damages. Defendants concede that their damages are limited to the following:

1) the damages on Plaintiffs' Exhibit 36;
2) the year 2007 only.

Plaintiffs' Exhibit 36 is comprised of three classes of damages:

(1) 9 projects that Defendants allege they were offered work but could not perform;
(2) wages for a list of employees that Defendants allege were subpar, along with their supervisors; and
(3) time spent by Robert and Pawel Capala driving employees to the job site.

In order to find that Defendants are entitled to the first category of damages, you must find that Defendants were offered a contract to work on these projects and that they turned down the work. You must also find that Defendants could not accept that offer because Plaintiffs interfered with their employees, which caused those employees to work more slowly, and not because Plaintiffs quit their job.

In order to find that Defendants are entitled to the second category of damages, you must find that Defendants' employees were inadequate workers and that Defendants hired them because of Plaintiffs' alleged interference. You must also find that Plaintiffs' interference with Defendants' employees prevented Defendants from hiring competent workers.

In order to find that Defendants are entitled to the third category of damages, you must find that Robert and Pawel Capala regularly drove employees to the job site and that their need to do so was a result of Plaintiffs' alleged interference. You must also find that Plaintiffs' interference with Defendants' employees prevented Defendants from hiring workers who could drive vans.

You will also have to consider whether categories 2 or 3 were in fact the result of Plaintiffs' quitting and not their alleged interference.

## VI. *FINAL INSTRUCTIONS FOR DELIBERATIONS*

With these instructions in mind, you will now hear from the lawyers, who will give their closing arguments. I remind you that arguments by lawyers are not evidence, because the lawyers are not witnesses. However, what they say to you in their closing arguments is intended to help you understand the evidence and to reach your verdict. Please pay careful attention to their arguments.

### A. *Right to See Exhibits and Hear Testimony; Communications With Court*

Members of the jury, now that you have heard the closing arguments of the lawyers, you are about to go into the jury room to begin your deliberations. Before you do that, I will give you a few final instructions.

If during your deliberations you want to see any of the exhibits, you may request to see them and we will either send them into the jury room or we will bring you back out to the courtroom to see them. If you want any of the testimony sent or read back to you, you may also request that. Any communication with the Court should be made in writing, signed by your foreperson, and given to the marshal, whom, as in all cases, I will swear to ensure that your deliberations may take place uninterrupted. Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting exhibits or portions of the testimony. If you want any further explanation of the law as I have explained it to you, you may also request that from the Court. If there is any doubt or question about the meaning of any part of the instructions that I have given you during this trial, you should not hesitate to send me a note asking for clarification or for a further explanation.

It is very important that you not communicate with anyone outside the jury room about your deliberations or about anything touching this case. There is only one exception to this rule. If it becomes necessary during your deliberations to communicate with me -- to request exhibits or testimony, or to request clarification on the law -- you should send a note to me, in writing, signed by your foreperson, and given to one of the marshals or my deputy. No member of the jury should

ever attempt to communicate with me except by a signed writing, and I will never communicate with a member of the jury on any subject touching on the merits of the case other than in writing, or orally here in open court. If you send any notes to the court, do not disclose anything about your deliberations. Specifically, do not disclose to anyone -- not even to me -- how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

### B. *Notes*

Many of you have taken notes periodically throughout this trial. I want to emphasize to you, as you are about to begin your deliberations, that notes are simply an aid to memory. Notes that any of you may have made may not be given any greater weight or influence in determination of the case than the recollections or impressions of other jurors, whether from notes or memory, with respect to the evidence presented or what conclusions, if any, should be drawn from such evidence. Any difference between a juror's recollection and another juror's notes should be settled by asking to have the court reporter read back the transcript, for it is the court record rather than any juror's notes upon which the jury must base its determination of the facts and its verdict.

### C. *Duty to Deliberate/Unanimous Verdict*

You will now retire to decide the questions I have described to you. For the Plaintiffs to prevail on the questions that you must answer, they must sustain their burden of proof as I have explained to you with respect to the questions you are considering.

Your verdict on each question must be unanimous. Each juror is entitled to his or her opinion, but you are required to exchange views with your fellow jurors. This is the very essence of jury deliberation. It is your duty to discuss the evidence. If you have a point of view and after reasoning with other jurors it appears that your own judgment is open to question, then of course you should not hesitate in yielding your original point of view if you are convinced that the opposite point of view is really one that satisfies your judgment and conscience. You are not to give up a point of view, however, that you conscientiously believe in simply because you are outnumbered or outweighed. You should vote with the others only if you are convinced on the evidence, the facts, and the law that it is the correct way to decide the case.

You are not to discuss the case until all jurors are present. Four or five jurors together is only a gathering of individuals. Only when all jurors are present do you constitute a jury, and only then may you deliberate.

### D. *Selecting A Foreperson And The Foreperson's Duties*

The first thing you should do when you retire to deliberate is take a vote to select one of you to sit as your foreperson. The foreperson will send out any notes, and when the jury has reached a verdict, he or she will notify the marshal that the jury has reached a verdict, and when you come into open court, the foreperson will be asked to state what the verdict is.

### E. *Verdict Form and Return of Verdict*

I have prepared a verdict form for you to use in recording your decisions. You should answer every question. You should also proceed through the questions in the order in which they are listed. After you have reached a verdict, the foreperson should fill in the verdict sheet, sign and date it, and then give a note to the marshal outside your door stating that you have reached a verdict. Do not specify what the verdict is in your note.

I will stress that each of you must be in agreement with the verdict that is announced in court. Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

### F. *Oath*

I remind you that you took an oath to render judgment impartially and fairly, without prejudice or sympathy and without fear, solely upon the evidence in the case and the applicable law. Your oath sums up your duty. I know that you will do your duty and reach a just and true verdict.

### G. *Exceptions*

I will ask you to remain seated while I confer with the attorneys to see if there are any additional instructions that they would like to have given to you or if there is anything I may not have covered.

In this regard, I ask you not to discuss the case while seated in the box because the case has not yet been formally submitted to you.

* * *

Members of the jury, that concludes my instructions to you. You may now retire to the jury room and begin this phase of your deliberations. As a first matter of business, please select a foreperson and send me a note, signed, dated, and timed, through the marshal or my deputy, telling me who you have elected as your foreperson.

Dated: April 23, 2012
      New York, NY

                                                Respectfully Submitted
                                                --------------/s/--------------------
                                                Robert Wisniewski (RW-5308)