# PHILIP ORNER, C.P.A. J.D.
### CERTIFIED PUBLIC ACCOUNTANT
### AND
### ATTORNEY AT LAW

72 - 29 137TH STREET  
FLUSHING, NEW YORK 11367  
(718) 575-9600

514 MAIN STREET  
NEW ROCHELLE, NEW YORK 10801  
(914) 636-6439

Flushing office  
January 16, 201

Hon. I. Leo Glasser  
United States District Court  
Eastern District of New York  
25 Cadman Plaza- Room 921  
Brooklyn, New York 11201

Re. : **Gortat et al v. Capala Brothers, Inc. et al**  
**07 CV 3629 –**  
**Application to Adjourn Trial Scheduling Conference**  
*Via ECF*

Dear Judge Glasser :

As I advised opposing counsel, my clients, although not opposed to the scheduling of this conference in early to mid March of 2013, do want to point out that they are ready to proceed once the submitted motion and cross-motion in limine have been decided by the Court.

With the great volume of exhibits and documents and based on the witnesses to be called to testify at the trial, defendants/counterclaimants need a reasonable time to prepare for such trial based on the Court's decision on the submitted motion and cross-motion in limine.

Letters to the Court are not the proper forum for new motions by the plaintiffs/counter-defendants , and such submission at this late stage of the proceeding with the Pre-Trial Order having been submitted as modified on March 1,2012, 10 months ago, as well as such motions and cross-motions in limine, is extremely prejudicial to defendants/counterclaimants. Plaintiffs on their letter of January 15,2013 are requesting such impermissible use of letters as additional motions and to re-open submitted motions and cross-motions as well as the Pre-Trial Order of March 1,2012. Defendants/counterclaimants fully object to any consideration of these motions by correspondence. Plaintiffs neglected to mention that their legal counsel has spent hundreds of hours on the issue of the supplier's production of invoices ( Extech) and that the selected invoices for production reflect a time stamped on such documents which is after 7:30 A.M. on about 80% of such plaintiffs' selected documents from defendant's supplier. Such time from 7:30 A.M. on was fully paid by the defendants to the plaintiffs. Furthermore, the time on such documents also is based on some instances on phone orders placed by the defendants and not necessarily times of actual pick-up at the store, which is a five minute drive away from the Greenpoint's office of the defendants, as per the deposition transcripts confirm of both plaintiffs and defendants. There were two exhibits referring to these documents on the Pre-Trial order, and plaintiff's presentation is not fully accurate on this point for some of these documents are in.

This litigation must end as soon as possible and plaintiffs continue to delay its conclusion with numerous applications/motions, all of which is prejudicial to the defendants/counterclaimants in terms of time delay and legal costs associated.

Sincerely,

Phili Orner- (FO-3986)