```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------x
MIROSLAW GORTAT, et al.,

                    Plaintiffs,

       -against-                                      MEMORANDUM AND ORDER
                                                      07 CV 3629 (ILG)
CAPALA BROS., et al.,

                    Defendants.
-----------------------------------------------------x
```
GLASSER, United States District Judge:

Approximately seven years after this action was commenced to vindicate the rights the Fair Labor Standards Act (FLSA) and the New York Labor Law assure to employees, the victorious plaintiffs moved the Court for an Order that would award them the attorneys' fees and costs incurred in their pursuit of those rights. DE 388. Their motion was referred to Magistrate Judge Gold (Judge Gold) to Report and Recommend (R&R) what the award should be. On June 4, 2014, Judge Gold filed his Report, DE 417, in which he recommended an award of $514,284 to plaintiffs' counsel and $68,294.50 in costs. On June 17, 2014, the defendants filed their objection to that R&R, DE 418. The plaintiffs filed their opposition to those objections on July 7, 2014, DE 419. It is those objections which are now pending before the Court.

## Discussion

The submissions in support of and in opposition to the motion for attorneys' fees and costs were voluminous. Together they exceeded 1,000 pages. Those submissions were fairly representative of the more than 400 docket entries reflecting the acrimonious course charted by this otherwise unexceptional FLSA case.

Judge Gold's R&R was the product of an unequaled familiarity with the

seemingly endless pretrial skirmishes he supervised and resolved over a period of more than six years, and the careful, comprehensive consideration of the mounds of factual and legal presentations in support of and in opposition to the motion.  The statute, 28 U.S.C. § 636(b)(1)(C), directs that this Court "shall make a *de novo* determination of those portions of the report or recommendation to which objections are made."  Keeping in mind that it is a recommendation of a reasonable attorneys' fee to be awarded to the successful plaintiffs that is at issue, the formula for arriving at that amount is determinative.  That formula is simply stated to be "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate."  Blum v. Stenson, 465 U.S. 886, 888 (1984).  The reasonable hourly rate or fee is arrived at after taking into account what has come to be referred to as the "Johnson factors" discussed in Johnson v. Georgia Highway Express Inc., 488 F.2d 714, 717-719 (5th Cir. 1974).  It follows, therefore, that the objections are properly made only to the number of hours the R&R reported to have been reasonably expended on this litigation multiplied by the fee found to be reasonable.

  A.  <u>Hours Reasonably Expended</u>

I have read and re-read the defendant's 29 pages of objections to Judge Gold's R&R and have been unable to distill from one of the seventeen a basis for finding a line in that R&R that is clearly erroneous or contrary to law.

Any objection to the hours reasonably expended by the plaintiffs in this litigation could only be characterized as frivolous.  A cursory examination of the more than 400 entries on this docket sheet will provide what can only reasonably be regarded as only a suggestion of what an examination of the content of those docket entries would reveal in

time expended. It would be fair to say that the overwhelming cause for the time expended was attributable to the defendant.

No less than seven appeals were taken by the defendants' counsel from decisions made by Judge Gold, DE 22, 58, 77, 134, 185, 188, 202. This Court wrote approximately 100 pages affirming Judge Gold's determination in each. The tenor of those objections and his conduct throughout this litigation has been provocative. In one Order denying his objection, I wrote: "I am constrained to add that the tenor of the Objections is not only discourteous and undignified, but statements as recorded in this transcript might themselves have been the subject of censure." The reference was to his egregiously baseless charge that Judge Gold engaged in "improper ex parte conduct . . . clearly against defendant's interests." DE 83 at p. 3. In another objection to Judge Gold's Report, he accused him of a "lack of objectivity and fairness," DE 196 at p. 28. See also DE 208 at pp 5-6. The substantive merit of his motions fare no better. Illustrative is a submission of 8 assorted motions in one document, DE 95, which, together with attachments, totaled 503 pages. The substance of those motions and the disposition of them is discussed at some length in this Court's 33 page Memorandum and Order denying them. DE 131. In a 30 page Memorandum and Order by this Court dated June 3, 2009, DE 136, the facts based upon which defendants' counsel was sanctioned for his *ad hominem* attacks in his written submission and on oral argument are set out in detail. That sanction and other adverse determinations which defendants appealed were affirmed by the Court of Appeals in a Summary Order on June 10, 2014. ____ Fed. Appx. ____ 2014 WL 2579312 (June 10, 2014).

    B.    <u>Fees</u>

Judge Gold used the Johnson factors as a template for his R&R regarding fees beginning with a concise but thorough discussion of the significant considerations of the reasonably comparable skill, experience, reputation and hourly rates that have been approved for attorneys' fees in this district. A consideration of those factors for plaintiffs' lead counsel led him to a recommendation that he be awarded a fee of $350 per hour which is $100 less than he requested. His recommendation of an award for associates, paralegals and pre-admission attorneys was $50 per hour less for each than was requested. A request for an award of more than $76,000.00 for outside counsel who assisted at trial was denied. The plaintiffs' request included fees for time spent in defending against four counterclaims, two of which were dismissed and two were rejected by the jury. The defendants' objection to that request was granted and an award for fees for time spent in defending them was denied. Although the question on that issue is a close one, I adopt Judge Gold's recommendation and his clearly reasoned basis for making it.

The defendants contended that the fee award should be downwardly adjusted for time spent on motions or other applications for relief on which the plaintiffs did not succeed. That objection is without merit and I adopt the R&R in that regard. See Hargrove's v. The City of New York, 2014 WL 1270585*14 (E.D.N.Y. 2014) ("A court should not disallow fees for every motion that a prevailing party did not win.")

The defendants' objection to the fee award being greater than the amount recovered was therefore excessive is without merit as well. The Supreme Court put it succinctly when it wrote that "We reject the proposition that fee awards under § 1988 should necessarily be proportionate to the amount of damages a civil rights plaintiff

4

actually recovers." City of Riverside v. Rivera, 477 U.S. 561, 574 (1986). The rationale for the rule is persuasively stated in Allende v. Unitech Design, Inc., 783 F. Supp.2d 509, 511 (S.D.N.Y. 2011), an FLSA case, to be that such an award "need not be proportionate to the damages plaintiffs recover, because the award of attorneys' fees in such cases encourages the vindication of Congressionally identified policies and rights."

The fee award, the defendants also contend, should be capped by the retainer agreement to one-third of the judgment. That argument was rejected by the Supreme Court twenty five years ago in Blanchard v. Bergeron, 489 U.S. 87, 944 (1989), when it wrote, "But as we see it, a contingent fee contract does not impose an automatic ceiling on an award of attorney's fees, and to hold otherwise would be inconsistent with the statute and its policy and purpose." This Circuit Court echoed Blanchard, stating simply that "it is undisputed, however, that the contingency fee may not serve as a cap on an attorney fee award." Porzig v. Dresdner, Kleinwort, Benson, North America LLC, 497 F.3d 133, 142 (2d Cir. 2007). Judge Gold's R&R was guided by those authorities and is adopted.

The Report and Recommendation made by Judge Gold anticipated the objections to it made by the defendants. That is clearly manifested by a reading of their Memorandum of Law in Opposition to the plaintiffs' motion for attorneys' fees and costs of which their objections are a regurgitation.

I have reviewed, *de novo*, Judge Gold's Report and Recommendation and cannot but conclude that the objections to it are supported neither factually nor legally. I adopt the R&R in its entirety as being legally sound in every respect and direct that attorneys' fees be awarded to plaintiffs' counsel in the amount of $514,284.00 and $68,294.50 in

5

costs and that judgment be entered accordingly.

SO ORDERED.

Dated: Brooklyn, New York
August 4, 2014

_____/s/_____
I. Leo Glasser