MANDATE

14-3304-cv
*Gortat v. Capala Bros.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of July, two thousand fifteen.

PRESENT: GUIDO CALABRESI,
CHESTER J. STRAUB,
DEBRA ANN LIVINGSTON,
*Circuit Judges.*

---

MIROSLAW GORTAT, HENRYK BIENKOWSKI, MIROSLAW FILIPKOWSKI, ARTUR LAPINSKI, JAN SWALTEK, on behalf of themselves and on behalf of all others similarly situated,

*Plaintiffs-Counter-Defendants-Appellees,*

ARTUR KOSIOREK, HENRYK STOKLOSA,

*Plaintiffs-Appellees,*

GRZEGORZ DRELICH,

*Plaintiff-Counter-Defendant,*

v. No. 14-3304-cv

CAPALA BROTHERS, INC., PAWEL CAPALA, ROBERT CAPALA,

*Defendants-Counter-Claimants-Appellants.*

---

MANDATE ISSUED ON 08/19/2015

| | |
|---|---|
| For Plaintiffs-Counter-Defendants-Appellees: | ROBERT WISNIEWSKI, Robert Wisniewski P.C., New York, NY. |
| For Defendants-Counter-Claimants-Appellants: | FELIPE (PHILIP) E. ORNER, ESQ., Flushing, NY. |

---

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED IN PART, REVERSED IN PART, VACATED IN PART,** and the case is **REMANDED**.

In August 2007, Miroslaw Gortat, Henryk Bienkowski, Miroslaw Filipkowski, Artur Lapinski, and Jan Swaltek, acting on behalf of themselves and others similarly situated (collectively, "Plaintiffs"), filed a complaint in the United States District Court for the Eastern District of New York against Capala Brothers, Inc., Pawel Capala, and Robert Capala (collectively, "Defendants"), alleging claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL"). Plaintiffs are former employees of Defendants' contracting business. They sought compensation for unpaid regular and overtime wages, liquidated damages, punitive damages, costs, and attorneys' fees. Defendants answered the complaint and filed counterclaims against several of the plaintiffs for negligence, conversion, breach of fiduciary duty, and tortious interference.

During the next several years, the district court issued a number of different opinions that, *inter alia*, (1) dismissed Defendants' negligence and breach of fiduciary duty counterclaims, *Gortat v. Capala Bros.*, 585 F. Supp. 2d 372, 376-77 (E.D.N.Y. 2008); (2) denied Defendants' motion to deny class certification, Defendants' motion for summary judgment on Plaintiffs' FLSA claims, and Defendants' motion to dismiss Plaintiffs' claim for legal fees pursuant to NYLL § 198, *Gortat v. Capala Bros.*, 257 F.R.D. 353, 355-56, 361, 365, (E.D.N.Y. 2009); (3)

granted Plaintiffs' motion for class certification, *Gortat v. Capala Bros.*, No. 07 Civ. 3629 (ILG) (SMG), 2010 WL 1423018, at *1 (E.D.N.Y. Apr. 9, 2010); (4) granted Defendants' motions to remove fifty-four members from the NYLL class who opted out of class membership and to exclude seven members from the FLSA collective action who failed to opt in, *Gortat v. Capala Bros.*, No. 07 Civ. 3629 (ILG) (SMG), 2011 WL 2133769, at *1-2 (E.D.N.Y. Mar. 27, 2011); (5) denied Plaintiffs' motion for summary judgment on Defendants' remaining counterclaims, *Gortat v. Capala Bros.*, No. 07 Civ. 3629 (ILG) (SMG), 2011 WL 6945186, at *1 (E.D.N.Y. Dec. 30, 2011); and (6) denied Defendants' second motion to decertify the class, *Gortat v. Capala Bros.*, No. 07 Civ. 3629 (ILG) (SMG), 2012 WL 1116495, at *1 (E.D.N.Y. Apr. 3, 2012).

Plaintiffs' FLSA and NYLL claims and Defendants' remaining counterclaims proceeded to trial in April 2013. On May 10, 2013, the jury returned a verdict finding Defendants liable on Plaintiffs' FLSA and NYLL claims, and finding not liable those plaintiffs against whom Defendants had filed counterclaims. After a separate damages phase of the trial, the jury found that Defendants had willfully failed to pay wages under both the FLSA and the NYLL, and it awarded damages to Plaintiffs for their unpaid wages and overtime. After receiving submissions from the parties, the district court ultimately awarded Plaintiffs damages totaling $293,212.41. *Gortat v. Capala Bros.*, No. 07 Civ. 3629 (ILG) (SMG), 2013 WL 3010827, at *2 (E.D.N.Y. June 18, 2013). The district court adopted, in large part, Plaintiffs' proposed judgment for liquidated damages, and awarded them prejudgment interest on their NYLL claims. *Gortat v. Capala Bros.*, 949 F. Supp. 2d 374, 385-86 (E.D.N.Y. 2013).

After prevailing at trial, Plaintiffs' counsel filed a motion seeking $887,765.85 in attorneys' fees and $80,324.11 in costs. This motion was addressed in the first instance by Magistrate Judge Steven M. Gold. He issued a Report and Recommendation on June 4, 2014,

proposing that Plaintiffs' counsel be awarded a substantially lower amount than what they had requested: $514,284.00 in attorneys' fees and $68,294.50 in costs (for a total amount of $582,578.50). Judge Gold recommended awarding no fees for the hours spent litigating Defendants' counterclaims and denying Plaintiffs' counsel's request for fees billed for a trial specialist who assisted Plaintiffs. He otherwise recommended reimbursing Plaintiffs' counsel for the full number of hours requested for the time attributed to Plaintiffs' affirmative claims. Judge Gold recognized that the amount he recommended awarding, though substantially lower than Plaintiffs' counsel's request, was nevertheless significantly more than the judgment obtained by the Plaintiffs, and was "far greater than is typically required to litigate a case of this magnitude and complexity." J.A. 1020. He found, however, that "[m]uch of the responsibility" for the inordinately high litigation costs of this case "rests with defendants." *Id.* He disagreed with Defendants' contention that Plaintiffs had engaged in unnecessary and inefficient discovery. Instead, he explained that delays in the case were due to Defendants' combative and extraordinary conduct that raised many unnecessary disputes regarding case management and discovery "as revealed by even a cursory review of the docket sheet." *Id.*

Defendants objected to Judge Gold's Report and Recommendation on many different grounds. For example, Defendants argued that the fee award should be reduced due to inefficiency on the part of Plaintiffs' counsel, and because Plaintiffs did not fully succeed in certain aspects of the case. In addition, they argued that fees attributed to Plaintiffs' affirmative case by Plaintiffs' counsel were actually incurred in defending against Defendants' counterclaims. In response, Plaintiffs admitted that they had erroneously attributed a very small amount of fees to Plaintiffs' affirmative case that were actually incurred in defense of the counterclaims. They acknowledged that Judge Gold's Report and Recommendation was erroneous insofar as it recommended awarding fees for these amounts, and "concede[d] that their

Fee Award should be reduced by a total of $5,730.00." J.A. 1080. Plaintiffs argued that otherwise, all of Defendants' objections lacked merit. Despite Plaintiffs' counsel's concessions, the district court (Glasser, *J.*) adopted Judge Gold's Report and Recommendation in its entirety. *Gortat v. Capala Bros.*, No. 07 Civ. 3629 (ILG) (SMG), 2014 WL 3818614, at *3 (E.D.N.Y. Aug. 4, 2014). The court stated that it had reviewed Judge Gold's Report and Recommendation *de novo* and "conclude[d] that the objections to it are supported neither factually nor legally." *Id.* Defendants now appeal the district court's award of fees and costs to Plaintiffs' counsel for substantially the same reasons that they objected to Judge Gold's Report and Recommendation.[1]

We review a district court's award of attorneys' fees for abuse of discretion. *Zalewski v. Cicero Builder Dev. Inc.*, 754 F.3d 95, 107-08 (2d Cir. 2014). "A district court abuses its discretion if it (1) bases its decision on an error of law or uses the wrong legal standard; (2) bases its decision on a clearly erroneous factual finding; or (3) reaches a conclusion that, though not necessarily the product of a legal error or a clearly erroneous factual finding, cannot be located within the range of permissible decisions." *Millea v. Metro-North R.R.*, 658 F.3d 154, 166 (2d Cir. 2011) (internal quotation marks omitted). In calculating the "presumptively reasonable fee," which is generally arrived at by multiplying "the number of hours reasonably expended on the litigation . . . by a reasonable hourly rate," *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), this Court has recommended that a district court take into account what a "paying client would be willing to pay." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 183-84 (2d Cir. 2008). In setting the reasonable hourly rate, courts should "bear in mind . . . case-specific variables that we and other courts have identified as relevant to the

[1] Among their other challenges to the district court's fee award, Defendants argue that the district court erred in awarding expert fees pursuant to 29 U.S.C. § 216(b) of the FLSA. We address this argument in an opinion issued simultaneously with this summary order, agreeing that 29 U.S.C. § 216(b) does not provide a basis for the district court's award of expert fees.

reasonableness of attorney's fees." *Id.* at 190. These include, "among others, the Johnson factors." *Id.* (referring to *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)). The Johnson factors consist of, for example, "[t]he time and labor required," "[t]he novelty and difficulty of the questions," "[t]he amount involved and the results obtained," and "[a]wards in similar cases." *Johnson*, 488 F.2d at 717-19 (italics omitted). Importantly, "[t]here is no precise rule or formula for making [fee] determinations," *Hensley*, 461 U.S. at 436, and the court should take into account "the circumstances of the particular case." *Zalewski*, 754 F.3d at 107-08. "[W]e give wide latitude to district courts to assess the propriety of attorneys' fees and costs requests." *CARCO GROUP, Inc. v. Maconachy*, 718 F.3d 72, 85 (2d Cir. 2013).

At oral argument before this Court, Plaintiffs' counsel conceded that the district court abused its discretion insofar as it included in its judgment the $5,730.00 in fees that Plaintiffs' counsel acknowledged were erroneously attributed to litigating Plaintiffs' affirmative FLSA and NYLL claims. Plaintiffs' counsel contends, however, that the district court's judgment should otherwise be affirmed. With the exception of the district court's award of expert fees to Plaintiffs' counsel (which, as discussed in the opinion issued simultaneously with this summary order, we conclude were erroneously awarded pursuant to 29 U.S.C. § 216(b) of the FLSA), we agree.

Defendants contend that the district court did not properly consider the amount involved in this case and the results obtained. But Magistrate Judge Gold, whose conclusions were adopted by the district court upon *de novo* review, specifically acknowledged that the amount of the fee award was unusually high for a case of this nature and was significantly higher than the amount of damages obtained. He nevertheless concluded that this result was attributable primarily to the Defendants' litigation tactics, a determination that is amply supported by the record. Nor did the district court abuse its discretion in declining to adjust its award downward

due to an alleged lack of success by Plaintiffs. As Magistrate Judge Gold explained, "Plaintiffs were clearly successful at trial, having obtained a jury verdict in their favor on each of their claims, including their claims of willfulness, as well as on defendants' counterclaims." J.A. 1030. Defendants appear to argue that the district court was required to downwardly adjust the fee award because Plaintiffs were not successful in every individual motion that they filed in pursuit of their claims. We disagree. While a district court should not award fees for unsuccessful *claims* that are separable from Plaintiffs' successful claims, *see Dominic v. Consol. Edison Co. of N.Y.*, 822 F.2d 1249, 1259 (2d Cir. 1987), there is no rule that Plaintiffs need achieve total victory on every motion in pursuit of a successful claim in order to be compensated for the full number of hours spent litigating that claim.

Defendants also argue that the district court abused its discretion by granting reimbursement for the full number of hours submitted by Plaintiffs' counsel for litigating Plaintiffs' affirmative claims (with the exception of hours attributed to Plaintiffs' trial specialist). As discussed, the district court did abuse its discretion to the extent that it awarded fees even for hours that Plaintiffs' counsel admitted were erroneously attributed to Plaintiffs' affirmative claims. But after reviewing the record in this case, we conclude that the district court did not err in finding the remaining hours reasonably incurred in pursuit of Plaintiffs' affirmative claims.

We have reviewed Defendants' remaining arguments and find them to be without merit. For the reasons stated in the opinion issued simultaneously with this summary order, we **VACATE** the district court's award of $10,425 in costs for expert fees and **REMAND** to the district court to consider whether the NYLL authorizes the award of such expert fees, and if so,

whether to award them on that basis. For the reasons stated above, we **REVERSE** the judgment of the district court insofar as it awarded Plaintiffs' counsel the $5,730.00 in fees that counsel conceded were erroneously billed. We otherwise **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

UNITED STATES SECOND CIRCUIT COURT OF APPEALS

Catherine O'Hagan Wolfe

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit
UNITED STATES SECOND CIRCUIT COURT OF APPEALS
Catherine O'Hagan Wolfe