MANDATE

14-3304-cv
*Gortat v. Capala Bros.*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

August Term 2014

(Argued: June 16, 2015 Decided: July 29, 2015)

No. 14-3304-cv

---

MIROSLAW GORTAT, HENRYK BIENKOWSKI, MIROSLAW FILIPKOWSKI, ARTUR LAPINSKI, JAN SWALTEK, on behalf of themselves and on behalf of all others similarly situated,
*Plaintiffs-Counter-Defendants-Appellees*,

ARTUR KOSIOREK, HENRYK STOKLOSA,
*Plaintiffs-Appellees*,

GRZEGORZ DRELICH,
*Plaintiff-Counter-Defendant*,

-v.-

CAPALA BROTHERS, INC., PAWEL CAPALA, ROBERT CAPALA,
*Defendants-Counter-Claimants-Appellants*.

---

Before: CALABRESI, STRAUB, and LIVINGSTON, *Circuit Judges*.

Defendants appeal from the judgment of the United States District Court for the Eastern District of New York (Glasser, *J.*) awarding plaintiffs attorneys' fees and costs after a jury issued a verdict in favor of plaintiffs (i) on their claims



MANDATE ISSUED ON 08/19/2015

brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL"), and (ii) on counterclaims brought by defendants. The district court's award of costs included $10,425 sought by plaintiffs as reimbursement for fees paid to retain an accounting expert in proving their affirmative claims. We hold that expert fees may not be awarded pursuant to 29 U.S.C. § 216(b) of the FLSA and vacate the district court's award of costs reimbursing plaintiffs' expert fees pursuant to this provision. We remand this case to the district court for the limited purpose of determining whether the NYLL authorizes the award of such expert fees and, if so, deciding whether to award such costs pursuant to the NYLL. For the reasons stated in a summary order issued simultaneously with this opinion, we affirm in part and reverse in part the other portions of the district court's judgment.

ROBERT WISNIEWSKI, Robert Wisniewski P.C., New York, NY, *for Plaintiffs-Counter-Defendants-Appellees*.

FELIPE (PHILIP) E. ORNER, Flushing, NY, *for Defendants-Counter-Claimants-Appellants*.

PER CURIAM:

After nearly seven years of litigation between Miroslaw Gortat, Henryk Bienkowski, Miroslaw Filipkowski, Artur Lapinski, and Jan Swaltek, acting on behalf of themselves and others similarly situated (collectively, "Plaintiffs"), and Capala Brothers, Inc., Pawel Capala, and Robert Capala (collectively, "Defendants"), in which Plaintiffs prevailed, the District Court for the Eastern District of New York (Glasser, *J.*) awarded Plaintiffs' counsel $514,284.00 in attorneys' fees and $68,294.50 in costs. Of that amount, it awarded $10,425 to

reimburse Plaintiffs' counsel for costs incurred retaining an expert accountant for Plaintiffs' affirmative case against Defendants, brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL"). Defendants appeal, arguing that the district court's award of fees and costs constituted an abuse of discretion. Of particular relevance here, they contend that the district court was not permitted to award costs reimbursing Plaintiffs' counsel for expert fees pursuant to 29 U.S.C. § 216(b) of the FLSA. In this opinion, we consider this claim. We conclude that because § 216(b) does not explicitly authorize awards reimbursing plaintiffs for expert fees, the district court erred in granting such an award pursuant to this provision. We vacate the district court's award of $10,425 in costs for expert fees and remand to the district court to consider whether the NYLL authorizes the award of such fees and, if so, whether to award them pursuant to the NYLL. For the reasons stated in the summary order issued simultaneously with this opinion, we affirm in part and reverse in part as to Defendants' other challenges to the judgment awarding Plaintiffs' counsel attorneys' fees and costs.

**BACKGROUND**

In August 2007, Plaintiffs filed a complaint in the Eastern District of New York against Defendants, alleging claims under the FLSA and the NYLL. Plaintiffs are former employees of Defendants' contracting business. They sought compensation for unpaid regular and overtime wages, liquidated damages, punitive damages, costs, and attorneys' fees. Defendants answered the complaint and filed counterclaims against several of the plaintiffs for negligence, conversion, breach of fiduciary duty, and tortious interference.

The case proceeded to trial nearly six years later. In the interim, the district court issued a number of opinions that, *inter alia*, dismissed some of Defendants' counterclaims, denied Plaintiffs' motion for summary judgment on the remaining counterclaims, and denied Defendants' motion for summary judgment and motions to decertify the class. *See Gortat v. Capala Bros.*, 585 F. Supp. 2d 372, 376-77 (E.D.N.Y. 2008); *Gortat v. Capala Bros.*, 257 F.R.D. 353, 355-56, 361, 365 (E.D.N.Y. 2009); *Gortat v. Capala Bros.*, No. 07 Civ. 3629 (ILG) (SMG), 2011 WL 6945186, at *1-2 (E.D.N.Y. Dec. 30, 2011); *Gortat v. Capala Bros.*, No. 07 Civ. 3629 (ILG) (SMG), 2012 WL 1116495, at *1 (E.D.N.Y. Apr. 3, 2012). The trial on Plaintiffs' FLSA and NYLL claims and Defendants' remaining counterclaims took

place in April and May of 2013. On May 10, 2013, the jury returned a verdict finding Defendants liable on Plaintiffs' FLSA and NYLL claims, and finding not liable those plaintiffs against whom Defendants had filed counterclaims. After a separate damages phase of the trial, the jury found that Defendants had willfully failed to pay wages under both the FLSA and the NYLL, and it awarded damages to Plaintiffs for their unpaid wages and overtime. After receiving submissions from the parties, the district court ultimately awarded Plaintiffs damages totaling $293,212.41. *Gortat v. Capala Bros.*, No. 07 Civ. 3629 (ILG) (SMG), 2013 WL 3010827, at *2 (E.D.N.Y. June 18, 2013). The district court adopted, in large part, Plaintiffs' proposed judgment for liquidated damages, and awarded them prejudgment interest on their NYLL claims. *Gortat v. Capala Bros.*, 949 F. Supp. 2d 374, 385-86 (E.D.N.Y. 2013).

Subsequently, Plaintiffs' counsel filed a motion seeking $887,765.85 in attorneys' fees and $80,324.11 in costs. Plaintiffs' counsel's request for costs was supported by several different invoices that separately detailed the costs associated with Plaintiffs' affirmative claims and those associated with the counterclaims. These invoices mainly reflected routine "taxable" expenses that are recoverable under Federal Rule of Civil Procedure 54(d)(1), such as filing,

service, transcription, and electronic research. In addition, Plaintiffs requested $2,200 for storage costs, and $8,779.61 in interest. They also requested $11,475 for costs incurred engaging the services of an accounting expert, Glenn Pannenborg.

Plaintiffs' counsel's motion for fees and costs was addressed in the first instance by Magistrate Judge Steven M. Gold, who issued a Report and Recommendation regarding the motion on June 4, 2014. Judge Gold recommended a substantial reduction from the amount requested by Plaintiffs' counsel, proposing an award of $514,284.00 in attorneys' fees and $68,294.50 in costs (for a total amount of $582,578.50). Regarding costs, Judge Gold determined that the $57,869.50 which Plaintiffs' counsel sought to recover for routine taxable expenses were well-documented and reasonable. He recommended, however, denying the amounts sought by Plaintiffs' counsel for storage costs and for interest on Plaintiffs' costs. In addition, he recommended that Plaintiffs only partially recover the costs attributed to Pannenborg's expert fees. Of the $11,475 requested, $1,050 was incurred in connection with Defendants' counterclaims. Judge Gold recommended denying an award for this portion of the expert fees on the grounds that "expert fees are not ordinarily taxable absent a fee-shifting statute." J.A. 1036. Yet, he recommended that

Plaintiffs' counsel be able to recover the remaining $10,425, noting that "courts have awarded expert fees to prevailing parties in cases brought pursuant to the FLSA." J.A. 1035. He did not discuss whether such fees are recoverable pursuant to the NYLL.

Defendants filed several objections to Judge Gold's Report and Recommendation, including an objection to his recommendation that costs be awarded for Pannenborg's expert fees. The district court rejected these objections and adopted Judge Gold's Report and Recommendation in its entirety. *Gortat v. Capala Bros.*, No. 07 Civ. 3629 (ILG) (SMG), 2014 WL 3818614, at *3 (E.D.N.Y. Aug. 4, 2014). The court did not specifically address the issue of expert fees, stating only more generally that it had reviewed the Report and Recommendation *de novo* and "conclude[d] that the objections to it are supported neither factually nor legally." *Id.* Pursuant to the district court's order, judgment was entered awarding Plaintiffs' counsel $514,284.00 in fees and $68,294.50 in costs. Defendants now appeal that judgment, arguing that, for a number of different reasons, the district court abused its discretion in determining the amount of the

fee award. In addition, they argue that expert fees may not be awarded under the FLSA. In this opinion, we address this latter claim.[1]

## DISCUSSION

We review a district court's decision regarding the amount of any award of attorneys' fees and costs for abuse of discretion. *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 105 (2d Cir. 2012). The question whether fees or costs may be awarded under a given statute, however, is one of statutory interpretation that we review *de novo*. *See id.*

This Court has not yet addressed whether, above and beyond the per diem and travel allowances permitted to be awarded for witnesses pursuant to 28 U.S.C. § 1920 and 28 U.S.C. § 1821,[2] a district court may award expert fees to a prevailing plaintiff pursuant to 29 U.S.C. § 216(b), which provides that where a defendant has violated the provisions of sections 206, 207, or 215(a)(3) of the FLSA, "[t]he court . . . shall, in addition to any judgment awarded to the . . . plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs

[1] Defendants' remaining claims are addressed in the summary order filed simultaneously with this opinion.

[2] In relevant part, 28 U.S.C. § 1920 provides that "[a] judge or clerk of any court of the United States may tax as costs the following: . . . (3) Fees and disbursements for . . . witnesses." 28 U.S.C. § 1821 provides for, *inter alia*, payment of witnesses at a per diem rate of $40, as well as reimbursement for witnesses' travel expenses.

of the action." Here, we conclude that this provision does not authorize district courts to award costs reimbursing plaintiffs for expert fees. We therefore vacate the district court's award of $10,425 to Plaintiffs' counsel representing costs incurred to retain accounting expert Glenn Pannenborg for Plaintiffs' affirmative claims. We remand this case to the district court for the limited purpose of determining whether the NYLL provides a basis for recovery of these expert fees and, if so, whether to award them on that basis.

The Supreme Court has made clear on multiple occasions that, absent explicit statutory authorization, a district court may not award reimbursement for expert fees beyond the allowances authorized by 28 U.S.C. § 1920, as limited by 28 U.S.C. § 1821. *See Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy*, 548 U.S. 291, 301 (2006) ("[N]o statute will be construed as authorizing the taxation of witness fees as costs unless the statute refers explicitly to witness fees." (internal quotation marks and brackets omitted)); *W. Va. Univ. Hosps., Inc. v. Casey*, 499 U.S. 83, 86 (1991) (witness fees authorized by § 1920 as limited by 28 U.S.C. § 1821 "define the full extent of a federal court's power to shift litigation costs absent express statutory authority to go further"); *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987) ("[A]bsent explicit statutory or contractual

authorization for the taxation of the expenses of a litigant's witness as costs, federal courts are bound by the limitations set out in 28 U.S.C. § 1821 and § 1920."). Unlike other statutory provisions explicitly authorizing such reimbursement, 29 U.S.C. § 216(b) of the FLSA does not expressly address awards reimbursing prevailing plaintiffs for expert fees. *See, e.g.*, 15 U.S.C. §§ 2618(d), 2619(c)(2) (providing that a court may award the "costs of suit and reasonable fees for attorneys *and expert witnesses*" (emphasis added)); 15 U.S.C. § 2060(c) ("A court may in the interest of justice include in such relief an award of the costs of suit, including . . . reasonable expert witnesses' fees."); 42 U.S.C. § 1988(c) ("In awarding an attorney's fee under subsection (b) of this section in any action or proceeding to enforce a provision of section 1981 or 1981a of this title, the court . . . may include expert fees . . . ."). In particular, § 216(b)'s reference to "costs" does not constitute explicit statutory authorization to award expert fees. In *Arlington*, the Supreme Court stated that the word "'costs' is a term of art that generally *does not* include expert fees." 548 U.S. at 297 (emphasis added; internal quotation marks omitted). In the context of a fee provision contained in the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(i)(3)(B), that likewise referred to "costs," the Supreme Court stated that

"[t]he use of this term of art, rather than a term such as 'expenses,' strongly suggests that § 1415(i)(3)(B) was not meant to be an open-ended provision that makes participating States liable for all expenses incurred by prevailing parents in connection with an IDEA case." *Id.*

*Arlington*'s reasoning is applicable here. Because 29 U.S.C. § 216(b) of the FLSA does not explicitly authorize courts to award reimbursement for expert fees, it does not permit a court to award such fees beyond the allowances recoverable pursuant to 28 U.S.C. § 1920 as limited by 28 U.S.C. § 1821.[3] For this reason, the district court erred in awarding $10,425 in costs for expert fees pursuant to this provision. We vacate this award and remand for the limited purpose of considering whether expert fees are recoverable pursuant to the NYLL and, if so, whether an award of such costs is appropriate here.

**CONCLUSION**

In the summary order issued simultaneously with this opinion, we reverse the district court's judgment to the extent that it included within the fee award amounts acknowledged by Plaintiffs' counsel to have been erroneously

[3] This conclusion is in accord with the decisions of those of our sister circuits that have addressed the issue. *See Tyler v. Union Oil Co. of Cal.*, 304 F.3d 379, 404-05 (5th Cir. 2002); *Bankston v. Ill.*, 60 F.3d 1249, 1256-57 (7th Cir. 1995); *Gray v. Phillips Petroleum Co.*, 971 F.2d 591, 593-95 (10th Cir. 1992); *Glenn v. Gen. Motors Corp.*, 841 F.2d 1567, 1573-76 (11th Cir. 1988).

attributed to Plaintiffs' affirmative claims rather than their defense of the counterclaims, but otherwise affirm the district court's judgment in all respects except for the award of $10,425 in expert fees. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED IN PART**, **REVERSED IN PART**, and **VACATED IN PART**, and the case is **REMANDED.**

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit