

John P. Campo

Akerman LLP
666 Fifth Avenue
20th Floor
New York, NY  10103

D: 212 259 6428
T: 212 880 3800
F: 212 880 8965

John.Campo@akerman.com

February 13, 2018

**VIA ECF**

Hon. I. Leo Glasser, U.S.D.J.
Hon. Steven M. Gold, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        **In re:  John S. Pereira, as chapter 7 trustee for the bankruptcy estate of Pawel Capala v. Pawel Capala, et al. (Case No.: 17-cv-03434-SMG)**
        **(Related Proceedings to Case No. 07-cv-3629)**

Dear Judge Glasser and Judge Gold:

      This firm represents plaintiff John S. Pereira, as chapter 7 trustee for the bankruptcy estate of Pawel Capala ("Plaintiff"), in the above captioned proceedings.  At the January 8, 2018 hearings in this case (before Judge Gold and then Judge Glasser) in connection with Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction (the "TRO Motion," and the hearings the "TRO Hearings"), Plaintiff sought an order enjoining Defendants from dissipating any rents collected in connection with the property located at 246 Frost Street, Brooklyn, New York (the "Property") and directing Defendants to segregate such rents into a separate account to be maintained and controlled by Plaintiff.  At that TRO Hearings, Defendants agreed to the entry of a Consent Order that would resolve the issues raised at the TRO Hearings, and represented to Judge Glasser that Defendants would provide all documents necessary to that end and work with Plaintiff in good faith to file the Consent Order expeditiously.

      Defendants have failed to do these things.  The Defendants failed to provide any documents in connection with the Consent Order until the middle of the following week, and have yet to produce the full set of documents necessary to resolving the issues the Consent Order is intended to address.  Nevertheless, Plaintiff provided Defendants' counsel with a draft Consent Order on January 24, 2018.[1]  Despite being provided the draft nearly three (3) weeks ago, Defendants' counsel has neither provided comments to the draft nor approved it.  Indeed, after

---

[1] Plaintiff has incorporated production of the necessary documents yet to be produced into the draft Consent Order that has been circulated by Plaintiff to Defendants' counsel.

akerman.com

representing to Plaintiff's counsel that Defendants' counsel would be conferring with his clients on January 30, 2018, Defendants' counsel has refused to even respond to Plaintiff's counsel's request for an update on the draft Consent Order.

This refusal to engage in good faith and abide by the representations made to the Court and to Plaintiff's counsel is consistent with Defendants' behavior throughout these proceedings. For instance, Defendants have been entirely derelict in meeting their discovery obligations in this case. **First,** in response to Plaintiff's September 27, 2017 Discovery Demands,[2] Defendants produced only 225 pages from the unknown universe of responsive documents (the "First Production"). The First Production – which was provided to Plaintiff over three months after the Discovery Demands were served, and which was not bates-stamped – did not include any written responses to the Discovery Demands. As such, Defendants have not identified to which specific documents requests the 225 pages are responsive, to which document requests no responsive documents exist, or to which document requests responsive documents do exist but Defendants have failed to produce. Notably, Defendants asserted no objections when producing the 225 pages of documents so all objections have been waived. Moreover, the 225 pages of documents produced were essentially non-responsive to the fundamental issues in this case, *i.e.*, the value of the Property and other properties fraudulently conveyed by the Defendants, the value of the proceeds generated by those properties, and the identity of the accounts into which such proceeds have been deposited and held. **Second,** Defendants have not yet made a complete production of the documents that are needed to resolve Plaintiff's TRO Motion, which documents Defendants' counsel, at the TRO Hearings, committed to produce in connection with the proposed Consent Order. Significantly, Defendants have also failed to provide an accounting of all proceeds obtained from the rental of the Property and have not turned over any accounts or funds to allow Plaintiff to maintain and control said funds in a segregated bank account.

In light of the forgoing, we hereby request that this Court (i) reinstate the temporary restraining order originally granted in connection with Plaintiff's TRO Motion; (ii) order Defendants to respond to Plaintiff's draft Consent Order by February 16, 2018; (iii) order Defendants to provide an accounting of all proceeds obtained from the rental of the Property and to turn over to Plaintiff all funds received from the renting the Property by February 16, 2018; and (iv) grant Plaintiff's Motion to Compel and order Defendants to meet their discovery obligations by a date certain or otherwise be held in default and contempt.

Thank you for your attention to this matter.

Respectfully submitted,

*/s/ John P. Campo*

John P. Campo

---

[2] As defined in Plaintiff's Motion to Compel filed in this action on November 27, 2017, D.E. 13 (the "Motion to Compel").

February 13, 2018
Page 3

_____

cc:   Gabriel DelVirginia, Esq. (via ECF and email)
      *Counsel for the Defendants*