ROBERT WISNIEWSKI  P.C.
        ATTORNEYS-AT-LAW

225 BROADWAY, SUITE  1020 • NEW YORK, NY 10007
T EL: (212) 267-2101 • FAX: (212) 587-8115
W EBSITE: www.rwapc.com

June 3, 2018

Hon. I. Leo Glasser, USDJ
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201
     *VIA ECF*

              Re:   **Pereira v. Capala et al.**
                      **Docket No. 17-cv-3434 (ILG)(SMG)**

                      **Gortat et al. v. Capala Brothers, Inc., et al.**
                      **Docket No.: 07-cv-3629 (ILG)(SMG)**

Dear Judge Glasser,

     I represent plaintiffs and my firm (collectively, the "Plaintiffs") in the proceedings against defendants and the related parties in the **Gortat** matter. I am submitting this letter motion to consolidate the above two cases for purpose of further proceedings. Counsel for the remaining parties in both proceedings have given their consent to this motion.

     The purpose of the consolidation of these two cases is to avoid duplicative discovery and otherwise streamline litigation in both cases, inasmuch as there is pending before MJ Gold in the **Gortat** matter a motion for sanctions under Rule 37 that may obviate the need for discovery in the **Pereira** case altogether.

     **Background**
     Inasmuch as this Court is painfully aware of the background facts of the 11 year-old **Gortat** case, I have taken the liberty will forego with as much background information as possible and begin with relatively recent events.  On March 9, 2015, after multiple motions to compel discovery by Plaintiffs, this Court ordered Defendants to comply with certain outstanding discovery demands by April 7, 2015.  Shortly after the April 7 deadline, then-counsel for Defendants advised Plaintiffs' counsel that Defendants would not be complying with the Court's order, and subsequently moved to withdraw as Defendants' counsel.

     In response to Defendants' unfortunately-characteristic contempt in the face of the Court's order, on or about May 28, 2015, Plaintiffs filed a motion for Rule 37 sanctions against Defendants ("Sanctions Motion"), seeking *inter alia* the entry of a default judgment against Defendants voiding the challenged transfers of property.  Shortly thereafter, the Capalas each filed for Chapter 7 bankruptcy, with Plaintiffs' judgments and my legal fees overwhelmingly

representing the majority creditors against the Capalas' estates.  Plaintiffs initiated adversary proceedings against each of the Capalas' bankruptcies, objecting to the discharge of the Capalas' debts on various grounds, including the fraudulent conveyances.

In this environment, in or around July 2016, Plaintiffs and the bankruptcy trustees for the Capalas negotiated and entered into the Joint Prosecution Agreement. *See* **Exhibit 1.** The Agreement notes that the Sanctions motion seeks to void "[a]ll transfers of property from Defendant Pawel Capala to his wife Jennifer Capala pursuant to their judgment of divorce, including, without limitation, 246 Frost Street, Brooklyn, 152 Fire Hill Road, Spencertown, and an undeveloped tract of land in upstate New York," (aforementioned properties hereinafter collectively referred to as "Pawel Properties"), and authorizes Pereira to pursue fraudulent conveyance claims of Pawel's estate "[t]o the extent not resolved in the [Sanctions Motion]." **Ex.** 1 at 2.  The purpose of the Agreement was to hold off on further litigation until the Sanctions Motion was decided, so as not to waste resources in pursuit of properties that may already be returned to the Capalas' bankruptcy estates by this Court by order pursuant to the Sanctions Motion. The Agreement was signed by Plaintiffs' counsel, Pereira and his counsel, and Debra Kramer ("Kramer"), Robert's bankruptcy trustee, and her counsel.  *See* **Ex.** 1 at 7-8.

Meanwhile, on June 8, 2017 Pereira initiated the Pereira Proceeding against Pawel and related parties – his allegedly former wife, Jennifer Capala ("Jennifer") and Fire Hill Holdings, LLC, the vehicle they created in order to put their properties before their divorce.  A copy of the complaint in the Pereira Proceedings is attached hereto as **Exhibit 2**.  The 19-page complaint in the Pereira Proceeding alleges the same facts regarding the fraudulent transfers that I had already noted at length in Plaintiffs' motion initiating the present post-judgment proceeding, including *inter alia* the timing of the transfers, lack of consideration, and amount of Plaintiffs' judgments.

It is my understanding that the complaint was filed by Trustee Pereira at that time due to a Bankruptcy Code provision, 11 U.S.C. § 546, which requires a bankruptcy trustee to commence adversary proceedings to avoid fraudulent transfers within 2 years after entry of the order for relief which in the Pawal Capala Chapter 7 case was on June 12, 2015.  As such, the filing of the Pereira Proceedings was timely and preserved the causes of action.

Unfortunately, it appears that the subsequent discovery efforts conducted by Pereira were unnecessary and counter to the provisions in the Joint Prosecution Agreement. I have been informed- that Pereira has undertaken extensive discovery efforts in the Pereira Proceeding, including demanding documents I already requested from Defendants and which are the subject of the Sanctions Motion. I sent both sets of trustee counsel copies of the deposition transcripts of Pawel Capala, Robert Capala, Jennifer Capala, Piotr Capala and from the depositions I had conducted regarding the challenged transactions.  I also sent them copies of all the documents the Capalas produced in the postjudgment proceeding, six bankers' boxes in all.  I cannot think of any legitimate reason why Pereira's counsel would seek to replicate this discovery, or why he believes he will obtain outstanding discovery that Defendants have already disobeyed several orders of this Court to produce.

It has been represented to me that Pereira's administrative fees and attorney fees are already in excess of $500,000, which would be roughly 60 percent of the total claims against Pawel's estate.  I have to believe that these massive fees are a direct function of Pereira's duplicative discovery demands and litigation regarding the same.  If things continue in this manner, administrative fees will eat up any recovery by the estate, and after all these years Plaintiffs will never see a penny of their unpaid wages nor will I for the legal work I performed.

### Consolidation Should Be Granted

Rule 42(a) provides that, for actions involving "a common question of law or fact," a court may consolidate the actions, join for hearing or trial "any or all matters at issue," or "issue any other orders to avoid unnecessary cost or delay."  Fed. R. Civ. P. 42(a). The Second Circuit has held that in determining whether such consolidation is appropriate, district courts must consider the following factors:

> Whether the specific risks of prejudice and possible confusion are verborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990).  In making this decision, "considerations of judicial economy favor consolidation," although such considerations must be weighed against "a paramount concern for a fair and impartial trial."  *Id.*  Determining whether consolidation is appropriate is subject to the "broad discretion" of the trial court.  *Id.*

Here, the interests of expense, inconsistent adjudications, confusion, and judicial economy weigh heavily in favor of consolidation.  Pereira, Pawel, and Jennifer have all appeared in the present proceeding.  The allegations in the Pereira Proceeding appear to have been lifted straight out of motion practice in this matter, and all involve persons and properties at issue here.  As detailed *supra*, Pereira appears to be duplicating discovery requests and litigation that have already been put before this Court, thereby massively increasing the expense of time, money, and judicial resources by all parties.  And the risk of confusion and inconsistent adjudications is readily illustrated in Pereira's misfiled motion and the parallel motions to compel and related relief sought in the two actions.

Moreover, consolidation poses no risk of prejudice to any party.  The parties to the Pereira Proceeding are all present here, and the disputed properties are all here at issue.  Indeed, the only risk of prejudice to <u>any</u> party would be if Pereira voided a transaction in the Pereira Proceeding prior to determination of the Sanctions Motion, and thereby obtained recovery that should rightfully go first to Plaintiffs.

Where discovery in two matters is "likely to be identical" and motion practice and trial "would cover the same facts and some identical issues of law," consolidation has been granted to "further the goal of judicial economy."  *Jacobs v. Castillo*, 612 F. Supp. 2d 369, 373 (S.D.N.Y.

2009); *see also **Cullinan v. Cemtrex, Inc.***, 287 F. Supp. 3d 277, 283 (E.D.N.Y. 2018) (granting consolidation).  It is beyond argument that the two matters at issue cover the same facts and issues of law, as they assert the same causes of action against the same parties and seek to void the same transactions under the same legal theories.

   Accordingly, I respectfully request that Your Honor grant Plaintiffs' motion to consolidate both matters.

         Respectfully submitted,

         */s/Robert Wisniewski*
         Robert Wisniewski