ROBERT WISNIEWSKI P.C.  
ATTORNEYS-AT-LAW

17 STATE STREET, SUITE 820• NEW YORK, NY 10004  
TEL: (212) 267-2101 • WEB: www.rwapc.com

May 10, 2023

Hon. Cheryl L. Pollak, USMJ  
United States District Court  
225 Cadman Plaza East  
Brooklyn, NY 11201  
    VIA ECF

    Re:    Gortat et al. v. Capala Bros. Inc et al. 07-cv-3629 ILG-CLP  
           Pereira v. Capala et al. 17-cv-03434-ILG-CLP

Dear Judge Pollak,

    Please accept this letter as a report as to the present status of the Gortat v. Capala Bros. Inc. et al. 07-cv-3629ILG-CLP case.

    By way of reminder, Plaintiffs began their Rule 69 post judgment proceedings against Defendants Pawel Capala, his brother Robert Capala and the Defendant corporation they owned and operated, Capala Bros., Inc. and various transferees of Defendants' property in or about December 2014 by way of a temporary restraining order. During an initial hearing on the TRO, DJ Glasser referred to the transfers' being fraudulent as *res ipsa loquitur*. The TRO was extended several times and was subsequently converted to a preliminary injunction. As relevant here, among the transferees sued by Plaintiffs were the purchasers of the Corporate Defendant's company shop located at 269 Withers Street (the "Withers Property") – Mieczyslaw Cielepak and 269 Withers Street, LLC (the "Cielepaks"). During the pendency of the Rule 69 proceeding, transferees other than the Cielepaks and Pawel's wife, Jennifer Capala, were dismissed from the case without prejudice to a refiling.

    Discovery on the fraudulent transfers proceeded during which Pawel and Robert resisted production of numerous documents. Their counsel, Bruce Bieber, was so frustrated with the lack of his clients' cooperation that he filed, and was granted, a motion to withdraw from representing his clients – Pawel, Robert and Capala Bros., Inc. On April 22, 2015, MJ Gold gave them another chance and 30 days to produce withheld documents (**Ex. 1**). Instead of producing the documents or hiring attorneys, Pawel, Robert, and Capala Brothers, Inc. defaulted. A few days after the default, Pawel and Robert filed for bankruptcy but Capala Brothers, Inc., did not hire an attorney and did not file for bankruptcy. Capala Brothers Inc. is still an existing corporation although, it appears, it ceased to do business in or about June, 2014.

    Following Robert and Pawel's bankruptcy, the parties engaged in a protracted mediation that did not bear any result. Ultimately, Robert and Pawel's bankruptcies proceeded and Plaintiffs filed an adversary proceeding against each of them in bankruptcy court. Robert's

bankruptcy estate was liquidated and assets distributed in or about 2020 and Plaintiffs received certain sums of money from that estate.

Pawel's bankruptcy is ongoing and Bankruptcy Trustee, Pereira, filed the <u>Pereira v. Capala et al.</u> 17-cv-03434-ILG-CLP which basically parallels Plaintiffs' Rule 69 proceeding. The recent settlement conference resolved the matter, subject to a settlement agreement to be negotiated and signed.

Because Capala Bros Inc. defaulted in the case by failing to produce documents but did not file for bankruptcy, Plaintiffs' Rule 69 proceeding continued against it and the Cielepaks. After a day-long evidentiary hearing, MJ Gold issued his Report and Recommendation (DE: 657) in which he determined that the Withers Property was fraudulently conveyed under both Section 273-a and Section 276 of the New York Debtor Creditor Law and owe Plaintifs $350,000 (**Ex. 2**). The Cielepaks filed objections to the R&R (DE: 662)(**Ex. 3**) and Plaintiffs responded to such objections (DE: 668)(**Ex. 4**). The fully briefed objections have been pending before DJ Glasser since January 10, 2019.

The Pereira settlement does not fully compensate Plaintiffs and does not cover the huge attorney fees incurred by Plaintiffs during the Rule 69 proceeding. I invited the Cielepaks' attorney, Mr. Hugel, to attend the Pereira settlement conference but he declined. I also invited Mr. Hugel to advise, if he and his clients were willing to attempt to resolve the issue of the R&R but he has not gotten back to me.

Respectfully submitted,

*/s/ Robert Wisniewski*
Robert Wisniewski

cc: All Attorneys of Record via ECF