UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MIROSLAW GORTAT, et al.

                              Plaintiffs,            **Docket No.: 07-cv-3629**
                                                              **(ILG) (SMG)**

            – against –


CAPALA BROTHERS, INC., et al.

                              Defendants.
-----------------------------------------------------------------X
JOHN S. PEREIRA, Chapter 7 Trustee for the
estate of PAWEL CAPALA,

                              Plaintiff,            **Docket No.: 17-cv-3434**
                                                              **(ILG) (SMG)**

            -against –


JENNIFER CAPALA, PAWEL CAPALA
-----------------------------------------------------------------X


**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO THE RELATED PARTIES – THE CIELEPAKS' OBJECTIONS TO
THE HON. MAGISTRATE STEVEN M. GOLD'S REPORT AND RECOMMENDATION**

## PRELIMINARY STATEMENT

Plaintiffs make this submission to oppose the Cielepaks' objections to the Honorable Magistrate Judge Steven M. Gold's November 6, 2018 Report and Recommendation on the Value of 269 Withers' Street  (Doc. No.: 657) (the "Report").

The Cielepaks' objections to the Report are nothing more than a reargument of the points made before Magistrate Gold on the value of 269 Withers Street. The Cielepaks simply disagree with the value of $800,000 that the jurist found the property was worth at the time of its transfer from the Capala Defendants to the Cielepaks, or $350,000 more than the sale price of $450,000. Further, the Cielepaks' objections bring up, where convenient, arguments and evidence not fully developed before the magistrate judge.

In their effort to undermine the Report, the Cielepaks misstate the role of expert, which is to assist the fact finder in understanding the evidence or determining the facts at issue. It is black letter law that a fact finder does not need to accept the expert report and need not engage in a binary analysis – either accept or reject – the report. The fact finder may rely on its own reason, experience and common sense in evaluating the evidence before him or establishing the facts. And when the judge functions as a fact finder, his decisions are reviewed under the clearly erroneous standard and should not be disturbed unless the reviewing court is left with a definite and firm conviction that a mistake has been committed.

Contrary to the Cielepaks' objections, the Report at bar is the epitome of Cartesian clarity in English: it is well reasoned, well argued, and based on the reasonable factual findings. In arriving at his conclusions, Magistrate Gold engaged in a thorough review. The Cielepaks' efforts to reargue the value of 269 Withers Street are unavailing and their efforts to buttress their

predetermined value with rank speculation must be rejected.

Consequently, this Court should reject the Cielepaks' objections and accept the Report.

## ARGUMENT

### A.      Introduction

In reviewing a report by a magistrate, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  The district court should adopt those portions of the Report to which no objections have been made and which are not facially erroneous. ***Wilds v. United Parcel Serv., Inc***., 262 F. Supp. 2d 163, 170 (S.D.N.Y. 2003). And the district court must make a *de novo* determination of those portions of the Report to which objection is made.Fed. R. Civ. P. Rule 72(b); ***United States v. Male Juvenile,*** 121 F.3d 34, 38 (2nd Cir. 1997). The purpose of objections to a magistrate judge's recommendation is "to focus the attention of the district court on possible errors of law or fact..." ***Isaacs v. Smith***, 2005 U.S. Dist. LEXIS 16791 at *14 (S.D.N.Y. Aug. 12, 2005). *De novo* review of a magistrate's report is not warranted by objections that simply "attempt to engage the district court in a rehashing of the same arguments set forth in the original petition."  ***Vega v. Artuz,*** 2002 U.S. Dist. LEXIS 18270 at *3 (S.D.N.Y. Sept. 30, 2002). Thus, "[w]hen a party makes only conclusory or general objections, or simply reiterates his original arguments, the [c]ourt reviews the Report and Recommendation only for ***clear error***." ***Barratt v. Joie***, 2002 U.S. Dist. LEXIS 3453 at *3 (S.D.N.Y. March 4, 2002)(emphasis added).

It is well settled that a district judge should reject evidence not presented to the Magistrate Judge. *See,* e.g., ***Hynes v. Squillace***, 143 F.3d 653, 656 (2nd Cir.1998) ("Considerations of efficiency and fairness militate in favor of a full evidentiary submission for

Case 1:07-cv-03629-ILG-RCG  Document 672-4  Filed 05/10/23  Page 4 of 10 PageID #: 20472

the Magistrate Judge's consideration); *Pan American World Airways, Inc. v. International Bhd.*

*of Teamsters*, 894 F.2d 36, 40 n. 3 (2nd Cir.1990) (upholding the district court's refusal to permit

the plaintiff to present additional testimony where the plaintiff "offered no justification for not

offering the testimony at the hearing before the magistrate").

**B.      The Cielepaks' Objections As to Magistrate Gold's Finding as to the $800,000 Value of 269 Withers Street Should Be Denied**

The gravamen of the Cielepaks' objections to the Report is that they do not like the

$800,000 price tag that Magistrate Gold attributed to be the value of 269 Withers Street when it

was transferred from the Capalas to the Cielepaks. The Cielepaks then imply that the Magistrate

Judge fell victim to underhanded maneuvers with Mr. Neglia's revisions to one of the

comparables. Instead of discounting this comparable as unreliable, as Mr. Neglia did, the

Cielepaks use the discarded Lorimer Street comparable and engage in eye-watering calculations

to reach a predetermined result – that the value of 269 Withers Street is nowhere near $800,000.

Yet a review of Mr. Neglia's remaining three comparables set forth in his Report show

the indicated range of value for the subject is between $217.78 and $322.33 per BSF.  After

deducting demolition costs of about $50,000, this equates to a range between approximately,

$850,000 and $1,210,000, with two sales at $315.12 and $322.33 per BSF, or say, $1,182,000

and $1,210,000.  Because sale three is in the subject neighborhood of Williamsburg where 269

Withers Street is located, it is given slightly more consideration than sales two and four, which

are in a higher market area than the subject. Thus, the supported range of value is between:

$900,000 and $1,100,000, which is what Mr. Neglia recluctantly acknowledged under Magistrate

Judge Gold's withering questioning. See the Report at pp 15 and Transcript at 157:4–159:4,

169:8–20.

The Neglia appraisal report establishing the value of 269 Withers Street as $1,100,000 and his reluctant admission of a range of $900,000 and $1,100,000 are buttressed by the appraisal report commissioned by Valley National Bank approximately fourteen months after the transfer of the property as part of Valley National Bank's issuance of a $1,4 million construction mortgage to the Cielepaks, showing the value of 269 Withers Street at approximately $1,040,000.

In their effort to discredit the Valley National Bank appraisal report (the "VNB Appraisal"), the Cielepaks then state that this appraisal should not be relied upon because it is hearsay and because it appeared on the record out of nowhere at the January 31, 2017 hearing (the "Hearing"). The Cielepaks' feigned surprise is downright silly (considering that it was their first bank which had commissioned the appraisal), and their *deus ex machina* argument cannot be countenanced.

During the pendency of the proceedings before this Court, Plaintiffs subpoenaed Valley National Bank for all documents in connection with the Cielepaks' 2014 application for a construction mortgage of $1.4 million and thus obtained the VNB Appraisal. Plaintiffs immediately disclosed the appraisal to all parties in this proceeding. While the documents produced by Valley National Bank indeed lacked the standard issue business records certification, this appraisal was discussed extensively over the period of two years at numerous status conferences before Magistrate Judge Gold, during settlement discussions, was it reviewed and considered by Plaintiffs' expert, Mr. Neglia. Furthermore, Magistrate Judge Gold directed that this appraisal, along with the Neglia Appraisal and the Darling Appraisal be filed on the Docket, so that the judge could read all three. Still further, this appraisal was disclosed on two

separate occasions as a proposed exhibit to be used at the valuation hearing. See Wisniewski Decl. at **Ex 8** and **10.** Finally, this appraisal was extensively discussed at the January 31, 2018 hearing by Plaintiffs' expert, Mr. Neglia, by Magistrate Judge Gold and by the Cielepaks' own expert, Mr. Darling. *See* Wisniewski Decl. at **Ex. 4, 5, 6, 7, 8, 9.** At no time did any party object to the introduction of the VNB Appraisal on hearsay or on any other grounds! Nor did the Cielepaks's then attorney, Howard Birnbach, make any motion in limine to disallow the VNB Appraisal. Wisniewski Decl. at ¶ 10.

Given the extensive disclosure, the use of the VNB Appraisal and discussion at the Hearing, the Cielepaks have waived objections to the VNB Aeport. It is well established that hearsay objections can be waived. *See,* **United States v. Del Llano**, 354 F.2d 844, 847 (2d Cir.1965). The reason for this rule is to ensure that the trial court is given the "opportunity to remedy the [objectionable] situation." **Estelle v. Williams**, 425 U.S. 501, 509 n. 3, 96 S.Ct. 1691 (1976). For this to be accomplished, objections must be made "while there is still time to rectify the asserted error." **United States v. Woodner,** 317 F.2d 649, 651–52 (2d Cir.1963); *see* also **Robinson v. Shapiro,** 646 F.2d 734, 742 (2d Cir.1981) ("The purpose of requiring a timely objection is to identify the disputed issue and give the trial judge a chance to correct errors which might otherwise necessitate a new trial.").

In order to determine the value of 269 Withers Street, Magistrate Gold, as a fact finder, reviewed the three appraisals by three appraisers: Plaintiffs' Neglia Appraisal, the VNB Appraisal, and the Cielepaks' Darling Appraisal. In addition, at the Hearing, Magistrate Gold heard the testimony of Mr. Neglia and that of Mr. Darling. The record reflects that Magistrate Gold also used his own experience and general knowledge of Williamsburg to engage the

testifying witnesses. When Mr. Neglia had to concede that one of the properties – the Lorimer Street property – which he had originally believed to be the most similar to the Withers Street property had become unreliable because of certain discoveries that caused him to revise its value, and relied on the remaining three properties in maintaining his opinion as to the $1.1 million value of 269 Withers Street, Magistrate Gold expressed his incredulity and engaged him in a spirited discussion during which Mr. Neglia reluctantly conceded that the value of 269 Withers Street could be as low as $900,000. Transcript at 157:4–159:4, 169:8–20.

Having considered the three appraisals, and having taken the testimony of Messrs. Neglia and Darling, Magistrate Gold rejected the three values set forth in these appraisals for various reasons. According to the Magistrate, Mr. Neglia's opinion that his remaining three comparables still produced a valuation of $1,100,000 was not credible, when he refused to concede the lower valuation in light of the problems with the Lorimer Street comparable. Magistrate Gold also recognized the bias of Mr. Darling and his surprisingly low valuation of $495,000. But he also recognized the bias of the appraiser for Valley National Bank as he accepted Mr. Darling's observation that the Bank's appraiser had an interest in come up with a high-end valuation in order to issue a mortgage to the Cielepaks.

The Cielepaks' argument that the Court must accept the Darling valuation as the most reliable and probative is unavailing. A fact-finder is not required to accept the expert's position or to make an either-or choice between accepting the expert report in full or rejecting it entirely. *See, **United States v. Duncan,** 42 F.3d 97, 101 (2nd Cir. 1994)* And where a fact finder is faced with conflicting testimony, it can consider both sides' evidence and make a reasonable determination as to which testimony to credit. ***Village of Swanton v. 18.9 Acres of Land, More***

*or Less*, 49 F.3d 893, 894 (2nd Cir. 1995). Magistrate Judge Gold was within his bailiwick.

Having rejected the three appraisals, Magistrate Gold took as a starting point the amount of $700,000 for which the property was put on sale in 2007 and, applied information that he had gained from the testimony of both Mr. Darling and Mr. Neglia as to the values of property in Williamsburg during the period 2007 to 2013, and concluded that the value of the property at the time of transfer in 2013 was $800,000. In doing so, Magistrate Gold used common sense and his knowledge of real estate in Williamsburg, which he displayed in colloquy with both Mr. Neglia and Mr. Darling. See Wisniewski Decl. at **Ex. 2, 3** and **7**; see also ***Woodman v. WWOR-TV, Inc.***, 411 F.3d 69, 83-84 (2nd Cir. 2005) ("in drawing inferences...a fact finder is not required to operate in an experiential vacuum. To the contrary, he may draw on the full range of his reason, experience, and common sense."). Precisely!

The factual findings of the district court– whether based on oral or documentary evidence – are ...subject to the 'clearly erroneous' standard of review." ***Petereit v. S.B. Thomas, Inc.***, 63 F.3d 1169, 1176 (2nd Cir. 1995)  A factual finding is not clearly erroneous unless the reviewing court is "left with the definite and firm conviction that a mistake has been committed." ***Id.*** Nothing in the record or in the Report can give this Court a conviction, let alone a "definite and firm conviction" that Magistrate Judge Gold had made a mistake in using the $700,000 listing price from 2007 as a point of departure for his own analysis and for ultimately concluding that the value for 269 Withers Street was $800,000.

Having made a finding as to the value of 269 Withers Street, Magistrate Gold then considered the remedy, which he properly fashioned after a thorough analysis of the record. *See* the Report at pp. 19–21.

**C.** **The Cielepaks' Argument that Magistrate Judge Gold Should Have Considered "Good Faith" of the Cielepaks Should Be Rejected.**

The Cielepaks' second objection is that Magistrate Gold should have considered the

purchasers' good faith in the transaction. But the Cielepaks attempt to reargue the facts and even

introduce a novel argument for the first time, which this Court should not countenance.  See,

***Wesley v. Alexander***, 2005 WL 1352593, at *6 (S.D.N.Y. June 8, 2005)(because magistrates

assume "some of the burdens imposed [on the district courts] by a burgeoning caseload, . . .

"[t]he law is clear that when a dispositive motion is heard before a magistrate judge, the

[litigants] must make all . . . arguments then and there, and cannot later add new arguments at

subsequent stages of the proceedings" without a very compelling reason). This is so because:

> [s]ystemic efficiencies would be frustrated and the magistrate's
> role reduced to that of a mere dress rehearser if a party were
> allowed to feint and weave at the initial hearing, and save its
> knockout punch for the second round. In addition, it would be
> fundamentally unfair to permit a litigant to set its case in motion
> before the magistrate, wait to see which way the wind was
> blowing, and -- having received an unfavorable recommendation --
> shift gears before the district judge.

***Paterson-Leitch Co. v. Massachusetts Municipal Wholesale Elec. Co.***, 840 F.2d 985, 990-91

(1st Cir. 1988).

In any event, Magistrate Gold credited the entry of an appraiser in the VNB Appraisal

who had spoken to Mr. Cielepak that it was a transaction where Mr. Cielepak's friend had to sell

quickly and thus termed the transaction a "distressed sale." *See* the Report at pp. 18.

**CONCLUSION**

Contrary to the Cielepaks' carping, Magistrate Gold's Report is the epitome of Cartesian

clarity in English. It is a well reasoned report which is supported by the record and a thorough

Case 1:07-cv-03629-ILG-SMG Document 668 Filed 01/10/19 Page 10 of 10 PageID #: 20478

analysis of the facts and the law. The decisions made by the jurist are not "Solomonic" as the

Cielepaks have characterized them but, instead, reflect his consideration of the entire record

before him, a reasoned analysis of three expert reports, and his invocation of his own experience

and common sense.

      **WHEREFORE,** this Court should dismiss the Cielepaks' objections in their entirety and

accept Magistrate Judge Gold's Report in its entirety.

Dated: New York, NY
      January 9, 2019

                           Respectfully submitted,

                           */s/ Robert Wisniewski*
                           Robert Wisniewski
                           Attorney for Plaintiffs
                           Robert Wisniewski P.C.
                           225 Broadway - Suite 1020
                           New York, NY 10007