Clayman Rosenberg Kirshner & Linder LLP

305 Madison Avenue
New York, NY 10165
T: 212-922-1080
F: 212-949-8255

Paul S. Hugel
Partner
hugel@clayro.com

August 14, 2026

*VIA ECF*
Hon. Eric R. Komitee
United States District Court
For the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: Gortat et al. v. Capala Brothers, Inc. et al.
Case No. 1:07-cv-03629-EK-PCG

Dear Judge Komitee:

I represent 269 Withers Street, LLC ("Withers Street") which has been named as a "related party" in the above-referenced matter. I submit this joint status report concerning objections to Judge Gold's 2018 Report and Recommendation ("the R&R") [Dkt. #657] and other relevant case developments pursuant to the Court's Order of July 20, 2026. Wither Street's objections to the R&R were filed in December 2018 [Dkt. #663] and have been *sub judice* since then.

Plaintiffs' Position

Plaintiffs request that the Court rule on the Wither Street's appeal of Magistrate Judge's Report and Recommendation as well as on Plaintiffs' Motion for Sanctions filed on May 28, 2015 (DE: 503-515). By way of status report: On April 22, 2015 Magistrate Judge Gold allowed counsel for Defendants Capala Brothers, Inc., Robert Capala and Pawel Capala (DE: 496). Plaintiffs filed the Sanctions Motion on May 28, 2015 against all Defendants. On or about June 12, 2015 both Robert Capala and Pawel Capala filed the respective individual bankruptcies, which stayed the instant proceedings only against them. Both individual bankruptcies were terminated, but they did not affect the status of Capala Brothers, Inc. No bankruptcy proceeding was filed by Capala Brothers, Inc. which according to the NY State Department of State is still an active corporation. Plaintiffs still have very substantial unpaid amounts on the underlying judgment, interest as well as attorney fees and costs under for the Rule 69 proceeding. Hence the request on the outstanding rulings.

Withers Street's Position

Withers Street believes that events which have transpired in the eight years since it filed its objections to the R&R have rendered this proceeding moot.

The R&R concerns a 2015 fraudulent conveyance proceeding commenced by Plaintiffs to recover on a then unpaid judgment they had obtained against Capala Brothers, Inc. ("the Judgment"). The 2013 Judgment was entered in jointly and severally against Capala Brothers Inc. and its owners, Robert and Pawel Capala, in the amount of $293,212.41, plus attorney's fees and costs of $582,578, for a total of $875,790.41. Six months before Plaintiffs obtained the Judgment, Withers Street had purchased a parcel of property from Capala Brothers, Inc. for $450,000. This purchase, according to Plaintiffs, was a fraudulent conveyance.

Putting aside the merits of Plaintiffs' fraudulent conveyance claim, they have recovered the full amount owed on the Judgment, with interest. According to documents filed by the trustees in Robert and Pawel Capala's bankruptcy proceedings, it appears that Plaintiffs and their counsel have recovered a total of $1,042,999.80 from the bankruptcy proceedings.[1] The amount recovered by Plaintiffs and their counsel equals or exceeds the full amount owed on the Judgment, with interest.

Although Withers Street contends that the R&R was deficient for the reasons stated in its objections, it believes that Plaintiffs' receipt of the full amount owed on the Judgment moots the fraudulent conveyance claims asserted by them against Withers Street.

Yours truly,

Paul S. Hugel

---

[1] See, *In re Robert Capala* Case. No. 1-15-42762 (Bankr. E.D.N.Y. 2015) (Dkt #92) and *In re Pawel Capala*, Case No. 1-15-42763 (Bankr. E.D.N.Y 2015) (Dkt #97)